**PlnDue, JNTADMN, LEAD, MEDIATION, JMDC, APPEAL**

# U.S. Bankruptcy Court
## Eastern District of Pennsylvania (Philadelphia)
## Bankruptcy Petition #: 23−10763−amc

*Date filed:* 03/15/2023
*341 meeting:* 05/05/2023
*Deadline for filing claims:* 05/24/2023
*Deadline for filing claims (govt.):* 09/11/2023

*Assigned to:* Chief Judge Ashely M. Chan
Chapter 11
Voluntary
Asset

*Debtor*
**Stream TV Networks, Inc.**
2009 Chestnut Street
3rd Floor
Philadelphia, PA 19103
PHILADELPHIA−PA
Tax ID / EIN: 27−1224092

represented by **VINCENT F. ALEXANDER**
Shutts & Bowen LLP
201 East Las Olas Blvd.
Suite 2200
Fort Lauderdale, FL 33301
954−524−5505
Fax : 954−524−5506
Email: valexander@shutts.com
*TERMINATED: 11/01/2023*

**SEAN M. BRENNECKE**
Lewis Brisbois Bisgaard & Smith, LLP
500 Delaware Avenue, Suite 700
Wilmington, DE 19801
(302) 985−6009
Fax : (302) 985−6001
Email: Sean.Brennecke@lewisbrisbois.com

**SCOTT D. COUSINS**
1201 Orange Street
P.O. Box 491
Wilmington, DE 19899−0391
(302) 571−6600

**BENNETT G. FISHER**
Lewis Brisbois Bisgaard & Smith LLP
24 Greenway Plaza, Suite 1400
Houston, TX 77046
(346) 241−0495
Fax : (713) 759−6830
Email: Bennett.Fisher@lewisbrisbois.com

**MICHAEL D. VAGNONI**
Obermayer Rebmann Maxwell & Hippel
LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
(215) 665−3066
Fax : (215) 665−3165
Email: michael.vagnoni@obermayer.com

**RAFAEL X. ZAHRALDDIN**
Lewis Brisbois
500 Delaware Avenue

Ste 700
Wilmington, DE 19801
302−985−6004
Email: Rafael.Zahralddin@lewisbrisbois.com

*Debtor*
**Technovative Media, Inc.**
2009 Chestnut Street
3rd Floor
Philadephia, PA 19103
PHILADELPHIA−PA
Tax ID / EIN: 45−4345015

represented by **SCOTT D. COUSINS**
(See above for address)

**MICHAEL D. VAGNONI**
(See above for address)

**RAFAEL X. ZAHRALDDIN**
(See above for address)

*Trustee*
**WILLIAM A. HOMONY**
MILLER COFFEY TATE LLP
1628 JOHN F. KENNEDY BLVD STE 950
PHILADELPHIA, PA 19103
610−986−5375

represented by **ANDREW J. BELLI**
Coren & Ress, PC
2001 Market Street
Suite 3900
Philadelphia, PA 19103
215−735−8700
Fax : 215−735−5170
Email: abelli@kcr−law.com

**STEVEN M. COREN**
Coren & Ress, P.C.
2001 Market Street
Two Commerce Square
Suite 3900
Philadelphia, PA 19103
215−735−8700
Fax : 215−735−5170
Email: scoren@kcr−law.com

**MICHAEL D. VAGNONI**
(See above for address)

*U.S. Trustee*
**United States Trustee**
Office of United States Trustee
Robert N.C. Nix Federal Building
900 Market Street
Suite 320
Philadelphia, PA 19107
(215)597−4411

represented by **KEVIN P. CALLAHAN**
DOJ−Ust
Robert N.C. Nix Federal Building
900 Market Street
Ste. 320
Philadelphia, PA 19107
215−597−4411
Email: kevin.p.callahan@usdoj.gov

**JOHN HENRY SCHANNE**
DOJ−Ust
Office of The United States Trustee
Robert N.C. Nix Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107
202−934−4154
Email: John.Schanne@usdoj.gov

| Filing Date | # | | Docket Text |
|---|---|---|---|
| 03/15/2023 | | 1 | Chapter 11 Voluntary Petition for Non−individual. Fee Amount $1738 Filed by Stream TV Networks, Inc.. Chapter 11 Plan due by 07/13/2023. Government Proof of Claim Deadline: 09/11/2023. Matrix List of Creditors due 03/22/2023. SSN − Form B121 /Tax ID due 03/22/2023. |

| | | | (ZAHRALDDIN, RAFAEL) (Entered: 03/15/2023) |
|---|---|---|---|
| 03/15/2023 | | | Receipt of Voluntary Petition (Chapter 11)( 23–10763) [misc,volp11a] (1738.00) Filing Fee. Receipt number A24783690. Fee Amount $1738.00. (re: Doc# 1) (U.S. Treasury) (Entered: 03/15/2023) |
| 03/15/2023 | | 2 | Declaration re: *Statement of Qualification as Complex Chapter 11 Case* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)1). (ZAHRALDDIN, RAFAEL) (Entered: 03/15/2023) |
| 03/15/2023 | | 3 | Corporate Resolution Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. . (R., Donna) (Entered: 03/16/2023) |
| 03/15/2023 | | 4 | Chapter 11 or Chapter 9 Cases Non–Individual: List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders. Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. . (R., Donna) (Entered: 03/16/2023) |
| 03/15/2023 | | 5 | Statement of Corporate Ownership filed. Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. . (R., Donna) (Entered: 03/16/2023) |
| 03/15/2023 | | 6 | Declaration Under Penalty of Perjury for Non–individual Debtors Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. . (R., Donna) (Entered: 03/16/2023) |
| 03/16/2023 | | 7 | Order Entered the debtor having failed to file or submit with the petition all of the documents required by Fed. R. Bankr.P.1007, It is hereby ORDERED that this case **MAY BE DISMISSED WITHOUT FURTHER NOTICE** if the documents listed are not filed by deadlines listed: Atty Disclosure Statement due 3/29/2023. Matrix List of Creditors due 3/22/2023. Schedule A due 3/29/2023. Schedule B due 3/29/2023. Schedule D due 3/29/2023. Schedule E/F due 3/29/2023. Schedule G due 3/29/2023. Schedule H due 3/29/2023. Statement of Financial Affairs due 3/29/2023. Statistical Summary of Certain Liabilities Form B206 due 3/29/2023. List of Equity Security Holders due 3/29/2023. Any request for an extension of time must be filed prior to the expiration of the deadlines listed. (R., Donna) (Entered: 03/16/2023) |
| 03/16/2023 | | 8 | ENTRY OF APPEARANCE AND REQUEST FOR NOTICES, pursuant to Federal Bankruptcy Rules 2002 and 9010, JOHN HENRY SCHANNE hereby appears in this matter on behalf of the United States trustee for Region 3, and demands that all notices, motions, etc., given or required to be given in this case, and that all papers, etc., served in this case, be given to and served upon me at the address listed on this case party list. Filed by JOHN HENRY SCHANNE on behalf of United States Trustee. (SCHANNE, JOHN) (Entered: 03/16/2023) |
| 03/16/2023 | | 9 | ENTRY OF APPEARANCE AND REQUEST FOR NOTICES, pursuant to Federal Bankruptcy Rules 2002 and 9010, KEVIN P. CALLAHAN hereby appears in this matter on behalf of the United States trustee for Region 3, and demands that all notices, motions, etc., given or required to be given in this case, and that all papers, etc., served in this case, be given to and served upon me at the address listed on this case party list. Filed by KEVIN P. CALLAHAN on behalf of United States Trustee. (CALLAHAN, KEVIN) (Entered: 03/16/2023) |
| 03/17/2023 | | 10 | |

| | | | |
|---|---|---|---|
| | | | Motion to Appear pro hac vice on behalf of VINCENT F. ALEXANDER Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN. (Counsel). (Attachments: # 1 Exhibit CERTIFICATION OF VINCENT F. ALEXANDER # 2 Exhibit ORDER GRANTING MOTION FOR ADMISSION PRO HAC VICE OF VINCENT F. ALEXANDER) (ZAHRALDDIN, RAFAEL) (Entered: 03/17/2023) |
| 03/18/2023 | | 11 | Notice of Appearance and Request for Notice by Steven Caponi Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd.. (Caponi, Steven) (Entered: 03/18/2023) |
| 03/18/2023 | | 12 | Motion to Appear pro hac vice on behalf of Margaret R. Westbrook, Esquire Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). (Attachments: # 1 Proposed Order # 2 Verified Statement of Margaret R. Westbrook, Esquire) (Caponi, Steven) (Entered: 03/18/2023) |
| 03/18/2023 | | 13 | Motion to Appear pro hac vice on behalf of Aaron S. Rothman, Esquire Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). (Attachments: # 1 Proposed Order # 2 Verified Statement of Aaron S. Rothman, Esquire) (Caponi, Steven) (Entered: 03/18/2023) |
| 03/18/2023 | | 14 | Motion to Appear pro hac vice on behalf of Jonathan N. Edel, Esquire Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). (Attachments: # 1 Proposed Order # 2 Verified Statement of Jonathan N. Edel, Esquire) (Caponi, Steven) (Entered: 03/18/2023) |
| 03/18/2023 | | 15 | BNC Certificate of Mailing – Voluntary Petition. Number of Notices Mailed: (related document(s) (Related Doc # 7)). No. of Notices: 1. Notice Date 03/18/2023. (Admin.) (Entered: 03/19/2023) |
| 03/20/2023 | | | Receipt Number APAEDC–16569903, Fee Amount $40.00 (related document(s)12). (R., Donna) (Entered: 03/20/2023) |
| 03/20/2023 | | | Receipt Number APAEDC–16569905, Fee Amount $40.00 (related document(s)13). (R., Donna) (Entered: 03/20/2023) |
| 03/20/2023 | | | Receipt Number APAEDC–16569907, Fee Amount $40.00 (related document(s)14). (R., Donna) (Entered: 03/20/2023) |
| 03/20/2023 | | 16 | Emergency Motion for Relief from Stay . Fee Amount $188.00, Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). (Attachments: # 1 Proposed Order Order Granting Motion of Hawk Investment Holdings Ltd. for Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code # 2 Proposed Order Order Granting Expedited Hearing # 3 Declaration of Steven L. Caponi # 4 Exhibit A # 5 Exhibit B # 6 Exhibit C # 7 Exhibit D # 8 Exhibit E # 9 Exhibit F # 10 Exhibit G # 11 Exhibit H # 12 Exhibit I # 13 Exhibit J # 14 Exhibit K # 15 Exhibit L # 16 Exhibit M # 17 Exhibit N # 18 Exhibit O # 19 Exhibit P # 20 Exhibit Q # 21 Certificate of Service) (Caponi, Steven) (R., Donna). (Entered: 03/20/2023) |
| 03/20/2023 | | | Receipt of Motion for Relief From Stay( 23–10763–mdc) [motion,mrlfsty] ( 188.00) Filing Fee. Receipt number A24792212. Fee Amount $ 188.00. (re: Doc# 16) (U.S. Treasury) (Entered: 03/20/2023) |
| 03/20/2023 | | 17 | Order Granting Motion To Appear pro hac vice of Margaret Westbrook (Related Doc # 12) (R., Donna) (Entered: 03/20/2023) |

| 03/20/2023 | | 18 | Order Granting Motion To Appear pro hac vice of Aaron Rothman (Related Doc # 13) (R., Donna) (Entered: 03/20/2023) |
| 03/20/2023 | | 19 | Order Granting Motion To Appear pro hac vice Jonathan N. Edel (Related Doc # 14) (R., Donna) (Entered: 03/20/2023) |
| 03/20/2023 | | 20 | Motion to Expedite Hearing (related documents Motion for Relief From Stay) Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel) (related document(s)16) . (Attachments: # 1 Proposed Order) (J., Randi) (Entered: 03/21/2023) |
| 03/21/2023 | | 21 | Order Granting Motion Expedite Hearing (Related Doc # 20) In Re: (16 Motion for Relief From Stay) Hearing scheduled 3/22/2023 at 01:30 PM at Philadelphia Telephone Hearing. The number to call into the court is 877−336−1828 access code 7855846. (J., Randi) (Entered: 03/21/2023) |
| 03/21/2023 | | 22 | Certificate of Service Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd. (related document(s)21). (Caponi, Steven) (Entered: 03/21/2023) |
| 03/21/2023 | | 23 | Motion to Appear pro hac vice on behalf of Megan E. OConnor Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). (Attachments: # 1 Proposed Order # 2 Verified Statement of Megan E. OConnor) (Caponi, Steven) (Entered: 03/21/2023) |
| 03/21/2023 | | 24 | Order Vacating Order dated March 21, 2023(related document(s)21). (D., Virginia) (Entered: 03/21/2023) |
| 03/21/2023 | | | Receipt Number APAEDC−16574278, Fee Amount $40.00 (related document(s)23) Motion to appear Pro Hace Vice on behalf of MEGAN E.OCONNOR. (D., Virginia) (Entered: 03/21/2023) |
| 03/21/2023 | | | Receipt Number APAEDC−16573789, Fee Amount $40.00 (related document(s)10) Motion to Appear pro hac vice on behalf of VINCENT F. ALEXANDER. (J., Randi) (Entered: 03/21/2023) |
| 03/21/2023 | | 25 | Amended Order Scheduling EXPEDITED Hearing re:16 Emergency Motion for Relief from Stay . Fee Amount $188.00, Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel).1. A status conference scheduled 3/22/2023 at 01:30 PM at Philadelphia Telephone Hearing.The number to call into the court is 877−336−1828 Access Code 7855846 . 2. Service of this Order and Motion must be made by 3:00 PM today March 21, 2023, by telephonic and/or electronic means, and a certificate of service is to be filed. (D., Virginia) (Entered: 03/21/2023) |
| 03/21/2023 | | 26 | Certificate of Service Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd. (related document(s)25). (Caponi, Steven) (Entered: 03/21/2023) |
| 03/21/2023 | | 27 | Motion for Joint Administration Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Proposed Order) (ZAHRALDDIN, RAFAEL) (Entered: 03/21/2023) |
| 03/22/2023 | | 28 | Response to Motion for Relief From Stay filed by Creditor Hawk Investment Holdings Ltd. Filed by Stream TV Networks, Inc. (related document(s)16). (ZAHRALDDIN, RAFAEL) (Entered: 03/22/2023) |

| | | | |
|---|---|---|---|
| 03/22/2023 | | 29 | Status Conference Held on (16) Emergency Motion for Relief from Stay . Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel) – Counsel to schedule the Motion for relief for 4/19/23 @ 11:30 a.m./ 4/5 for response and 4/14 for a reply (G., Eileen) (Entered: 03/22/2023) |
| 03/22/2023 | | 30 | Declaration Under Penalty of Perjury for Non–individual Debtors *Creditor Matrix* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 03/22/2023) |
| 03/22/2023 | | 44 | Matrix List of Creditors Filed. Number of pages filed: 14, Filed by VINCENT F. ALEXANDER on behalf of Stream TV Networks, Inc. . (R., Donna) (Entered: 03/27/2023) |
| 03/23/2023 | | 31 | Notice of (related document(s): 16 Emergency Motion for Relief from Stay . Fee Amount $188.00,) Filed by Hawk Investment Holdings Ltd.. Hearing scheduled 4/19/2023 at 11:00 AM at Courtroom #2. (Caponi, Steven) (Entered: 03/23/2023) |
| 03/23/2023 | | 32 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 17)). No. of Notices: 2. Notice Date 03/23/2023. (Admin.) (Entered: 03/24/2023) |
| 03/23/2023 | | 33 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 18)). No. of Notices: 2. Notice Date 03/23/2023. (Admin.) (Entered: 03/24/2023) |
| 03/23/2023 | | 34 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 19)). No. of Notices: 2. Notice Date 03/23/2023. (Admin.) (Entered: 03/24/2023) |
| 03/23/2023 | | 35 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 21)). No. of Notices: 1. Notice Date 03/23/2023. (Admin.) (Entered: 03/24/2023) |
| 03/23/2023 | | 36 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 24)). No. of Notices: 1. Notice Date 03/23/2023. (Admin.) (Entered: 03/24/2023) |
| 03/23/2023 | | 37 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 25)). No. of Notices: 1. Notice Date 03/23/2023. (Admin.) (Entered: 03/24/2023) |
| 03/24/2023 | | 38 | Notice of Appearance and Request for Notice by DAVIS LEE WRIGHT Filed by DAVIS LEE WRIGHT on behalf of SLS Holdings VI, LLC. (WRIGHT, DAVIS) (Entered: 03/24/2023) |
| 03/24/2023 | | 39 | Motion to Appear pro hac vice on behalf of Catherine Guastello Allen Filed by SLS Holdings VI, LLC Represented by DAVIS LEE WRIGHT (Counsel). (Attachments: # 1 Proposed Order # 2 Verified Statement) (WRIGHT, DAVIS) (Entered: 03/24/2023) |
| 03/24/2023 | | 40 | Motion to Appear pro hac vice on behalf of Brittany S. Ogden Filed by SLS Holdings VI, LLC Represented by DAVIS LEE WRIGHT (Counsel). (Attachments: # 1 Proposed Order # 2 Verified Statement) (WRIGHT, DAVIS) (R., Donna). (Entered: 03/24/2023) |
| 03/24/2023 | | 41 | |

| | | | |
|---|---|---|---|
| | | | Motion to Appear pro hac vice on behalf of Sargina Desargones Filed by SLS Holdings VI, LLC Represented by DAVIS LEE WRIGHT (Counsel). (Attachments: # 1 Proposed Order # 2 Verified Statement) (WRIGHT, DAVIS) (Entered: 03/24/2023) |
| 03/26/2023 | | 43 | Order Granting Motion To Appear pro hac vice of Vincent F. Alexander (Related Doc # 10) (Entered: 03/27/2023) |
| 03/27/2023 | | 42 | Meeting of Creditors. 341(a) meeting to be held on 5/5/2023 at 10:00 AM at ALTERNATE TELEPHONIC CONFERENCE (For Trustee Use Only). Proofs of Claims due by 5/24/2023. Government Proof of Claim Deadline: 09/11/2023. (MILLER, NANCY) (Entered: 03/27/2023) |
| 03/27/2023 | | | Receipt Number APAEDC–16585304, Fee Amount $40.00 (related document(s)41). (R., Donna) Modified on 3/27/2023 (R., Donna). (Entered: 03/27/2023) |
| 03/27/2023 | | | Receipt Number APAEDC–16585279, Fee Amount $40.00 (related document(s)40). (R., Donna) (Entered: 03/27/2023) |
| 03/27/2023 | | | Receipt Number APAEDC–16585223, Fee Amount $40.00 (related document(s)39). (R., Donna) (Entered: 03/27/2023) |
| 03/28/2023 | | 45 | Order Granting Motion to Appear pro hac vice on behalf of Catherine Guastello Allen Filed by SLS Holdings VI, LLC (Related Doc # 39) (G., Jeanette) (Entered: 03/28/2023) |
| 03/28/2023 | | 46 | Order Granting Motion to Appear pro hac vice on behalf of Brittany S. Ogden Filed by SLS Holdings VI, LLC (Related Doc # 40) (G., Jeanette) (Entered: 03/28/2023) |
| 03/28/2023 | | 47 | Order Granting Motion to Appear pro hac vice on behalf of Sargina Desargones Filed by SLS Holdings VI, LLC (Related Doc # 41) (G., Jeanette) (Entered: 03/28/2023) |
| 03/28/2023 | | 48 | Declaration re: *Declaration Of Mathu Rajan In Support Of Stream Tv Networks, Inc. And Technovative Media, Inc. Chapter 11 Petition, Supporting Emergency Relief, And First Day Motions* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Exhibit A – Debtor's Patent Portfolio # 2 Exhibit B – Debtors MPL Optical Bonding Equipment # 3 Exhibit C – Joint Marketing Agreement between Debtor and BOE # 4 Exhibit D – Automotive Display Co–Development Agreement # 5 Exhibit E – Corporate Organizational Chart # 6 Exhibit F – Hawk Conversion Agreement # 7 Exhibit G – SLS Conversion Agreement # 8 Exhibit H – Securities and Exchange Comm In the Matter of Shadron L. Stastney # 9 Exhibit I – Overview of Shadron L. Stastney Lawsuits # 10 Exhibit j – Financial Conduct Authority Statement # 11 Exhibit K – Chancery Court October Opinion # 12 Exhibit L – Employment offers from Stastney to Stream Employees # 13 Exhibit M – Strategic Cooperation Agreement with ToJoy # 14 Exhibit N – WhatsApp Communications # 15 Exhibit O – Omnibus Agreement # 16 Exhibit P – Letter Agreement # 17 Exhibit Q – SeeCubic, Inc. Private Placement Memo # 18 Exhibit R – Stream TV Networks, Inc. Third Amended and Restated Cert of Inc. # 19 Exhibit S – Delegation of Authority Letter # 20 Exhibit T – Communication from Kabacinski # 21 Exhibit U – Chancery Court Preliminary Injunction Order # 22 Exhibit V – Chancery Court Opinion December 2020 # 23 Exhibit W – Email Communication between Stastney and Google # 24 Exhibit X – Chancery Court Partial Final Judgment # 25 Exhibit Y – Delaware Supreme Court En Banc Opinion # |

| | | | |
|---|---|---|---|
| | | | 26 Exhibit Z – Delaware Supreme Court Mandate # 27 Exhibit AA – Chancery Court Order Granting Temporary Restraining Order # 28 Exhibit BB – Chancery Court Order Granting Partial Final Judgment # 29 Exhibit CC – Chancery Court Hawk Opening Brief and Motion for Injunctive Relief # 30 Exhibit DD – Chancery Court Status Quo Order # 31 Exhibit EE – Promissory Note Between SeeCubic, Inc. and B.V.) (ZAHRALDDIN, RAFAEL) (Entered: 03/28/2023) |
| 03/28/2023 | | 49 | Emergency Motion For Sanctions for Violation of the Automatic Stay Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Exhibit A – Purchase Agreement # 2 Exhibit B – Bonding Equipment Photos # 3 Proposed Order Proposed Order Scheduling Hearing on Debtors' Emergency Motion to Enforce Automatic Stay) (ZAHRALDDIN, RAFAEL) (Entered: 03/28/2023) |
| 03/29/2023 | | 50 | Order Granting Motion To Appear pro hac vice of Megan E .O'Connor as counsel for the Creditor Hawk Investment Holdings Ltd (Related Doc # 23) (R., Donna) (Entered: 03/29/2023) |
| 03/29/2023 | | 51 | Statistical Summary of Certain Liabilities Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 03/29/2023) |
| 03/29/2023 | | 52 | Schedule A/B Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 03/29/2023) |
| 03/29/2023 | | 53 | Schedule D – Creditors Who Hold Claims Secured by Property Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 03/29/2023) |
| 03/29/2023 | | 54 | Schedule E/F: Creditors Who Have Unsecured Claims Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 03/29/2023) |
| 03/29/2023 | | 55 | Schedule G – Executory Contracts and Unexpired Leases Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 03/29/2023) |
| 03/29/2023 | | 56 | Schedule H – Your Codebtors Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 03/29/2023) |
| 03/29/2023 | | 57 | Statement of Financial Affairs for Non–Individual Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 03/29/2023) |
| 03/29/2023 | | 58 | Equity Security Holders Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 03/29/2023) |
| 03/29/2023 | | 59 | Disclosure of Compensation of Attorney for Debtor in the amount of 50,000.00 Debtor Stream TV Networks, Inc. Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 03/29/2023) |
| 03/29/2023 | | 60 | BNC Certificate of Mailing – Meeting of Creditors. Number of Notices Mailed: (related document(s) (Related Doc # 42)). No. of Notices: 168. |

| | | | |
|---|---|---|---|
| | | | Notice Date 03/29/2023. (Admin.) (Entered: 03/30/2023) |
| 03/29/2023 | | 61 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 43)). No. of Notices: 2. Notice Date 03/29/2023. (Admin.) (Entered: 03/30/2023) |
| 03/30/2023 | | 62 | Declaration Under Penalty of Perjury for Non–individual Debtors Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 03/30/2023) |
| 03/31/2023 | | 63 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 45)). No. of Notices: 7. Notice Date 03/31/2023. (Admin.) (Entered: 04/01/2023) |
| 03/31/2023 | | 64 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 46)). No. of Notices: 8. Notice Date 03/31/2023. (Admin.) (Entered: 04/01/2023) |
| 03/31/2023 | | 65 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 47)). No. of Notices: 9. Notice Date 03/31/2023. (Admin.) (Entered: 04/01/2023) |
| 03/31/2023 | | 66 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 50)). No. of Notices: 3. Notice Date 03/31/2023. (Admin.) (Entered: 04/01/2023) |
| 04/03/2023 | | 67 | Notice of Appearance and Request for Notice by JENNIFER R. HOOVER Filed by JENNIFER R. HOOVER on behalf of Trans World International, LLC, IMG Media Limited. (HOOVER, JENNIFER) (Entered: 04/03/2023) |
| 04/03/2023 | | 68 | Notice of Appearance and Request for Notice by ANDREW PETER DEMARCO Filed by ANDREW PETER DEMARCO on behalf of Rembrandt 3D Holding Ltd.. (DEMARCO, ANDREW) (Entered: 04/03/2023) |
| 04/03/2023 | | 69 | Declaration re: *of Christopher A. Michaels in Opposition of Hawk Emergency Motion for Relief from the Automatic Stay (Dkt. No. 16)* Filed by ANDREW PETER DEMARCO on behalf of Rembrandt 3D Holding Ltd. (related document(s)16). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C) (DEMARCO, ANDREW) (Entered: 04/03/2023) |
| 04/03/2023 | | 70 | Motion to Approve Authorizing and Approving the Employment and Retention of Lewis Brisbois Bisgaard & Smith LLP Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Exhibit Declaration of Rafael X. Zahralddin–Aravena # 2 Proposed Order) (ZAHRALDDIN, RAFAEL) (Entered: 04/03/2023) |
| 04/03/2023 | | 71 | Notice of (related document(s): 70 Motion to Approve Authorizing and Approving the Employment and Retention of Lewis Brisbois Bisgaard & Smith LLP) Filed by Stream TV Networks, Inc.. Hearing scheduled 5/3/2023 at 11:30 AM at Courtroom #2. (ZAHRALDDIN, RAFAEL) (Entered: 04/03/2023) |
| 04/03/2023 | | 72 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)71, 70). (ZAHRALDDIN, RAFAEL) (Entered: 04/03/2023) |

| | | 73 | Order Scheduling Hearing re:49 Emergency Motion Entry of an Order Enforcing the Automatic Stay and for Sanctions for Willful Stay Violation filed by Debtor Stream TV Networks, Inc.. Hearing scheduled 4/12/2023 at 11:30 AM at Philadelphia Telephone Hearing. (R., Donna) (Entered: 04/05/2023) |
|---|---|---|---|
| 04/05/2023 | | | |
| 04/05/2023 | | 74 | Notice of (related document(s): 49 Emergency Motion For Sanctions for Violation of the Automatic Stay ) Filed by Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 04/05/2023) |
| 04/05/2023 | | 75 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc (related document(s)74, 49, 73). (ZAHRALDDIN, RAFAEL) (Entered: 04/05/2023) |
| 04/05/2023 | | 76 | Motion For Sanctions for Violation of the Automatic Stay Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Exhibit A – Purchase Agreement # 2 Exhibit B – Photos # 3 Exhibit C – List of Property in Possession of SeeCubic # 4 Exhibit D – De Brauw Letter # 5 Exhibit Ex E – Letter on behalf Theune # 6 Exhibit Ex F – Acknowledgement & PO) (ZAHRALDDIN, RAFAEL) (Entered: 04/05/2023) |
| 04/05/2023 | | 77 | Motion to Expedite Hearing (related documents Motion for Sanctions for Violation of the Automatic Stay) Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel) (related document(s)76). (Attachments: # 1 Exhibit Ex A – De Brauw letter # 2 Exhibit Ex B – Stream Organizational Chart # 3 Proposed Order) (ZAHRALDDIN, RAFAEL) (Entered: 04/05/2023) |
| 04/05/2023 | | 78 | Objection to Motion for Relief From Stay filed by Creditor Hawk Investment Holdings Ltd. Filed by Stream TV Networks, Inc. (related document(s)16). (Attachments: # 1 Exhibit A – Purchase Order) (ZAHRALDDIN, RAFAEL) (Entered: 04/05/2023) |
| 04/06/2023 | | 79 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)27). (ZAHRALDDIN, RAFAEL) (Entered: 04/06/2023) |
| 04/06/2023 | | 80 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)48). (ZAHRALDDIN, RAFAEL) (Entered: 04/06/2023) |
| 04/06/2023 | | 81 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)71, 70). (ZAHRALDDIN, RAFAEL) (Entered: 04/06/2023) |
| 04/06/2023 | | 82 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)74, 49, 73). (ZAHRALDDIN, RAFAEL) (Entered: 04/06/2023) |
| 04/06/2023 | | 83 | Emergency Motion to Dismiss Case. Motion of Hawk Investment Holdings Ltd. (I) Pursuant to Section 1112(b) of the Bankruptcy Code Either (A)(1) to Dismiss the Debtors Chapter 11 Cases or (2) to Convert Such Cases to Cases Under Chapter 7 or, (B) in the Alternative, Pursuant to Section 1104(a) of the Bankruptcy Code to Appoint a Chapter 11 Trustee and (II) to Request Expedited Consideration Pursuant to Local Rule 5070–1(g) Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). (Attachments: # 1 Declaration of Steven L. Caponi # 2 Exhibit 1 # 3 Exhibit 2 # 4 Exhibit 3 # 5 Exhibit 4 # 6 Exhibit |

| | | | |
|---|---|---|---|
| | | | 5 # 7 Exhibit 6 # 8 Exhibit 7 # 9 Exhibit 8 # 10 Exhibit 9 # 11 Exhibit 10 # 12 Exhibit 11 # 13 Exhibit 12 # 14 Exhibit 13 # 15 Exhibit 14 # 16 Exhibit 15 # 17 Exhibit 16 # 18 Exhibit 17 # 19 Exhibit 18 # 20 Exhibit 19 # 21 Exhibit 20 # 22 Proposed Order # 23 Order Granting Expedited Hearing # 24 Certificate of Service) (Caponi, Steven) R., Donna). (Entered: 04/06/2023) |
| 04/06/2023 | | 84 | Application to Employ BMC Group, Inc. as Claims and Noticing Agent Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Exhibit A – Proposed Order # 2 Exhibit B – Service Agreement # 3 Exhibit C – Claims Agent Declaration) (ZAHRALDDIN, RAFAEL) (Entered: 04/06/2023) |
| 04/07/2023 | | 85 | Objection to Motion to Expedite Hearing filed by Debtor Stream TV Networks, Inc. *Hawk Investment Holdings Ltd.s Objection to Debtors Motion for Expedited Hearing on Emergency Motion Directing the Turnover of Property of Debtors Estate* Filed by Hawk Investment Holdings Ltd. (related document(s)77). (Attachments: # 1 Exhibit A) (Caponi, Steven) (Entered: 04/07/2023) |
| 04/07/2023 | | 86 | Amended Order Scheduling Hearing re:76 Emergency Motion for entry of an order enforcing the Automatic Stay and for Sanctions for Willful Stay Violation and Amended Emergency Motion for entry of an order enforcing the automatic stay directing the turnover of property of debtors estate and imposing sanctions for willful stay violations filed by Debtor Stream TV Networks, Inc.. Hearing scheduled 4/14/2023 at 10:30 AM at Courtroom #2. (R., Donna) (Entered: 04/07/2023) |
| 04/07/2023 | | 87 | Order Scheduling Hearing re:83 Emergency Motion to Dismiss Case. Motion of Hawk Investment Holdings Ltd. (I) Pursuant to Section 1112(b) of the Bankruptcy Code Either (A)(1) to Dismiss the Debtors Chapter 11 Cases or (2) to Convert Such Cases to Cases Under Chapter 7 or, (B) in the Alternative, Pursuant to Section 1104(a) of the Bankruptcy Code to Appoint a Chapter 11 Trustee and (II) to Request Expedited Consideration Pursuant to Local Rule 5070–1(g) filed by Creditor Hawk Investment Holdings Ltd.. Hearing scheduled 4/14/2023 at 10:30 AM at Courtroom #2. (R., Donna) (Entered: 04/07/2023) |
| 04/07/2023 | | 88 | Notice of (related document(s): 83 Emergency Motion to Dismiss Case. Motion of Hawk Investment Holdings Ltd. (I) Pursuant to Section 1112(b) of the Bankruptcy Code Either (A)(1) to Dismiss the Debtors Chapter 11 Cases or (2) to Convert Such Cases to Cases Under Chapter 7 or, (B) in the) Filed by Hawk Investment Holdings Ltd.. Hearing scheduled 4/14/2023 at 10:30 AM at Courtroom #2. (Caponi, Steven) (Entered: 04/07/2023) |
| 04/07/2023 | | 89 | Certificate of Service *Order Granting Expedited Hearing* Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd. (related document(s)87, 88). (Caponi, Steven) (Entered: 04/07/2023) |
| 04/07/2023 | | 90 | Supplement to Motion To Stay (related documents Motion for Sanctions for Violation of the Automatic Stay, Scheduling Hearing) , Motion for Turnover of Property , Motion For Sanctions Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel) (related document(s)86, 76). (Attachments: # 1 Exhibit A – Writ of Summons translated) (ZAHRALDDIN, RAFAEL) (Entered: 04/07/2023) |
| 04/07/2023 | | 91 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)84, 76, 77). |

| | | | |
|---|---|---|---|
| | | | (ZAHRALDDIN, RAFAEL) (Entered: 04/07/2023) |
| 04/07/2023 | | 92 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)86). (ZAHRALDDIN, RAFAEL) (Entered: 04/07/2023) |
| 04/07/2023 | | 93 | Notice of (related document(s): 83 Emergency Motion to Dismiss Case. Motion of Hawk Investment Holdings Ltd. (I) Pursuant to Section 1112(b) of the Bankruptcy Code Either (A)(1) to Dismiss the Debtors Chapter 11 Cases or (2) to Convert Such Cases to Cases Under Chapter 7 or, (B) in the, 90 Supplemental Motion To Stay (related documents Motion for Sanctions for Violation of the Automatic Stay, Scheduling Hearing) ) Filed by Stream TV Networks, Inc.. Hearing scheduled 4/14/2023 at 10:30 AM at Courtroom #2. (ZAHRALDDIN, RAFAEL) (Entered: 04/07/2023) |
| 04/10/2023 | | 94 | Objection to Motion to Dismiss Case for Other filed by Creditor Hawk Investment Holdings Ltd. *Objection to Request for Expedited Hearing filed by Hawk Investment Holdings Ltd. and Request for Status Conference* Filed by Stream TV Networks, Inc. (related document(s)83). (ZAHRALDDIN, RAFAEL) (Entered: 04/10/2023) |
| 04/10/2023 | | 95 | Order Granting Motion For Joint Administration on Case 2:2023−bk−10763−mdc An order has been entered in accordance with Rule 1015(b) of the Federal Rules ofBankruptcy Procedure directing joint administration for procedural purposes only of the chapter 11 cases commenced concurrently by Stream TV Networks, Inc., Bky. No. 23−10763, and Technovative Media, Inc., Bky. No. 23−10764. The docket in the chapter 11 case of Stream TV Networks, Inc., Bky. No. 23−10763, should be consulted for all matters affecting this case(Related Doc# 27) (R., Donna) (Entered: 04/11/2023) |
| 04/11/2023 | | 96 | Proposed Order Re: *Scheduling Order for Status Conference for Expedited Motion* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)94, 83). (ZAHRALDDIN, RAFAEL) (Entered: 04/11/2023) |
| 04/11/2023 | | 97 | Proposed Order Re: *Scheduling Order for Expedited Motion* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)94, 83). (ZAHRALDDIN, RAFAEL) (Entered: 04/11/2023) |
| 04/11/2023 | | 98 | Supplement to Motion For Sanctions for Violation of the Automatic Stay *M. Rajan Declaration in Support of Stay Enforcement and Turnover* Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Exhibit) (ZAHRALDDIN, RAFAEL) (Entered: 04/11/2023) |
| 04/12/2023 | | 99 | Hearing re−scheduled on 49 Emergency Motion for Sanctions for Violation of the Automatic Stay filed by Stream TV Networks, Inc. represented by RAFAEL X. ZAHRALDDIN (Counsel). Telephonic Status Hearing is scheduled for 4/14/2023 at 10:30 AM. (B., John) (Entered: 04/12/2023) |
| 04/12/2023 | | 100 | Statement that Unsecured Creditors Committee has not been appointed Filed by JOHN HENRY SCHANNE on behalf of United States Trustee. (SCHANNE, JOHN) (Entered: 04/12/2023) |
| 04/12/2023 | | 101 | |

| | | | |
|---|---|---|---|
| | | | Joinder to *Objection to Motion for Relief from Stay (Dkt. No. 78)* Filed by ANDREW PETER DEMARCO on behalf of Rembrandt 3D Holding Ltd. (related document(s)16). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C) (DEMARCO, ANDREW) (Entered: 04/12/2023) |
| 04/12/2023 | | 102 | Joinder to *Opposition to Motion for Relief from Stay* Filed by ANDREW PETER DEMARCO on behalf of Rembrandt 3D Holding Ltd. (related document(s)16). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C) (DEMARCO, ANDREW) (Entered: 04/12/2023) |
| 04/12/2023 | | 103 | Objection to Motion to Dismiss Case for Other filed by Creditor Hawk Investment Holdings Ltd. *Objection to Request for Expedited Consideration of Hawk's Motion* Filed by Rembrandt 3D Holding Ltd. (related document(s)83). (Attachments: # 1 Exhibit 1) (DEMARCO, ANDREW) (Entered: 04/12/2023) |
| 04/12/2023 | | 104 | Notice of Appearance and Request for Notice by Joseph Oliver Larkin Filed by Joseph Oliver Larkin on behalf of SeeCubic, Inc.. (Larkin, Joseph) (Entered: 04/12/2023) |
| 04/12/2023 | | 105 | Objection to Motion for Sanctions for Violation of the Automatic Stay filed by Debtor Stream TV Networks, Inc., Motion for Sanctions for Violation of the Automatic Stay filed by Debtor Stream TV Networks, Inc., Motion to Dismiss Case for Other filed by Creditor Hawk Investment Holdings Ltd., Motion to Stay filed by Debtor Stream TV Networks, Inc., Motion for Turnover of Property, Motion for Sanctions *Seecubic, Inc.s (I) Objection to (A) Debtors Emergency Motion for Entry of an Order Enforcing the Automatic Stay and for Sanctions for Willful Stay Violation; (B) Amended Emergency Motion for Entry of an Order: (1) Enforcing the Automatic Stay; (2) Directing the Turnover of Property of Debtors Estate; and (3) Imposing Sanctions for Willful Stay Violations; and (C) Debtors Supplement to Amended Emergency Motion for Entry of an Order: (1) Enforcing the Automatic Stay; (2) Directing the Turnover of Property of Debtors Estate; and (3) Imposing Sanctions for Willful Stay Violations and (II) Joinder to the Hawk Motion* Filed by SeeCubic, Inc. (related document(s)90, 76, 49, 83). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J # 11 Exhibit K # 12 Exhibit L # 13 Exhibit M # 14 Exhibit N # 15 Exhibit O # 16 Exhibit P # 17 Certificate of Service) (Larkin, Joseph) (Entered: 04/12/2023) |
| 04/12/2023 | | 106 | Joinder to *Hawk Investment Holdings Ltd.'s (A) Joinder to SeeCubic Inc.'s Objection to Amended Emergency Motion for Entry of an Order: (1) Enforcing the Automatic Stay; (2) Directing the Turnover of Property of the Debtor's Estate; and (3) Imposing Sanctions for Willful Stay Violations, (B) Supplemental Objection, and (C) Reservation of Rights* Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd. (related document(s)105). (Attachments: # 1 Exhibit A) (Caponi, Steven) (Entered: 04/12/2023) |
| 04/13/2023 | | 107 | Motion to Appear pro hac vice on behalf of Bennett G. Fisher Filed by Technovative Media, Inc., Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Exhibit A # 2 Exhibit B) (ZAHRALDDIN, RAFAEL) (Entered: 04/13/2023) |
| 04/13/2023 | | | Receipt Number BPAEDC–16625095, Fee Amount $40.00 (related document(s)107). (R., Donna) Modified on 4/13/2023 (R., Donna). (Entered: 04/13/2023) |

| | | | |
|---|---|---|---|
| 04/13/2023 | | <u>108</u> | Motion to Appear pro hac vice on behalf of Eben P. Colby Filed by SeeCubic, Inc. Represented by Joseph Oliver Larkin (Counsel). (Attachments: # <u>1</u> Proposed Order # <u>2</u> Verification) (Larkin, Joseph) (Entered: 04/13/2023) |
| 04/13/2023 | | <u>109</u> | Motion to Appear pro hac vice on behalf of Justin M. Winerman Filed by SeeCubic, Inc. Represented by Joseph Oliver Larkin (Counsel). (Attachments: # <u>1</u> Proposed Order # <u>2</u> Verification) (Larkin, Joseph) (Entered: 04/13/2023) |
| 04/13/2023 | | <u>110</u> | Motion to Appear pro hac vice on behalf of Marley Ann Brumme Filed by SeeCubic, Inc. Represented by Joseph Oliver Larkin (Counsel). (Attachments: # <u>1</u> Proposed Order # <u>2</u> Verification) (Larkin, Joseph) (Entered: 04/13/2023) |
| 04/13/2023 | | <u>111</u> | Motion to Appear pro hac vice on behalf of Rebecca Ritchie Filed by SeeCubic, Inc. Represented by Joseph Oliver Larkin (Counsel). (Attachments: # <u>1</u> Proposed Order # <u>2</u> Verification) (Larkin, Joseph) (Entered: 04/13/2023) |
| 04/13/2023 | | <u>112</u> | Motion to Appear pro hac vice on behalf of James J. Mazza, Jr. Filed by SeeCubic, Inc. Represented by Joseph Oliver Larkin (Counsel). (Attachments: # <u>1</u> Proposed Order # <u>2</u> Verification) (Larkin, Joseph) (Entered: 04/13/2023) |
| 04/13/2023 | | <u>113</u> | Notice of (related document(s): <u>49</u> Emergency Motion For Sanctions for Violation of the Automatic Stay , <u>76</u> Motion For Sanctions for Violation of the Automatic Stay , <u>90</u> Supplemental Motion To Stay (related documents Motion for Sanctions for Violation of the Automatic Stay, Scheduling Hearing) ) *Proposed Orders re: Docket Nos. 49,76, and 90* Filed by Stream TV Networks, Inc., Technovative Media, Inc.. (Attachments: # <u>1</u> Exhibit Proposed Order – NL # <u>2</u> Exhibit Proposed Order Non–NL) (ZAHRALDDIN, RAFAEL) (Entered: 04/13/2023) |
| 04/13/2023 | | <u>114</u> | Notice of *FILING THIRD DECLARATION OF MATHU RAJAN (Related docket #s 49, 76, 90)* Filed by Stream TV Networks, Inc., Technovative Media, Inc.. (Attachments: # <u>1</u> Exhibit 1 – DECLARATION OF MATHU RAJAN IN SUPPORT OF STREAM TV NETWORKS, INC. AND TECHNOVATIVE MEDIA, INC. MOTIONS FOR ENTRY OF AN ORDER: (1) ENFORCING THE AUTOMATIC STAY; (2) DIRECTING THE TURNOVER OF PROPERTY OF DEBTORS ESTATE; AND (3) IMPOSING SANCTIONS FOR WI # <u>2</u> Exhibit A # <u>3</u> Exhibit B # <u>4</u> Exhibit C # <u>5</u> Exhibit D) (ZAHRALDDIN, RAFAEL) (Entered: 04/13/2023) |
| 04/13/2023 | | | Receipt Number APAEDC–16626648, Fee Amount $40.00 (related document(s)<u>111</u>). (R., Donna) (Entered: 04/13/2023) |
| 04/13/2023 | | 115 | Hearing Rescheduled as to start time only on <u>49</u> Emergency Motion For Sanctions for Violation of the Automatic Stay Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel), <u>76</u> Motion For Sanctions for Violation of the Automatic Stay Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel), and <u>83</u> Emergency Motion to Dismiss Case. Motion of Hawk Investment Holdings Ltd. (I) Pursuant to Section 1112(b) of the Bankruptcy Code Either (A)(1) to Dismiss the Debtors Chapter 11 Cases or (2) to Convert Such Cases to Cases Under Chapter 7 or, (B) in the Alternative, Pursuant to Section 1104(a) of the Bankruptcy Code to Appoint a Chapter 11 Trustee and (II) to Request Expedited Consideration |

| | | | |
|---|---|---|---|
| | | | Pursuant to Local Rule 5070−1(g) Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). Hearing rescheduled 4/14/2023 at **12:30 PM** at Philadelphia Telephone Hearing. (R., Joan) (Entered: 04/13/2023) |
| 04/13/2023 | | 116 | BNC Certificate of Mailing − PDF Document. (related document(s) (Related Doc # 95)). No. of Notices: 181. Notice Date 04/13/2023. (Admin.) (Entered: 04/14/2023) |
| 04/13/2023 | | | Receipt Number APAEDC−16626631 Fee Amount $40.00 (related document(s)110). (R., Donna) (Entered: 04/14/2023) |
| 04/13/2023 | | | Receipt Number APAEDC−16626535, Fee Amount $40.00 (related document(s)112). (R., Donna) (Entered: 04/14/2023) |
| 04/13/2023 | | | Receipt Number APAEDC−16626599, Fee Amount $40.00 (related document(s)109). (R., Donna) (Entered: 04/14/2023) |
| 04/13/2023 | | | Receipt Number APAEDC−16626581, Fee Amount $40.00 (related document(s)108). (R., Donna) (Entered: 04/14/2023) |
| 04/14/2023 | | 117 | Transcript regarding hearing held on 3/16/2023 in Jointly Administered case 23−10764 Technovative Media, Inc. Transcribed by TheRecordXchange. 50 total pages including Certification of Transcriber. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For information about how to contact the transcriber, call the Clerk's Office]. Notice of Intent to Request Redaction Deadline Due By 4/21/2023. Redaction Request Due By 5/5/2023. Redacted Transcript Submission Due By 5/15/2023. Transcript access will be restricted through 7/13/2023. (B., John) (Entered: 04/14/2023) |
| 04/14/2023 | | 118 | Transcript regarding hearing held on 3/22/2023 in Jointly Administered case 23−10764 Technovative Media, Inc. Transcribed by TheRecordXchange. 19 total pages including Certification of Transcriber. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For information about how to contact the transcriber, call the Clerk's Office]. Notice of Intent to Request Redaction Deadline Due By 4/21/2023. Redaction Request Due By 5/5/2023. Redacted Transcript Submission Due By 5/15/2023. Transcript access will be restricted through 7/13/2023. (B., John) (Entered: 04/14/2023) |
| 04/14/2023 | | 119 | Supplemental Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)48, 27). (ZAHRALDDIN, RAFAEL) (Entered: 04/14/2023) |
| 04/14/2023 | | 120 | Reply to Motion for Relief From Stay filed by Creditor Hawk Investment Holdings Ltd. *Hawk Investment Holdings Ltd.'s Reply in Further Support of Emergency Motion for Relief from the Automatic Stay Pursuant To Section 362(d) of the Bankruptcy Code* Filed by Hawk Investment Holdings Ltd. (related document(s)16). (Caponi, Steven) (Entered: 04/14/2023) |
| 04/14/2023 | | 121 | Hearing Continued on 83 Emergency Motion to Dismiss Case. Motion of Hawk Investment Holdings Ltd. (I) Pursuant to Section 1112(b) of the Bankruptcy Code Either (A)(1) to Dismiss the Debtors Chapter 11 Cases or (2) to Convert Such Cases to Cases Under Chapter 7 or, (B) in the Alternative, Pursuant to Section 1104(a) of the Bankruptcy Code to Appoint a Chapter 11 Trustee and (II) to Request Expedited Consideration |

| | | | |
|---|---|---|---|
| | | | Pursuant to Local Rule 5070–1(g) Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). All Day Hearing scheduled 5/22/2023 at 10:30 AM at Courtroom #2;To Continued on 5/23/23 and 5/24/23 at 12:30 p.m.if needed; Briefs to be filed by 5/8/23 at 5:00. (R., Joan) (Entered: 04/14/2023) |
| 04/14/2023 | | 122 | Hearing Held 49 Emergency Motion For Sanctions for Violation of the Automatic Stay Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). Motion held in abeyance. (related document(s),49,16). (R., Joan) (Entered: 04/14/2023) |
| 04/14/2023 | | 145 | Hearing Held on (#16) Emergency Motion for Relief from Stay . Fee Amount $188.00, Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). (Attachments: # 1 Proposed Order Order Granting Motion of Hawk Investment Holdings Ltd. for Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code # 2 Proposed Order Order Granting Expedited Hearing # 3 Declaration of Steven L. Caponi # 4 Exhibit A # 5 Exhibit B # 6 Exhibit C # 7 Exhibit D # 8 Exhibit E # 9 Exhibit F # 10 Exhibit G # 11 Exhibit H # 12 Exhibit I # 13 Exhibit J # 14 Exhibit K # 15 Exhibit L # 16 Exhibit M # 17 Exhibit N # 18 Exhibit O # 19 Exhibit P # 20 Exhibit Q # 21 Certificate of Service). Held in Abeyance (G., Eileen) (Entered: 04/21/2023) |
| 04/14/2023 | | 146 | Hearing Held on (#14).Motion For Sanctions for Violation of the Automatic Stay Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Exhibit A – Purchase Agreement # 2 Exhibit B – Photos # 3 Exhibit C – List of Property in Possession of SeeCubic # 4 Exhibit D – De Brauw Letter # 5 Exhibit Ex E – Letter on behalf Theune # 6 Exhibit Ex F – Acknowledgement & PO) (ZAHRALDDIN, RAFAEL) Held under abeyance (G., Eileen) (Entered: 04/21/2023) |
| 04/17/2023 | | 123 | Transcript regarding hearing held on 4/14/2023. Transcribed by TheRecordXchange. 188 total pages including Certification of Transcriber. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For information about how to contact the transcriber, call the Clerk's Office]. Notice of Intent to Request Redaction Deadline Due By 4/24/2023. Redaction Request Due By 5/8/2023. Redacted Transcript Submission Due By 5/18/2023. Transcript access will be restricted through 7/17/2023. (B., John) (Entered: 04/17/2023) |
| 04/17/2023 | | 124 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)114, 107, 98, 113). (ZAHRALDDIN, RAFAEL) (Entered: 04/17/2023) |
| 04/18/2023 | | 125 | Motion For Sanctions for Violation of the Automatic Stay *Motion For Withdrawal of Writ of Summons and For Evidentiary Hearing for Monetary Damages* Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Exhibit Proposed order # 2 Exhibit Article 9 notice # 3 Exhibit De District Court Complaint) (ZAHRALDDIN, RAFAEL) (Entered: 04/18/2023) |
| 04/18/2023 | | 126 | Amended Disclosure Of Compensation of Attorney for Debtor Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)59). (ZAHRALDDIN, RAFAEL) Modified on 4/19/2023 (R., Donna). (Entered: 04/18/2023) |
| 04/18/2023 | | 127 | |

| | | | |
|---|---|---|---|
| | | | Response to Motion for Sanctions for Violation of the Automatic Stay filed by Debtor Stream TV Networks, Inc. *Hawk Investment Holdings Ltd.'s Response to Debtors' Motion for Withdrawal of Writ of Summons and Evidentiary Hearing for Monetary Damages* Filed by Hawk Investment Holdings Ltd. (related document(s)125). (Caponi, Steven) (Entered: 04/18/2023) |
| 04/19/2023 | | 128 | Amended Response to Motion for Sanctions for Violation of the Automatic Stay filed by Debtor Stream TV Networks, Inc. *Hawk Investment Holdings Ltd.'s Amended Response to Debtors' Motion for Withdrawal of Writ of Summons and Evidentiary Hearing for Monetary Damages* Filed by Hawk Investment Holdings Ltd. (related document(s)125). (Attachments: # 1 Exhibit A) (Caponi, Steven) (Entered: 04/19/2023) |
| 04/19/2023 | | 129 | Response to Motion for Sanctions for Violation of the Automatic Stay filed by Debtor Stream TV Networks, Inc. *SeeCubic, Inc.'s Response to Debtors Motion for Withdrawal of Writ of Summons and Evidentiary Hearing for Monetary Damages* Filed by SeeCubic, Inc. (related document(s)125). (Attachments: # 1 Certificate of Service) (Larkin, Joseph) (Entered: 04/19/2023) |
| 04/20/2023 | | 130 | AMENDED Disclosure of Compensation of Attorney for Debtor in the amount of $50,000 Debtors Stream TV Networks, Inc. , Technovative Media, Inc. Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. , Technovative Media, Inc. . (R., Donna) (Entered: 04/20/2023) |
| 04/20/2023 | | 131 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)125, 126). (ZAHRALDDIN, RAFAEL) (Entered: 04/20/2023) |
| 04/20/2023 | | 132 | Monthly Operating Report for Filing Period 3/15/23 – 3/31/23 Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 04/20/2023) |
| 04/20/2023 | | 133 | Monthly Operating Report for Filing Period 3/15 – 3/31/23 Filed by RAFAEL X. ZAHRALDDIN on behalf of Technovative Media, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 04/20/2023) |
| 04/20/2023 | | 143 | Order Granting Motion To Appear pro hac vice JUSTIN M. WINERMAN, ESQ. (Related Doc # 109) (W., Yvette) (Entered: 04/21/2023) |
| 04/21/2023 | | 134 | Motion to Approve Employee Obligations Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Proposed Order Ex A Proposed Interim Order # 2 Proposed Order Ex B Proposed Final Order) (ZAHRALDDIN, RAFAEL) (Entered: 04/21/2023) |
| 04/21/2023 | | 135 | Motion to Approve Debtors' Expedited Motion for Authority to Take Certain Actions in the Ordinary Course of Business Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Exhibit A – Proposed Interim Order # 2 Exhibit B – Proposed Final Order # 3 Exhibit C – Exclusive Distribution Agreement) (ZAHRALDDIN, RAFAEL) (Entered: 04/21/2023) |

| | | | |
|---|---|---|---|
| 04/21/2023 | | [136](#) | Motion to Expedite Hearing (related documents Motion to Approve, Motion to Approve) Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel) (related document(s)[135](#), [134](#)). (ZAHRALDDIN, RAFAEL) (Entered: 04/21/2023) |
| 04/21/2023 | | [137](#) | Proposed Order Re: *Scheduling Expedited Hearing On (1) Debtors Motion For Entry Of Interim And Final Orders Authorizing Debtors To Pay and (2) Debtors Expedited Motion for Authority to Take Certain Actions in the Ordinary Course of Business* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)[136](#), [135](#), [134](#)). (ZAHRALDDIN, RAFAEL) (Entered: 04/21/2023) |
| 04/21/2023 | | [138](#) | Order granting [136](#) Motion for an Expedited Hearing on (related document(s)[134](#)) Motion for Entry of Interim and Final Orders Authorizing Debtors to Pay (I) Prepetition Employee Obligations, (II) Prepetition Withholding Obligations, and (III) Post–Petition Employee Obligations in the Ordinary Course; *and* (related document(s)[135](#)) Motion for Interim and Final Orders Authorizing Debtors to Take Certain Actions in the Ordinary Course of Business filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks Inc., Technovative Media Inc. It is hereby Ordered that a telephonic hearing is scheduled for 4/24/2023 at 10:30 AM. The Debtors shall serve this Order and the Motions by 5:00 PM on April 21, 2023. (related document(s)[137](#)). (B., John) (Entered: 04/21/2023) |
| 04/21/2023 | | [139](#) | Order Granting Motion To Appear pro hac vice BENNETT G. FISHER, ESQ. (Related Doc # [107](#)) (W., Yvette) (Entered: 04/21/2023) |
| 04/21/2023 | | [140](#) | Order Granting Motion To Appear pro hac vice Rebecca Ritchie (Related Doc # [111](#)) (W., Yvette) (Entered: 04/21/2023) |
| 04/21/2023 | | [141](#) | Order Granting Motion To Appear pro hac vice MARLEY ANN BRUMME, ESQ. (Related Doc # [110](#)) (W., Yvette) (Entered: 04/21/2023) |
| 04/21/2023 | | [142](#) | Order Granting Motion To Appear pro hac vice JAMES J. MAZZA, JR., ESQ. (Related Doc # [112](#)) (W., Yvette) (Entered: 04/21/2023) |
| 04/21/2023 | | [144](#) | Order Granting Motion To Appear pro hac vice EBEN P. COLBY, ESQ. (Related Doc # [108](#)) (W., Yvette) (Entered: 04/21/2023) |
| 04/23/2023 | | [147](#) | Declaration re: *Declaration of Mathu Rajan in Support of Debtors' Motions* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)[135](#), [134](#)). (ZAHRALDDIN, RAFAEL) (Entered: 04/23/2023) |
| 04/24/2023 | | [148](#) | Declaration re: *Supplement (Exhibits) to Declaration of Mathu Rajan,* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)[147](#)). (ZAHRALDDIN, RAFAEL) (Entered: 04/24/2023) |
| 04/24/2023 | | [149](#) | Objection to Motion to Approve filed by Debtor Stream TV Networks, Inc., Debtor Technovative Media, Inc., Motion to Approve filed by Debtor Stream TV Networks, Inc., Debtor Technovative Media, Inc. *Hawk Investment Holdings Ltd.'s (a) Omnibus Objection to Funding and Employment Motions and (b) Joinder to the SeeCubic Objection and Funding Proposal* Filed by Hawk Investment Holdings Ltd. (related document(s)[135](#), [134](#)). (Attachments: # [1](#) Exhibit A) (Caponi, Steven) |

| | | | |
|---|---|---|---|
| | | | (Entered: 04/24/2023) |
| 04/24/2023 | | 150 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)136, 138, 132, 133, 135, 134, 139). (ZAHRALDDIN, RAFAEL) (Entered: 04/24/2023) |
| 04/24/2023 | | 151 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)148, 147). (ZAHRALDDIN, RAFAEL) (Entered: 04/24/2023) |
| 04/24/2023 | | 152 | Objection to Motion to Approve filed by Debtor Stream TV Networks, Inc., Debtor Technovative Media, Inc., Motion to Approve filed by Debtor Stream TV Networks, Inc., Debtor Technovative Media, Inc. *SeeCubic, Inc.'s I. Objection to A. Employee Motion and B. Ordinary Course Motion and II. Emergency Funding Proposal* Filed by SeeCubic, Inc. (related document(s)135, 134). (Attachments: # 1 Exhibit A) (Larkin, Joseph) (Entered: 04/24/2023) |
| 04/24/2023 | | 153 | Notice of *EMERGENCY MOTION(S) FOR FINANCING OF THE DEBTORS FOREIGN SUBSIDIARIES* Filed by Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 04/24/2023) |
| 04/24/2023 | | 154 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)153). (ZAHRALDDIN, RAFAEL) (Entered: 04/24/2023) |
| 04/24/2023 | | 171 | EVIDENTIARY Hearing Continued on 134 Motion to Approve Employee Obligations Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Proposed Order Ex A Proposed Interim Order # 2 Proposed Order Ex B Proposed Final Order) filed by Debtor Stream TV Networks, Inc., Debtor Technovative Media, Inc.. Hearing scheduled 4/25/2023 at 03:00 PM at Courtroom #2. (G., Eileen) (Entered: 04/26/2023) |
| 04/24/2023 | | 172 | Evidentiary Hearing Continued on 135 Motion to Approve Debtors' Expedited Motion for Authority to Take Certain Actions in the Ordinary Course of Business Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Exhibit A – Proposed Interim Order # 2 Exhibit B – Proposed Final Order # 3 Exhibit C – Exclusive Distribution Agreement) filed by Debtor Stream TV Networks, Inc., Debtor Technovative Media, Inc.. Hearing scheduled 4/25/2023 at 03:00 PM at Courtroom #2. (G., Eileen) (Entered: 04/26/2023) |
| 04/25/2023 | | 155 | Motion to Approve SeeCubic, Inc.'s (I) Motion in the Alternative for (A) Entry of an Order Approving SeeCubics Emergency Funding to Non–Debtor SeeCubic B.V. and Directing Putative SCBV Directors to Execute Promissory Draw Request or (B) Approval of Competing DIP Financing and (II) Preliminary Response to Debtors Anticipated DIP Financing Proposal Filed by SeeCubic, Inc. Represented by Joseph Oliver Larkin (Counsel). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E) (Larkin, Joseph) (Entered: 04/25/2023) |
| 04/25/2023 | | 156 | Motion to Approve MOTION PURSUANT TO 11 U.S.C. §§ 105 AND 364 FOR ENTRY OF INTERIM AND FINAL ORDERS: (1) AUTHORIZING THE DEBTORS TO OBTAIN POST–PETITION UNSECURED FINANCING TO FUND DEBTORS FOREIEGN SUBSIDIARIES; (2) MODIFYING THE AUTOMATIC STAY; AND (3) |

| | | | |
|---|---|---|---|
| | | | SETTING FINAL HEARING Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (ZAHRALDDIN, RAFAEL) (Entered: 04/25/2023) |
| 04/25/2023 | | 157 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)156). (ZAHRALDDIN, RAFAEL) (Entered: 04/25/2023) |
| 04/25/2023 | | 158 | Declaration re: *of Shadron L. Stastney in Support of SeeCubic, Inc.'s (I) Motion In The Alternative For (A) Entry Of An Order Approving SeeCubics Emergency Funding To Non–Debtor SeeCubic B.V. And Directing Putative SCBV Directors To Execute Promissory Draw Request Or (B) Approval Of Competing DIP Financing And (II) Preliminary Response To Debtors Anticipated DIP Financing Proposal* Filed by Joseph Oliver Larkin on behalf of SeeCubic, Inc. (related document(s)155). (Larkin, Joseph) (Entered: 04/25/2023) |
| 04/25/2023 | | 159 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)130). (ZAHRALDDIN, RAFAEL) (Entered: 04/25/2023) |
| 04/25/2023 | | 160 | Order Governing Procedures at Evidentiary Hearing Conducted Remotely by Video Conference Hearing scheduled 4/25/2023 at 03:00 PM at Philadelphia Video Hearing. (R., Donna). Related document(s) 156 . Modified on 4/25/2023 (R., Donna). (Entered: 04/25/2023) |
| 04/25/2023 | | 161 | Proposed Order Re: *[Proposed] Interim Order* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)156). (ZAHRALDDIN, RAFAEL) (Entered: 04/25/2023) |
| 04/25/2023 | | 162 | Exhibit *SeeCubic, Inc.'s Witness And Exhibit Lists For April 25, 2023 Hearing* Filed by Joseph Oliver Larkin on behalf of SeeCubic, Inc. (related document(s)155, 158). (Attachments: # 1 Certificate of Service) (Larkin, Joseph) (Entered: 04/25/2023) |
| 04/25/2023 | | 163 | Exhibit *DEBTORS WITNESS AND EXHIBIT LIST* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)161, 156). (ZAHRALDDIN, RAFAEL) (Entered: 04/25/2023) |
| 04/25/2023 | | 164 | Exhibit *Hawk Investment Holdings Ltd.'s Witness and Exhibit List for April 25, 2023 Hearing* Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd.. (Attachments: # 1 Exhibit 1) (Caponi, Steven) (Entered: 04/25/2023) |
| 04/25/2023 | | 165 | Objection to Motion to Approve filed by Interested Party SeeCubic, Inc. *DEBTORS OBJECTION TO SEECUBICS MOTION TO APPROVE* Filed by Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)155). (ZAHRALDDIN, RAFAEL) (Entered: 04/25/2023) |
| 04/25/2023 | | 166 | Objection to Motion to Approve filed by Debtor Stream TV Networks, Inc. *Hawk Investment Holdings Ltd.'s Response to Debtors' Motion Pursuant to 11 U.S.C. §§ 105 and 364 for Entry of Interim and Final Orders: (1) Authorizing the Debtors to Obtain Post–Petition Unsecured Financing to Fund Debtors' Foreign Subsidiaries; (2) Modifying the Automatic Stay; and (3) Setting Final Hearing* Filed by Hawk Investment Holdings Ltd. (related document(s)156). (Caponi, Steven) (Entered: 04/25/2023) |

| | | | |
|---|---|---|---|
| 04/25/2023 | | 167 | Amended Notice of *EMERGENCY MOTION(S) FOR FINANCING OF THE DEBTORS FOREIGN SUBSIDIARIES* Filed by Stream TV Networks, Inc., Technovative Media, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 04/25/2023) |
| 04/25/2023 | | 168 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)165, 161, 167, 160, 163). (ZAHRALDDIN, RAFAEL) (Entered: 04/25/2023) |
| 04/25/2023 | | 169 | EVIDENTIARY Hearing Held on [#156].Motion to Approve MOTION PURSUANT TO 11 U.S.C. §§ 105 AND 364 FOR ENTRY OF INTERIM AND FINAL ORDERS: (1) AUTHORIZING THE DEBTORS TO OBTAIN POST–PETITION UNSECURED FINANCING TO FUND DEBTORS FOREIEGN SUBSIDIARIES; (2) MODIFYING THE AUTOMATIC STAY; AND (3) SETTING FINAL HEARING Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). MOTION DENIED – ORDER to be entered (G., Eileen) (Entered: 04/26/2023) |
| 04/25/2023 | | 173 | Evidentiary Hearing Continued on 134 Motion to Approve Employee Obligations Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Proposed Order Ex A Proposed Interim Order # 2 Proposed Order Ex B Proposed Final Order) filed by Debtor Stream TV Networks, Inc., Debtor Technovative Media, Inc.. Hearing scheduled 5/22/2023 at 10:30 AM at Courtroom #2. (G., Eileen) (Entered: 04/26/2023) |
| 04/25/2023 | | 174 | EVIDENTIARY Hearing Continued on 135 Motion to Approve Debtors' Expedited Motion for Authority to Take Certain Actions in the Ordinary Course of Business Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Exhibit A – Proposed Interim Order # 2 Exhibit B – Proposed Final Order # 3 Exhibit C – Exclusive Distribution Agreement) filed by Debtor Stream TV Networks, Inc., Debtor Technovative Media, Inc.. Hearing scheduled 5/22/2023 at 10:30 AM at Courtroom #2. (G., Eileen) (Entered: 04/26/2023) |
| 04/26/2023 | | 170 | EVIDENTIARY Hearing Held on 4/25/23 [#155] Motion to Approve SeeCubic, Inc.'s (I) Motion in the Alternative for (A) Entry of an Order Approving SeeCubics Emergency Funding to Non–Debtor SeeCubic B.V. and Directing Putative SCBV Directors to Execute Promissory Draw Request or (B) Approval of Competing DIP Financing and (II) Preliminary Response to Debtors Anticipated DIP Financing Proposal Filed by SeeCubic, Inc. Represented by Joseph Oliver Larkin (Counsel). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E) (Larkin, Joseph) – Motion Denied – ORDER to be entered (G., Eileen) Modified on 4/26/2023 (G., Eileen). (Entered: 04/26/2023) |
| 04/26/2023 | | 175 | Notice of (related document(s): 84 Application to Employ BMC Group, Inc. as Claims and Noticing Agent ) Filed by Stream TV Networks, Inc., Technovative Media, Inc.. Hearing scheduled 5/24/2023 at 11:30 AM at Courtroom #2. (ZAHRALDDIN, RAFAEL) (Entered: 04/26/2023) |
| 04/27/2023 | | 176 | The upcoming 341(a) meeting is scheduled to be held remotely..For participation by telephone, please call 1–877–685–3103 and use (access code/meeting id/passcode) 6249335# to join the meeting.. More information can be found in the attached pdf document.. (CALLAHAN, KEVIN) (Entered: 04/27/2023) |

| | | | |
|---|---|---|---|
| 04/27/2023 | | 177 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 160)). No. of Notices: 3. Notice Date 04/27/2023. (Admin.) (Entered: 04/28/2023) |
| 04/28/2023 | | 178 | Transcript regarding hearing held on 4/24/2023. Transcribed by TheRecordXchange. 96 total pages including Certification of Transcriber. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For information about how to contact the transcriber, call the Clerk's Office]. Notice of Intent to Request Redaction Deadline Due By 5/5/2023. Redaction Request Due By 5/19/2023. Redacted Transcript Submission Due By 5/30/2023. Transcript access will be restricted through 7/27/2023. (B., John) (Entered: 04/28/2023) |
| 04/28/2023 | | 179 | Transcript regarding hearing held on 4/25/2023. Transcribed by TheRecordXchange. 261 total pages including Certification of Transcriber. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For information about how to contact the transcriber, call the Clerk's Office]. Notice of Intent to Request Redaction Deadline Due By 5/5/2023. Redaction Request Due By 5/19/2023. Redacted Transcript Submission Due By 5/30/2023. Transcript access will be restricted through 7/27/2023. (B., John) (Entered: 04/28/2023) |
| 04/28/2023 | | 180 | Declaration re: *Supplemental Declaration of Rafael X. Zahralddin in Support of the Application to Employ Lewis Brisbois Bisgaard & Smith LLP as General Bankruptcy Counsel to the Debtors* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)70). (ZAHRALDDIN, RAFAEL) (Entered: 04/28/2023) |
| 05/01/2023 | | 181 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)175). (ZAHRALDDIN, RAFAEL) (Entered: 05/01/2023) |
| 05/02/2023 | | 182 | Certificate of No Response to *Certificate of No Objection* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)70). (ZAHRALDDIN, RAFAEL) (Entered: 05/02/2023) |
| 05/02/2023 | | 183 | Amended Certificate of No Response to *Amended Certification of No Objection* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)182, 70). (ZAHRALDDIN, RAFAEL) (Entered: 05/02/2023) |
| 05/03/2023 | | 184 | Hearing Held on 70 Motion to Approve Authorizing and Approving the Employment and Retention of Lewis Brisbois Bisgaard & Smith LLP Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel).. (related document(s),70). Agreed Order to be entered (G., Eileen) (Entered: 05/03/2023) |
| 05/03/2023 | | 185 | Order Granting Motion to Approve Application to Employ and Retain Lewis Brisbois a& Smith LLP as Counsel to the debtors and Debtors–in–Possession (Related Doc # 70) (R., Donna) (Entered: 05/03/2023) |
| 05/04/2023 | | 186 | Proper Form of Petition *Amended Petition* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 05/04/2023) |
| 05/04/2023 | | 187 | |

| | | | |
|---|---|---|---|
| | | | Amended Schedule G – Executory Contracts and Unexpired Leases Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 05/04/2023) |
| 05/05/2023 | | 188 | Amended Chapter 11 Monthly Operating Report for the Month Ending: 03/31/2023 Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 05/05/2023) |
| 05/05/2023 | | 189 | Amended Chapter 11 Monthly Operating Report for the Month Ending: 03/31/2023 Filed by RAFAEL X. ZAHRALDDIN on behalf of Technovative Media, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 05/05/2023) |
| 05/05/2023 | | | Meeting of Creditors Held and Concluded on: 5/5/2023. (CALLAHAN, KEVIN) (Entered: 05/05/2023) |
| 05/05/2023 | | 190 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)183). (ZAHRALDDIN, RAFAEL) (Entered: 05/05/2023) |
| 05/05/2023 | | 191 | Amended Chapter 11 Monthly Operating Report for the Month Ending: 03/31/2023 Filed by RAFAEL X. ZAHRALDDIN on behalf of Technovative Media, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 05/05/2023) |
| 05/05/2023 | | 192 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 185)). No. of Notices: 3. Notice Date 05/05/2023. (Admin.) (Entered: 05/06/2023) |
| 05/08/2023 | | 193 | Memorandum in Opposition to *Hawk Investment Holdings Ltd's Motion to Dismiss Debtors' Chapter 11 Cases or to Convert the Cases to Cases Under Chapter 7 or in the Alternative to Appoint a Chapter 11 Trustee* Filed by ANDREW PETER DEMARCO on behalf of Rembrandt 3D Holding Ltd. (related document(s)83). (Attachments: # 1 Exhibit 1) (DEMARCO, ANDREW) (Entered: 05/08/2023) |
| 05/08/2023 | | 194 | Supplemental Brief *SeeCubic, Inc.'s Supplemental Brief in Support of (I) Hawk's Motion to Dismiss the Chapter 11 Cases, Convert Such Cases to Chapter 7, or Appoint a Chapter 11 Trustee, (II) Hawk's Motion for Relief from the Automatic Stay, and (III) SeeCubic's Objection to the Stream Stay Pleadings* Filed by Joseph Oliver Larkin on behalf of SeeCubic, Inc. (related document(s)16, 105, 83). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Certificate of Service) (Larkin, Joseph) (Entered: 05/08/2023) |
| 05/08/2023 | | 195 | Response to Motion for Sanctions for Violation of the Automatic Stay filed by Debtor Stream TV Networks, Inc., Motion for Sanctions for Violation of the Automatic Stay filed by Debtor Stream TV Networks, Inc., Motion to Dismiss Case for Other filed by Creditor Hawk Investment Holdings Ltd., Motion to Stay filed by Debtor Stream TV Networks, Inc., Motion for Turnover of Property, Motion for Sanctions *Hawk Investment Holdings Ltd.'s Reply in Further Support of Emergency Motion for Relief from the Automatic Stay Pursuant To Section 362(d) of the Bankruptcy Code* Filed by Hawk Investment Holdings Ltd. (related document(s)90, 49, 76, 83). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F) (Caponi, Steven) (Entered: 05/08/2023) |
| 05/08/2023 | | 196 | |

| | | | |
|---|---|---|---|
| | | | Brief *in Opposition* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)83). (ZAHRALDDIN, RAFAEL) (Entered: 05/08/2023) |
| 05/11/2023 | | 197 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)187, 186, 189, 188, 191). (ZAHRALDDIN, RAFAEL) (Entered: 05/11/2023) |
| 05/11/2023 | | 198 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)196). (ZAHRALDDIN, RAFAEL) (Entered: 05/11/2023) |
| 05/17/2023 | | 199 | Motion to Appear pro hac vice on behalf of Erin R. Fay Filed by Ian R. Liston in his capacity as the state court appointed receiver pendente lite of the operations of Technovative Media, Inc. Represented by NICHOLAS E HAKUN (Counsel). (HAKUN, NICHOLAS) (Entered: 05/17/2023) |
| 05/17/2023 | | 200 | Motion to Appear pro hac vice on behalf of Catherine C. Lyons Filed by Ian R. Liston in his capacity as the state court appointed receiver pendente lite of the operations of Technovative Media, Inc. Represented by NICHOLAS E HAKUN (Counsel). (HAKUN, NICHOLAS) (Entered: 05/17/2023) |
| 05/17/2023 | | 201 | Motion to Approve (A) the Receiver's Final Report, (B) Granting Post–Petition Discharge of the Receiver and the Receiver Professionals, (C) Finding That the Receiver Complied with 11 U.S.C. Section 543, (D) Approving and Directing Payment of the Prepetition Fees and Expenses of the Receiver and the Receiver Professionals, and (E) Granting Related Relief Filed by Ian R. Liston in his capacity as the state court appointed receiver pendente lite of the operations of Technovative Media, Inc. Represented by NICHOLAS E HAKUN (Counsel). (Attachments: # 1 Notice # 2 Exhibit A # 3 Exhibit B) (HAKUN, NICHOLAS) (Entered: 05/17/2023) |
| 05/17/2023 | | 202 | Motion to Seal (RE: related document(s)201 Motion to Approve). *//Receiver's Motion to Seal Certain Exhibits to the Final Report of Ian R. Liston, Receiver Pendente Lite, Attached as Exhibit A to Receiver's Motion, Pursuant to 11 U.S.C. Sections 105(a) and 543(b) and Bankruptcy Rule 6002, for Entry of an Order (A) Approving the Receiver's Final Report, (B) Granting Post–Petition Discharge of the Receiver and the Receiver Professionals, (C) Finding That the Receiver Complied with 11 U.S.C. Section 543, (D) Approving and Directing Payment of the Prepetition Fees and Expenses of the Receiver and the Receiver Professionals, and (E) Granting Related Relief* Filed by Ian R. Liston in his capacity as the state court appointed receiver pendente lite of the operations of Technovative Media, Inc. Represented by NICHOLAS E HAKUN (Counsel) (related document(s)201). (Attachments: # 1 Notice # 2 Exhibit A) (HAKUN, NICHOLAS) (Entered: 05/17/2023) |
| 05/17/2023 | | | Receipt Number APAEDC–16695650 for Pro Hac Vice Payment, Fee Amount $75.00 (related document(s)200). (K., Marie)*Modified on 5/18/2023 to add prefix letters*.(K., Marie). (Entered: 05/17/2023) |
| 05/17/2023 | | | Receipt Number APAEDC–16695592, Fee Amount $75.00 for Pro Hac Vice Payment (related document(s)199). (K., Marie)* Modified on 5/18/2023 to add prefix letters*(K., Marie). (Entered: 05/17/2023) |
| 05/17/2023 | | 203 | |

| | | | |
|---|---|---|---|
| | | | Declaration re: *Supplemental Declaration in Support of Initial Application to Employ BMC Group, Inc. as Claims and Noticing Agent* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)84). (ZAHRALDDIN, RAFAEL) (Entered: 05/17/2023) |
| 05/17/2023 | | 204 | Notice of (related document(s): 201 Motion to Approve (A) the Receiver's Final Report, (B) Granting Post–Petition Discharge of the Receiver and the Receiver Professionals, (C) Finding That the Receiver Complied with 11 U.S.C. Section 543, (D) Approving and Directing Payment of the Pr, 202 Motion to Seal (RE: related document(s)201 Motion to Approve). *//Receiver's Motion to Seal Certain Exhibits to the Final Report of Ian R. Liston, Receiver Pendente Lite, Attached as Exhibit A to Receiver's Motion, Pursuant to 11 U.S.C.)* Filed by Ian R. Liston in his capacity as the state court appointed receiver pendente lite of the operations of Technovative Media, Inc.. Hearing scheduled 6/21/2023 at 11:30 AM at Philadelphia Video Hearing. (HAKUN, NICHOLAS) (Entered: 05/17/2023) |
| 05/17/2023 | | 205 | Certificate of No Response to *APPLICATION FOR AUTHORITY TO EMPLOY BMC GROUP, INC. AS CLAIMS AND NOTICING AGENT* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)84, 175, 181). (Attachments: # 1 Exhibit A – Proposed Order Authorizing Employment and Retention of BMC Group, Inc. as Claims and Noticing Agent) (ZAHRALDDIN, RAFAEL) (Entered: 05/17/2023) |
| 05/19/2023 | | 206 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)203, 205). (ZAHRALDDIN, RAFAEL) (Entered: 05/19/2023) |
| 05/22/2023 | | 207 | EVIDENTIARY Hearing RESCHEDULED RE: 83 Emergency Motion to Dismiss Case. Motion of Hawk Investment Holdings Ltd. (I) Pursuant to Section 1112(b) of the Bankruptcy Code Either (A)(1) to Dismiss the Debtors Chapter 11 Cases or (2) to Convert Such Cases to Cases Under Chapter 7 or, (B) in the Alternative, Pursuant to Section 1104(a) of the Bankruptcy Code to Appoint a Chapter 11 Trustee and (II) to Request Expedited Consideration Pursuant to Local Rule 5070–1(g) Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). Hearing scheduled 6/26/2023 at 10:30 AM at Courtroom #2. AND 6/27 @ 12:30 and 6/28 @ 12:30 (G., Eileen) (Entered: 05/22/2023) |
| 05/22/2023 | | 208 | EVIDENTIARY Hearing RESCHEDULED RE: 135 Motion to Approve Debtors' Expedited Motion for Authority to Take Certain Actions in the Ordinary Course of Business Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Exhibit A – Proposed Interim Order # 2 Exhibit B – Proposed Final Order # 3 Exhibit C – Exclusive Distribution Agreement) filed by Debtor Stream TV Networks, Inc., Debtor Technovative Media, Inc.. Hearing scheduled 6/26/2023 at 10:30 AM at Courtroom #2. AND 6/27 @ 12:30 and 6/28 @ 12:30 (G., Eileen) (Entered: 05/22/2023) |
| 05/22/2023 | | 209 | EVIDENTIARY Hearing RESCHEDULED RE: 134 Motion to Approve Employee Obligations Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Proposed Order Ex A Proposed Interim Order # 2 Proposed Order Ex B Proposed Final Order) filed by Debtor Stream TV Networks, Inc., Debtor Technovative Media, Inc.. Hearing scheduled |

| | | | |
|---|---|---|---|
| | | | 6/26/2023 at 10:30 AM at Courtroom #2 AND 6/27 @ 12:30 and 6/28 @ 12:30 (G., Eileen) (Entered: 05/22/2023) |
| 05/22/2023 | | 210 | Order Granting Motion to Appear pro hac vice on behalf of Erin R. Fay for Ian R. Liston in his capacity as the state court appointed receiver pendente lite of the operations of Technovative Media, Inc. (Related Doc # 199) (W., Christine) (Entered: 05/22/2023) |
| 05/22/2023 | | 211 | Order Granting Motion to Appear pro hac vice on behalf of Catherine C. Lyons for Ian R. Liston in his capacity as the state court appointed receiver pendente lite of the operations Technovative Media, Inc. (Related Doc # 200) (W., Christine) (Entered: 05/22/2023) |
| 05/23/2023 | | 212 | Monthly Operating Report for Filing Period 03/31/2023 *AMENDED* Filed by RAFAEL X. ZAHRALDDIN on behalf of Technovative Media, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 05/23/2023) |
| 05/23/2023 | | 213 | Monthly Operating Report for Filing Period 04/30/2023 *AMENDED* Filed by RAFAEL X. ZAHRALDDIN on behalf of Technovative Media, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 05/23/2023) |
| 05/23/2023 | | 214 | Request for Telephonic Hearing *Hawk Investment Holdings Ltd.'s Request for Status Conference* Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd. (related document(s)209, 208, 207). (Caponi, Steven) (Entered: 05/23/2023) |
| 05/24/2023 | | 215 | Hearing Held on 84 Application to Employ BMC Group, Inc. as Claims and Noticing Agent Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (related document(s),84). ORDER to be entered (G., Eileen) (Entered: 05/24/2023) |
| 05/24/2023 | | 216 | BNC Certificate of Mailing – Hearing Set. Number of Notices Mailed: (related document(s) (Related Doc # 207)). No. of Notices: 15. Notice Date 05/24/2023. (Admin.) (Entered: 05/25/2023) |
| 05/24/2023 | | 217 | BNC Certificate of Mailing – Hearing Set. Number of Notices Mailed: (related document(s) (Related Doc # 208)). No. of Notices: 15. Notice Date 05/24/2023. (Admin.) (Entered: 05/25/2023) |
| 05/24/2023 | | 218 | BNC Certificate of Mailing – Hearing Set. Number of Notices Mailed: (related document(s) (Related Doc # 209)). No. of Notices: 15. Notice Date 05/24/2023. (Admin.) (Entered: 05/25/2023) |
| 05/24/2023 | | 219 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 210)). No. of Notices: 2. Notice Date 05/24/2023. (Admin.) (Entered: 05/25/2023) |
| 05/24/2023 | | 220 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 211)). No. of Notices: 3. Notice Date 05/24/2023. (Admin.) (Entered: 05/25/2023) |
| 05/25/2023 | | 221 | Status Hearing scheduled 5/31/2023 at 01:00 PM at Courtroom #2. relating to the trial scheduled for 6/26/23 (G., Eileen) (Entered: 05/25/2023) |
| 05/25/2023 | | 222 | Order Denying Motion to Approve SeeCubic, Inc.'s Emergency Funding to Non–Debtor Subsidiary Seecubic B.V. and Directing Putative Seecubic B.V. Directors to execute promissory draw request (Larkin, |

| | | | |
|---|---|---|---|
| | | | Joseph)(Related Doc # 155) (R., Donna) (Entered: 05/26/2023) |
| 05/26/2023 | | 223 | Monthly Operating Report for Filing Period 03/31/2023 *AMENDED* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Exhibit March Profit & Loss # 2 Exhibit March Bank Statement) (ZAHRALDDIN, RAFAEL) (Entered: 05/26/2023) |
| 05/26/2023 | | 224 | Monthly Operating Report for Filing Period 04/30/2023 Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Exhibit April Profit & Loss # 2 Exhibit April Bank Statement) (ZAHRALDDIN, RAFAEL) (Entered: 05/26/2023) |
| 05/28/2023 | | 225 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 222)). No. of Notices: 5. Notice Date 05/28/2023. (Admin.) (Entered: 05/29/2023) |
| 05/30/2023 | | 226 | Declaration re: *DECLARATION OF MATHU RAJAN IN SUPPORT OF DEBTORS OPPOSITION TO MOTION OF HAWK INVESTMENT HOLDINGS LTD. PURSUANT TO SECTION 1112(B) OF THE BANKRUPTCY CODE EITHER (A)(1) TO DISMISS THE DEBTORS CHAPTER 11 CASES OR (2) TO CONVERT SUCH CASES TO CASES UNDER CHAPTER 7 OR, (B) IN THE ALTERNATIVE, PURSUANT TO SECTION 1104(A) OF THE BANKRUPTCY CODE TO APPOINT A CHAPTER 11 TRUSTEE (DOCKET NO. 196) AND IN SUPPORT OF DEBTORS MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING DEBTORS TO TAKE CERTAIN ACTIONS IN THE ORDINARY COURSE OF BUSINESS (DOCKET NO. 135)* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 05/30/2023) |
| 05/31/2023 | | 227 | Proposed Order Re: *Receiver's Motion, Pursuant to 11 U.S.C. Sections 105(a) and 543(b) and Bankruptcy Rule 6002, for Entry of an Order (A) Approving the Receiver's Final Report, (B) Granting Post–Petition Discharge of the Receiver and the Receiver Professionals, (C) Finding That the Receiver Complied with 11 U.S.C. Section 543, (D) Approving and Directing Payment of the Prepetition Fees and Expenses of the Receiver and the Receiver Professionals, and (E) Granting Related Relief* Filed by NICHOLAS E HAKUN on behalf of Ian R. Liston in his capacity as the state court appointed receiver pendente lite of the operations of Technovative Media, Inc. (related document(s)201). (HAKUN, NICHOLAS) (Entered: 05/31/2023) |
| 05/31/2023 | | 228 | Proposed Order Re: *Receiver's Motion to Seal Certain Exhibits to the Final Report of Ian R. Liston, Receiver Pendente Lite, Attached as Exhibit A to Receiver's Motion, Pursuant to 11 U.S.C. Sections 105(a) and 543(b) and Bankruptcy Rule 6002, for Entry of an Order (A) Approving the Receiver's Final Report, (B) Granting Post–Petition Discharge of the Receiver and the Receiver Professionals, (C) Finding That the Receiver Complied with 11 U.S.C. Section 543, (D) Approving and Directing Payment of the Prepetition Fees and Expenses of the Receiver and the Receiver Professionals, and (E) Granting Related Relief* Filed by NICHOLAS E HAKUN on behalf of Ian R. Liston in his capacity as the state court appointed receiver pendente lite of the operations of Technovative Media, Inc. (related document(s)202). (HAKUN, NICHOLAS) (Entered: 05/31/2023) |
| 05/31/2023 | | 229 | Status Conference Held – Scheduling Order to be submitted . (G., Eileen) (Entered: 05/31/2023) |

| | | | |
|---|---|---|---|
| 06/02/2023 | | 230 | Objection to Motion to Seal filed by Interested Party Ian R. Liston in his capacity as the state court appointed receiver pendente lite of the operations of Technovative Media, Inc. Filed by United States Trustee (related document(s)202). (Attachments: # 1 Service List) (CALLAHAN, KEVIN) (Entered: 06/02/2023) |
| 06/09/2023 | | 231 | Order Denying Debtor's Motion for entry of Interim and Final Orders Authorizing the debtor's to obtain post–petition unsecured financing to fund debtor's foreign subsidiaries, modifying the Automatic Stay and Setting final hearing. The Motion is DENIED for the reasons stated in open court on the record at the Hearing. (Related Doc # 156) (R., Donna) (Entered: 06/09/2023) |
| 06/11/2023 | | 232 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 231)). No. of Notices: 2. Notice Date 06/11/2023. (Admin.) (Entered: 06/12/2023) |
| 06/13/2023 | | 233 | Proposed Order Re: *Scheduling Order* Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd. (related document(s)83). (Caponi, Steven) (Entered: 06/13/2023) |
| 06/14/2023 | | 234 | Motion *of the Debtors for Entry of an Order Authorizing the Debtors to Enter Into an Employment Agreement with Thomas Jung Ho Park as Chief Financial Officer to the Debtors* Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Exhibit A – Proposed Order # 2 Exhibit B – Employment Agreement with Thomas Jung Ho Park # 3 Exhibit C – Resume of Thomas Jung Ho Park) (ZAHRALDDIN, RAFAEL) (Entered: 06/14/2023) |
| 06/14/2023 | | 363 | Scheduling Order (related document(s)233). (R., Donna) (Entered: 08/23/2023) |
| 06/15/2023 | | 235 | Notice of Appearance and Request for Notice *of Bennett G. Fisher* by RAFAEL X. ZAHRALDDIN Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 06/15/2023) |
| 06/16/2023 | | 236 | Expedited Motion to Continue Hearing On Motion for Relief From Stay, Motion to Dismiss Case for Other, Motion to Approve Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel) (related document(s)135, 16, 83). (Attachments: # 1 Proposed Order Proposed Order Granting Expedited Motion of the Debtors to Continue Trial and Hearings Scheduled for June 26 – 29 # 2 Exhibit B – Dr. Jordan Bruno Letter # 3 Proposed Order Proposed Order Granting Request for Expedited Hearing on Expedited Motion of the Debtors for Entry of an Order Continuing Trial and Hearings Scheduled for June 26 – 29, 2023) (ZAHRALDDIN, RAFAEL) (Entered: 06/16/2023) |
| 06/16/2023 | | 237 | Notice to Take Deposition of: designated representative of Zhongsheng Group Holdings Ltd. Filed by Hawk Investment Holdings Ltd.. (Caponi, Steven) (Entered: 06/16/2023) |
| 06/16/2023 | | 238 | Notice to Take Deposition of: Thomas Park Filed by Hawk Investment Holdings Ltd.. (Caponi, Steven) (Entered: 06/16/2023) |
| 06/16/2023 | | 239 | Amended Notice to Take Deposition of: Zhongsheng Group Holdings Ltd. Filed by Hawk Investment Holdings Ltd.. (Caponi, Steven) (Entered: |

| | | | |
|---|---|---|---|
| | | | 06/16/2023) |
| 06/19/2023 | | 240 | Objection to Motion to Continue/Reschedule Hearing filed by Debtor Stream TV Networks, Inc., Debtor Technovative Media, Inc. *Hawk Investment Holdings Ltd.'s Objection to Expedited Motion of the Debtors for Entry of an Order Continuing Trial and Hearings Scheduled for June 26 – 29, 2023* Filed by Hawk Investment Holdings Ltd. (related document(s)236). (Caponi, Steven) (Entered: 06/19/2023) |
| 06/20/2023 | | 241 | Order granting Request for an Expedited Hearing on 236 Motion to Continue *Trial and Hearings Scheduled for June 26–29, 2023* filed by Stream TV Networks, Inc., Technovative Media, Inc. represented by RAFAEL X. ZAHRALDDIN (Counsel). Expedited Hearing is scheduled for 6/21/2023 at 11:30 AM. Service must be made by 3:00 PM today 6/20/2023. (B., John) (Entered: 06/20/2023) |
| 06/20/2023 | | 242 | Notice to Take Deposition of: Thomas Park *Re–Notice of Deposition of Thomas Park by Hawk Investment Holdings, Ltd.* Filed by Hawk Investment Holdings Ltd.. (Caponi, Steven) (Entered: 06/20/2023) |
| 06/20/2023 | | 243 | Certificate of Service *Expedited Motion and Order Granting Request for Expedited Hearing on Expedited Motion of the Debtors for Entry of an Order Continuing Trial and Hearings Scheduled for June 26–29, 2023* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)241, 236). (ZAHRALDDIN, RAFAEL) (Entered: 06/20/2023) |
| 06/20/2023 | | 244 | Notice to Take Deposition of: Shadron L. Stastney Filed by Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 06/20/2023) |
| 06/20/2023 | | 245 | Objection to Motion to Approve filed by Interested Party Ian R. Liston in his capacity as the state court appointed receiver pendente lite of the operations of Technovative Media, Inc. *Hawk Investment Holdings Ltd.'s Limited Objection to Receiver's Motion, Pursuant to 11 U.S.C. §§ 105(a) and 543(b) and Bankruptcy Rule 6002, for Entry of an Order (A) Approving the Receiver's Final Report, (B) Granting Post–Petition Discharge of the Receiver and the Receiver Professionals, (C) Finding that the Receiver Complied with 11 U.S.C. § 543, (D) Approving and Directing Payment of the Prepetition Fees and Expenses of the Receiver and the Receiver Professionals, and (E) Granting Related Relief* Filed by Hawk Investment Holdings Ltd. (related document(s)201). (Caponi, Steven) (Entered: 06/20/2023) |
| 06/20/2023 | | 246 | Amended Notice of (related document(s): 201 Motion to Approve (A) the Receiver's Final Report, (B) Granting Post–Petition Discharge of the Receiver and the Receiver Professionals, (C) Finding That the Receiver Complied with 11 U.S.C. Section 543, (D) Approving and Directing Payment of the Pr, 202 Motion to Seal (RE: related document(s)201 Motion to Approve). *//Receiver's Motion to Seal Certain Exhibits to the Final Report of Ian R. Liston, Receiver Pendente Lite, Attached as Exhibit A to Receiver's Motion, Pursuant to 11 U.S.C.)* Filed by Ian R. Liston in his capacity as the state court appointed receiver pendente lite of the operations of Technovative Media, Inc.. *Hearing scheduled 7/12/2023 at 11:30 AM at Philadelphia Telephone Hearing. (HAKUN, NICHOLAS) (Entered: 06/20/2023)* |
| 06/21/2023 | | 247 | Motion to Appear pro hac vice on behalf of Sean M. Brennecke Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Exhibit A – Certification of Sean M. |

| | | | |
|---|---|---|---|
| | | | Brennecke # 2 Exhibit B – Proposed Order) (ZAHRALDDIN, RAFAEL) (R., Donna). (Entered: 06/21/2023) |
| 06/21/2023 | | 248 | Exhibit //Notice of Filing of Exhibits Filed by NICHOLAS E HAKUN on behalf of Ian R. Liston in his capacity as the state court appointed receiver pendente lite of the operations of Technovative Media, Inc. (related document(s)201). (Attachments: # 1 Exhibit A) (HAKUN, NICHOLAS) (Entered: 06/21/2023) |
| 06/21/2023 | | 249 | Motion to Dismiss/Withdraw Document (related document(s): Motion to Seal) //Notice of Withdrawal Filed by Ian R. Liston in his capacity as the state court appointed receiver pendente lite of the operations of Technovative Media, Inc. Represented by NICHOLAS E HAKUN (Counsel) (related document(s)202). (HAKUN, NICHOLAS) (Entered: 06/21/2023) |
| 06/21/2023 | | | Receipt Number APAEDC–16764151, Fee Amount $75.00 (related document(s)247). (R., Donna) (Entered: 06/21/2023) |
| 06/21/2023 | | 250 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)235, 234). (ZAHRALDDIN, RAFAEL) (Entered: 06/21/2023) |
| 06/21/2023 | | 251 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)236). (ZAHRALDDIN, RAFAEL) (Entered: 06/21/2023) |
| 06/21/2023 | | 252 | Hearing Held on 236 Expedited Motion to Continue Hearing On Motion for Relief From Stay, Motion to Dismiss Case for Other, Motion to Approve Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel) (related document(s)135, 16, 83). (related document(s),236). Motion DENIED – Trial remains scheduled for 6/26/23 – 6/27/23 – 6/28/23 & 6/29/23 (G., Eileen) (Entered: 06/21/2023) |
| 06/21/2023 | | 253 | Chapter 11 Monthly Operating Report for the Month Ending: 05/31/2023 Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 06/21/2023) |
| 06/21/2023 | | 254 | Chapter 11 Monthly Operating Report for the Month Ending: 05/31/2023 Filed by RAFAEL X. ZAHRALDDIN on behalf of Technovative Media, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 06/21/2023) |
| 06/22/2023 | | 255 | Amended Notice to Take Deposition of: Shadron L. Stastney Filed by Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 06/22/2023) |
| 06/22/2023 | | 256 | Order Granting Application to Employ BMC Group Inc. (Related Doc # 84) (W., Yvette) (Entered: 06/22/2023) |
| 06/22/2023 | | 257 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 241)). No. of Notices: 1. Notice Date 06/22/2023. (Admin.) (Entered: 06/23/2023) |
| 06/23/2023 | | 258 | AMENDMENT TO DEBTORS EXPEDITED MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING DEBTORS TO TAKE CERTAIN ACTIONS IN THE ORDINARY COURSE OF BUSINESS Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., |

| | | | |
|---|---|---|---|
| | | | Technovative Media, Inc. (related document(s)135). (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit) (ZAHRALDDIN, RAFAEL) (Entered: 06/23/2023) |
| 06/23/2023 | | 259 | Motion to Appear pro hac vice on behalf of Thomas A. Warns Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). (Attachments: # 1 Proposed Order # 2 Verified Statement of Thomas A. Warns, Esquire) (Caponi, Steven) (Entered: 06/23/2023) |
| 06/23/2023 | | | Receipt Number APAEDC–16771645, Fee Amount $75.00 (related document(s)259). (R., Donna) (Entered: 06/23/2023) |
| 06/23/2023 | | 260 | Order Granting Motion To Appear pro hac vice of Sean M. Brennecke (Related Doc # 247) (R., Donna) (Entered: 06/23/2023) |
| 06/23/2023 | | 261 | **Duplicate of doc.#260**Order Granting Motion To Appear pro hac vice of Sean M. Brennecke Esquire (Related Doc 247) (R., Donna) Modified on 6/26/2023 (K., Marie). (Entered: 06/23/2023) |
| 06/23/2023 | | 262 | Order Granting Motion To Appear pro hac vice Thomas A. Warns, Esquire. (Related Doc # 259) (R., Donna) (Entered: 06/23/2023) |
| 06/23/2023 | | 263 | Exhibit *Hawk Investment Holdings Ltd. and SeeCubic, Inc.'s Joint Exhibit List for June 26–29, 2023 Trial* Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd.. (Caponi, Steven) (Entered: 06/23/2023) |
| 06/23/2023 | | 264 | Exhibit *Stream TV Networks, Inc. Exhibit List for June 26–29, 2023 Trial* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 06/23/2023) |
| 06/24/2023 | | 265 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 256)). No. of Notices: 1. Notice Date 06/24/2023. (Admin.) (Entered: 06/25/2023) |
| 06/25/2023 | | 266 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 261)). No. of Notices: 1. Notice Date 06/25/2023. (Admin.) (Entered: 06/26/2023) |
| 06/25/2023 | | 267 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 262)). No. of Notices: 1. Notice Date 06/25/2023. (Admin.) (Entered: 06/26/2023) |
| 06/26/2023 | | 268 | Hearing Continued on 16 Emergency Motion for Relief from Stay . Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). . Hearing scheduled 6/27/2023 at 12:30 PM at Courtroom #2. (G., Eileen) (Entered: 06/27/2023) |
| 06/26/2023 | | 269 | Hearing Continued on 83 Motion to Dismiss Case. Motion of Hawk Investment Holdings Ltd. (I) Pursuant to Section 1112(b) of the Bankruptcy Code Either (A)(1) to Dismiss the Debtors Chapter 11 Cases or (2) to Convert Such Cases to Cases Under Chapter 7 or, (B) in the Alternative, Pursuant to Section 1104(a) of the Bankruptcy Code to Appoint a Chapter 11 Trustee and (II) to Request Expedited Consideration Pursuant to Local Rule 5070–1(g) Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). Hearing scheduled 6/27/2023 at 12:30 PM at Courtroom #2. (G., Eileen) (Entered: 06/27/2023) |

| | | | |
|---|---|---|---|
| 06/26/2023 | | 270 | Hearing Continued on 135 Motion to Approve Debtors' Expedited Motion for Authority to Take Certain Actions in the Ordinary Course of Business Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). . Hearing scheduled 6/27/2023 at 12:30 PM at Courtroom #2. (G., Eileen) (Entered: 06/27/2023) |
| 06/26/2023 | | 271 | Hearing Continued on 134 Motion to Approve Employee Obligations Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). Hearing scheduled 6/27/2023 at 12:30 PM at Courtroom #2. (G., Eileen) (Entered: 06/27/2023) |
| 06/27/2023 | | 272 | Hearing Continued on 16 Emergency Motion for Relief from Stay . , Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). Hearing scheduled 6/28/2023 at 12:30 PM at Courtroom #2. (G., Eileen) (Entered: 06/28/2023) |
| 06/27/2023 | | 273 | Hearing Continued on 83 Emergency Motion to Dismiss Case. Motion of Hawk Investment Holdings Ltd. (I) Pursuant to Section 1112(b) of the Bankruptcy Code Either (A)(1) to Dismiss the Debtors Chapter 11 Cases or (2) to Convert Such Cases to Cases Under Chapter 7 or, (B) in the Alternative, Pursuant to Section 1104(a) of the Bankruptcy Code to Appoint a Chapter 11 Trustee and (II) to Request Expedited Consideration Pursuant to Local Rule 5070–1(g) Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). Hearing scheduled 6/28/2023 at 12:30 PM at Courtroom #2. (G., Eileen) (Entered: 06/28/2023) |
| 06/27/2023 | | 274 | Hearing Continued on 135 Motion to Approve Debtors' Expedited Motion for Authority to Take Certain Actions in the Ordinary Course of Business Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). . Hearing scheduled 6/28/2023 at 12:30 PM at Courtroom #2. (G., Eileen) (Entered: 06/28/2023) |
| 06/27/2023 | | 275 | Hearing Continued on 134 Motion to Approve Employee Obligations Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). .. Hearing scheduled 6/28/2023 at 12:30 PM at Courtroom #2. (G., Eileen) (Entered: 06/28/2023) |
| 06/28/2023 | | 276 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 260)). No. of Notices: 1. Notice Date 06/28/2023. (Admin.) (Entered: 06/29/2023) |
| 06/28/2023 | | 277 | Hearing Continued on 16 Emergency Motion for Relief from Stay . F Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). . Hearing scheduled 6/29/2023 at 12:30 PM at Courtroom #2. (G., Eileen) (Entered: 06/29/2023) |
| 06/28/2023 | | 278 | Hearing Continued on 83 Emergency Motion to Dismiss Case. Motion of Hawk Investment Holdings Ltd. (I) Pursuant to Section 1112(b) of the Bankruptcy Code Either (A)(1) to Dismiss the Debtors Chapter 11 Cases or (2) to Convert Such Cases to Cases Under Chapter 7 or, (B) in the Alternative, Pursuant to Section 1104(a) of the Bankruptcy Code to Appoint a Chapter 11 Trustee and (II) to Request Expedited Consideration Pursuant to Local Rule 5070–1(g) Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). Hearing scheduled |

| | | | |
|---|---|---|---|
| | | | 6/29/2023 at 12:30 PM at Courtroom #2. (G., Eileen) (Entered: 06/29/2023) |
| 06/28/2023 | | 279 | Hearing Continued on 135 Motion to Approve Debtors' Expedited Motion for Authority to Take Certain Actions in the Ordinary Course of Business Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). .. Hearing scheduled 6/29/2023 at 12:30 PM at Courtroom #2. (G., Eileen) (Entered: 06/29/2023) |
| 06/28/2023 | | 280 | Hearing Continued on 134 Motion to Approve Employee Obligations Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). Hearing scheduled 6/29/2023 at 12:30 PM at Courtroom #2. (G., Eileen) (Entered: 06/29/2023) |
| 06/29/2023 | | 281 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)258). (ZAHRALDDIN, RAFAEL) (Entered: 06/29/2023) |
| 06/29/2023 | | 282 | Certificate of Service Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)253, 254, 255). (ZAHRALDDIN, RAFAEL) (Entered: 06/29/2023) |
| 07/01/2023 | | 283 | Notice of *Filings in Dutch Proceedings Requested by the United States Bankruptcy Court for the Eastern District of Pennsylvania* Filed by Stream TV Networks, Inc.. (Attachments: # 1 Exhibit A – Emails and Letter # 2 Exhibit B – Amsterdam District Court Ruling # 3 Exhibit C – Doc 76 Ex A Purchase Agreement) (ZAHRALDDIN, RAFAEL) (Entered: 07/01/2023) |
| 07/06/2023 | | 284 | Exhibit *Hawk Investment Holdings Ltd. and SeeCubic, Inc.'s Supplemental Joint Exhibit List for June 26–29, 2023 Trial* Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd. (related document(s)263). (Caponi, Steven) (Entered: 07/06/2023) |
| 07/07/2023 | | 285 | Objection to Generic Motion filed by Debtor Stream TV Networks, Inc. *Hawk Investment Holdings Ltd.s Objection and Reservation of Rights to Motion of the Debtors to Enter into an Employment Agreement with Thomas Jung Ho Park as Chief Financial Officer to the Debtors* Filed by Hawk Investment Holdings Ltd. (related document(s)234). (Caponi, Steven) (Entered: 07/07/2023) |
| 07/07/2023 | | 286 | Document in re: *Notice Regarding Proceedings in the Netherlands* Filed by Joseph Oliver Larkin on behalf of SeeCubic, Inc.. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9 # 10 Exhibit 10 # 11 Exhibit 11 # 12 Exhibit 12 # 13 Exhibit 13 # 14 Exhibit 14 # 15 Exhibit 15 # 16 Exhibit 16) (Larkin, Joseph) (Entered: 07/07/2023) |
| 07/12/2023 | | 287 | Hearing Held on 201 Motion to Approve (A) the Receiver's Final Report, (B) Granting Post–Petition Discharge of the Receiver and the Receiver Professionals, (C) Finding That the Receiver Complied with 11 U.S.C. Section 543, (D) Approving and Directing Payment of the Prepetition Fees and Expenses of the Receiver and the Receiver Professionals, and (E) Granting Related Relief Filed by Ian R. Liston in his capacity as the state court appointed receiver pendente lite of the operations of Technovative Media, Inc. Represented by NICHOLAS E HAKUN (Counsel). (Attachments: # 1 Notice # 2 Exhibit A # 3 Exhibit B) filed by |

| | | | |
|---|---|---|---|
| | | | Interested Party Ian R. Liston in his capacity as the state court appointed receiver pendente lite of the operations of Technovative Media, Inc. (related document(s),201,201). ORDER to be submitted (G., Eileen) (Entered: 07/12/2023) |
| 07/12/2023 | | 288 | TRIAL Continued on 83 Emergency Motion to Dismiss Case. Motion of Hawk Investment Holdings Ltd. (I) Pursuant to Section 1112(b) of the Bankruptcy Code Either (A)(1) to Dismiss the Debtors Chapter 11 Cases or (2) to Convert Such Cases to Cases Under Chapter 7 or, (B) in the Alternative, Pursuant to Section 1104(a) of the Bankruptcy Code to Appoint a Chapter 11 Trustee and (II) to Request Expedited Consideration Pursuant to Local Rule 5070–1(g) Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). . Hearing scheduled 8/15/2023 at 12:30 PM at Courtroom #2. (G., Eileen) (Entered: 07/12/2023) |
| 07/12/2023 | | 289 | Trial Continued on 16 Emergency Motion for Relief from Stay . Fee Amount $188.00, Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). (Attachments: # 1 Proposed Order Order Granting Motion of Hawk Investment Holdings Ltd. for Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code # 2 Proposed Order Order Granting Expedited Hearing # 3 Declaration of Steven L. Caponi # 4 Exhibit A # 5 Exhibit B # 6 Exhibit C # 7 Exhibit D # 8 Exhibit E # 9 Exhibit F # 10 Exhibit G # 11 Exhibit H # 12 Exhibit I # 13 Exhibit J # 14 Exhibit K # 15 Exhibit L # 16 Exhibit M # 17 Exhibit N # 18 Exhibit O # 19 Exhibit P # 20 Exhibit Q # 21 Certificate of Service) filed by Creditor Hawk Investment Holdings Ltd.. Hearing scheduled 8/15/2023 at 12:30 PM at Courtroom #2. (G., Eileen) (Entered: 07/12/2023) |
| 07/12/2023 | | 290 | Trial Continued on 134 Motion to Approve Employee Obligations Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). Hearing scheduled 8/15/2023 at 12:30 PM at Courtroom #2. (G., Eileen) (Entered: 07/12/2023) |
| 07/12/2023 | | 291 | Trial Continued on 135 Motion to Approve Debtors' Expedited Motion for Authority to Take Certain Actions in the Ordinary Course of Business Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). . Hearing scheduled 8/15/2023 at 12:30 PM at Courtroom #2. (G., Eileen) (Entered: 07/12/2023) |
| 07/13/2023 | | 292 | Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Proposed Order) (ZAHRALDDIN, RAFAEL) (Entered: 07/13/2023) |
| 07/13/2023 | | 293 | Disclosure Statement Filed by Stream TV Networks, Inc.. (Attachments: # 1 Exhibit A – Plan # 2 Exhibit B – Restructuring Agreements)(ZAHRALDDIN, RAFAEL) (Entered: 07/13/2023) |
| 07/13/2023 | | 294 | Order appointing mediator Honorable JUDGE PATRICIA M. MAYER and assignment to mediation. The matter concerns Bonding Equipment Dispute. (R., Donna) (Entered: 07/14/2023) |
| 07/14/2023 | | 295 | Motion to Compel *Hawk Investment Holdings Limited's Motion to Compel Discovery and Impose Sanctions for Failure to Comply* Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). (Attachments: # 1 Declaration of Steven L. Caponi with |

| | | | |
|---|---|---|---|
| | | | Exhibits 1–4 # 2 Proposed Order # 3 Notice of Motion, Response Deadline and Hearing Date) (Caponi, Steven) (Entered: 07/14/2023) |
| 07/14/2023 | | 297 | Notice of (related document(s): 295 Motion to Compel *Hawk Investment Holdings Limited's Motion to Compel Discovery and Impose Sanctions for Failure to Comply*) Filed by Hawk Investment Holdings Ltd. . Hearing scheduled 8/2/2023 at 11:30 AM at Courtroom #2. (R., Yvette) (Entered: 07/17/2023) |
| 07/16/2023 | | 296 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 294)). No. of Notices: 6. Notice Date 07/16/2023. (Admin.) (Entered: 07/17/2023) |
| 07/18/2023 | | 298 | Application to Employ Thomas Jung Ho Park as Chief Financial Officer Filed by Technovative Media, Inc., Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Exhibit A – Proposed Order # 2 Exhibit B – Employment Agreement # 3 Exhibit C – Declaration of Thomas Park # 4 Exhibit D – Resume of Thomas Park) (ZAHRALDDIN, RAFAEL) (Entered: 07/18/2023) |
| 07/18/2023 | | 299 | Notice of (related document(s): 298 Application to Employ Thomas Jung Ho Park as Chief Financial Officer ) Filed by Stream TV Networks, Inc., Technovative Media, Inc.. Hearing scheduled 8/16/2023 at 11:30 AM at Courtroom #2. (ZAHRALDDIN, RAFAEL) (Entered: 07/18/2023) |
| 07/20/2023 | | 300 | Monthly Operating Report for Filing Period 6/1/23–6/30/23 *STREAM TV NETWORKS, INC.* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Exhibit # 2 Exhibit) (ZAHRALDDIN, RAFAEL) (Entered: 07/20/2023) |
| 07/20/2023 | | 301 | Monthly Operating Report for Filing Period 6/1/23–6/30/23 *TECHNOVATIVE MEDIA, INC.* Filed by RAFAEL X. ZAHRALDDIN on behalf of Technovative Media, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 07/20/2023) |
| 07/24/2023 | | 302 | Transcript regarding hearing held on 6/26/2023. Transcribed by TheRecordXchange. 288 total pages including Certification of Transcriber. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For information about how to contact the transcriber, call the Clerk's Office]. Notice of Intent to Request Redaction Deadline Due By 7/31/2023. Redaction Request Due By 8/14/2023. Redacted Transcript Submission Due By 8/24/2023. Transcript access will be restricted through 10/23/2023. (B., John) (Entered: 07/24/2023) |
| 07/24/2023 | | 303 | Transcript regarding hearing held on 6/27/2023. Transcribed by TheRecordXchange. 180 total pages including Certification of Transcriber. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For information about how to contact the transcriber, call the Clerk's Office]. Notice of Intent to Request Redaction Deadline Due By 7/31/2023. Redaction Request Due By 8/14/2023. Redacted Transcript Submission Due By 8/24/2023. Transcript access will be restricted through 10/23/2023. (B., John) (Entered: 07/24/2023) |
| 07/24/2023 | | 304 | SEE REVISED TRANSCRIPT AT ENTRY #378. Transcript regarding hearing held on 6/28/2023. Transcribed by TheRecordXchange. 215 total pages including Certification of Transcriber. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For information about how to contact the transcriber, call the Clerk's Office]. Notice of Intent to Request Redaction Deadline Due By 7/31/2023. Redaction Request Due |

| | | | |
|---|---|---|---|
| | | | By 8/14/2023. Redacted Transcript Submission Due By 8/24/2023. Transcript access will be restricted through 10/23/2023. (B., John) Modified on 8/28/2023 (B., John). (Entered: 07/24/2023) |
| 07/24/2023 | | 305 | Transcript regarding hearing held on 6/29/2023. Transcribed by TheRecordXchange. 186 total pages including Certification of Transcriber. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For information about how to contact the transcriber, call the Clerk's Office]. Notice of Intent to Request Redaction Deadline Due By 7/31/2023. Redaction Request Due By 8/14/2023. Redacted Transcript Submission Due By 8/24/2023. Transcript access will be restricted through 10/23/2023. (B., John) (Entered: 07/24/2023) |
| 07/25/2023 | | 306 | Objection to Application to Employ filed by Debtor Stream TV Networks, Inc., Debtor Technovative Media, Inc. *Hawk Investment Holdings Ltd.'s Objection to the Application of the Debtors for Entry of an Order Authorizing the Debtors to Retain Thomas Jung Ho Park as Chief Financial Officer to the Debtors* Filed by Hawk Investment Holdings Ltd. (related document(s)298). (Caponi, Steven) (Entered: 07/25/2023) |
| 07/26/2023 | | 307 | Supplemental Statement *Hawk Investment Holdings Limited's Supplement to Motion to Compel Discovery and Impose Sanctions for Failure to Comply* Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd. (related document(s)295). (Attachments: # 1 Exhibit A) (Caponi, Steven) (Entered: 07/26/2023) |
| 07/27/2023 | | 308 | Objection to Motion to Extend/Limit Exclusivity Period filed by Debtor Stream TV Networks, Inc. *Hawk Investment Holdings Ltd.'s Objection to Debtors' Motion for an Order Extending the Exclusive Periods During which Debtors May File a Plan and Disclosure Statement and Solicit Acceptances Thereof Pursuant to 11 U.S.C. § 1121(d)* Filed by Hawk Investment Holdings Ltd. (related document(s)292). (Caponi, Steven) (Entered: 07/27/2023) |
| 07/27/2023 | | 309 | Hearing SCHEDULED on 285 Objection Filed by Hawk Investment Holdings Ltd. to 234 Motion *of the Debtors for Entry of an Order Authorizing the Debtors to Enter Into an Employment Agreement with Thomas Jung Ho Park as Chief Financial Officer to the Debtors* Filed by Stream TV Networks, Hearing scheduled 8/16/2023 at 11:30 AM at Courtroom #2. (G., Eileen) (Entered: 07/27/2023) |
| 07/27/2023 | | 310 | Hearing SCHEDULED on 292 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). 308 Objection to Motion to Extend/Limit Exclusivity Period filed by Debtor Stream TV Networks, Inc. *Hawk Investment Holdings Ltd.'s Objection to Debtors' Motion for an Order Extending the Exclusive Periods During which Debtors May File a Plan and Disclosure Statement and Solicit Acceptances Thereof Pursuant to 11 U.S.C. § 1121(d)* Filed by Hawk Investment Holdings Ltd. (related document(s)292). Hearing scheduled 8/16/2023 at 11:30 AM at Courtroom #2. (G., Eileen) (Entered: 07/27/2023) |
| 07/28/2023 | | 311 | Response to Motion to Compel filed by Creditor Hawk Investment Holdings Ltd. Filed by Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)295). (Attachments: # 1 Exhibit A) (ZAHRALDDIN, RAFAEL) (Entered: 07/28/2023) |
| 07/29/2023 | | 312 | |

| | | | |
|---|---|---|---|
| | | | BNC Certificate of Mailing – Hearing Set. Number of Notices Mailed: (related document(s) (Related Doc # 309)). No. of Notices: 20. Notice Date 07/29/2023. (Admin.) (Entered: 07/30/2023) |
| 07/29/2023 | | 313 | BNC Certificate of Mailing – Hearing Set. Number of Notices Mailed: (related document(s) (Related Doc # 310)). No. of Notices: 20. Notice Date 07/29/2023. (Admin.) (Entered: 07/30/2023) |
| 08/01/2023 | | 314 | Amended Order Authorizing Employment and Retention of BMC Group, Inc. as claims and Noticing Agent.(related document(s)256). (R., Donna) (Entered: 08/01/2023) |
| 08/02/2023 | | 315 | Hearing Held on 295 Motion to Compel *Hawk Investment Holdings Limited's Motion to Compel Discovery and Impose Sanctions for Failure to Comply* Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). . (related document(s), 295). Motion Granted/ Discovery Extended – ORDER to be submitted (G., Eileen) (Entered: 08/02/2023) |
| 08/03/2023 | | 316 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 314)). No. of Notices: 4. Notice Date 08/03/2023. (Admin.) (Entered: 08/04/2023) |
| 08/04/2023 | | 317 | Certificate of Service Filed by BMC Group Inc. (related document(s)292). (Ordaz, Steven) (Entered: 08/04/2023) |
| 08/04/2023 | | 318 | Certificate of Service Filed by BMC Group Inc. (related document(s)293). (Ordaz, Steven) (Entered: 08/04/2023) |
| 08/04/2023 | | 319 | Certificate of Service Filed by BMC Group Inc. (related document(s)299, 301, 298, 300). (Ordaz, Steven) (Entered: 08/04/2023) |
| 08/04/2023 | | 320 | Certificate of Service Filed by BMC Group Inc. (related document(s)310). (Ordaz, Steven) (Entered: 08/04/2023) |
| 08/04/2023 | | 321 | Certificate of Service Filed by BMC Group Inc. (related document(s)311, 314). (Ordaz, Steven) (Entered: 08/04/2023) |
| 08/04/2023 | | 322 | Order Denying Hawk Investment Holdings limited motion to compel discover and impose sanctions for failure to comply, extending discovery and order disclosure of information. (Related Doc # 295) (R., Donna) (Entered: 08/04/2023) |
| 08/04/2023 | | 323 | Proposed Order Re: *Motion to Approve (A) the Receiver's Final Report, (B) Granting Post–Petition Discharge of the Receiver and the Receiver Professionals, (C) Finding That the Receiver Complied with 11 U.S.C. Section 543, (D) Approving and Directing Payment of the Prepetition Fees and Expenses of the Receiver and the Receiver Professionals, and (E) Granting Related Relief* Filed by NICHOLAS E HAKUN on behalf of Ian R. Liston in his capacity as the state court appointed receiver pendente lite of the operations of Technovative Media, Inc. (related document(s)201). (HAKUN, NICHOLAS) (Entered: 08/04/2023) |
| 08/06/2023 | | 324 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 322)). No. of Notices: 3. Notice Date 08/06/2023. (Admin.) (Entered: 08/07/2023) |
| 08/07/2023 | | 325 | |

| | | | |
|---|---|---|---|
| | | | Exhibit *REMBRANDT 3D HOLDING LTD'S WITNESS AND EXHIBIT LIST* Filed by ANDREW PETER DEMARCO on behalf of Rembrandt 3D Holding Ltd.. (DEMARCO, ANDREW) (Entered: 08/07/2023) |
| 08/08/2023 | | 326 | Declaration Under Penalty of Perjury for Non–individual Debtors *Declaration of Mathu Rajan in Support of Debtors Opposition to Hawk Investment Holdings Limiteds Supplement to Motion to Compel Discovery and Impose Sanctions for Failure to Comply (Docket No. 307)* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Exhibit Exhibit A–ToJoy Cooperation Agreement # 2 Exhibit Exhibit B–Kabacinski Texts # 3 Exhibit Exhibit C–Business Cards # 4 Exhibit Exhibit D–Wang Photo # 5 Exhibit Exhibit E–News Article # 6 Exhibit Exhibit F–Aug 2023 WeChat Messages) (ZAHRALDDIN, RAFAEL) (Entered: 08/08/2023) |
| 08/10/2023 | | 327 | Emergency Motion *Hawk Investment Holdings Limited's Emergency Motion in Limine to Preclude Testimony and Introduction of Evidence* Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). (Attachments: # 1 Exhibit A–B # 2 Order Granting Hawk Investment Holdings Ltd.'s Motion in Limine to Preclude Testimony and Introduction of Evidence # 3 Order Granting Expedited Hearing) (Caponi, Steven) (Entered: 08/10/2023) |
| 08/10/2023 | | 328 | Emergency Motion For Contempt *Hawk Investment Holdings Limited's Emergency Motion to Hold the Debtors in Contempt and Impose Sanctions* Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). (Attachments: # 1 Exhibit A–B # 2 Proposed Order # 3 Order Granting Expedited Hearing) (Caponi, Steven) (Entered: 08/10/2023) |
| 08/11/2023 | | 329 | Order Scheduling Hearing re:327 Emergency Motion *Hawk Investment Holdings Limited's Emergency Motion in Limine to Preclude Testimony and Introduction of Evidence* Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). Hearing scheduled 8/14/2023 at 10:00 AM at Philadelphia Telephone Hearing. Any responses the Motion may be filed on or before the 14th day of August 8 a.m.,2023. (D., Stacey) (Entered: 08/11/2023) |
| 08/11/2023 | | 330 | Certificate of Service Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd. (related document(s)329). (Caponi, Steven) (Entered: 08/11/2023) |
| 08/11/2023 | | 331 | Notice to Take Deposition of: Mathu Rajan Filed by Hawk Investment Holdings Ltd.. (Caponi, Steven) (Entered: 08/11/2023) |
| 08/11/2023 | | 332 | Certificate of Service Filed by BMC Group Inc. (related document(s)326). (Ordaz, Steven) (Entered: 08/11/2023) |
| 08/11/2023 | | 333 | Certificate of Service Filed by BMC Group Inc. (related document(s)329). (Ordaz, Steven) (Entered: 08/11/2023) |
| 08/11/2023 | | 334 | Exhibit *Debtors' Amended Exhibit and Witness List* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)163). (ZAHRALDDIN, RAFAEL) (Entered: 08/11/2023) |
| 08/12/2023 | | 335 | Adversary case 23–00057. Complaint by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc. against SHADRON L STASTNEY, SLS Holdings VI, LLC, HAWK |

| | | | |
|---|---|---|---|
| | | | INVESTMENT HOLDINGS LIMITED, ARTHUR LEONARD ROBERT "BOB" MORTON, SeeCubic, Inc., ALASTAIR CRAWFORD, KRZYSZTOF KABACINSKI, KEVIN GOLLOP, ASAF GOLA, JOHN DOE(S), JANE DOE(S), PATRIC THEUNE, SEECUBIC B.V., DELAWARE and OTHER LAW FIRMS representing and acting in concert with John Doe(s) and/or Jane Doe(s), INVESTMENT BANKS employed by John Doe(s) and/or Jane Doe(s). Fee Amount $350 . (11 (Recovery of money/property – 542 turnover of property)),(13 (Recovery of money/property – 548 fraudulent transfer)),(14 (Recovery of money/property – other)),(21 (Validity, priority or extent of lien or other interest in property)),(71 (Injunctive relief – reinstatement of stay)) (ZAHRALDDIN, RAFAEL) (Entered: 08/12/2023) |
| 08/13/2023 | | 336 | Response to Generic Motion filed by Creditor Hawk Investment Holdings Ltd. Filed by Rembrandt 3D Holding Ltd. (related document(s)327). (DEMARCO, ANDREW) (Entered: 08/13/2023) |
| 08/13/2023 | | 337 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 329)). No. of Notices: 21. Notice Date 08/13/2023. (Admin.) (Entered: 08/14/2023) |
| 08/14/2023 | | 338 | Response to Generic Motion filed by Creditor Hawk Investment Holdings Ltd. Filed by Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)327). (ZAHRALDDIN, RAFAEL) (Entered: 08/14/2023) |
| 08/14/2023 | | 339 | Order Scheduling Hearing re:328 Emergency Motion For Contempt *Hawk Investment Holdings Limited's Emergency Motion to Hold the Debtors in Contempt and Impose Sanctions* . Hearing scheduled 8/15/2023 at 12:00 PM at Courtroom #2. (J., Randi) (Entered: 08/14/2023) |
| 08/14/2023 | | 340 | Hearing Held on 327 Emergency Motion *Hawk Investment Holdings Limited's Emergency Motion in Limine to Preclude Testimony and Introduction of Evidence* Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). (related document(s),327). To be ruled after counsel advises Judge (G., Eileen) (Entered: 08/14/2023) |
| 08/14/2023 | | 341 | Scheduling Order Re:Emergency Motion to Dismiss Case. Motion of Hawk Investment Holdings Ltd. (I) Pursuant to Section 1112(b) of the Bankruptcy Code Either (A)(1) to Dismiss the Debtors Chapter 11 Cases or (2) to Convert Such Cases to Cases Under Chapter 7 or, (B) in the filed by Creditor Hawk Investment Holdings Ltd. (related document(s)83). (J., Randi) (Entered: 08/14/2023) |
| 08/14/2023 | | 342 | Certificate of Service Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd. (related document(s)339). (Caponi, Steven) (Entered: 08/14/2023) |
| 08/14/2023 | | 343 | Order re: 327 Emergency Motion in Limine to Preclude Testimony and Introduction of Evidence filed by Hawk Investment Holdings Ltd. It is hereby Ordered that the Motion is GRANTED IN PART, AND DENIED IN PART as set forth: Christopher Michaels shall be permitted to testify as a rebuttal witness with respect to all issues related to the Debtor's intellectual property and licensing issues; but neither Bud Robertson nor Tom Sego shall be permitted to testify. (B., John) (Entered: 08/14/2023) |
| 08/14/2023 | | 344 | Supplemental Statement *Hawk Investment Holdings Limited's Supplement to Emergency Motion to Hold Debtors in Contempt and Impose Sanctions* Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd. |

| | | | |
|---|---|---|---|
| | | | (related document(s)328). (Attachments: # 1 Exhibit A # 2 Exhibit B−1 − B−4 # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H) (Caponi, Steven) (Entered: 08/14/2023) |
| 08/15/2023 | | 345 | Exhibit *Hawk Investment Holdings Ltd. and SeeCubic, Inc.'s Amended Joint Exhibit List for Continued Trial* Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd.. (Caponi, Steven) (Entered: 08/15/2023) |
| 08/15/2023 | | 346 | Response to Supplemental Statement filed by Creditor Hawk Investment Holdings Ltd. Filed by Stream TV Networks, Inc. (related document(s)344). (Attachments: # 1 Exhibit A # 2 Exhibit B) (ZAHRALDDIN, RAFAEL) (Entered: 08/15/2023) |
| 08/15/2023 | | 350 | EVIDENTIARY Hearing held and Continued on 83 Emergency Motion to Dismiss Case. Motion of Hawk Investment Holdings Ltd. (I) Pursuant to Section 1112(b) of the Bankruptcy Code Either (A)(1) to Dismiss the Debtors Chapter 11 Cases or (2) to Convert Such Cases to Cases Under Chapter 7 or, (B) in the Alternative, Pursuant to Section 1104(a) of the Bankruptcy Code to Appoint a Chapter 11 Trustee and (II) to Request Expedited Consideration Pursuant to Local Rule 5070−1(g) Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). Hearing scheduled 8/17/2023 at 12:30 PM at Courtroom #2. (G., Eileen) (Entered: 08/16/2023) |
| 08/15/2023 | | 351 | EVIDENTIARY Hearing held and Continued on 16 Emergency Motion for Relief from Stay . Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). .. Hearing scheduled 8/17/2023 at 12:30 PM at Courtroom #2. (G., Eileen) (Entered: 08/16/2023) |
| 08/15/2023 | | 352 | EVIDENTIARY Hearing held and Continued on 135 Motion to Approve Debtors' Expedited Motion for Authority to Take Certain Actions in the Ordinary Course of Business Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). . Hearing scheduled 8/17/2023 at 12:30 PM at Courtroom #2. (G., Eileen) (Entered: 08/16/2023) |
| 08/15/2023 | | 353 | EVIDENTIARY Hearing held and Continued on 134 Motion to Approve Employee Obligations Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel).. Hearing scheduled 8/17/2023 at 12:30 PM at Courtroom #2. (G., Eileen) (Entered: 08/16/2023) |
| 08/15/2023 | | 354 | EVIDENTIARY Hearing Held on 328 Emergency Motion For Contempt *Hawk Investment Holdings Limited's Emergency Motion to Hold the Debtors in Contempt and Impose Sanctions* Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). (related document(s),328). Matter Held Under Advisement (G., Eileen) (Entered: 08/16/2023) |
| 08/16/2023 | | 347 | Hearing rescheduled on 234 Motion *of the Debtors for Entry of an Order Authorizing the Debtors to Enter Into an Employment Agreement with Thomas Jung Ho Park as Chief Financial Officer to the Debtors* Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). . Hearing scheduled 8/30/2023 at 11:30 AM at Courtroom #2. (G., Eileen) (Entered: 08/16/2023) |
| 08/16/2023 | | 348 | Hearing rescheduled on 292 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). |

| | | | |
|---|---|---|---|
| | | | Hearing scheduled 8/30/2023 at 11:30 AM at Courtroom #2. (G., Eileen) (Entered: 08/16/2023) |
| 08/16/2023 | | 349 | Hearing rescheduled on 298 Application to Employ Thomas Jung Ho Park as Chief Financial Officer Filed by Technovative Media, Inc., Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). . Hearing scheduled 8/30/2023 at 11:30 AM at Courtroom #2. (G., Eileen) (Entered: 08/16/2023) |
| 08/16/2023 | | 355 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 339)). No. of Notices: 6. Notice Date 08/16/2023. (Admin.) (Entered: 08/17/2023) |
| 08/16/2023 | | 356 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 341)). No. of Notices: 4. Notice Date 08/16/2023. (Admin.) (Entered: 08/17/2023) |
| 08/16/2023 | | 357 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 343)). No. of Notices: 10. Notice Date 08/16/2023. (Admin.) (Entered: 08/17/2023) |
| 08/17/2023 | | 358 | EVIDENTIARY Hearing held and Continued on 83 Emergency Motion to Dismiss Case. Motion of Hawk Investment Holdings Ltd. (I) Pursuant to Section 1112(b) of the Bankruptcy Code Either (A)(1) to Dismiss the Debtors Chapter 11 Cases or (2) to Convert Such Cases to Cases Under Chapter 7 or, (B) in the Alternative, Pursuant to Section 1104(a) of the Bankruptcy Code to Appoint a Chapter 11 Trustee and (II) to Request Expedited Consideration Pursuant to Local Rule 5070–1(g) Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel).. Hearing scheduled 8/28/2023 at 10:30 AM at Courtroom #2. (G., Eileen) (Entered: 08/18/2023) |
| 08/17/2023 | | 359 | Hearing Continued on 16 Emergency Motion for Relief from Stay . , Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). . Hearing scheduled 8/28/2023 at 10:30 AM at Courtroom #2. (G., Eileen) (Entered: 08/18/2023) |
| 08/17/2023 | | 360 | EVIDENTIARY Hearing held and Continued on 135 Motion to Approve Debtors' Expedited Motion for Authority to Take Certain Actions in the Ordinary Course of Business Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). Hearing scheduled 8/28/2023 at 10:30 AM at Courtroom #2. (G., Eileen) (Entered: 08/18/2023) |
| 08/17/2023 | | 361 | EVIDENTIARY Hearing held and Continued on 134 Motion to Approve Employee Obligations Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel).. Hearing scheduled 8/28/2023 at 10:30 AM at Courtroom #2. (G., Eileen) (Entered: 08/18/2023) |
| 08/23/2023 | | 362 | Emergency Motion *Hawk Investment Holdings Ltd.'s Emergency Motion to Conduct Deposition and Have Oath Administered Remotely* Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). (Attachments: # 1 Proposed Order Order Granting Hawk Investment Holdings Ltd.'s Emergency Motion to Conduct Deposition and Have Oath Administered Remotely # 2 Proposed Order Order Granting Expedited Hearing) (Caponi, Steven) (Entered: 08/23/2023) |
| 08/23/2023 | | 364 | |

| | | | |
|---|---|---|---|
| | | | Order Granting Motion to Approve Receivers Final Report, Granting Post–Petition discharge of the Receiver and the Receiver Professionals from any further code obligations under the bankruptcy code finding that the receiver complied with 11 U.S.C. 543, Approving and directing payment of Prepetition fees and expenses of the receiver and the receiver professionals and granting related relief. (Related Doc # 201) (R., Donna) (Entered: 08/23/2023) |
| 08/24/2023 | | 365 | Certificate of Service *to Order Granting Expedited Hearing on Hawk Investment Holdings Ltd.'s Emergency Motion to Conduct Deposition and Have Oath Administered Remotely* Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd. (related document(s)362). (Caponi, Steven) (Entered: 08/24/2023) |
| 08/24/2023 | | 366 | Order Scheduling Hearing re:362 Emergency Motion *Hawk Investment Holdings Ltd.'s Emergency Motion to Conduct Deposition and Have Oath Administered Remotely* Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). Hearing scheduled 8/24/2023 at 11:30 AM at Philadelphia Telephone Hearing. (K., Marie) (Entered: 08/24/2023) |
| 08/24/2023 | | 367 | Transcript regarding hearing held on 8/15/2023. Transcribed by TheRecordXchange. 224 total pages including Certification of Transcriber. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For information about how to contact the transcriber, call the Clerk's Office]. Notice of Intent to Request Redaction Deadline Due By 8/31/2023. Redaction Request Due By 9/14/2023. Redacted Transcript Submission Due By 9/25/2023. Transcript access will be restricted through 11/22/2023. (B., John) (Entered: 08/24/2023) |
| 08/24/2023 | | 368 | Objection to Generic Motion filed by Creditor Hawk Investment Holdings Ltd. Filed by Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)362). (ZAHRALDDIN, RAFAEL) (Entered: 08/24/2023) |
| 08/24/2023 | | 369 | Supplemental Objection to Generic Motion filed by Creditor Hawk Investment Holdings Ltd. Filed by Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)362). (ZAHRALDDIN, RAFAEL) (Entered: 08/24/2023) |
| 08/24/2023 | | 370 | Transcript regarding hearing held on 8/17/2023. Transcribed by TheRecordXchange. 266 total pages including Certification of Transcriber. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For information about how to contact the transcriber, call the Clerk's Office]. Notice of Intent to Request Redaction Deadline Due By 8/31/2023. Redaction Request Due By 9/14/2023. Redacted Transcript Submission Due By 9/25/2023. Transcript access will be restricted through 11/22/2023. (B., John) (Entered: 08/24/2023) |
| 08/24/2023 | | 371 | Hearing Held on 362 Emergency Motion *Hawk Investment Holdings Ltd.'s Emergency Motion to Conduct Deposition and Have Oath Administered Remotely* Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). (related document(s),362). Motion denied – ORDER to be entered (G., Eileen) (Entered: 08/24/2023) |
| 08/24/2023 | | 372 | Certificate of Service Filed by BMC Group Inc. (related document(s)338, 341, 343, 335, 334). (Ordaz, Steven) (Entered: 08/24/2023) |
| 08/24/2023 | | 373 | |

| | | | |
|---|---|---|---|
| | | | Certificate of Service Filed by BMC Group Inc. (related document(s)346). (Ordaz, Steven) (Entered: 08/24/2023) |
| 08/24/2023 | | 374 | Notice to Take Deposition of: Johnson Yang Filed by Hawk Investment Holdings Ltd.. (Caponi, Steven) (Entered: 08/24/2023) |
| 08/25/2023 | | 375 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 363)). No. of Notices: 2. Notice Date 08/25/2023. (Admin.) (Entered: 08/26/2023) |
| 08/25/2023 | | 376 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 364)). No. of Notices: 3. Notice Date 08/25/2023. (Admin.) (Entered: 08/26/2023) |
| 08/26/2023 | | 377 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 366)). No. of Notices: 1. Notice Date 08/26/2023. (Admin.) (Entered: 08/27/2023) |
| 08/28/2023 | | 378 | Transcript regarding hearing held on 6/28/2023. THIS IS A REVISED TRANSCRIPT (related document(s)304). Transcribed by TheRecordXchange. 221 total pages including Certification of Transcriber. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For information about how to contact the transcriber, call the Clerk's Office]. Notice of Intent to Request Redaction Deadline Due By 9/5/2023. Redaction Request Due By 9/18/2023. Redacted Transcript Submission Due By 9/28/2023. Transcript access will be restricted through 11/27/2023. (B., John) (Entered: 08/28/2023) |
| 08/28/2023 | | 379 | Hearing RESCHEDULED on 83 Emergency Motion to Dismiss Case. Motion of Hawk Investment Holdings Ltd. (I) Pursuant to Section 1112(b) of the Bankruptcy Code Either (A)(1) to Dismiss the Debtors Chapter 11 Cases or (2) to Convert Such Cases to Cases Under Chapter 7 or, (B) in the Alternative, Pursuant to Section 1104(a) of the Bankruptcy Code to Appoint a Chapter 11 Trustee and (II) to Request Expedited Consideration Pursuant to Local Rule 5070–1(g) Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). .. Hearing rescheduled 8/29/2023 at 11:00 AM at Courtroom #2. (G., Eileen) (Entered: 08/28/2023) |
| 08/28/2023 | | 380 | Hearing RESCHEDULED on 16 Emergency Motion for Relief from Stay . Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). . Hearing rescheduled 8/29/2023 at 11:00 AM at Courtroom #2. (G., Eileen) (Entered: 08/28/2023) |
| 08/28/2023 | | 381 | Hearing RESCHEDULED on 135 Motion to Approve Debtors' Expedited Motion for Authority to Take Certain Actions in the Ordinary Course of Business Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). Hearing rescheduled 8/29/2023 at 11:00 AM at Courtroom #2. (G., Eileen) (Entered: 08/28/2023) |
| 08/28/2023 | | 382 | Hearing RESCHEDULED on 134 Motion to Approve Employee Obligations Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). .. Hearing rescheduled 8/29/2023 at 11:00 AM at Courtroom #2. (G., Eileen) (Entered: 08/28/2023) |
| 08/28/2023 | | 383 | Order Denying Hawk Investment Holdings Ltd.'s Emergency Motion to Conduct Deposition and Have Oath Administered Remotely. ORDERED |

| | | | |
|---|---|---|---|
| | | | that the Motion is DENIED for the reasons stated on the record at the hearing held on the Motion on August 24, 2023. (Related Doc # 362) (W., Christine) (Entered: 08/28/2023) |
| 08/28/2023 | | 384 | Certificate of Service Filed by BMC Group Inc. (related document(s)368, 369). (Ordaz, Steven) (Entered: 08/28/2023) |
| 08/29/2023 | | 385 | Evidentiary Hearing RESCHEDULED on 83 Emergency Motion to Dismiss Case. Motion of Hawk Investment Holdings Ltd. (I) Pursuant to Section 1112(b) of the Bankruptcy Code Either (A)(1) to Dismiss the Debtors Chapter 11 Cases or (2) to Convert Such Cases to Cases Under Chapter 7 or, (B) in the Alternative, Pursuant to Section 1104(a) of the Bankruptcy Code to Appoint a Chapter 11 Trustee and (II) to Request Expedited Consideration Pursuant to Local Rule 5070–1(g) Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). .. Hearing scheduled 9/22/2023 at 10:30 AM at Courtroom #2. (G., Eileen) (Entered: 08/29/2023) |
| 08/29/2023 | | 386 | Evidentiary Hearing RESCHEDULED 16 Emergency Motion for Relief from Stay ., Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). . Hearing scheduled 9/22/2023 at 10:30 AM at Courtroom #2. (G., Eileen) (Entered: 08/29/2023) |
| 08/29/2023 | | 387 | Evidentiary Hearing RESCHEDULED 135 Motion to Approve Debtors' Expedited Motion for Authority to Take Certain Actions in the Ordinary Course of Business Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). Hearing scheduled 9/22/2023 at 10:30 AM at Courtroom #2. (G., Eileen) (Entered: 08/29/2023) |
| 08/29/2023 | | 388 | Evidentiary Hearing RESCHEDULED 134 Motion to Approve Employee Obligations Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel)... Hearing scheduled 9/22/2023 at 10:30 AM at Courtroom #2. (G., Eileen) (Entered: 08/29/2023) |
| 08/30/2023 | | 389 | Hearing rescheduled on 298 Application to Employ Thomas Jung Ho Park as Chief Financial Officer Filed by TECHNOVATIVE MEDIA, INC., STREAM TV NETWORKS, INC. REPRESENTED BY RAFAEL X. ZAHRALDDIN .. Hearing scheduled 9/6/2023 at 11:30 AM at Courtroom #2. (G., Eileen) Modified on 8/30/2023 (G., Eileen).**CORRECTION scheduled 9/6 at 12:00 p.m.** (Entered: 08/30/2023) |
| 08/30/2023 | | 390 | Hearing rescheduled on 234 Motion *of the Debtors for Entry of an Order Authorizing the Debtors to Enter Into an Employment Agreement with Thomas Jung Ho Park as Chief Financial Officer to the Debtors* Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). Hearing scheduled 9/6/2023 at 12:00 PM at Courtroom #2. (G., Eileen) (Entered: 08/30/2023) |
| 08/30/2023 | | 391 | Hearing rescheduled on 292 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). Hearing scheduled 9/6/2023 at 12:00 PM at Courtroom #2. (G., Eileen) (Entered: 08/30/2023) |
| 08/30/2023 | | 392 | Document in re: *Letter to Chief Judge Magdeline D. Coleman from Steven L. Caponi regarding scheduling of continued matters* Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd. (related |

| | | | |
|---|---|---|---|
| | | | document(s)388, 390 , 385, 389 , 386, 387, 391 ). (Caponi, Steven) (Entered: 08/30/2023) |
| 08/30/2023 | | 393 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 383)). No. of Notices: 2. Notice Date 08/30/2023. (Admin.) (Entered: 08/31/2023) |
| 08/31/2023 | | 394 | BNC Certificate of Mailing – Hearing Set. Number of Notices Mailed: (related document(s) (Related Doc # 385)). No. of Notices: 20. Notice Date 08/31/2023. (Admin.) (Entered: 09/01/2023) |
| 08/31/2023 | | 395 | BNC Certificate of Mailing – Hearing Set. Number of Notices Mailed: (related document(s) (Related Doc # 386)). No. of Notices: 20. Notice Date 08/31/2023. (Admin.) (Entered: 09/01/2023) |
| 08/31/2023 | | 396 | BNC Certificate of Mailing – Hearing Set. Number of Notices Mailed: (related document(s) (Related Doc # 387)). No. of Notices: 20. Notice Date 08/31/2023. (Admin.) (Entered: 09/01/2023) |
| 08/31/2023 | | 397 | BNC Certificate of Mailing – Hearing Set. Number of Notices Mailed: (related document(s) (Related Doc # 388)). No. of Notices: 20. Notice Date 08/31/2023. (Admin.) (Entered: 09/01/2023) |
| 09/01/2023 | | 398 | Chapter 11 Monthly Operating Report for the Month Ending: 07/31/2023 Filed by RAFAEL X. ZAHRALDDIN on behalf of Technovative Media, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 09/01/2023) |
| 09/01/2023 | | 399 | Chapter 11 Monthly Operating Report for the Month Ending: 07/31/2023 Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Exhibit Balance Sheet # 2 Exhibit July Bank Statement # 3 Exhibit Schedule 1) (ZAHRALDDIN, RAFAEL) (Entered: 09/01/2023) |
| 09/05/2023 | | 400 | Request for Telephonic Hearing *Hawk Investment Holdings Ltd.'s Request for Status Conference* Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd.. (Caponi, Steven) (Entered: 09/05/2023) |
| 09/06/2023 | | 401 | Hearing Continued on 292 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel).. Hearing scheduled 11/1/2023 at 12:00 PM at Courtroom #2. (G., Eileen) (Entered: 09/06/2023) |
| 09/06/2023 | | 402 | Hearing Continued on 234 Motion *of the Debtors for Entry of an Order Authorizing the Debtors to Enter Into an Employment Agreement with Thomas Jung Ho Park as Chief Financial Officer to the Debtors* Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). .. Hearing scheduled 11/1/2023 at 12:00 PM at Courtroom #2. (G., Eileen) (Entered: 09/06/2023) |
| 09/06/2023 | | 403 | Hearing Continued on 298 Application to Employ Thomas Jung Ho Park as Chief Financial Officer Filed by Technovative Media, Inc., Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). . Hearing scheduled 11/1/2023 at 12:00 PM at Courtroom #2. (G., Eileen) (Entered: 09/06/2023) |
| 09/07/2023 | | 404 | Status Hearing scheduled 9/11/2023 at 10:30 AM at Courtroom #2. (G., Eileen) (Entered: 09/07/2023) |

| | | | |
|---|---|---|---|
| 09/08/2023 | | 405 | Notice of Appearance and Request for Notice by PAMELA ELCHERT THURMOND Filed by PAMELA ELCHERT THURMOND on behalf of CITY OF PHILADELPHIA. (THURMOND, PAMELA) (Entered: 09/08/2023) |
| 09/09/2023 | | 406 | BNC Certificate of Mailing – Status Hearing. Number of Notices Mailed: (related document(s) (Related Doc # 404)). No. of Notices: 24. Notice Date 09/09/2023. (Admin.) (Entered: 09/10/2023) |
| 09/11/2023 | | 407 | Objection to Request For Telephonic Hearing filed by Creditor Hawk Investment Holdings Ltd. Filed by Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)400). (ZAHRALDDIN, RAFAEL) (Entered: 09/11/2023) |
| 09/11/2023 | | 408 | Status Conference Held re: Trial on (motions) scheduled for 9/22/23 @ 10:30 AND 9/25/23 @ 10:30 (G., Eileen) (Entered: 09/11/2023) |
| 09/12/2023 | | 409 | Application for Compensation *(First Monthly) Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard and Smith, LLP, Counsel for the Debtors* for RAFAEL X. ZAHRALDDIN, Debtor's Attorney, Period: 3/15/2023 to 4/30/2023, Fee: $380382.00, Expenses: $3476.00. Filed by RAFAEL X. ZAHRALDDIN Represented by Self(Counsel). (Attachments: # 1 Exhibit A – Invoice) (ZAHRALDDIN, RAFAEL) (Entered: 09/12/2023) |
| 09/12/2023 | | 410 | Notice of (related document(s): 409 Application for Compensation *(First Monthly) Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard and Smith, LLP, Counsel for the Debtors* for RAFAEL X. ZAHRALDDIN, Debtor's Attorney, Period: 3/15/2023 to 4/30/2023, Fee: &#03) *Objection deadline: 09/26/2023* Filed by Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 09/12/2023) |
| 09/14/2023 | | 411 | Certificate of Service Filed by BMC Group Inc. (related document(s)388, 387). (Ordaz, Steven) (Entered: 09/14/2023) |
| 09/14/2023 | | 412 | Certificate of Service Filed by BMC Group Inc. (related document(s)398, 399). (Ordaz, Steven) (Entered: 09/14/2023) |
| 09/14/2023 | | 413 | Certificate of Service Filed by BMC Group Inc. (related document(s)404). (Ordaz, Steven) (Entered: 09/14/2023) |
| 09/14/2023 | | 414 | Certificate of Service Filed by BMC Group Inc. (related document(s)407). (Ordaz, Steven) (Entered: 09/14/2023) |
| 09/14/2023 | | 415 | Certificate of Service Filed by BMC Group Inc. (related document(s)410, 409). (Ordaz, Steven) (Entered: 09/14/2023) |
| 09/20/2023 | | 416 | Declaration re: *OF THOMAS JUNG HO PARK IN SUPPORT OF APPLICATION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO RETAIN THOMAS JUNG HO PARK AS CHIEF FINANCIAL OFFICER TO THE DEBTORS* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)298). (ZAHRALDDIN, RAFAEL) (Entered: 09/20/2023) |
| 09/21/2023 | | 417 | Document in re: *Letter to Chief Judge Magedeline D. Coleman from Steven L. Caponi Regarding Hearings on September 22, 2023 and September 25, 2023* Filed by Steven Caponi on behalf of Hawk |

| | | | |
|---|---|---|---|
| | | | Investment Holdings Ltd.. (Attachments: # 1 Proposed Order) (Caponi, Steven) (Entered: 09/21/2023) |
| 09/22/2023 | | 418 | TRIAL Continued on 83 Emergency Motion to Dismiss Case. Motion of Hawk Investment Holdings Ltd. (I) Pursuant to Section 1112(b) of the Bankruptcy Code Either (A)(1) to Dismiss the Debtors Chapter 11 Cases or (2) to Convert Such Cases to Cases Under Chapter 7 or, (B) in the Alternative, Pursuant to Section 1104(a) of the Bankruptcy Code to Appoint a Chapter 11 Trustee and (II) to Request Expedited Consideration Pursuant to Local Rule 5070–1(g) Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). Hearing scheduled 9/25/2023 at 10:30 AM at Courtroom #2. (G., Eileen) (Entered: 09/25/2023) |
| 09/22/2023 | | 419 | TRIAL Continued on 16 Emergency Motion for Relief from Stay , Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). . Hearing scheduled 9/25/2023 at 10:30 AM at Courtroom #2. (G., Eileen) (Entered: 09/25/2023) |
| 09/22/2023 | | 420 | TRIAL Continued on 134 Motion to Approve Employee Obligations Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). Hearing scheduled 9/25/2023 at 10:30 AM at Courtroom #2. (G., Eileen) (Entered: 09/25/2023) |
| 09/22/2023 | | 421 | TRIAL Continued on 135 Motion to Approve Debtors' Expedited Motion for Authority to Take Certain Actions in the Ordinary Course of Business Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel).Hearing scheduled 9/25/2023 at 10:30 AM at Courtroom #2. (G., Eileen) (Entered: 09/25/2023) |
| 09/25/2023 | | 422 | EVIDENTIARY TRIAL Held on 16 Emergency Motion for Relief from Stay . , Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). . (related document(s),16). Brief to be filed by 10/2/23; Reply Brief by 10/6 – HELD UNDER ADVISEMENT (G., Eileen) (Entered: 09/26/2023) |
| 09/25/2023 | | 423 | EVIDENTIARY TRIAL Held on 83 Emergency Motion to Dismiss Case. Motion of Hawk Investment Holdings Ltd. (I) Pursuant to Section 1112(b) of the Bankruptcy Code Either (A)(1) to Dismiss the Debtors Chapter 11 Cases or (2) to Convert Such Cases to Cases Under Chapter 7 or, (B) in the Alternative, Pursuant to Section 1104(a) of the Bankruptcy Code to Appoint a Chapter 11 Trustee and (II) to Request Expedited Consideration Pursuant to Local Rule 5070–1(g) Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). (related document(s),83). Brief to be filed by 10/2/23; Reply Brief by 10/6 – HELD UNDER ADVISEMENT (G., Eileen) (Entered: 09/26/2023) |
| 09/26/2023 | | 424 | Objection to Application for Compensation filed by Debtor Stream TV Networks, Inc. *Hawk Investment Holdings, Ltd.'s Objection to Local Rule 2016–5 First Request for Payment on Account for Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard & Smith, LLP, Counsel for the Debtors, for the Period March 15, 2023 Through April 30, 2023* Filed by Hawk Investment Holdings Ltd. (related document(s)409). (Attachments: # 1 Exhibit A–C) (Caponi, Steven) (Entered: 09/26/2023) |
| 09/26/2023 | | 425 | Certificate of Service Filed by BMC Group Inc. (related document(s)416). (Ordaz, Steven) (Entered: 09/27/2023) |

| | | 426 | Transcript regarding hearing held on 9/22/2023. Transcribed by TheRecordXchange. 179 total pages including Certification of Transcriber. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For information about how to contact the transcriber, call the Clerk's Office]. Notice of Intent to Request Redaction Deadline Due By 10/4/2023. Redaction Request Due By 10/18/2023. Redacted Transcript Submission Due By 10/30/2023. Transcript access will be restricted through 12/26/2023. (B., John) (Entered: 09/27/2023) |
| 09/27/2023 | | | |
| 09/27/2023 | | 427 | Transcript regarding hearing held on 9/25/2023. Transcribed by TheRecordXchange. 203 total pages including Certification of Transcriber. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For information about how to contact the transcriber, call the Clerk's Office]. Notice of Intent to Request Redaction Deadline Due By 10/4/2023. Redaction Request Due By 10/18/2023. Redacted Transcript Submission Due By 10/30/2023. Transcript access will be restricted through 12/26/2023. (B., John) (Entered: 09/27/2023) |
| 09/28/2023 | | 428 | Document in re: *Proposed Consent Order Authorizing Examination of the Debtors and Requiring Production of Documents Pursuant to Fed. R. Bankr. 2004 and 2016* Filed by KEVIN P. CALLAHAN on behalf of United States Trustee. (Attachments: # 1 Exhibit Subpoena # 2 Exhibit Attachment A # 3 Exhibit Attachment B) (CALLAHAN, KEVIN) (Entered: 09/28/2023) |
| 09/29/2023 | | 429 | Transcript regarding hearing held on 9/11/2023. Transcribed by TheRecordXchange. 20 total pages including Certification of Transcriber. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For information about how to contact the transcriber, call the Clerk's Office]. Notice of Intent to Request Redaction Deadline Due By 10/6/2023. Redaction Request Due By 10/20/2023. Redacted Transcript Submission Due By 10/30/2023. Transcript access will be restricted through 12/28/2023. (B., John) (Entered: 09/29/2023) |
| 10/02/2023 | | 430 | Brief *(Post Trial) In Support of Opposition to Motion to Dismiss* Filed by ANDREW PETER DEMARCO on behalf of Rembrandt 3D Holding Ltd. (related document(s)83). (DEMARCO, ANDREW) (Entered: 10/02/2023) |
| 10/02/2023 | | 431 | Brief *Hawk Investment Holdings Ltd.'s Post−Hearing Brief in Support of (1) Motion for Relief from Stay and (2) Motion to Dismiss, Convert, or Appoint a Chapter 11 Trustee* Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd. (related document(s)16, 83). (Caponi, Steven) (Entered: 10/02/2023) |
| 10/02/2023 | | 432 | Brief *Post−Trial Brief of Debtors in Opposition* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)16, 83). (ZAHRALDDIN, RAFAEL) (Entered: 10/03/2023) |
| 10/03/2023 | | 433 | Consent Order Authorizing the Examination of and Requiring the Production of documents by the debtor pursuant to Fed.R.Bankr.P.2004 and Local Rule 2004−1 (R., Donna) (Entered: 10/03/2023) |
| 10/05/2023 | | 434 | BNC Certificate of Mailing − PDF Document. (related document(s) (Related Doc # 433)). No. of Notices: 2. Notice Date 10/05/2023. (Admin.) (Entered: 10/06/2023) |
| 10/06/2023 | | 435 | Reply to Brief filed by Creditor Rembrandt 3D Holding Ltd. Filed by Rembrandt 3D Holding Ltd. (related document(s)430). (DEMARCO, |

| | | | |
|---|---|---|---|
| | | | ANDREW) (Entered: 10/06/2023) |
| 10/06/2023 | | 436 | Brief *Hawk Investment Holdings Ltd.'s Post−Hearing Reply Brief in Opposition to Debtors' Post−Trial Brief in (I) Opposition to Motion of Hawk Investment Holdings Ltd. Pursuant to Section 1112(b) of the Bankruptcy Code Either (A)(1) to Dismiss the Debtors' Chapter 11 Cases or (2) to Convert Such Cases to Cases Under Chapter 7 or, (B) in the Alternative, Pursuant to Section 1104(a) of the Bankruptcy Code to Appoint a Chapter 11 Trustee; and (II) in Opposition to Emergency Motion for Relief From Stay Filed by Hawk Investment Holdings, Ltd.* Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd. (related document(s)431, 432). (Caponi, Steven) (Entered: 10/06/2023) |
| 10/06/2023 | | 437 | Brief *Reply Brief* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)431). (ZAHRALDDIN, RAFAEL) (Entered: 10/07/2023) |
| 10/12/2023 | | 438 | Order Re:Court having held evidentiary trial on the Motion Filed by Hawk Investment Holdings, Ltd. for relief from the automatic stay and or an Order dismissing the debtors bankruptcy cases or converting under Chapter 7. Ordered that only the admitted portions are properly the subject of judicial notice under FRE 201. (related document(s)16, 83). (R., Donna) (Entered: 10/12/2023) |
| 10/13/2023 | | 439 | Hearing Scheduled on 424 Objection filed by Hawk Investment Holding to 409 Application for Compensation *(First Monthly) Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard and Smith, LLP, Counsel for the Debtors* for RAFAEL X. ZAHRALDDIN, Debtor's Attorney, Period: 3/15/2023 to 4/30/2023, Fee: $380382.00, Expenses: $3476.00. Filed by RAFAEL X. ZAHRALDDIN Represented by Self(Counsel). (Attachments: # 1 Exhibit A – Invoice) filed by Debtor Stream TV Networks, Inc.. Hearing scheduled 11/15/2023 at 11:30 AM at Courtroom #2. (G., Eileen) (Entered: 10/13/2023) |
| 10/13/2023 | | 440 | Certificate of Service Filed by BMC Group Inc. (related document(s)432). (Ordaz, Steven) (Entered: 10/13/2023) |
| 10/13/2023 | | 441 | Certificate of Service Filed by BMC Group Inc. (related document(s)437). (Ordaz, Steven) (Entered: 10/13/2023) |
| 10/14/2023 | | 442 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 438)). No. of Notices: 2. Notice Date 10/14/2023. (Admin.) (Entered: 10/15/2023) |
| 10/15/2023 | | 443 | BNC Certificate of Mailing – Hearing Set. Number of Notices Mailed: (related document(s) (Related Doc # 439)). No. of Notices: 20. Notice Date 10/15/2023. (Admin.) (Entered: 10/16/2023) |
| 10/20/2023 | | 444 | Notice of (related document(s): 134 Motion to Approve Employee Obligations) Filed by Stream TV Networks, Inc., Technovative Media, Inc.. Hearing scheduled 11/15/2023 at 11:30 AM at Courtroom #2. (ZAHRALDDIN, RAFAEL) (Entered: 10/20/2023) |
| 10/20/2023 | | 445 | Notice of (related document(s): 49 Emergency Motion For Sanctions for Violation of the Automatic Stay , 76 Motion For Sanctions for Violation of the Automatic Stay , 90 Supplemental Motion To Stay (related documents Motion for Sanctions for Violation of the Automatic Stay, Scheduling Hearing) ) *Notice of Continued Hearing for Order Enforcing the Automatic Stay and for Sanctions for Willful Stay Violation* Filed by |

| | | | |
|---|---|---|---|
| | | | Stream TV Networks, Inc., Technovative Media, Inc.. Hearing scheduled 11/15/2023 at 11:30 AM at Courtroom #2. (ZAHRALDDIN, RAFAEL) (Entered: 10/20/2023) |
| 10/29/2023 | | 446 | Response to Objection filed by Creditor Hawk Investment Holdings Ltd. Filed by Stream TV Networks, Inc. (related document(s)424). (Attachments: # 1 Exhibit A. June 17, 2021 Letter to Amanda # 2 Exhibit B. Proposed Order) (ZAHRALDDIN, RAFAEL) (Entered: 10/29/2023) |
| 10/29/2023 | | 447 | Motion to Compel *Compliance With and for Relief and Remedies Under Rule 2019* Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Exhibit A. Stream TV Hearing Transcript 10–16–23 # 2 Exhibit B. Hawk v. Stream Telephonic Oral Argument and Ruling November 9, 2023 # 3 Exhibit C. Netherlands Court Opinion # 4 Exhibit D. Prior SeeCubic Website # 5 Exhibit E. Stastney June 23 2023, Deposition Transcript # 6 Exhibit F. SeeCubic Website as of 10.27.2023 # 7 Exhibit G. Transcript of April 14 Hearing # 8 Exhibit H. June 27 Hearing Transcript # 9 Exhibit I. Stream June 29, 2023 Hearing Transcript # 10 Exhibit J. Stream March 16, 2023 Hearing Transcript # 11 Exhibit K. Stream October 6, 2023 Hearing Transcript) (ZAHRALDDIN, RAFAEL) (Entered: 10/29/2023) |
| 10/29/2023 | | 448 | Proposed Order Re: *Granting Debtors' Motion to Compel Compliance With and for Relief and Remedies Under Rule 2019* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)447). (ZAHRALDDIN, RAFAEL) (Entered: 10/30/2023) |
| 10/30/2023 | | 449 | Notice of (related document(s): 447 Motion to Compel *Compliance With and for Relief and Remedies Under Rule 2019*) Filed by Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 10/30/2023) |
| 10/30/2023 | | 473 | Notice of (related document(s): 447 Motion to Compel *Compliance With and for Relief and Remedies Under Rule 201 Filed by Stream TV Networks, Inc. . Hearing scheduled 11/29/2023 at 11:30 AM at Courtroom #2. (R., Donna) (Entered: 11/14/2023)* |
| 11/01/2023 | | 450 | Hearing Continued on 234 Motion *of the Debtors for Entry of an Order Authorizing the Debtors to Enter Into an Employment Agreement with Thomas Jung Ho Park as Chief Financial Officer to the Debtors* Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). .. Hearing scheduled 11/15/2023 at 11:30 AM at Courtroom #2. (G., Eileen) (Entered: 11/01/2023) |
| 11/01/2023 | | 451 | Notice of (related document(s): 292 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement ) *Notice of Continued Hearing for Debtors Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement* Filed by Stream TV Networks, Inc., Technovative Media, Inc.. Hearing scheduled 11/15/2023 at 11:30 AM at Courtroom #2. (ZAHRALDDIN, RAFAEL) (Entered: 11/01/2023) |
| 11/01/2023 | | 452 | Hearing Continued on 298 Application to Employ Thomas Jung Ho Park as Chief Financial Officer Filed by Technovative Media, Inc., Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). . Hearing scheduled 11/15/2023 at 11:30 AM at Courtroom #2. (G., Eileen) (Entered: 11/01/2023) |
| 11/01/2023 | | 453 | Hearing Continued on 298 Application to Employ Thomas Jung Ho Park as Chief Financial Officer Filed by Technovative Media, Inc., Stream TV |

| | | | |
|---|---|---|---|
| | | | Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel).. Hearing scheduled 11/15/2023 at 11:30 AM at Courtroom #2. (G., Eileen) (Entered: 11/01/2023) |
| 11/01/2023 | | 454 | Notice of (related document(s): 298 Application to Employ Thomas Jung Ho Park as Chief Financial Officer ) *Notice of Continued Hearing for Entry of Order on Application to Employ Thomas Jung Ho Park as Chief Financial Officer* Filed by Stream TV Networks, Inc., Technovative Media, Inc.. Hearing scheduled 11/15/2023 at 11:30 AM at Courtroom #2. (ZAHRALDDIN, RAFAEL) (Entered: 11/01/2023) |
| 11/01/2023 | | 455 | Withdrawal of Appearance of Vincent F. Alexander and entry of appearance of Filed by VINCENT F. ALEXANDER on behalf of Stream TV Networks, Inc.. (ALEXANDER, VINCENT) (Entered: 11/01/2023) |
| 11/02/2023 | | 456 | *** Wrong Event Code Used***See entry 457***Expedited Motion *Hawk Investment Holdings Ltd.'s Expedited Motion to Hold Hearings in Abeyance* Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel). (Attachments: # 1 Proposed Order Order Granting Expedited Motion to Hold Hearings in Abeyance # 2 Proposed Order Order Granting Expedited Hearing) (Caponi, Steven) Modified on 11/3/2023 (R., Donna). (Entered: 11/02/2023) |
| 11/02/2023 | | 457 | Motion to Expedite Hearing in Abeyance (related documents Generic Motion) Filed by Hawk Investment Holdings Ltd. Represented by Steven Caponi (Counsel) (related document(s)456) . (R., Donna) (Entered: 11/03/2023) |
| 11/06/2023 | | 458 | Supplemental Statement *Additional Supplement to Debtors Amended Emergency Motion for Entry of An Order: (1) Enforcing the Automatic Stay; (2) Directing the Turnover of Property of Debtors Estate; and (3) Imposing Sanctions for Willful Stay Violations* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)90, 76, 49). (Attachments: # 1 Proposed Order Additional Order Restating and Enforcing the Worldwide Automatic Stay # 2 Exhibit A. # 3 Exhibit B # 4 Exhibit C # 5 Exhibit D # 6 Exhibit E # 7 Exhibit F # 8 Exhibit G # 9 Exhibit H # 10 Exhibit I # 11 Exhibit J # 12 Exhibit K # 13 Exhibit L # 14 Exhibit M # 15 Exhibit N # 16 Exhibit O # 17 Exhibit P # 18 Exhibit Q # 19 Exhibit R # 20 Exhibit S # 21 Exhibit T # 22 Exhibit U # 23 Exhibit V # 24 Exhibit W # 25 Exhibit X # 26 Exhibit Y # 27 Exhibit Z) (ZAHRALDDIN, RAFAEL) (Entered: 11/06/2023) |
| 11/07/2023 | | 459 | Monthly Operating Report for Filing Period August 1, 2023 through August 31, 2023 Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 11/07/2023) |
| 11/07/2023 | | 460 | Monthly Operating Report for Filing Period September 1, 2023 through September 30, 2023 Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 11/07/2023) |
| 11/09/2023 | | 461 | Application for Compensation *(Second Monthly) Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard and Smith, LLP, Counsel for the Debtors* for RAFAEL X. ZAHRALDDIN, Debtor's Attorney, Period: 5/1/2023 to 5/31/2023, Fee: $171509.20, Expenses: $102.57. Filed by RAFAEL X. ZAHRALDDIN Represented by Self(Counsel). (Attachments: # 1 Exhibit A – Invoice) (ZAHRALDDIN, RAFAEL) (Entered: 11/09/2023) |

| 11/09/2023 | | 462 | Notice of (related document(s): 461 Application for Compensation *(Second Monthly) Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard and Smith, LLP, Counsel for the Debtors* for RAFAEL X. ZAHRALDDIN, Debtor's Attorney, Period: 5/1/2023 to 5/31/2023, Fee: &#03) *Objection Deadline: November 24, 2023* Filed by Stream TV Networks, Inc., Technovative Media, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 11/09/2023) |
|---|---|---|---|
| 11/09/2023 | | 463 | Supplemental Statement *to August and September 2023 Monthly Operating Reports* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)460, 459). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F) (ZAHRALDDIN, RAFAEL) (Entered: 11/09/2023) |
| 11/10/2023 | | 464 | Response to Motion to Expedite Hearing filed by Creditor Hawk Investment Holdings Ltd. *Response of Debtors Stream TV Networks, Inc. and Technovative Media, Inc. to Hawk Investment Holdings Ltd.'s Expedited Motion to Hold Hearings in Abeyance* Filed by Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)457). (ZAHRALDDIN, RAFAEL) (Entered: 11/10/2023) |
| 11/13/2023 | | 465 | Objection to Motion to Compel filed by Debtor Stream TV Networks, Inc. *Hawk Investment Holdings Ltd.s Objection to Debtors Motion to Compel Compliance With and for Relief and Remedies Under Rule 2019* Filed by Hawk Investment Holdings Ltd. (related document(s)447). (Caponi, Steven) (Entered: 11/13/2023) |
| 11/13/2023 | | 466 | Objection to Motion to Compel filed by Debtor Stream TV Networks, Inc. *// SLS Holdings VI, LLC's Objection to Debtor's Motion to Compel Compliance with and for Relief Under Rule 2019* Filed by SLS Holdings VI, LLC (related document(s)447). (Attachments: # 1 Certificate of Service) (WRIGHT, DAVIS) (Entered: 11/13/2023) |
| 11/13/2023 | | 467 | Objection to Motion to Compel filed by Debtor Stream TV Networks, Inc. *Shadron L. Stastneys Objection to Debtors Motion to Compel Compliance with and for Relief and Remedies under Rule 2019* Filed by Shadron L. Stastney (related document(s)447). (Attachments: # 1 Certificate of Service) (VESPER, MARGARET) (Entered: 11/13/2023) |
| 11/13/2023 | | 468 | Objection to Motion to Compel filed by Debtor Stream TV Networks, Inc. *SeeCubic, Inc.'s (I) Objection to the Debtors Motion to Compel Compliance with and for Relief and Remedies Under Rule 2019 and (II) Joinder to Hawks 2019 Objection* Filed by SeeCubic, Inc. (related document(s)447). (Attachments: # 1 Certificate of Service) (Larkin, Joseph) (Entered: 11/13/2023) |
| 11/14/2023 | | 469 | Certificate of Service Filed by BMC Group Inc. (related document(s)439, 438). (Ordaz, Steven) (Entered: 11/14/2023) |
| 11/14/2023 | | 470 | Certificate of Service Filed by BMC Group Inc. (related document(s)444, 445). (Ordaz, Steven) (Entered: 11/14/2023) |
| 11/14/2023 | | 471 | Certificate of Service Filed by BMC Group Inc. (related document(s)448, 447, 446, 449). (Ordaz, Steven) (Entered: 11/14/2023) |
| 11/14/2023 | | 472 | Certificate of Service Filed by BMC Group Inc. (related document(s)454, 451). (Ordaz, Steven) (Entered: 11/14/2023) |

| | | 474 | Notice of (related document(s): 134 Motion to Approve Employee Obligations) *Notice of Revised Order for Debtors' Motion Authorizing Debtors to Pay (I) Prepetition Employee Obligations, (II) Prepetition Witholding Obligations, and (III) Post−Petition Employee Obligations in the Ordinary Course* Filed by Stream TV Networks, Inc., Technovative Media, Inc.. (Attachments: # 1 Exhibit A − Blackline comparison of final order # 2 Exhibit B − Revised Final Order) (ZAHRALDDIN, RAFAEL) (Entered: 11/14/2023) |
|---|---|---|---|
| 11/14/2023 | | | |
| | | 475 | Notice of (related document(s): 292 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement ) *Notice of Revised Order for Debtors' Motion for an Order Extending the Exclusive Periods During Which Debtors May File a Plan and Disclosure Statement and Solicit Acceptances Thereof Pursuant to 11 U.S.C. Sec. 1121(D)* Filed by Stream TV Networks, Inc., Technovative Media, Inc.. (Attachments: # 1 Exhibit A − Blackline Comparison of Order to Debtors' Motion # 2 Exhibit B − Revised Order Extending Exclusive Periods) (ZAHRALDDIN, RAFAEL) (Entered: 11/14/2023) |
| 11/14/2023 | | | |
| | | 476 | Notice of (related document(s): 49 Emergency Motion For Sanctions for Violation of the Automatic Stay , 76 Motion For Sanctions for Violation of the Automatic Stay , 90 Supplemental Motion To Stay (related documents Motion for Sanctions for Violation of the Automatic Stay, Scheduling Hearing) , 125 Motion For Sanctions for Violation of the Automatic Stay ) (*458 Additional Supplement to Debtors Emergency Motion for Entry of an Order: (1) Enforcing the Automatic Stay; (2) Directing the Turnover of Property of Debtors Estate; and (3) Imposing Sanctions for Willful Stay Violations) Notice of Debtors Corrected [Proposed] Order to Enforce the Worldwide Automatic Stay* Filed by Stream TV Networks, Inc.. (Attachments: # 1 Exhibit A. Previously Filed [Proposed] Order # 2 Exhibit B. Corrected [Proposed} Order # 3 Exhibit C. Corrected [Proposed] Order − BLACKLINE) (ZAHRALDDIN, RAFAEL) (Entered: 11/14/2023) |
| 11/14/2023 | | | |
| | | 477 | Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Proposed Order) (ZAHRALDDIN, RAFAEL) (Entered: 11/15/2023) |
| 11/15/2023 | | | |
| | | 478 | Hearing Held on 134 Motion to Approve Employee Obligations Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel).135) Motion to Approve Debtors' Expedited Motion for Authority to Take Certain Actions in the Ordinary Course of Business Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (related document(s),134,135,134). Motions terminated if needed counsel will file a new motion (G., Eileen) (Entered: 11/16/2023) |
| 11/15/2023 | | | |
| | | 479 | INCORRECT ENTRY *PLEASE SEE DOCKET #480**Hearing Continued on 409 Application for Compensation *(First Monthly) Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard and Smith, LLP, Counsel for the Debtors* for RAFAEL X. ZAHRALDDIN, Debtor's Attorney, Period: 3/15/2023 to 4/30/2023, Fee: $380382.00, Expenses: $3476.00. Filed by RAFAEL X. ZAHRALDDIN Represented by Self(Counsel). . Hearing scheduled 11/29/2023 at 11:30 AM at Courtroom #2. (G., Eileen) Modified on 11/16/2023 (G., Eileen). hrg date incorrect should be 12/11 @ 11:30 (Entered: 11/16/2023) |
| 11/15/2023 | | | |
| 11/15/2023 | | 480 | |

| | | | |
|---|---|---|---|
| | | | Hearing Continued on <u>409</u> Application for Compensation *(First Monthly) Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard and Smith, LLP, Counsel for the Debtors* for RAFAEL X. ZAHRALDDIN, Debtor's Attorney, Period: 3/15/2023 to 4/30/2023, Fee: $380382.00, Expenses: $3476.00. Filed by RAFAEL X. ZAHRALDDIN Represented by Self(Counsel). Hearing scheduled 12/11/2023 at 10:30 AM at Courtroom #2. (G., Eileen) (Entered: 11/16/2023) |
| 11/15/2023 | | 481 | Hearing Continued on <u>298</u> Application to Employ Thomas Jung Ho Park as Chief Financial Officer Filed by Technovative Media, Inc., Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (G., Eileen)continued to 12/11/23 @ 10:30 a.m. Modified on 11/16/2023 (G., Eileen). (Entered: 11/16/2023) |
| 11/15/2023 | | 483 | Hearing Continued on <u>49</u> Emergency Motion For Sanctions for Violation of the Automatic Stay Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). , <u>76</u> Motion For Sanctions for Violation of the Automatic Stay Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). <u>90</u> Supplement to Motion To Stay (related documents Motion for Sanctions for Violation of the Automatic Stay, Scheduling Hearing) , Motion for Turnover of Property , Motion For Sanctions Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel) (related document(s)<u>86</u>, <u>76</u>). , <u>125</u> Motion For Sanctions for Violation of the Automatic Stay Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel).<u>458</u> Supplemental Statement *Additional Supplement to Debtors Amended Emergency Motion for Entry of An Order: (1) Enforcing the Automatic Stay; (2) Directing the Turnover of Property of Debtors Estate; and (3) Imposing Sanctions for Willful Stay Violations* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)<u>90</u>, <u>76</u>, <u>49</u>). Hearing scheduled 11/27/2023 at 10:30 AM at Courtroom #2. (G., Eileen) (Entered: 11/21/2023) |
| 11/20/2023 | | <u>482</u> | Transcript regarding hearing held on 11/15/2023. Transcribed by TheRecordXchange. 57 total pages including Certification of Transcriber. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [To request a copy of a restricted transcript, please contact the transcriber TheRecordXchange at 800–406–1290]. Notice of Intent to Request Redaction Deadline Due By 11/27/2023. Redaction Request Due By 12/11/2023. Redacted Transcript Submission Due By 12/21/2023. Transcript access will be restricted through 2/20/2024. (B., John) (Entered: 11/20/2023) |
| 11/21/2023 | | <u>484</u> | Objection to Motion for Sanctions for Violation of the Automatic Stay filed by Debtor Stream TV Networks, Inc., Motion for Sanctions for Violation of the Automatic Stay filed by Debtor Stream TV Networks, Inc., Motion to Stay filed by Debtor Stream TV Networks, Inc., Motion for Turnover of Property, Motion for Sanctions, Motion for Sanctions for Violation of the Automatic Stay filed by Debtor Stream TV Networks, Inc., Supplemental Statement filed by Debtor Stream TV Networks, Inc., Notice of Motion filed by Debtor Stream TV Networks, Inc. *Stream TV Networks, Inc. and Technovative Media, Inc.'s Limited Objection to Remote Testimony* Filed by Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)<u>125</u>, <u>476</u>, <u>458</u>, <u>90</u>, <u>49</u>, <u>76</u>). (Attachments: # <u>1</u> Exhibit A – Proposed Order Restating and Enforcing the Worldwide Automatic Stay) (ZAHRALDDIN, RAFAEL) (Entered: 11/21/2023) |
| 11/24/2023 | | <u>485</u> | Objection to Application for Compensation filed by Debtor Stream TV Networks, Inc., Debtor Technovative Media, Inc. *Hawk Investment* |

| | | | |
|---|---|---|---|
| | | | *Holdings Ltd.'s Objection to Local Rule 2016−5 Second Request for Payment on Account for Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard & Smith, LLP, Counsel for the Debtors, for the Period May 1, 2023 Through May 31, 2023* Filed by Hawk Investment Holdings Ltd. (related document(s)461). (Caponi, Steven) (Entered: 11/24/2023) |
| 11/27/2023 | | 486 | Certificate of Service Filed by BMC Group Inc. (related document(s)454, 451). (Ordaz, Steven) (Entered: 11/27/2023) |
| 11/27/2023 | | 487 | Certificate of Service Filed by BMC Group Inc. (related document(s)458). (Ordaz, Steven) (Entered: 11/27/2023) |
| 11/27/2023 | | 488 | Certificate of Service Filed by BMC Group Inc. (related document(s)464). (Ordaz, Steven) (Entered: 11/27/2023) |
| 11/27/2023 | | 489 | Certificate of Service Filed by BMC Group Inc. (related document(s)475, 474, 476, 473). (Ordaz, Steven) (Entered: 11/27/2023) |
| 11/27/2023 | | 490 | Certificate of Service Filed by BMC Group Inc. (related document(s)477). (Ordaz, Steven) (Entered: 11/27/2023) |
| 11/27/2023 | | 491 | Certificate of Service Filed by BMC Group Inc. (related document(s)484). (Ordaz, Steven) (Entered: 11/27/2023) |
| 11/27/2023 | | 496 | Hearing Continued on 49 Emergency Motion For Sanctions for Violation of the Automatic Stay Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). , 458 Supplemental Statement *Additional Supplement to Debtors Amended Emergency Motion for Entry of An Order: (1) Enforcing the Automatic Stay; (2) Directing the Turnover of Property of Debtors Estate; and (3) Imposing Sanctions for Willful Stay Violations* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)90, 76, 49). Hearing scheduled 12/14/2023 at 01:00 PM at Courtroom #2. (ORAL ARGUMENT ONLY) (G., Eileen) (Entered: 12/01/2023) |
| 11/28/2023 | | 492 | Document in re: *Amended Hawk Investment Holdings Ltd.'s Witness and Exhibit List for November 29, 2023 Hearing* Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd.. (Caponi, Steven) (Entered: 11/28/2023) |
| 11/28/2023 | | 493 | Document in re: *Revised Witness and Exhibit List for November 29, 2023 Hearing* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)447). (ZAHRALDDIN, RAFAEL) (Entered: 11/28/2023) |
| 11/29/2023 | | 494 | Document in re: *Supplemental Exhibit List for Rule 2019 Hearing* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc. (related document(s)493, 447). (ZAHRALDDIN, RAFAEL) (Entered: 11/29/2023) |
| 11/29/2023 | | 495 | TRIAL Held on 447 Motion to Compel *Compliance With and for Relief and Remedies Under Rule 2019* Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel).. (related document(s),447). HEARING to be continued / date to be determined (G., Eileen) (Entered: 12/01/2023) |
| 12/01/2023 | | 497 | |

| | | | |
|---|---|---|---|
| | | | Certificate of Service Filed by BMC Group Inc. (related document(s)<u>493</u>, <u>494</u>). (Ordaz, Steven) (Entered: 12/01/2023) |
| 12/05/2023 | | <u>498</u> | Order Re: Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement (Related Doc # <u>292</u>)(Related Doc # <u>477</u>). The Debtors Exclusive Periods are extended until such time as the Court rules onthe Exclusivity Motion.. (R., Donna) (Entered: 12/06/2023) |
| 12/07/2023 | | <u>499</u> | Declaration re: *Second Supplemental Declaration of Rafael X. Zahralddin–Aravena in Support of Debtors' Application to Employ Lewis Brisbois Bisgaard & Smith LLP as Counsel for the Debtors* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc., Technovative Media, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 12/07/2023) |
| 12/07/2023 | | <u>500</u> | Brief – *Debtors Brief in Support of First Request for Payment on Account for Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard & Smith, LLP, Counsel for Debtors, for the Period March 15, 2023 through April 30, 2023,* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)<u>409</u>). (ZAHRALDDIN, RAFAEL) (Entered: 12/07/2023) |
| 12/08/2023 | | <u>501</u> | Document in re: *Amended Hawk Investment Holdings Ltd.'s Witness and Exhibit List for December 11, 2023 Hearings* Filed by Steven Caponi on behalf of Hawk Investment Holdings Ltd.. (Caponi, Steven) (Entered: 12/08/2023) |
| 12/08/2023 | | <u>502</u> | Monthly Operating Report for Filing Period Period Ending March 31, 2023 *Revised Monthly Operating Report* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (Attachments: # <u>1</u> Exhibit Stream TV Balance Sheet # <u>2</u> Exhibit Bank of America Bank Statement 3.31.23 # <u>3</u> Exhibit Stream TV – VSI March 16–March 31 2023 # <u>4</u> Exhibit VSI Letter – March 2023) (ZAHRALDDIN, RAFAEL) (Entered: 12/08/2023) |
| 12/08/2023 | | <u>503</u> | Monthly Operating Report for Filing Period Ending April 30, 2023 *Revised Monthly Operating Report* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (Attachments: # <u>1</u> Exhibit Stream TV Balance Sheet April 2023 # <u>2</u> Exhibit Bank of America Statement 4.30.23 # <u>3</u> Exhibit VSI April 1 – April 30, 2023 # <u>4</u> Exhibit VSI Letter – April 2023) (ZAHRALDDIN, RAFAEL) (Entered: 12/08/2023) |
| 12/08/2023 | | <u>504</u> | Monthly Operating Report for Filing Period May 31, 2023 *Revised Monthly Operating Report* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (Attachments: # <u>1</u> Exhibit Stream TV – Balance Sheet May 2023 # <u>2</u> Exhibit Bank of America Bank Statement – May 2023 # <u>3</u> Exhibit VSI Expenses Paid – May 2023 # <u>4</u> Exhibit VSI Letter May 2023) (ZAHRALDDIN, RAFAEL) (Entered: 12/08/2023) |
| 12/08/2023 | | <u>505</u> | Monthly Operating Report for Filing Period Period Ending June 30, 2023 *Revised Monthly Operating Report* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (Attachments: # <u>1</u> Exhibit Stream TV – Balance Sheet June 2023 # <u>2</u> Exhibit Bank of America Statement June 2023 # <u>3</u> Exhibit VSI – June 2023 # <u>4</u> Exhibit VSI Letter – June 2023) (ZAHRALDDIN, RAFAEL) (Entered: 12/08/2023) |
| 12/08/2023 | | <u>506</u> | Document in re: *Witness and Exhibit List for Hearing on Debtors' First Request for Payment on Account for Compensation and Reimbursement of* |

| | | | |
|---|---|---|---|
| | | | *Expenses of Lewis Brisbois Bisgaard & Smith, LLP, Counsel for the Debtors, for the Period March 15, 2023 Through April 30, 2023* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Certificate of Service) (ZAHRALDDIN, RAFAEL) (Entered: 12/08/2023) |
| 12/08/2023 | | 507 | Certificate of Service Filed by BMC Group Inc. (related document(s)498). (Ordaz, Steven) (Entered: 12/08/2023) |
| 12/08/2023 | | 508 | Certificate of Service Filed by BMC Group Inc. (related document(s)499). (Ordaz, Steven) (Entered: 12/08/2023) |
| 12/09/2023 | | 509 | Motion To Stay (related documents Motion for Sanctions for Violation of the Automatic Stay, Supplemental Statement) *Motion for Entry of a Stipulated Order Restating and Enforcing the Worldwide Automatic Stay,* Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel) (related document(s)458, 49). (Attachments: # 1 Exhibit A. Stipulated Order Restating and Enforcing the Worldwide Automatic Stay) (ZAHRALDDIN, RAFAEL) (Entered: 12/09/2023) |
| 12/10/2023 | | 510 | Motion to Approve Entry of a Stipulated Order Settling Objections to Fee Applications, Objection to Retention of CFO by the Debtors, and Continuance of Matters Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Exhibit 1. Stipulation and Order Regarding Settling Objections to Fee Applications, Objection to Retention of CFO by the Debtors, and Continuance of Matters) (ZAHRALDDIN, RAFAEL) (Entered: 12/10/2023) |
| 12/11/2023 | | 511 | Document in re: *Notice of Withdrawal of Document* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)504). (ZAHRALDDIN, RAFAEL) (Entered: 12/11/2023) |
| 12/11/2023 | | 512 | Monthly Operating Report for Filing Period May 31, 2023 *Revised Monthly Operating Report for Period Ending May 31, 2023* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Balance Sheet – May 2023 # 2 Bank of America Statement – May 2023 # 3 VSI – May 2023 # 4 VSI Letter – May 2023) (ZAHRALDDIN, RAFAEL) (Entered: 12/11/2023) |
| 12/11/2023 | | 513 | Status Hearing scheduled 12/14/2023 at 01:00 PM at Courtroom #2. The telephone number to call in is 877–336–1828 access code 7855845 (G., Eileen) (Entered: 12/11/2023) |
| 12/11/2023 | | 514 | Praecipe to Withdraw Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)504). (R., Donna) (Entered: 12/12/2023) |
| 12/13/2023 | | 515 | BNC Certificate of Mailing – Status Hearing. Number of Notices Mailed: (related document(s) (Related Doc # 513)). No. of Notices: 20. Notice Date 12/13/2023. (Admin.) (Entered: 12/14/2023) |
| 12/14/2023 | | 516 | Stipulation and Order regarding settling objections to fee applications, objection to retention of CFO by the Debtors, and continuance of matters (related document(s)510). (J., Randi) (Entered: 12/14/2023) |
| 12/14/2023 | | 517 | Stipulated Order restating and enforcing the Worldwide Automatic Stay . (J., Randi). Related document(s) 509 . Modified on 12/15/2023 (R., Donna). (Entered: 12/14/2023) |

| | | 518 | Monthly Operating Report for Filing Period July 31, 2023 *Revised Monthly Operating Report for Period Ending July 31, 2023* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Balance Sheet – July 2023 # 2 Bank of America Statement – July 2023 # 3 VSI – July 2023 # 4 VSI Letter – July 2023) (ZAHRALDDIN, RAFAEL) (Entered: 12/14/2023) |
| 12/14/2023 | | | |
| 12/14/2023 | | 519 | Status Conference Held on outstanding matters (G., Eileen) (Entered: 12/15/2023) |
| 12/14/2023 | | 520 | Hearing Continued on 49 Emergency Motion For Sanctions for Violation of the Automatic Stay Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). 76 Motion For Sanctions for Violation of the Automatic Stay Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel)., 90 Supplement to Motion To Stay (related documents Motion for Sanctions for Violation of the Automatic Stay, Scheduling Hearing) , Motion for Turnover of Property , Motion For Sanctions Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel) (related document(s)86, 76). 125 Motion For Sanctions for Violation of the Automatic Stay Filed by Stream TV Networks, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). 409 Application for Compensation *(First Monthly) Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard and Smith, LLP, Counsel for the Debtors* for RAFAEL X. ZAHRALDDIN, Debtor's Attorney, Period: 3/15/2023 to 4/30/2023, Fee: $380382.00, Expenses: $3476.00. Filed by RAFAEL X. ZAHRALDDIN Represented by Self(Counsel). 458 Supplemental Statement *Additional Supplement to Debtors Amended Emergency Motion for Entry of An Order: (1) Enforcing the Automatic Stay; (2) Directing the Turnover of Property of Debtors Estate; and (3) Imposing Sanctions for Willful Stay Violations* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)90, 76, 49). Hearing scheduled 2/12/2024 at 10:30 AM at Courtroom #2. (G., Eileen) (Entered: 12/15/2023) |
| 12/14/2023 | | | |
| 12/15/2023 | | 521 | Transcript regarding Status Conference held on 12/14/2023. Transcribed by TheRecordXchange. 16 total pages including Certification of Transcriber. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [To request a copy of a restricted transcript, please contact the transcriber TheRecordXchange at 800–406–1290]. Notice of Intent to Request Redaction Deadline Due By 12/22/2023. Redaction Request Due By 1/5/2024. Redacted Transcript Submission Due By 1/16/2024. Transcript access will be restricted through 3/14/2024. (B., John) (Entered: 12/15/2023) |
| 12/15/2023 | | 522 | Certificate of No Response to *Local Rule 2016−5 First Request for Payment on Account of Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard and Smith LLP, Counsel for the Debtor, for the Period March 15, 2023 Through April 30, 2023 and Second Request for Payment on Account of Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard and Smith, LLP, Counsel for the Debtor, for the Period May 1, 2023 Through May 31, 2023* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)461, 409). (Attachments: # 1 Certificate of Service) (ZAHRALDDIN, RAFAEL) (Entered: 12/15/2023) |
| 12/15/2023 | | 523 | Application for Compensation *Local Rule 2016−5 Third Request for Payment on Account for Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard & Smith, LLP, Counsel for the Debtors, for the Periods June 1, 2023 through June 30, 20223 and July 1, 2023* |

| | | | |
|---|---|---|---|
| | | | *through July 31, 2023* for RAFAEL X. ZAHRALDDIN, Debtor's Attorney, Period: 6/1/2023 to 7/31/2023, Fee: $419,336.40, Expenses: $6,972.71. Filed by RAFAEL X. ZAHRALDDIN Represented by Self(Counsel). (Attachments: # 1 Exhibit A – June 2023 Invoice # 2 Exhibit B – July 2023 Invoice) (ZAHRALDDIN, RAFAEL) (Entered: 12/15/2023) |
| 12/15/2023 | | 524 | Notice of (related document(s): 523 Application for Compensation *Local Rule 2016–5 Third Request for Payment on Account for Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard & Smith, LLP, Counsel for the Debtors, for the Periods June 1, 2023 through June 30, 20223) Filed by Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 12/15/2023)* |
| 12/16/2023 | | 525 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 516)). No. of Notices: 10. Notice Date 12/16/2023. (Admin.) (Entered: 12/17/2023) |
| 12/16/2023 | | 526 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 517)). No. of Notices: 1. Notice Date 12/16/2023. (Admin.) (Entered: 12/17/2023) |
| 12/18/2023 | | 527 | Monthly Operating Report for Filing Period August 31, 2023 *Revised Monthly Operating Report for Filing Period August 1, 2023 through August 31, 2023* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Exhibit Stream Balance Sheet – August 2023 # 2 Exhibit Bank of America Statement – August 2023 # 3 Exhibit VSI – August 2023 # 4 Exhibit VSI Letter – August 2023) (ZAHRALDDIN, RAFAEL) (Entered: 12/18/2023) |
| 12/19/2023 | | 528 | Monthly Operating Report for Filing Period September 30, 2023 *Revised Monthly Operating Report for Filing Period September 1, 2023 through September 30, 2023* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Exhibit Balance Sheet – September 2023 # 2 Exhibit Bank of America Statement September 2023 # 3 Exhibit VSI Letter – September 2023) (ZAHRALDDIN, RAFAEL) (Entered: 12/19/2023) |
| 12/19/2023 | | 529 | Monthly Operating Report for Filing Period October 31, 2023 *Revised Monthly Operating Report for Filing Period October 1, 2023 through October 31, 2023* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Exhibit Balance Sheet – October 2023 # 2 Exhibit Bank of America Statement – October 2023 # 3 Exhibit M&T Bank Statement – October 2023 # 4 Exhibit VSI Letter – October 2023) (ZAHRALDDIN, RAFAEL) (Entered: 12/19/2023) |
| 12/22/2023 | | 530 | Monthly Operating Report for Filing Period August 31, 2023 *Third Amended Monthly Operating Report for August 1, 2023 through August 31, 2023* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Exhibit Balance Sheet – August 2023 # 2 Exhibit Key Bank Statement – August 2023 # 3 Exhibit Bank Statement – Bank of America August 2023 # 4 Exhibit VSI – August 2023) (ZAHRALDDIN, RAFAEL) (Entered: 12/22/2023) |
| 12/22/2023 | | 531 | Monthly Operating Report for Filing Period September 30, 2023 *Second Revised Monthly Operating Report for September 1, 2023 through September 30, 2023* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Exhibit Balance Sheet – September 2023 # 2 Exhibit Key Bank – Bank Statement – September |

| | | | |
|---|---|---|---|
| | | | 2023 # 3 Exhibit Bank of America Statement – September 2023 # 4 Exhibit VSI – September 2023) (ZAHRALDDIN, RAFAEL) (Entered: 12/22/2023) |
| 12/22/2023 | | 532 | Monthly Operating Report for Filing Period October 31, 2023 *Second Revised Monthly Operating Report for October 1, 203 through October 31, 2023* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Exhibit Balance Sheet – October 2023 # 2 Exhibit Key Bank Statement October 2023 # 3 Exhibit M&T Bank Statement October 2023 # 4 Exhibit Bank of America Statement October 2023 # 5 Exhibit VSI October 2023) (ZAHRALDDIN, RAFAEL) (Entered: 12/22/2023) |
| 12/22/2023 | | 533 | Monthly Operating Report for Filing Period November 30, 2023 *Monthly Operating Report for November 1, 2023 through November 30, 2023* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Exhibit Balance Sheet – November 2023 # 2 Exhibit Key Bank Statement – November 2023 # 3 Exhibit M&T Bank Statement – November 2023 # 4 Exhibit VSI – November 2023) (ZAHRALDDIN, RAFAEL) (Entered: 12/22/2023) |
| 12/29/2023 | | 534 | Motion to Dismiss Case. Motion of the United States Trustee to Dismiss Debtors Cases for Cause Under 11 U.S.C. § 1112(b) Filed by United States Trustee Represented by JOHN HENRY SCHANNE (Counsel). (Attachments: # 1 Proposed Order) (SCHANNE, JOHN) (Entered: 12/29/2023) |
| 12/29/2023 | | 535 | Notice of (related document(s): 534 Motion to Dismiss Case. Motion of the United States Trustee to Dismiss Debtors Cases for Cause Under 11 U.S.C. § 1112(b) ) Filed by United States Trustee. Hearing scheduled 1/24/2024 at 11:30 AM at Courtroom #2. (SCHANNE, JOHN) (Entered: 12/29/2023) |
| 12/29/2023 | | 536 | Certificate of Service Filed by JOHN HENRY SCHANNE on behalf of United States Trustee (related document(s)535, 534). (SCHANNE, JOHN) (Entered: 12/29/2023) |
| 01/02/2024 | | 537 | Certificate of No Response to *Local Rule 2016−5 Third Request for Payment on Account for Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard & Smith, LLP, Counsel for the Debtors, for the Periods June 1, 2023 through June 30, 20223 and July 1, 2023 through July 31, 2023* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)523). (Attachments: # 1 Certificate of Service) (ZAHRALDDIN, RAFAEL) (Entered: 01/02/2024) |
| 01/02/2024 | | 538 | Motion to Appear pro hac vice on behalf of Scott D. Cousins Filed by Stream TV Networks, Inc., Technovative Media, Inc. Represented by RAFAEL X. ZAHRALDDIN (Counsel). (Attachments: # 1 Exhibit A # 2 Proposed Order # 3 Certificate of Service) (ZAHRALDDIN, RAFAEL) (Entered: 01/02/2024) |
| 01/02/2024 | | 539 | Certificate of Service Filed by BMC Group Inc. (related document(s)517, 518, 516, 514). (Ordaz, Steven) (Entered: 01/02/2024) |
| 01/02/2024 | | | Receipt Number APAEDC−17163920, Fee Amount $75.00 (related document(s)538). Scott D. Cousins. (R., Donna) (Entered: 01/03/2024) |
| 01/03/2024 | | 540 | Certificate of Service Filed by BMC Group Inc. (related document(s)523, 522, 524). (Ordaz, Steven) (Entered: 01/03/2024) |

| 01/03/2024 | | <u>541</u> | Certificate of Service Filed by BMC Group Inc. (related document(s)<u>528</u>, <u>527</u>, <u>529</u>). (Ordaz, Steven) (Entered: 01/03/2024) |
|---|---|---|---|
| 01/03/2024 | | <u>542</u> | Certificate of Service Filed by BMC Group Inc. (related document(s)<u>533</u>, <u>532</u>, <u>530</u>, <u>531</u>). (Ordaz, Steven) (Entered: 01/03/2024) |
| 01/03/2024 | | <u>543</u> | Certificate of Service Filed by BMC Group Inc. (related document(s)<u>513</u>, <u>506</u>, <u>511</u>, <u>510</u>, <u>509</u>, <u>505</u>, <u>502</u>, <u>504</u>, <u>512</u>, <u>500</u>, <u>503</u>). (Ordaz, Steven) (Entered: 01/03/2024) |
| 01/04/2024 | | <u>544</u> | Application for Compensation */ First Interim Application for Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard & Smith, LLP, Counsel for Debtors, for the Period March 15, 2023 through July 31, 2023* for RAFAEL X. ZAHRALDDIN, Debtor's Attorney, Period: 3/15/2023 to 7/31/2023, Fee: $242,521.90, Expenses: $10,551.28. Filed by RAFAEL X. ZAHRALDDIN Represented by Self(Counsel). (Attachments: # <u>1</u> Proposed Order # <u>2</u> Exhibit A # <u>3</u> Exhibit B # <u>4</u> Exhibit C # <u>5</u> Exhibit D # <u>6</u> Exhibit Certificate of Service) (ZAHRALDDIN, RAFAEL) (Entered: 01/04/2024) |
| 01/04/2024 | | <u>545</u> | Notice of (related document(s): <u>544</u> Application for Compensation */ First Interim Application for Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard & Smith, LLP, Counsel for Debtors, for the Period March 15, 2023 through July 31, 2023* for RAFAEL X. ZAHRALDDI Filed by Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 01/04/2024) |
| 01/05/2024 | | <u>546</u> | Application for Compensation *Local Rule 2016−5 Fourth Request for Payment on Account for Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard & Smith, LLP, Counsel for the Debtors, for the Periods August 1, 2023 Through August 31, 2023 and September 1, 2023 Through September 30, 2023* for RAFAEL X. ZAHRALDDIN, Debtor's Attorney, Period: 8/1/2023 to 9/30/2023, Fee: $407,218.00, Expenses: $13532.10. Filed by RAFAEL X. ZAHRALDDIN Represented by Self(Counsel). (Attachments: # <u>1</u> Exhibit A # <u>2</u> Exhibit B) (ZAHRALDDIN, RAFAEL) (Entered: 01/05/2024) |
| 01/05/2024 | | <u>547</u> | Notice of (related document(s): <u>546</u> Application for Compensation *Local Rule 2016−5 Fourth Request for Payment on Account for Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard & Smith, LLP, Counsel for the Debtors, for the Periods August 1, 2023 Through August 31,) Filed by Stream TV Networks, Inc.. (ZAHRALDDIN, RAFAEL) (Entered: 01/05/2024)* |
| 01/05/2024 | | <u>548</u> | Memorandum Re:The Motion of Section 1102/1104 and the Motion for Relief from Stay file by Hawk Investment Holdings LTD. An order consistent with this Memorandum shall be entered. (related document(s)<u>16</u>, <u>83</u>). (R., Donna) (Entered: 01/05/2024) |
| 01/05/2024 | | <u>549</u> | Ordered: The Section 1112/1104 Motion is GRANTED solely to the extent it requests that a trustee be appointed in the Debtors bankruptcy cases pursuant §1104(a) of the Bankruptcy Code. The Hawk Stay Relief Motion is GRANTED to permit the Section 225 Action to proceed solely with respect to the Technovative Director Issue and the Debt Conversion Issue. Status Hearing scheduled 1/24/2024 at 02:00 PM at Courtroom #2. (related document(s)<u>16</u>, <u>83</u>). (R., Donna) (Entered: 01/05/2024) |
| 01/07/2024 | | <u>550</u> | BNC Certificate of Mailing − PDF Document. (related document(s) (Related Doc # <u>548</u>)). No. of Notices: 2. Notice Date 01/07/2024. |

| | | | |
|---|---|---|---|
| | | | (Admin.) (Entered: 01/08/2024) |
| 01/07/2024 | | 551 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 549)). No. of Notices: 6. Notice Date 01/07/2024. (Admin.) (Entered: 01/08/2024) |
| 01/08/2024 | | 552 | Order Granting Motion To Appear pro hac vice for Scott D. Cousins, Esquire. (Related Doc # 538) (S., Antoinette) (Entered: 01/08/2024) |
| 01/09/2024 | | 553 | Motion to Appoint Trustee Filed by United States Trustee Represented by JOHN HENRY SCHANNE (Counsel). (Attachments: # 1 Affidavit Verified Statement # 2 Proposed Order) (SCHANNE, JOHN) (Entered: 01/09/2024) |
| 01/09/2024 | | 554 | Notice of Appointment of William A. Homony to serve as the chapter 11 trustee Filed by United States Trustee Represented by JOHN HENRY SCHANNE (Counsel). (SCHANNE, JOHN) Modified on 1/10/2024 (R., Donna). (Entered: 01/09/2024) |
| 01/10/2024 | | 555 | Order Granting Motion Application of the Debtors for Entry of an OrderAuthorizing the Debtors to Retain Thomas Jung Ho Park as Chief Financial Officer to the Debtors (Related Doc # 234) (R., Donna) (Entered: 01/10/2024) |
| 01/10/2024 | | 556 | Order Extending All Responsive Pleading Deadlines for 30 days. all current deadlines in the Bankruptcy Cases and the Adversary Proceeding are hereby EXTENDED for 30 days from the entry of this Order, subject to further extension sua sponte or upon motion and hearing. (R., Donna) Additional attachment(s) added on 1/11/2024 (R., Donna). (Entered: 01/10/2024) |
| 01/10/2024 | | 557 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 552)). No. of Notices: 1. Notice Date 01/10/2024. (Admin.) (Entered: 01/11/2024) |
| 01/12/2024 | | 558 | Order Granting Motion to Appoint Trustee (related document(s)553). WILLIAM A. HOMONY added to the case. (B., John) (Entered: 01/12/2024) |
| 01/12/2024 | | 559 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 555)). No. of Notices: 2. Notice Date 01/12/2024. (Admin.) (Entered: 01/13/2024) |
| 01/13/2024 | | 560 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 556)). No. of Notices: 3. Notice Date 01/13/2024. (Admin.) (Entered: 01/14/2024) |
| 01/14/2024 | | 561 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 558)). No. of Notices: 211. Notice Date 01/14/2024. (Admin.) (Entered: 01/15/2024) |
| 01/15/2024 | | 562 | Notice of Acceptance of Trustee Appointment Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)558. (VAGNONI, MICHAEL) Modified on 1/16/2024 (S., Antoinette). (Entered: 01/15/2024) |
| 01/17/2024 | | 563 | Application for Compensation / *Local Rule 2016–5 Fifth Request for Payment on Account for Compensation and Reimbursement of Expenses* |

| | | | |
|---|---|---|---|
| | | | *of Lewis Brisbois Bisgaard & Smith, LLP, Counsel for the Debtors, for the Periods October 1, 2023 through October 31, 2023 and November 1, 2023 through November 30, 2023* for RAFAEL X. ZAHRALDDIN, Debtor's Attorney, Period: 10/1/2023 to 11/30/2023, Fee: $508,005.26, Expenses: $14549.34. Filed by RAFAEL X. ZAHRALDDIN Represented by Self(Counsel). (Attachments: # 1 Exhibit A # 2 Exhibit B) (ZAHRALDDIN, RAFAEL) (Entered: 01/17/2024) |
| 01/17/2024 | | 564 | Application to Employ Obermayer Rebmann Maxwell & Hippel LLP as General Counsel Filed by WILLIAM A. HOMONY Represented by MICHAEL D. VAGNONI (Counsel). (Attachments: # 1 Affidavit of Disinterestedness # 2 Proposed Order # 3 Certificate of Service) (VAGNONI, MICHAEL) (Entered: 01/17/2024) |
| 01/17/2024 | | 565 | Notice of *Application to Employ Obermayer Rebmann Maxwell & Hippel LLP as General Counsel* Filed by WILLIAM A. HOMONY. (VAGNONI, MICHAEL) (Entered: 01/17/2024) |
| 01/17/2024 | | 566 | Application to Employ Miller Coffey Tate LLP as Accountants and Bankruptcy Consultants Filed by WILLIAM A. HOMONY Represented by MICHAEL D. VAGNONI (Counsel). (Attachments: # 1 Declaration of M. Tomlin # 2 Proposed Order # 3 Certificate of Service) (VAGNONI, MICHAEL) (Entered: 01/17/2024) |
| 01/17/2024 | | 567 | Notice of (related document(s): 566 Application to Employ Miller Coffey Tate LLP as Accountants and Bankruptcy Consultants ) Filed by WILLIAM A. HOMONY. (VAGNONI, MICHAEL) (Entered: 01/17/2024) |
| 01/18/2024 | | 568 | Praecipe to Withdraw *Motion of the United States Trustee to Dismiss Debtors' Cases for Cause Under 11 U.S.C. § 1112(b)* Filed by JOHN HENRY SCHANNE on behalf of United States Trustee (related document(s)534). (SCHANNE, JOHN) (Entered: 01/18/2024) |
| 01/24/2024 | | 575 | Status Hearing held (related document(s)549). Order to be submitted. (B., John) (Entered: 01/29/2024) |
| 01/25/2024 | | 569 | Certificate of No Response to *Application to Employ Obermayer Rebmann Maxwell & Hippel LLP as Counsel* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)564). (Attachments: # 1 Exhibit A – Revised Proposed Order, Clean # 2 Exhibit B – Revised Proposed Order, Redline) (VAGNONI, MICHAEL) (Entered: 01/25/2024) |
| 01/25/2024 | | 570 | Certificate of No Response to *Application to Employ Miller Coffey Tate LLP as Accountants and Bankruptcy Consultants* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)566). (Attachments: # 1 Exhibit A – Revised Proposed Order, Clean # 2 Exhibit B – Revised Proposed Order, Redline) (VAGNONI, MICHAEL) (Entered: 01/25/2024) |
| 01/26/2024 | | 571 | Certificate of Service Filed by BMC Group Inc. (related document(s)544, 545). (Ordaz, Steven) (Entered: 01/26/2024) |
| 01/26/2024 | | 572 | Certificate of Service Filed by BMC Group Inc. (related document(s)547, 546). (Ordaz, Steven) (Entered: 01/26/2024) |
| 01/26/2024 | | 573 | |

| | | | |
|---|---|---|---|
| | | | Certificate of No Response to *Application pursuant to Local Rule 2016−5 Fourth Request for Payment on Account of Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard and Smith LLP, Counsel for the Debtors, for the Periods August 1, 2023 through August 31, 2023 and September 1, 2023 through September 30, 2023* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)546). (Attachments: # 1 Certificate of Service) (ZAHRALDDIN, RAFAEL) (Entered: 01/26/2024) |
| 01/26/2024 | | 574 | Certificate of Service Filed by BMC Group Inc. (related document(s)563). (Ordaz, Steven) (Entered: 01/26/2024) |
| 01/29/2024 | | 576 | Amended Notice of (related document(s): 566 Application to Employ Miller Coffey Tate LLP as Accountants and Bankruptcy Consultants ) Filed by WILLIAM A. HOMONY. (Attachments: # 1 Exhibit A) (VAGNONI, MICHAEL) (Entered: 01/29/2024) |
| 01/29/2024 | | 577 | Order Granting Application of the Chapter 11 Trustee to Employ Obermayer Rebmann Mawell & Hippel LLP as general counsel to the Chapter 11 Trustee . Ordered that compensation to Obermayer is only allowed by order to this Court upon submission of an application for compensation in conformity with the United States Bankruptcy Code, applicable Bankruptcy Rules, and In re Busy Beaver Building Center, Inc. 19F.3d833 (3rd Cir. 1994). (Related Doc # 564569) (K., Marie) (Entered: 01/29/2024) |
| 01/30/2024 | | 578 | Bond *of Chapter 11 Trustee* Filed by United States Trustee. (SCHANNE, JOHN) (Entered: 01/30/2024) |
| 01/31/2024 | | 579 | Application to Employ Steven M. Coren, Esquire and Coren & Ress, P.C. as Special Counsel Filed by WILLIAM A. HOMONY Represented by MICHAEL D. VAGNONI (Counsel). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order # 4 Certificate of Service) (VAGNONI, MICHAEL) (Entered: 01/31/2024) |
| 01/31/2024 | | 580 | Notice of (related document(s): 579 Application to Employ Steven M. Coren, Esquire and Coren & Ress, P.C. as Special Counsel ) Filed by WILLIAM A. HOMONY. (VAGNONI, MICHAEL) (Entered: 01/31/2024) |
| 01/31/2024 | | 581 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 577)). No. of Notices: 1. Notice Date 01/31/2024. (Admin.) (Entered: 02/01/2024) |
| 02/01/2024 | | 582 | Proposed Order Re: *Further Extending Deadlines* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)556). (VAGNONI, MICHAEL) (Entered: 02/01/2024) |
| 02/06/2024 | | 583 | Certificate of No Response to *Application to Employ Miller Coffey Tate LLP as Accountants and Bankruptcy Consultants* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)576, 566). (VAGNONI, MICHAEL) (Entered: 02/06/2024) |
| 02/07/2024 | | 584 | Hearing scheduled for February 12, 2024 is cancelled and continued to a future hearing date to be determined. Proposed Order Extending Deadlines and Scheduling Further Hearing has been filed for review. (related document(s)582). Related to pending matters: (49), (76), (90), (125), (409), (458). (Barbetta, John) (Entered: 02/07/2024) |

| 02/08/2024 | | 585 | Certificate of No Response to *Employ Steven M. Coren, Esquire and Coren & Ress, P.C. as his Special Counsel* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)579). (Attachments: # 1 Exhibit A – Proposed Order) (VAGNONI, MICHAEL) (Entered: 02/08/2024) |
| 02/15/2024 | | 586 | Order Granting Application to Employ Miller Coffey Tate (Related Doc # 566) (R., Donna) (Entered: 02/16/2024) |
| 02/15/2024 | | 587 | Order Granting Application to Employ STEVEN M. COREN as Special Counsel (Related Doc # 579) (R., Donna) (Entered: 02/16/2024) |
| 02/18/2024 | | 588 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 586)). No. of Notices: 3. Notice Date 02/18/2024. (Admin.) (Entered: 02/19/2024) |
| 02/18/2024 | | 589 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 587)). No. of Notices: 2. Notice Date 02/18/2024. (Admin.) (Entered: 02/19/2024) |
| 02/28/2024 | | 590 | Document in re: *Notice of Errata to Submission of Local Rule 2016−5 Corrected First, Second, Third, First Interim and Fifth Requests on Account for Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard and Smith LLP, Counsel for the Debtors, for the Periods March 15, 2023 − April 30, 2023, May 1, 2023 − May 31, 2023, June 1, 2023 − July 31, 2023 and October 1, 2023 − November 30, 2023* Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Exhibit 1 to Notice of Errata # 2 Exhibit 2 to Notice of Errata # 3 Exhibit 3 to Notice of Errata # 4 Exhibit 4 to Notice of Errata # 5 Exhibit 5 to Notice of Errata # 6 Exhibit 6 to Notice of Errata # 7 Exhibit 7 to Notice of Errata # 8 Exhibit 8 to Notice of Errata # 9 Exhibit 9 to Notice of Errata) (ZAHRALDDIN, RAFAEL) (Entered: 02/28/2024) |
| 02/28/2024 | | 591 | Order Further Extending All Responsive Pleading Deadlines. It is hereby Ordered that all current deadlines in the Bankruptcy Cases and Adversary Proceeding 23−00057 are extended until further Order of this Court, and it is further Ordered that the temporary restraining order entered on January 5, 2024 in the adversary proceeding is hereby extended to until May 10, 2024, and the Final Hearing shall be held on May 10, 2024 at 10:30 AM in Nix Building Courtroom 2. It is Ordered that a further Status Hearing shall be held in these cases on March 6, 2024 at 2:00 PM by video conference. (Barbetta, John) (Entered: 02/28/2024) |
| 03/01/2024 | | 592 | Expedited Motion to Impose Automatic Stay Filed by WILLIAM A. HOMONY Represented by MICHAEL D. VAGNONI (Counsel). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order Expediting Consideration # 4 Proposed Order Reinstating Automatic Stay) (VAGNONI, MICHAEL) (Entered: 03/01/2024) |
| 03/01/2024 | | 593 | Declaration re: *of William A. Homony in Support of Motion to Reinstate Automatic Stay* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)592). (VAGNONI, MICHAEL) (Entered: 03/01/2024) |
| 03/01/2024 | | 594 | Order Scheduling Expedited Hearing on 592 Expedited Motion to Impose Automatic Stay filed by Trustee WILLIAM A. HOMONY represented by MICHAEL D. VAGNONI (Counsel). Hearing is scheduled for 3/6/2024 at 2:00 PM on video conference. (Barbetta, John) (Entered: 03/01/2024) |

| | | | |
|---|---|---|---|
| 03/01/2024 | | 595 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 591)). No. of Notices: 212. Notice Date 03/01/2024. (Admin.) (Entered: 03/02/2024) |
| 03/03/2024 | | 596 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 594)). No. of Notices: 20. Notice Date 03/03/2024. (Admin.) (Entered: 03/04/2024) |
| 03/05/2024 | | 597 | Notice of Appearance and Request for Notice by ANDREW J. BELLI Filed by ANDREW J. BELLI on behalf of WILLIAM A. HOMONY. (BELLI, ANDREW) (Entered: 03/05/2024) |
| 03/05/2024 | | 598 | Notice of Appearance and Request for Notice by STEVEN M. COREN Filed by STEVEN M. COREN on behalf of WILLIAM A. HOMONY. (COREN, STEVEN) (Entered: 03/05/2024) |
| 03/05/2024 | | 599 | Objection to Motion to Impose Automatic Stay filed by Trustee WILLIAM A. HOMONY *Hawk Investment Holdings Ltd.'s Objection to Motion of William A. Homony in His Capacity as Chapter 11 Trustee for (I) Expedited Consideration, Shortened Time and Limited Notice, (II) the Entry of an Order Reinstating the Automatic Stay as to the Section 225 Action, and (III) For Related Relief* Filed by Hawk Investment Holdings Ltd. (related document(s)592). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit C–1 # 5 Exhibit D # 6 Exhibit E # 7 Exhibit F) (Caponi, Steven) (Entered: 03/05/2024) |
| 03/06/2024 | | 600 | Status Hearing continued. Status Hearing is scheduled for 3/13/2024 at 12:00 PM by video conference. (Barbetta, John) (Entered: 03/06/2024) |
| 03/13/2024 | | 601 | Status Hearing held. Order to be submitted. (Barbetta, John) (Entered: 03/13/2024) |
| 03/13/2024 | | 602 | Certificate of Service Filed by BMC Group Inc. (related document(s)593, 594, 592). (Ordaz, Steven) (Entered: 03/13/2024) |
| 03/18/2024 | | 603 | Transcript regarding hearing held on 3/06/2024. Transcribed by TheRecordXchange. 54 total pages including Certification of Transcriber. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [To request a copy of a restricted transcript, please contact the transcriber TheRecordXchange at 800–406–1290]. Notice of Intent to Request Redaction Deadline Due By 3/25/2024. Redaction Request Due By 4/8/2024. Redacted Transcript Submission Due By 4/18/2024. Transcript access will be restricted through 6/17/2024. (Barbetta, John) (Entered: 03/18/2024) |
| 03/18/2024 | | 604 | Transcript regarding hearing held on 3/13/2024. Transcribed by TheRecordXchange. 14 total pages including Certification of Transcriber. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [To request a copy of a restricted transcript, please contact the transcriber TheRecordXchange at 800–406–1290]. Notice of Intent to Request Redaction Deadline Due By 3/25/2024. Redaction Request Due By 4/8/2024. Redacted Transcript Submission Due By 4/18/2024. Transcript access will be restricted through 6/17/2024. (Barbetta, John) (Entered: 03/18/2024) |
| 03/27/2024 | | 605 | Status Hearing scheduled. Hearing scheduled 4/4/2024 at 10:00 AM at Philadelphia Video Hearing. Counsel may email Judge Chan's courtroom deputy, Pamela Blalock at Pamela_Blalock@paeb.uscourts.gov, to obtain the zoom link. (B., Pamela) (Entered: 03/27/2024) |

| | | | |
|---|---|---|---|
| 03/28/2024 | | 606 | Proposed Consent Order RE: *Trustee's Motion for Entry of an Order Reinstating the Automatic Stay as to the Section 225 Action* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)592). (VAGNONI, MICHAEL) (Entered: 03/28/2024) |
| 03/28/2024 | | 607 | Monthly Operating Report for Filing Period December 2023 Filed by MICHAEL D. VAGNONI on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Attachments) (VAGNONI, MICHAEL) (Entered: 03/28/2024) |
| 03/28/2024 | | 608 | Chapter 11 Monthly Operating Report for the Month Ending: 01/31/2024 Filed by MICHAEL D. VAGNONI on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Attachments) (VAGNONI, MICHAEL) (Entered: 03/28/2024) |
| 03/28/2024 | | 609 | Chapter 11 Monthly Operating Report for Case Number 23−10764 for the Month Ending: 12/31/2023 Filed by MICHAEL D. VAGNONI on behalf of Technovative Media, Inc.. (VAGNONI, MICHAEL) (Entered: 03/28/2024) |
| 03/28/2024 | | 610 | Chapter 11 Monthly Operating Report for Case Number 23−10764 for the Month Ending: 01/31/2024 Filed by MICHAEL D. VAGNONI on behalf of Technovative Media, Inc.. (VAGNONI, MICHAEL) (Entered: 03/28/2024) |
| 03/28/2024 | | 611 | Notice of Appearance and Request for Notice by LESLIE BETH BASKIN Filed by LESLIE BETH BASKIN on behalf of Visual Semiconductor, Inc.. (BASKIN, LESLIE) (Entered: 03/28/2024) |
| 04/01/2024 | | 612 | Consent Order granting the Motion of William A. Homony in his Capacity as Chapter 11 Trustee for (I) The Entry of an Order Reinstating the Automatic Stay as to the Section 225 Action, and (II) For Related Relief. (related document(s)606, 592, 549). (Barbetta, John) (Entered: 04/01/2024) |
| 04/02/2024 | | 613 | Case reassigned to Judge Ashely M. Chan. Involvement of Chief Judge Magdeline D. Coleman Terminated. See Miscellaneous Case Number 24−03004−mdc . (Moy Ng, Yim) (Entered: 04/02/2024) |
| 04/02/2024 | | 614 | Chapter 11 Monthly Operating Report for Case Number 23−10764 for the Month Ending: 10/31/2023 Filed by MICHAEL D. VAGNONI on behalf of Technovative Media, Inc.. (VAGNONI, MICHAEL) (Entered: 04/02/2024) |
| 04/02/2024 | | 615 | Chapter 11 Monthly Operating Report for Case Number 23−10764 for the Month Ending: 11/30/2023 Filed by MICHAEL D. VAGNONI on behalf of Technovative Media, Inc.. (VAGNONI, MICHAEL) (Entered: 04/02/2024) |
| 04/02/2024 | | 616 | Chapter 11 Monthly Operating Report for Case Number 23−10764 for the Month Ending: 02/29/2024 Filed by MICHAEL D. VAGNONI on behalf of Technovative Media, Inc.. (VAGNONI, MICHAEL) (Entered: 04/02/2024) |
| 04/02/2024 | | 617 | Chapter 11 Monthly Operating Report for the Month Ending: 02/29/2024 Filed by MICHAEL D. VAGNONI on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Attachments) (VAGNONI, MICHAEL) (Entered: 04/02/2024) |

| | | | |
|---|---|---|---|
| 04/03/2024 | | 618 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 612)). No. of Notices: 216. Notice Date 04/03/2024. (Admin.) (Entered: 04/04/2024) |
| 04/04/2024 | | 619 | Status Hearing Held and concluded. (B., Pamela) (Entered: 04/04/2024) |
| 04/11/2024 | | 620 | Withdrawal of Appearance of Brittany S. Ogden of Quarles & Brady LLP as pro hac vice Counsel and entry of appearance of Filed by DAVIS LEE WRIGHT on behalf of SLS Holdings VI, LLC. (WRIGHT, DAVIS) (Entered: 04/11/2024) |
| 04/11/2024 | | 621 | Withdrawal of Appearance of Catherine Guastello Allen of Quarles & Brady LLP as pro hac vice Counsel and entry of appearance of Filed by DAVIS LEE WRIGHT on behalf of SLS Holdings VI, LLC. (WRIGHT, DAVIS) (Entered: 04/11/2024) |
| 04/11/2024 | | 622 | Withdrawal of Appearance of Sargina M. Desargones of Quarles & Brady LLP as pro hac vice Counsel and entry of appearance of Filed by DAVIS LEE WRIGHT on behalf of SLS Holdings VI, LLC. (WRIGHT, DAVIS) (Entered: 04/11/2024) |
| 04/26/2024 | | 623 | Notice of Change of Address *for J. von der Heydt, Esq.* Filed by JENNIFER R. HOOVER on behalf of Trans World International, LLC. (HOOVER, JENNIFER) (Entered: 04/26/2024) |
| 05/02/2024 | | 624 | Application to Employ Capstone Capital Markets LLC as Investment Banker *to the Chapter 11 Trustee* Filed by WILLIAM A. HOMONY Represented by MICHAEL D. VAGNONI (Counsel). (Attachments: # 1 Exhibit A, Declaration of J. Lisac # 2 Exhibit B, Engagement Agreement # 3 Proposed Order # 4 Certificate of Service) (VAGNONI, MICHAEL) (Entered: 05/02/2024) |
| 05/02/2024 | | 625 | Notice of (related document(s): 624 Application to Employ Capstone Capital Markets LLC as Investment Banker *to the Chapter 11 Trustee*) Filed by WILLIAM A. HOMONY. (VAGNONI, MICHAEL) (Entered: 05/02/2024) |
| 05/02/2024 | | 626 | Chapter 11 Monthly Operating Report for the Month Ending: 03/31/2024 Filed by MICHAEL D. VAGNONI on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Attachments) (VAGNONI, MICHAEL) (Entered: 05/02/2024) |
| 05/02/2024 | | 627 | Chapter 11 Monthly Operating Report for Case Number 23–10764 for the Month Ending: 03/31/2024 Filed by MICHAEL D. VAGNONI on behalf of Technovative Media, Inc.. (VAGNONI, MICHAEL) (Entered: 05/02/2024) |
| 05/02/2024 | | 628 | Objection to Claim Number 6, 9 and 14 by Claimant Hawk Investment Holdings Ltd. (6), SLS Holdings VI, LLC (9), and SeeCubic, Inc. (14). Filed by Rembrandt 3D Holding Ltd.. (Attachments: # 1 Exhibit 1 – Proposed Order # 2 Exhibit 2)(DEMARCO, ANDREW) (Entered: 05/02/2024) |
| 05/02/2024 | | 629 | Notice of Objection to claim Filed by Rembrandt 3D Holding Ltd. (related document(s)628). (DEMARCO, ANDREW) (Entered: 05/02/2024) |
| 05/06/2024 | | 630 | |

| | | | |
|---|---|---|---|
| | | | Motion to Approve Compromise under Rule 9019 Filed by WILLIAM A. HOMONY Represented by MICHAEL D. VAGNONI (Counsel). (Attachments: # 1 Exhibit A, Sharing and Carve–Out Agreement # 2 Proposed Order # 3 Certificate of Service) (VAGNONI, MICHAEL) (Entered: 05/06/2024) |
| 05/06/2024 | | 631 | Notice of (related document(s): 630 Motion to Approve Compromise under Rule 9019 ) Filed by WILLIAM A. HOMONY. Hearing scheduled 6/26/2024 at 12:30 PM at Courtroom #4. (VAGNONI, MICHAEL) (Entered: 05/06/2024) |
| 05/08/2024 | | 632 | Certificate of Service Filed by BMC Group Inc. (related document(s)630, 631). (Ordaz, Steven) (Entered: 05/08/2024) |
| 05/09/2024 | | 633 | Objection to Application to Employ filed by Trustee WILLIAM A. HOMONY *Capstone Capital Markets LLC as Investment Banker* Filed by Visual Semiconductor, Inc. (related document(s)624). (Attachments: # 1 Exhibit Email from Counsel to Trustee to Counsel for VSI, dated May 3, 2024) (BASKIN, LESLIE) (Entered: 05/09/2024) |
| 05/09/2024 | | 634 | Amended Notice of Objection to claim Filed by Rembrandt 3D Holding Ltd. (related document(s)628). Hearing scheduled 6/26/2024 at 11:00 AM at Courtroom #4 . (DEMARCO, ANDREW) Modified on 5/10/2024 (R., Donna). Modified on 5/10/2024 (R., Donna). (Entered: 05/09/2024) |
| 05/09/2024 | | 635 | Objection to Application to Employ filed by Trustee WILLIAM A. HOMONY Filed by Rembrandt 3D Holding Ltd. (related document(s)624). (DEMARCO, ANDREW) (Entered: 05/09/2024) |
| 05/10/2024 | | 636 | Hearing Set 633 . Objection to Application to Employ by Trustee WILLIAM A. HOMONY *Capstone Capital Markets LLC as Investment Banker Filed by Visual Semiconductor, Inc. (related document(s)624). 635 Objection to Application to Employ filed by Creditor Rembrandt 3D Holding Ltd.. Hearing scheduled 6/5/2024 at 11:00 AM at Courtroom #4. (R., Donna) (Entered: 05/10/2024)* |
| 05/12/2024 | | 637 | BNC Certificate of Mailing – Hearing Set. Number of Notices Mailed: (related document(s) (Related Doc # 636)). No. of Notices: 1. Notice Date 05/12/2024. (Admin.) (Entered: 05/13/2024) |
| 05/14/2024 | | 638 | Amended Notice of (related document(s): 630 Motion to Approve Compromise under Rule 9019 ) Filed by WILLIAM A. HOMONY. Hearing scheduled 6/5/2024 at 11:00 AM at Courtroom #4. (VAGNONI, MICHAEL) (Entered: 05/14/2024) |
| 05/16/2024 | | 639 | Response to Objection to Claim filed by Creditor Rembrandt 3D Holding Ltd. *Hawk Investment Holdings Ltd.'s Response to Rembrandt 3D Holding Ltd.'s Objection to Proofs of Claim No. 6 Filed by Hawk Investment Holdings Ltd., As Collateral Agent, No. 9 Filed by SLS Holdings VI, LLC, and No. 14 Filed by SeeCubic, Inc.* Filed by Hawk Investment Holdings Ltd. (related document(s)628). (Caponi, Steven) (Entered: 05/16/2024) |
| 05/16/2024 | | 640 | Response to Objection to Claim filed by Creditor Rembrandt 3D Holding Ltd. *// SLS Holdings VI, LLC's Response to Rembrandt 3D Holding Ltd.'s Objection to Proofs of Claim No. 6 Filed by Hawk Investment Holdings Ltd., "As Collateral Agent", No. 9 Filed by SLS Holdings VI, LLC, and No. 14 Filed by SeeCubic, Inc.* Filed by SLS Holdings VI, LLC (related document(s)628). (WRIGHT, DAVIS) (Entered: 05/16/2024) |

| | | | |
|---|---|---|---|
| 05/17/2024 | | 641 | Certificate of Service Filed by BMC Group Inc. (related document(s)638). (Ordaz, Steven) (Entered: 05/17/2024) |
| 05/20/2024 | | 642 | Objection to Motion to Approve Compromise under Rule 9019 filed by Trustee WILLIAM A. HOMONY Filed by Visual Semiconductor, Inc. (related document(s)630). (Attachments: # 1 Exhibit A – Copy of Asset List VSI Provided to Trustee # 2 Exhibit B – True and Correct Excerpts of Debtor's 8–12–2023 Complaint # 3 Exhibit C – True and correct copy of VSI Proposal dated 5–19–2024 # 4 Exhibit D – True and correct copy of Cystar Purchase Order # 5 Exhibit E – True and Correct Copy of SoTel Purchase Order # 6 Service List) (BASKIN, LESLIE) (Entered: 05/20/2024) |
| 05/20/2024 | | 643 | Objection to Motion to Approve Compromise under Rule 9019 filed by Trustee WILLIAM A. HOMONY Filed by Rembrandt 3D Holding Ltd. (related document(s)630). (Attachments: # 1 Affidavit of Christopher A. Michaels # 2 Exhibit 1 # 3 Exhibit 2 # 4 Proposed Order) (DEMARCO, ANDREW) (Entered: 05/20/2024) |
| 05/20/2024 | | 655 | Letter from Filed by MWL International limited (R., Donna) (Entered: 06/10/2024) |
| 05/29/2024 | | 644 | Chapter 11 Monthly Operating Report for the Month Ending: 04/30/2024 Filed by MICHAEL D. VAGNONI on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Attachments) (VAGNONI, MICHAEL) (Entered: 05/29/2024) |
| 05/29/2024 | | 645 | Chapter 11 Monthly Operating Report for Case Number 23–10764 for the Month Ending: 04/30/2024 Filed by MICHAEL D. VAGNONI on behalf of Technovative Media, Inc.. (VAGNONI, MICHAEL) (Entered: 05/29/2024) |
| 05/30/2024 | | 646 | Motion for Turnover of Property *and Entry of an Order Enforcing the Automatic Stay* Filed by WILLIAM A. HOMONY Represented by MICHAEL D. VAGNONI (Counsel). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E – Proposed Order) (VAGNONI, MICHAEL) (Entered: 05/30/2024) |
| 05/30/2024 | | 647 | Notice of (related document(s): 646 Motion for Turnover of Property *and Entry of an Order Enforcing the Automatic Stay*) Filed by WILLIAM A. HOMONY. Hearing scheduled 6/26/2024 at 11:00 AM at Courtroom #4. (VAGNONI, MICHAEL) (Entered: 05/30/2024) |
| 06/03/2024 | | 648 | Declaration re: *(Supplemental) Declaration of Proposed Investment Banker* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)624). (VAGNONI, MICHAEL) (Entered: 06/03/2024) |
| 06/03/2024 | | 649 | Certificate of Service Filed by BMC Group Inc. (related document(s)646, 647). (Ordaz, Steven) (Entered: 06/03/2024) |
| 06/04/2024 | | 650 | Response to Objection to Claim filed by Creditor Rembrandt 3D Holding Ltd., Response filed by Creditor Hawk Investment Holdings Ltd., Response filed by Interested Party SLS Holdings VI, LLC Filed by WILLIAM A. HOMONY (related document(s)640, 628, 639). (VAGNONI, MICHAEL) (Entered: 06/04/2024) |
| 06/05/2024 | | 651 | |

| | | | |
|---|---|---|---|
| | | | Evidentiary Hearing Held on 630 Motion to Approve Compromise under Rule 9019 Filed by WILLIAM A. HOMONY. Order entered granting motion. (B., Pamela) (Entered: 06/06/2024) |
| 06/05/2024 | | 666 | **DOCKETED IN ERROR***Hearing Continued on 635 Objection Filed by Rembrandt 3D Holding Ltd.. Hearing scheduled 06/19/2024 at 11:30 AM at Philadelphia Telephone Hearing. (B., Pamela) Modified on 6/17/2024 (B., Pamela). (Entered: 06/17/2024) |
| 06/05/2024 | | 667 | Hearing Continued on 633 Objection Filed by Visual Semiconductor, Inc.. Hearing scheduled 06/18/2024 at 11:30 AM at Philadelphia Telephone Hearing. (B., Pamela) (Entered: 06/17/2024) |
| 06/05/2024 | | 668 | Hearing Continued on 635 Objection Filed by Rembrandt 3D Holding Ltd.. Hearing scheduled 06/18/2024 at 11:30 AM at Philadelphia Telephone Hearing. (B., Pamela) (Entered: 06/17/2024) |
| 06/06/2024 | | 652 | Hearing Continued on 646 Motion for Turnover of Property Filed by WILLIAM A. HOMONY. Hearing scheduled 07/15/2024 at 10:00 AM at Philadelphia Video Hearing. (B., Pamela) (Entered: 06/06/2024) |
| 06/06/2024 | | 653 | Order Granting Motion to Approve Compromise under Rule 9019 (Related Doc # 630) (R., Donna) (Entered: 06/07/2024) |
| 06/09/2024 | | 654 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 653)). No. of Notices: 1. Notice Date 06/09/2024. (Admin.) (Entered: 06/10/2024) |
| 06/11/2024 | | 656 | Withdrawal of Appearance of Leslie B. Baskin and entry of appearance of Unknown Filed by LESLIE BETH BASKIN on behalf of Visual Semiconductor, Inc.. (BASKIN, LESLIE) (Entered: 06/11/2024) |
| 06/12/2024 | | 657 | Motion to Withdraw as Attorney Filed by Visual Semiconductor, Inc. Represented by LESLIE BETH BASKIN (Counsel). (Attachments: # 1 Exhibit Ex A # 2 Service List Cert of Service # 3 Proposed Order Proposed Order) (BASKIN, LESLIE) (Entered: 06/12/2024) |
| 06/12/2024 | | 658 | Motion to Expedite Hearing (related documents Motion to Withdraw as Attorney) , Filed by Visual Semiconductor, Inc. Represented by Self(Counsel) (related document(s)657) . (R., Donna) (Entered: 06/12/2024) |
| 06/13/2024 | | 659 | Order Granting Expedited Hearing re:657 Motion to Withdraw as Attorney Filed by Visual Semiconductor, Inc. Represented by LESLIE BETH BASKIN (Counsel). . Hearing scheduled 6/18/2024 at 11:30 AM at Philadelphia Telephone Hearing. (R., Donna) (Entered: 06/13/2024) |
| 06/13/2024 | | 660 | Amended Motion (related document(s): Motion to Withdraw as Attorney filed by Debtor In Possession Visual Semiconductor, Inc., Motion to Expedite Hearing (related documents Motion to Withdraw as Attorney) filed by Debtor In Possession Visual Semiconductor, Inc., Motion to Withdraw as Attorney) *Attaching Affidavits of Maneen and Rajan* Filed by Visual Semiconductor, Inc. Represented by LESLIE BETH BASKIN (Counsel) (related document(s)658, 657). (Attachments: # 1 Exhibit N. Maneen and M. Rajan Affidavits # 2 Service List) (BASKIN, LESLIE) (Entered: 06/13/2024) |
| 06/13/2024 | | 661 | |

| | | | |
|---|---|---|---|
| | | | Objection to Application to Employ filed by Trustee WILLIAM A. HOMONY Filed by United States Trustee (related document(s)624). (Attachments: # 1 Service List) (CALLAHAN, KEVIN) (Entered: 06/13/2024) |
| 06/13/2024 | | 662 | Document in re: *Service Requirements Concerning the Motion of SGRV Allowing it to Withdrawal s Counsel for Visual Semiconductor, Inc. Pursuant to Court's Order dated June 13, 2024* Filed by LESLIE BETH BASKIN on behalf of Visual Semiconductor, Inc. (related document(s)658, 657). (Attachments: # 1 Service List Certificate of Service) (BASKIN, LESLIE) (Entered: 06/13/2024) |
| 06/14/2024 | | 663 | Limited Objection to Motion to Withdraw as Attorney filed by Debtor In Possession Visual Semiconductor, Inc., Motion to Expedite Hearing filed by Debtor In Possession Visual Semiconductor, Inc., Motion to Withdraw as Attorney Filed by Hawk Investment Holdings Ltd. (related document(s)658, 657). (Caponi, Steven) (Entered: 06/14/2024) |
| 06/15/2024 | | 664 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 659)). No. of Notices: 1. Notice Date 06/15/2024. (Admin.) (Entered: 06/16/2024) |
| 06/17/2024 | | 665 | Hearing Continued on 646 Motion for Turnover of Property Filed by WILLIAM A. HOMONY. Hearing scheduled 08/12/2024 at 10:00 AM at Philadelphia Video Hearing. (B., Pamela) (Entered: 06/17/2024) |
| 06/17/2024 | | 669 | Hearing Set 661 Objection to Application to Employ filed by Trustee WILLIAM A. HOMONY Filed by United States Trustee (related document(s)624). (Attachments: # 1 Service List) filed by U.S. Trustee United States Trustee. Hearing scheduled 6/18/2024 at 11:30 AM at Philadelphia Telephone Hearing. (B., Pamela) (Entered: 06/17/2024) |
| 06/17/2024 | | 670 | Transcript regarding hearing held on 6/05/2024. Transcribed by TheRecordXchange. 96 total pages including Certification of Transcriber. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [To request a copy of a restricted transcript, please contact the transcriber TheRecordXchange at 800–406–1290]. Notice of Intent to Request Redaction Deadline Due By 6/24/2024. Redaction Request Due By 7/8/2024. Redacted Transcript Submission Due By 7/18/2024. Transcript access will be restricted through 9/16/2024. (Barbetta, John) (Entered: 06/17/2024) |
| 06/17/2024 | | 671 | Proposed Order Re: *Denying Objection of Rembrandt 3D Holding Ltd. to Proofs of Claim Nos. 6, 9, and 14* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)628). (VAGNONI, MICHAEL) (Entered: 06/17/2024) |
| 06/18/2024 | | 672 | Notice of Appearance and Request for Notice *Notice of Appearance and Demand for Service of Papers* by Donald N. David Filed by Donald N. David on behalf of Visual Semiconductor, Inc.. (David, Donald) (Entered: 06/18/2024) |
| 06/18/2024 | | 673 | Hearing Held on 657 Motion to Withdraw as Attorney Filed by Visual Semiconductor, Inc.. Order entered. (B., Pamela) (Entered: 06/18/2024) |
| 06/18/2024 | | 674 | Hearing Held on 661 Objection Filed by United States Trustee. Order to be submitted. (B., Pamela) (Entered: 06/18/2024) |

| 06/18/2024 | | 675 | Hearing Held on 633 Objection Filed by Visual Semiconductor, Inc.. Objection withdrawn. (B., Pamela) (Entered: 06/18/2024) |
| 06/18/2024 | | 676 | Hearing Held on 635 Objection Filed by Rembrandt 3D Holding Ltd.. Objection overruled. (B., Pamela) (Entered: 06/18/2024) |
| 06/18/2024 | | 677 | Motion to Appear pro hac vice on behalf of Randall Adam Swick Filed by Visual Semiconductor, Inc. Represented by Donald N. David (Counsel). (Attachments: # 1 Proposed Order Proposed Order) (David, Donald) (Entered: 06/18/2024) |
| 06/18/2024 | | 678 | Objection to Motion for Turnover of Property filed by Trustee WILLIAM A. HOMONY Filed by Visual Semiconductor, Inc. (related document(s)646). (Attachments: # 1 Declaration of Mathu Rajan # 2 Exhibit A # 3 Exhibit B # 4 Exhibit C # 5 Exhibit D # 6 Exhibit E # 7 Exhibit F # 8 Exhibit G # 9 Exhibit H # 10 Exhibit I # 11 Exhibit J # 12 Exhibit K # 13 Exhibit L) (David, Donald) (Entered: 06/18/2024) |
| 06/20/2024 | | 679 | Order Denying Rembrandt 3D Holding LTD.'s Objection to Proofs of Claims #:6 filed by Hawk Investment Holdings LTD as Collateral Agent, ,9 Filed by SLS Holdings VI, LLC, and No. 14 filed by SeeCubic, Inc.(related document(s)628). The Objection is Denied as moot. (K., Marie) (Entered: 06/20/2024) |
| 06/20/2024 | | 680 | *Docket in error**Please see Order#679** Reclassify Claim(s) No. 6,9,14. Proof of Claim Status changed to: Disallow. (related document(s)679). (K., Marie) Modified on 6/20/2024 (K., Marie). (Entered: 06/20/2024) |
| 06/20/2024 | | 681 | *Docket in error**Please see Order#679** at doc.#Reclassify Claim(s) No. 6. Proof of Claim Status changed to: Disallow. Filed by Hawk Investment Holdings Ltd. (related document(s)679). (K., Marie) *This entry was Modified on 6/20/2024–See Corrective Entry Entered 6–20–2024* (K., Marie). (Entered: 06/20/2024) |
| 06/20/2024 | | 682 | Order Granting Motion of Spector Gadon Rosen Vinci P.C. to withdrawal as counsel of record for Visual Semiconductor Inc.. Effective as of June 11, 2024. (Related Doc # 660) (K., Marie) (Entered: 06/20/2024) |
| 06/20/2024 | | | Receipt Number APAEDC–17548305, Fee Amount $75.00 re: Pro Hac Vice Motion filed for Attorney Randall Adam Swick sponsored by Donald David. (related document(s)677). (K., Marie) (Entered: 06/20/2024) |
| 06/20/2024 | | | Corrective Entry re: Doc.#681 Reclassify Claim(s) No. 6. Proof of Claim Status changed to: Disallow. Filed by Hawk Investment Holdings Ltd. **This was Docketed in Error and should be Disregarded. Please See Order that is correct at doc.#679. (related document(s) 681 ). (K., Marie) (Entered: 06/20/2024) |
| 06/20/2024 | | 683 | Proposed Order re Dkt. 677 Filed by Donald N. David on behalf of Visual Semiconductor, Inc.. (David, Donald*) Modified on 6/20/2024 to remove the wording "Brief" to reflect PDF* (K., Marie). (Entered: 06/20/2024) |
| 06/20/2024 | | 684 | Motion to Appear pro hac vice on behalf of John H. Thompson Filed by Visual Semiconductor, Inc. Represented by Donald N. David (Counsel). (Attachments: # 1 Proposed Order # 2 Proposed Order) (David, Donald) (Entered: 06/20/2024) |

| | | | |
|---|---|---|---|
| 06/20/2024 | | 685 | Notice of Appeal to District Court. . Fee Amount $298.00 Filed by Rembrandt 3D Holding Ltd. (related document(s)653). Appellant Designation due by 07/5/2024. Transmission of record on appeal to District Court Due Date:07/18/2024. (Attachments: # 1 Exhibit Order Granting a Motion to Approve Compromise under Rule 9019)(DEMARCO, ANDREW) (Entered: 06/20/2024) |
| 06/20/2024 | | | Receipt of Notice of Appeal( 23–10763–amc) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number A25803060. Fee Amount $ 298.00. (re: Doc# 685) (U.S. Treasury) (Entered: 06/20/2024) |
| 06/20/2024 | | 686 | Motion to Reconsider (related documents Order on Motion to Approve Compromise under Rule 9019) Filed by Visual Semiconductor, Inc. Represented by Donald N. David (Counsel) (related document(s)653). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C) (David, Donald) (Entered: 06/20/2024) |
| 06/21/2024 | | | Receipt Number APAEDC–17551763, Fee Amount $75.00 (related document(s)684). (R., Donna) (Entered: 06/21/2024) |
| 06/21/2024 | | 687 | Courts Certificate of Service Re: Notice of Appeal filed by Creditor Rembrandt 3D Holding Ltd.. The following Party(s) have been notified: Case Judge – via email Case Trustee – via CM/ECF Debtor – via Regular mail through the BNC Debtors Counsel – via CM/ECF Office of the U.S. Trustee – via CM/ECF U.S. District Court – via email Attorney Sean M. Brennecke Counsel for Debtors Stream TV Networks Inc. and Technovative Media Inc; Attorney Scott D. Cousins Counsel for Debtors; Attorney Bennett G. Fisher Counsel for Debtors; Attorney Michael D. Vagnoni Counsel for Debtors; Attorney Rafael X. Zahralddin Counsel for Debtors; Attorney Donald N. David Counsel for Creditor Visual Semiconductor Inc.; Attorney R. Adam Swick Counsel for Creditor Visual Semiconductor Inc.; Attorney John H. Thompson Counsel for Creditor Visual Semiconductor Inc.; – via Regular mail through the BNC (related document(s)653). (R., Donna) (Entered: 06/21/2024) |
| 06/21/2024 | | 688 | Amended Courts Certificate of Service Re: Notice of Appeal filed by Creditor Rembrandt 3D Holding Ltd.. The following Party(s) have been notified: Case Judge – via email Case Trustee – via CM/ECF Debtor – via Regular mail through the BNC Debtors Counsel – via CM/ECF Office of the U.S. Trustee – via CM/ECF U.S. District Court – via email Attorney Sean M. Brenneck Counsel for Debtors Stream TV Networks, Inc and Technovative Media Inc.; Attorney Scott D. Cousins Counsel for Debtors; Attorney Michael D. Vagnoni Counsel for Debtor; Attorney Donald N. David Counsel for Creditor Visual Semiconductor Inc.; R. Adams Swick Counsel for Creditor Visual Semiconductor Inc. John H. Thompson Counsel for Creditor Semiconductor Inc. – via Regular mail through the BNC (related document(s)685). (R., Donna) Modified on 6/21/2024 (R., Donna). Additional attachment(s) added on 6/21/2024 (R., Donna). (Entered: 06/21/2024) |
| 06/21/2024 | | 689 | Transmission of Record on Appeal to District Court (related document(s)685). (R., Donna) (Entered: 06/21/2024) |
| 06/21/2024 | | 690 | Notice of Docketing Record on Appeal to District Court. Civil Action No.24cv–2727 Assigned to Judge John M. Gallagher ( 0313224027270) (related document(s)685). (R., Donna) (Entered: 06/21/2024) |
| 06/22/2024 | | 691 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 679)). No. of Notices: 2. Notice Date 06/22/2024. |

| | | | |
|---|---|---|---|
| | | | (Admin.) (Entered: 06/23/2024) |
| 06/22/2024 | | 692 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 682)). No. of Notices: 1. Notice Date 06/22/2024. (Admin.) (Entered: 06/23/2024) |
| 06/23/2024 | | 693 | BNC Certificate of Mailing –Court's Certificate of Mailing or Service. Number of Notices Mailed: (related document(s) (Related Doc # 688)). No. of Notices: 1. Notice Date 06/23/2024. (Admin.) (Entered: 06/24/2024) |
| 06/24/2024 | | 694 | Chapter 11 Monthly Operating Report for the Month Ending: 05/31/2024 Filed by MICHAEL D. VAGNONI on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Attachments) (VAGNONI, MICHAEL) (Entered: 06/24/2024) |
| 06/24/2024 | | 695 | Chapter 11 Monthly Operating Report for Case Number 23–10764 for the Month Ending: 05/31/2024 Filed by MICHAEL D. VAGNONI on behalf of Technovative Media, Inc.. (Attachments: # 1 Attachments) (VAGNONI, MICHAEL) (Entered: 06/24/2024) |
| 06/24/2024 | | 696 | Order granting 677 Motion for RANDALL ADAM SWICK to appear Pro Hac Vice on behalf of Visual Semiconductor, Inc. (Barbetta, John) (Entered: 06/24/2024) |
| 06/24/2024 | | 697 | Order granting 684 Motion for JOHN H. THOMPSON to appear Pro Hac Vice on behalf of Visual Semiconductor, Inc. (Barbetta, John) (Entered: 06/24/2024) |
| 06/26/2024 | | 698 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 696)). No. of Notices: 24. Notice Date 06/26/2024. (Admin.) (Entered: 06/27/2024) |
| 06/26/2024 | | 699 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 697)). No. of Notices: 24. Notice Date 06/26/2024. (Admin.) (Entered: 06/27/2024) |
| 07/05/2024 | | 700 | Objection to Motion to Reconsider filed by Creditor Visual Semiconductor, Inc. Filed by WILLIAM A. HOMONY (related document(s)686). (Attachments: # 1 Proposed Order # 2 Service List) (VAGNONI, MICHAEL) (Entered: 07/05/2024) |
| 07/10/2024 | | 701 | Bond *Rider bond $1,207,500.00* Filed by United States Trustee. (WARD, HUGH) (Entered: 07/10/2024) |
| 07/10/2024 | | 702 | Notice of (related document(s): 686 Motion to Reconsider (related documents Order on Motion to Approve Compromise under Rule 9019) ) Filed by Visual Semiconductor, Inc.. Hearing scheduled 8/14/2024 at 11:00 AM at Courtroom #4. (SWICK, RANDALL) (Entered: 07/10/2024) |
| 07/10/2024 | | 703 | Certificate of Service Filed by RANDALL ADAM SWICK on behalf of Visual Semiconductor, Inc. (related document(s)702). (SWICK, RANDALL) (Entered: 07/10/2024) |
| 07/19/2024 | | 704 | Transmission of Record on Appeal to District Court (related document(s)685). (R., Donna) (Entered: 07/19/2024) |

| | | | |
|---|---|---|---|
| 07/19/2024 | | <u>705</u> | Appellee Designation of Contents for Inclusion in Record of Appeal Filed by WILLIAM A. HOMONY (related document(s)<u>685</u>). (VAGNONI, MICHAEL) (Entered: 07/19/2024) |
| 07/19/2024 | | <u>706</u> | District Court Receipt of Record on Appeal Civil Action No. 24−cv−2727(related document(s)<u>685</u>). (R., Donna) (Entered: 07/22/2024) |
| 07/22/2024 | | <u>707</u> | Electronic Transmission of Supplemental Designation of Record on Appeal to District Court (related document(s)<u>705</u>). (R., Donna) (Entered: 07/22/2024) |
| 07/22/2024 | | <u>708</u> | Chapter 11 Monthly Operating Report for the Month Ending: 06/30/2024 Filed by MICHAEL D. VAGNONI on behalf of Stream TV Networks, Inc.. (Attachments: # <u>1</u> Attachments) (VAGNONI, MICHAEL) (Entered: 07/22/2024) |
| 07/22/2024 | | <u>709</u> | Chapter 11 Monthly Operating Report for Case Number 23−10764 for the Month Ending: 06/30/2024 Filed by MICHAEL D. VAGNONI on behalf of Technovative Media, Inc.. (Attachments: # <u>1</u> Attachments) (VAGNONI, MICHAEL) (Entered: 07/22/2024) |
| 07/24/2024 | | <u>710</u> | District Court Receipt of Appellee's Designation of Contents for Inclusion in Record of Appeal . Civil # 24−2727.(related document(s)<u>705</u>, <u>707</u>). (K., Marie) (Entered: 07/24/2024) |
| 07/26/2024 | | <u>711</u> | Praecipe to Withdraw *Application of the Chapter 11 Trustee to Employ Capstone Capital Markets LLC as Investment Banker* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)<u>624</u>). (Attachments: # <u>1</u> Certificate of Service) (VAGNONI, MICHAEL) (Entered: 07/26/2024) |
| 07/26/2024 | | <u>712</u> | Notice to Take Deposition of: William A. Homony as the Chapter 11 Trustee *Subpoena Duces Tecum* Filed by Visual Semiconductor, Inc.. (SWICK, RANDALL) (Entered: 07/26/2024) |
| 08/07/2024 | | 713 | Hearing Continued on <u>646</u> Motion for Turnover of Property Filed by WILLIAM A. HOMONY. Hearing scheduled 10/04/2024 at 10:00 AM at Philadelphia Video Hearing. (B., Pamela) (Entered: 08/07/2024) |
| 08/07/2024 | | 714 | Hearing Continued on <u>686</u> Motion to Reconsider Filed by Visual Semiconductor, Inc.. Hearing scheduled 10/04/2024 at 10:00 AM at Philadelphia Video Hearing. (B., Pamela) (Entered: 08/07/2024) |
| 08/14/2024 | | <u>715</u> | Application to Employ SSG Advisors, LLC as Investment Banker *to the Chapter 11 Trustee* Filed by WILLIAM A. HOMONY Represented by MICHAEL D. VAGNONI (Counsel). (Attachments: # <u>1</u> Exhibit A, Engagement Agreement # <u>2</u> Declaration of J. Scott Victor # <u>3</u> Proposed Order # <u>4</u> Certificate of Service) (VAGNONI, MICHAEL) (Entered: 08/14/2024) |
| 08/14/2024 | | <u>716</u> | Notice of (related document(s): <u>715</u> Application to Employ SSG Advisors, LLC as Investment Banker *to the Chapter 11 Trustee*) Filed by WILLIAM A. HOMONY. (VAGNONI, MICHAEL) (Entered: 08/14/2024) |
| 08/21/2024 | | <u>717</u> | Limited Objection to Application to Employ filed by Trustee WILLIAM A. HOMONY Filed by Visual Semiconductor, Inc. (related document(s)<u>715</u>). (Attachments: # <u>1</u> Exhibit A # <u>2</u> Exhibit B # <u>3</u> Exhibit |

| | | | |
|---|---|---|---|
| | | | C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G) (SWICK, RANDALL) (Entered: 08/21/2024) |
| 08/24/2024 | | 718 | Amended Notice to Take Deposition of: WILLIAM A. HOMONY AS THE CHAPTER 11 TRUSTEE Filed by Visual Semiconductor, Inc.. (SWICK, RANDALL) (Entered: 08/24/2024) |
| 08/27/2024 | | 719 | Notice of Appearance and Request for Notice by JEFFREY KURTZMAN Filed by JEFFREY KURTZMAN on behalf of SSG Advisors, LLC. (KURTZMAN, JEFFREY) (Entered: 08/27/2024) |
| 08/27/2024 | | 720 | Chapter 11 Monthly Operating Report for the Month Ending: 07/31/2024 Filed by MICHAEL D. VAGNONI on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Attachments) (VAGNONI, MICHAEL) (Entered: 08/27/2024) |
| 08/27/2024 | | 721 | Chapter 11 Monthly Operating Report for Case Number 23−10764 for the Month Ending: 07/31/2024 Filed by MICHAEL D. VAGNONI on behalf of Technovative Media, Inc.. (Attachments: # 1 Attachments) (VAGNONI, MICHAEL) (Entered: 08/27/2024) |
| 08/28/2024 | | 722 | Application for Compensation / Local Rule 2016−5 Sixth Request for Payment on Account for Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard & Smith LLP, Counsel for the Debtors, for the Periods December 1, 2023 through December 31, 2023 and January 1, 2024 through January 15, 2024 for Lewis Brisbois Bisgaard & Smith LLP, Debtor's Attorney, Period: 12/1/2023 to 1/15/2024, Fee: $457,400.00, Expenses: $9,376.77. Filed by RAFAEL X. ZAHRALDDIN Represented by Self(Counsel). (Attachments: # 1 Exhibit A # 2 Exhibit B) (ZAHRALDDIN, RAFAEL) Modified on 11/15/2024 to reopen (W., Belinda). (Entered: 08/28/2024) |
| 08/28/2024 | | 723 | Final Application for Compensation for Lewis Brisbois Bisgaard & Smith LLP, Debtor's Attorney, Period: 3/15/2023 to 1/15/2024, Fee: $2,928,159.00, Expenses: $49,799.10. Filed by RAFAEL X. ZAHRALDDIN Represented by Self(Counsel). (Attachments: # 1 Exhibit A) (ZAHRALDDIN, RAFAEL) Modified on 11/15/2024 to reopen (W., Belinda). (Entered: 08/28/2024) |
| 08/29/2024 | | 724 | Expedited Motion to Quash and for Protective Order Filed by WILLIAM A. HOMONY Represented by ANDREW J. BELLI, STEVEN M. COREN, MICHAEL D. VAGNONI (Counsel). (Attachments: # 1 Proposed Order for Expedited Consideration # 2 Proposed Order) (VAGNONI, MICHAEL) Additional attachment(s) added on 10/25/2024 (S., Antoinette). (Entered: 08/29/2024) |
| 08/29/2024 | | 725 | Expedited Motion to Withdraw Motion for Entry of an Automatic Stay (D.I. #646) Order Enforcing the Filed by WILLIAM A. HOMONY Represented by ANDREW J. BELLI, STEVEN M. COREN, MICHAEL D. VAGNONI (Counsel). (Attachments: # 1 Exhibit A # 2 Proposed Order for Expedited Consideration # 3 Proposed Order) (VAGNONI, MICHAEL) (Entered: 08/29/2024) |
| 08/30/2024 | | 726 | Order Granting re:724 Expedited Motion to Quash and for Protective Order, 725 Granting Expedited Motion to Withdraw Motion for Entry of an Automatic Stay (D.I. #646) Order Enforcing the Hearing scheduled 9/18/2024 at 11:00 AM at Courtroom #4. (R., Donna) (Entered: 08/30/2024) |

| | | | |
|---|---|---|---|
| 09/01/2024 | | 727 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 726)). No. of Notices: 1. Notice Date 09/01/2024. (Admin.) (Entered: 09/02/2024) |
| 09/04/2024 | | 728 | Objection to Motion to Quash filed by Trustee WILLIAM A. HOMONY, Generic Motion filed by Trustee WILLIAM A. HOMONY *and Motion to Compel* Filed by Visual Semiconductor, Inc. (related document(s)724, 725). (Attachments: # 1 Exhibit A – Declaration of Mark Walpole # 2 Exhibit B – Declaration of John H Thompson) (SWICK, RANDALL) (Entered: 09/04/2024) |
| 09/04/2024 | | 729 | Motion to Appear pro hac vice on behalf of Leif M. Clark Filed by Visual Semiconductor, Inc. Represented by Donald N. David (Counsel). (Attachments: # 1 Proposed Order) (David, Donald) (Entered: 09/04/2024) |
| 09/05/2024 | | | Receipt Number APAEDC–17719393, Fee Amount $75.00 (related document(s)729). (R., Donna) (Entered: 09/05/2024) |
| 09/05/2024 | | 730 | Motion to Appear pro hac vice on behalf of Mark S Lichtenstein Filed by Visual Semiconductor, Inc. Represented by Donald N. David (Counsel). (Attachments: # 1 Proposed Order) (David, Donald) (Entered: 09/05/2024) |
| 09/05/2024 | | | Receipt Number APAEDC–17722016, Fee Amount $75.00 (related document(s)730). (R., Donna) (Entered: 09/05/2024) |
| 09/06/2024 | | 731 | Order Granting Motion To Appear pro hac vice of Leif M. Clark (Related Doc # 729) (R., Donna) (Entered: 09/06/2024) |
| 09/06/2024 | | 732 | Amended Application to Employ SSG Advisors, LLC as Investment Banker Filed by WILLIAM A. HOMONY Represented by MICHAEL D. VAGNONI (Counsel). (Attachments: # 1 Exhibit A # 2 Declaration of J. Victor # 3 Proposed Order # 4 Certificate of Service) (VAGNONI, MICHAEL) (Entered: 09/06/2024) |
| 09/06/2024 | | 733 | Notice of (related document(s): 732 Amended Application to Employ SSG Advisors, LLC as Investment Banker ) Filed by WILLIAM A. HOMONY. (VAGNONI, MICHAEL) (Entered: 09/06/2024) |
| 09/10/2024 | | 734 | Order Granting Motion To Appear pro hac vice for Mark S. Lichtenstein (Related Doc # 730) (R., Donna) (Entered: 09/10/2024) |
| 09/12/2024 | | 735 | Motion to Expedite Hearing (related documents Objection) *Motion to Compel* Filed by Visual Semiconductor, Inc. Represented by RANDALL ADAM SWICK (Counsel) (related document(s)728). (Attachments: # 1 Exhibit A – Proposed Order) (SWICK, RANDALL) (Entered: 09/12/2024) |
| 09/12/2024 | | 736 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 734)). No. of Notices: 1. Notice Date 09/12/2024. (Admin.) (Entered: 09/13/2024) |
| 09/17/2024 | | 737 | Hearing Continued on 725 Generic Motion Filed by WILLIAM A. HOMONY. Hearing scheduled 10/02/2024 at 11:00 AM at Courtroom #4. (B., Pamela) (Entered: 09/17/2024) |
| 09/17/2024 | | 738 | |

| Date | | No. | Description |
|---|---|---|---|
| | | | Hearing Continued on 724 Motion to Quash Filed by WILLIAM A. HOMONY. Hearing scheduled 10/02/2024 at 11:00 AM at Courtroom #4. (B., Pamela) (Entered: 09/17/2024) |
| 09/18/2024 | | 739 | Motion to Dismiss/Withdraw Document (related document(s): Objection *Notice of Withdrawal* Filed by Visual Semiconductor, Inc. Represented by RANDALL ADAM SWICK (Counsel) (related document(s)717). (SWICK, RANDALL) (Entered: 09/18/2024) |
| 09/18/2024 | | 740 | Certificate of No Response to *Amended Application to Employ SSG Advisors, LLC* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)732). (Attachments: # 1 Exhibit A – Proposed Order) (VAGNONI, MICHAEL) (Entered: 09/18/2024) |
| 09/20/2024 | | 741 | Order Granting Application to Employ SSG Advisors,LLC (Related Doc # 732) (R., Donna) (Entered: 09/20/2024) |
| 09/20/2024 | | 742 | Proposed Consent Order RE: *and Stipulation to Extend Time to Respond to Applications for Compensation* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)723, 722). (Attachments: # 1 Proposed Consent Order) (VAGNONI, MICHAEL) (Entered: 09/20/2024) |
| 09/22/2024 | | 743 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 741)). No. of Notices: 2. Notice Date 09/22/2024. (Admin.) (Entered: 09/23/2024) |
| 09/25/2024 | | 744 | Chapter 11 Monthly Operating Report for the Month Ending: 08/31/2024 Filed by MICHAEL D. VAGNONI on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Attachments) (VAGNONI, MICHAEL) (Entered: 09/25/2024) |
| 09/25/2024 | | 745 | Chapter 11 Monthly Operating Report for Case Number 23–10764 for the Month Ending: 08/31/2024 Filed by MICHAEL D. VAGNONI on behalf of Technovative Media, Inc.. (Attachments: # 1 Attachments) (VAGNONI, MICHAEL) (Entered: 09/25/2024) |
| 09/25/2024 | | 746 | Hearing Continued on 725 Generic Motion Filed by WILLIAM A. HOMONY. Hearing scheduled 11/07/2024 at 10:00 AM at Zoom. (B., Pamela) (Entered: 09/25/2024) |
| 09/25/2024 | | 747 | Hearing Continued on 724 Motion to Quash Filed by WILLIAM A. HOMONY. Hearing scheduled 11/07/2024 at 10:00 AM at Zoom. (B., Pamela) (Entered: 09/25/2024) |
| 09/25/2024 | | 748 | Hearing Continued on 646 Motion for Turnover of Property Filed by WILLIAM A. HOMONY. Hearing scheduled 11/07/2024 at 10:00 AM at Zoom. (B., Pamela) (Entered: 09/25/2024) |
| 09/25/2024 | | 749 | Hearing Continued on 686 Motion to Reconsider Filed by Visual Semiconductor, Inc.. Hearing scheduled 11/07/2024 at 10:00 AM at Zoom. (B., Pamela) (Entered: 09/25/2024) |
| 09/30/2024 | | 750 | Expedited Motion to Approve (i) the proposed bidding procedures for soliciting bids for the Debtors Assets, (ii) the form of Asset Purchase Agreement, (iii) establishing notice procedures, (iv) approving procedures for the assumption and assignment of certain executory contracts and |

| | | | |
|---|---|---|---|
| | | | unexpired leases, (v) scheduling a hearing to approve the Sale, (vi) granting Expedited Consideration, and (vii) granting related relief; and (i) authorizing and approving the sale of the Assets, (ii) the assumption and assignment of certain executory contracts and unexpired leases, and (iii) granting related relief Filed by WILLIAM A. HOMONY Represented by MICHAEL D. VAGNONI (Counsel). (Attachments: # <u>1</u> Exhibit A, Bidding Procedures Order # <u>2</u> Exhibit B, Asset Purchase Agreement # <u>3</u> Exhibit C, Sale Order # <u>4</u> Exhibit D, Sale Notice # <u>5</u> Exhibit E, Contract Assumption Notice # <u>6</u> Proposed Order Expediting Consideration) (VAGNONI, MICHAEL) (Entered: 09/30/2024) |
| 10/01/2024 | | <u>751</u> | Certificate of Service Filed by BMC Group Inc. (related document(s)<u>750</u>). (Ordaz, Steven) (Entered: 10/01/2024) |
| 10/01/2024 | | <u>752</u> | Objection to Motion to Approve filed by Trustee WILLIAM A. HOMONY *(I) an Order (A) Approving Bidding Procedures and Form Asset Purchase Agreement for the Sale of Substantially all of the Debtors Assets Including Approval of the Provisions for Designation of a Stalking Horse, (B) Establishing the Notice Procedures and Approving the Form and Manner of Notice Thereof and scheduling and Auction, (C) Approving Procedures for Assumption and Assignment of Certain Executory Contracts and Unexpired Leases (D) Scheduling a Sale Hearing, and (E) Granting Expedited Consideration Pursuant to Local Rule of Bankruptcy Procedure 5070−1(g); and (F) Granting Related Relief and (II) an Order Approving (A) the Sale of the Debtors Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto and (C) Granting Related Relief* Filed by Visual Semiconductor, Inc. (related document(s)<u>750</u>). (SWICK, RANDALL) (Entered: 10/01/2024) |
| 10/02/2024 | | <u>753</u> | Consent Order Re: Sixth Request for Payment on Account for Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard & Smith LLP, for the periods December 1, 2023 through December 31, 2023 and January 1m, 2024 through January 15 2024 and or the Final Application of Lewis Brisbois Bisgaard & Smith LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for period from March 15, 2023 through January 15, 2024 The time within which the Trustee may file a response is extended to on or before October 28, 2024.(related document(s)<u>723</u>, <u>722</u>). (K., Marie) (Entered: 10/02/2024) |
| 10/02/2024 | | <u>754</u> | Ordered that the motion for expedited consideration of the Bid Procedures Motion pursuant to Rule 5070−1(g) of the Local Bankruptcy Rule and on October 1, 2024 Visual Semiconductor, Inc. filed an objection to the expedited consideration request, AND upon consideration of the Expedited Consideration Request and the VSI Objection thereto. It is Hereby ORDERED that the Expedited Consideration is DENIED. The Court shall hold a hearing (the Bid Procedures Hearing) on the Bid Procedures Motion on November 13, 2024 at 11:00 a.m. (ET). 3. Objections, if any, to the Bid Procedures Motion shall be filed on or before November 6, 2024(Related Doc <u>750</u>) (K., Marie) ** This entry was Modified on 10/2/2024− See Corrective Entry Entered 10−2−2024** (K., Marie). (Entered: 10/02/2024) |
| 10/02/2024 | | | Corrective Entry re: Order Denying Expedited Consideration Request of the Bid Procedures & scheduling hearing . This entry was modified to include "the Court shall hold a hearing on the Bid Procedures Motion on November 13, 2024 at 11:00am.m and Objections,in any, to the Bid Procedures Motion shall be filed on or before November 6, 2024" |

| | | | |
|---|---|---|---|
| | | | reflecting the Order/PDF. (related document(s)754). (K., Marie) (Entered: 10/02/2024) |
| 10/04/2024 | | 755 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 753)). No. of Notices: 1. Notice Date 10/04/2024. (Admin.) (Entered: 10/05/2024) |
| 10/04/2024 | | 756 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 754)). No. of Notices: 1. Notice Date 10/04/2024. (Admin.) (Entered: 10/05/2024) |
| 10/10/2024 | | 757 | Amended Schedule E/F: Creditors Who Have Unsecured Claims Fee Amount $34 Filed by MICHAEL D. VAGNONI on behalf of Technovative Media, Inc.. (VAGNONI, MICHAEL) (Entered: 10/10/2024) |
| 10/10/2024 | | 758 | Declaration Under Penalty of Perjury for Non–individual Debtors *re Amended Schedule E/F of Technovative Media, Inc.* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY. (VAGNONI, MICHAEL) (Entered: 10/10/2024) |
| 10/10/2024 | | 759 | Document in re: *Notice of Amendment to Scheduled General Unsecured Claim of Rembrandt 3D Holding Ltd.* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)757). (Attachments: # 1 Certificate of Service) (VAGNONI, MICHAEL) (Entered: 10/10/2024) |
| 10/10/2024 | | | Receipt of Schedule E/F – (for first filing and amendments)( 23–10763–amc) [misc,schef] ( 34.00) Filing Fee. Receipt number A26053358. Fee Amount $ 34.00. (re: Doc# 757) (U.S. Treasury) (Entered: 10/10/2024) |
| 10/10/2024 | | 760 | Certificate of Service Filed by BMC Group Inc. (related document(s)754). (Ordaz, Steven) (Entered: 10/10/2024) |
| 10/11/2024 | | 761 | Second Notice to Take Deposition of: William A. Homony, as Chapter 11 Trustee Filed by Visual Semiconductor, Inc.. (SWICK, RANDALL) (Entered: 10/11/2024) |
| 10/11/2024 | | 762 | Notice to Take Deposition of: designated representative of Hawk Investment Holdings Ltd. Filed by Visual Semiconductor, Inc.. (SWICK, RANDALL) (Entered: 10/11/2024) |
| 10/11/2024 | | 763 | Notice to Take Deposition of: Arthur Leonard Robert Morton Filed by Visual Semiconductor, Inc.. (SWICK, RANDALL) (Entered: 10/11/2024) |
| 10/11/2024 | | 764 | Notice to Take Deposition of: Alastair Crawford Filed by Visual Semiconductor, Inc.. (SWICK, RANDALL) (Entered: 10/11/2024) |
| 10/11/2024 | | 765 | Notice to Take Deposition of: Kevin Gollop Filed by Visual Semiconductor, Inc.. (SWICK, RANDALL) (Entered: 10/11/2024) |
| 10/11/2024 | | 766 | Document in re: *Certificate of Conference as to Subpoena and Scheduling of Deposition for Hawk Investment Holdings Ltd.* Filed by RANDALL ADAM SWICK on behalf of Visual Semiconductor, Inc. (related document(s)762). (SWICK, RANDALL) (Entered: 10/11/2024) |

| | | | |
|---|---|---|---|
| 10/17/2024 | | 767 | Hearing rescheduled on 725 Generic Motion Filed by WILLIAM A. HOMONY. Hearing scheduled 10/30/2024 at 11:00 AM at Courtroom #4. (B., Pamela) (Entered: 10/17/2024) |
| 10/17/2024 | | 768 | Hearing rescheduled re: 724 Motion to Quash Filed by WILLIAM A. HOMONY. Hearing scheduled 10/30/2024 at 11:00 AM at Courtroom #4. (B., Pamela) (Entered: 10/17/2024) |
| 10/21/2024 | | 769 | Chapter 11 Monthly Operating Report for the Month Ending: 09/30/2024 Filed by MICHAEL D. VAGNONI on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Attachments) (VAGNONI, MICHAEL) (Entered: 10/21/2024) |
| 10/21/2024 | | 770 | Chapter 11 Monthly Operating Report for Case Number 23–10764 for the Month Ending: 09/30/2024 Filed by MICHAEL D. VAGNONI on behalf of Technovative Media, Inc.. (Attachments: # 1 Attachments) (VAGNONI, MICHAEL) (Entered: 10/21/2024) |
| 10/25/2024 | | 771 | Praecipe *to Attach Second Notice of Oral Deposition Subpoena Duces Tecum of William A. Homony as the Chapter 11 Trustee to Motion to Quash and Motion to Compel* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY. (Attachments: # 1 Certificate of Service) (VAGNONI, MICHAEL) (Entered: 10/25/2024) |
| 10/28/2024 | | 772 | Proposed Consent Order RE: *and Stipulation to Extend Time to Respond to Applications for Compensation* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)753, 723, 722). (Attachments: # 1 Proposed Consent Order) (VAGNONI, MICHAEL) (Entered: 10/28/2024) |
| 10/28/2024 | | 773 | Stipulation By Stream TV Networks, Inc. and Between United States Trustee *Regarding the Final Fee Application of Lewis Brisbois Bisgaard & Smith LLP*. Filed by RAFAEL X. ZAHRALDDIN on behalf of Stream TV Networks, Inc. (related document(s)723). (Attachments: # 1 Proposed Order) (ZAHRALDDIN, RAFAEL) (Entered: 10/28/2024) |
| 10/30/2024 | | 774 | Hearing Held on 725 Generic Motion Filed by WILLIAM A. HOMONY. Order entered. (B., Pamela) (Entered: 10/30/2024) |
| 10/30/2024 | | 775 | Hearing Held on 724 Motion to Quash Filed by WILLIAM A. HOMONY. Order entered. (B., Pamela) (Entered: 10/30/2024) |
| 10/30/2024 | | 776 | Order Granting Motion to Withdrawal Within three business days of the entry of this Order , the Trustee shall file a praecipe withdrawing the Stay Enforcement Motion on the docket in the above captioned case. (Related Doc # 725) (R., Donna) (Entered: 10/30/2024) |
| 10/30/2024 | | 777 | Order Granting Motion To Quash as provided herein and (Related Doc # 724), Order Denying Motion to Compel (Related Doc # 735) (R., Donna) (Entered: 10/30/2024) |
| 10/31/2024 | | 778 | Order Granting Consent Order (Related document(s) 772 filed by Trustee WILLIAM A. HOMONY. Modified on 10/31/2024 (R., Donna). (Entered: 10/31/2024) |
| 10/31/2024 | | 779 | Order GrantingStipulation By Stream TV Networks, Inc. and Between United States Trustee Regarding the Final Fee Application of Lewis Brisbois Bisgaard & Smith LLP. (related document(s)773). (R., Donna) |

| | | | |
|---|---|---|---|
| | | | (Entered: 10/31/2024) |
| 10/31/2024 | | 780 | Consent Order upon consideration of the stipulation of the parties through counsel, the time within which the Trustee may file a response to the Local Rule 2016–5 Sixth Request for Payment on Account for Compensation and Reimbursement of Expenses of Lewis Brisbois Bisgaard & Smith LLP, for the periods December 1, 2023 through December 31, 2023 and January 1, 2024 through January 15, 2024 and/or the Final Application of Lewis Brisbois Bisgaard & Smith, LLP for Allowance and Payment of Compensation for the Period from March 15, 2023 through January 15, 2024 is extended on or before November 4, 2024. (related document(s)723, 722,772). (K., Marie) (Entered: 10/31/2024) |
| 10/31/2024 | | 781 | Praecipe to Withdraw *Motion for Entry of an Order Enforcing the Automatic Stay and Compelling Turnover of Estate Property* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)646). (Attachments: # 1 Certificate of Service) (VAGNONI, MICHAEL) (Entered: 10/31/2024) |
| 11/01/2024 | | 782 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 776)). No. of Notices: 1. Notice Date 11/01/2024. (Admin.) (Entered: 11/02/2024) |
| 11/01/2024 | | 783 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 777)). No. of Notices: 1. Notice Date 11/01/2024. (Admin.) (Entered: 11/02/2024) |
| 11/02/2024 | | 784 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 780)). No. of Notices: 1. Notice Date 11/02/2024. (Admin.) (Entered: 11/03/2024) |
| 11/04/2024 | | 785 | Motion to Further Extend time to Respond to the Final Fee Application of Lewis Brisbois Bisgaard & Smith LLP Filed by WILLIAM A. HOMONY Represented by STEVEN M. COREN (Counsel). (Attachments: # 1 Proposed Order # 2 Certificate of Service) (COREN, STEVEN) (Entered: 11/04/2024) |
| 11/05/2024 | | 786 | Transcript regarding hearing held on 10/30/2024. Transcribed by TheRecordXchange. 11 total pages including Certification of Transcriber. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [To request a copy of a restricted transcript, please contact the transcriber TheRecordXchange at 800–406–1290]. Notice of Intent to Request Redaction Deadline Due By 11/12/2024. Redaction Request Due By 11/26/2024. Redacted Transcript Submission Due By 12/6/2024. Transcript access will be restricted through 2/3/2025. (Barbetta, John) (Entered: 11/05/2024) |
| 11/05/2024 | | 787 | Proposed Consent Order RE: *and Stipulation to Extend Time to Respond to Applications for Compensation* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)753, 723, 722, 780). (Attachments: # 1 Proposed Consent Order) (VAGNONI, MICHAEL) (Entered: 11/05/2024) |
| 11/06/2024 | | 788 | Objection to Order on Motion to Approve *Objection to Motion of William A Homony in His Capacity as Ch 11 Trustee for (I) Order (A) Approving Bidding Procedures and Form of Asset Purchase Agreement for the Sale of Substantially All of the Debtor's Assets Including Approval of Provisions for Designation of A Stalking Horse, (B) Establishing the* |

| | | | |
|---|---|---|---|
| | | | *Notice Procedures and Approving the Form and Manner of Notice Thereof and Scheduling and Auction, (C) Approving Procedures for Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (D) Scheduling a Sale Hearing, (E) Granting Expedited Consideration Pursuant to Local Rule of Bankruptcy Procedure 5070–1(g); and (F) Granting Related Relief, and (II) an Order Approving (A) the Sale of Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto and (C) Granting Related Relief [ECF #750]* Filed by Visual Semiconductor, Inc. (related document(s)754). (Attachments: # 1 Exhibit A – Declaration of John H Thompson # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J # 11 Exhibit K # 12 Exhibit L # 13 Exhibit M # 14 Exhibit N # 15 Exhibit O # 16 Exhibit P) (SWICK, RANDALL) (Entered: 11/06/2024) |
| 11/06/2024 | | 789 | Objection to Order on Motion to Approve *REMBRANDT 3D HOLDING LTD.S OBJECTION TO MOTION OF WILLIAM A. HOMONY IN HIS CAPACITY AS CHAPTER 11 TRUSTEE FOR (I) AN ORDER (A) APPROVING THE BIDDING PROCEDURES AND FORM OF ASSET PURCHASE AGREEMENT FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS ASSETS INCLUDING APPROVAL OF PROVISIONS FOR DESIGNATION OF A STALKING HORSE, (B) ESTABLISHING THE NOTICE PROCEDURES AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF AND SCHEDULING AN AUCTION, (C) APPROVING PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (D) SCHEDULING A SALE HEARING, (E) GRANTING EXPEDITED CONSIDERATION PURSUANT TO LOCAL RULE OF BANKRUPTCY PROCEDURE 5070–1(g); AND (F) GRANTING RELATED RELIEF, AND (II) AN ORDER (A) APPROVING THE SALE OF THE DEBTORS ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED THERETO, AND (C) GRANTING RELATED RELIEF* Filed by Rembrandt 3D Holding Ltd. (related document(s)754). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C) (DEMARCO, ANDREW) (Entered: 11/06/2024) |
| 11/07/2024 | | 790 | Hearing Set (docketed for calendar purposes only) 750 Expedited Motion to Approve (i) the proposed bidding procedures for soliciting bids for the Debtors Assets, (ii) the form of Asset Purchase Agreement, (iii) establishing notice procedures, (iv) approving procedures for the assumption and assignment of certain executory contracts and unexpired leases, (v) scheduling a hearing to approve the Sale, (vi) granting Expedited Consideration, and (vii) granting related relief; and (i) authorizing and approving the sale of the Assets, (ii) and the assumption and assignment of certain executory contracts and unexpired leases, and (iii) granting related relief Filed by WILLIAM A. HOMONY Represented by MICHAEL D. VAGNONI (Counsel). (Attachments: # 1 Exhibit A, Bidding Procedures Order # 2 Exhibit B, Asset Purchase Agreement # 3 Exhibit C, Sale Order # 4 Exhibit D, Sale Notice # 5 Exhibit E, Contract Assumption Notice # 6 Proposed Order Expediting Consideration) filed by Trustee WILLIAM A. HOMONY. Hearing scheduled 11/13/2024 at 11:00 AM at Courtroom #4. (B., Pamela) (Entered: 11/07/2024) |
| 11/07/2024 | | 791 | Hearing Held on 686 Motion to Reconsider Filed by Visual Semiconductor, Inc.. Matter taken under advisement. (B., Pamela) (Entered: 11/07/2024) |

| | | | |
|---|---|---|---|
| 11/07/2024 | | 792 | Consent Order Grnating Extension of Time to Respond to Applications for Compensation Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)787). (D., Stacey) (Entered: 11/07/2024) |
| 11/07/2024 | | 793 | Praecipe to Withdraw *Motion for Order Further Extending Time for the Trustee to File a Response to Fee Applications of Lewis Brisbois Bisgaard & Smith LLP* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)785). (Attachments: # 1 Certificate of Service) (VAGNONI, MICHAEL) (Entered: 11/07/2024) |
| 11/09/2024 | | 794 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 792)). No. of Notices: 2. Notice Date 11/09/2024. (Admin.) (Entered: 11/10/2024) |
| 11/11/2024 | | 795 | Praecipe to Amend *and Substitute, Exhibit B – Asset Purchase Agreement* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)750). (Attachments: # 1 Exhibit Asset Purchase Agreement) (VAGNONI, MICHAEL) (Entered: 11/11/2024) |
| 11/12/2024 | | 796 | Transcript regarding Hearing Held on 11/7/24 Re: Motion to Reconsider Filed by Visual Semiconductor, Inc. Transcribed by The Record Xchange (www.trxchange.com (800) 406–1290) 23 pages. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For information about how to contact the transcriber, call the Clerk's Office] (related document(s) 791 ). Notice of Intent to Request Redaction Deadline Due By 11/19/2024. Redaction Request Due By 12/3/2024. Redacted Transcript Submission Due By 12/13/2024. Transcript access will be restricted through 2/10/2025. (D., Tasha) (Entered: 11/12/2024) |
| 11/12/2024 | | 797 | Motion to Continue Hearing On Motion to Reconsider *(Pursuant to the Court's 11/7/2024 request to report back)* Filed by Rembrandt 3D Holding Ltd. Represented by ANDREW PETER DEMARCO (Counsel) (related document(s)686). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4) (DEMARCO, ANDREW) (Entered: 11/12/2024) |
| 11/12/2024 | | 798 | Praecipe *to Supplement VSI's Objection [ECF #788] to Chapter 11 Trustee's Motion [ECF #750]* Filed by RANDALL ADAM SWICK on behalf of Visual Semiconductor, Inc.. (SWICK, RANDALL) (Entered: 11/12/2024) |
| 11/12/2024 | | 799 | Motion to Extend time to Deadlines, Timing, and Amount of Certain Obligations in the Sharing and Carve–Out Agreement Between the Trustee and Hawk Investment Holdings, Ltd. as Collateral Agent of the Secured Noteholders of SeeCubic, Inc., and for Related Relief Filed by WILLIAM A. HOMONY Represented by MICHAEL D. VAGNONI (Counsel). (Attachments: # 1 Proposed Order # 2 Certificate of Service) (VAGNONI, MICHAEL) (Entered: 11/12/2024) |
| 11/12/2024 | | 800 | Notice of (related document(s): 799 Motion to Extend time to Deadlines, Timing, and Amount of Certain Obligations in the Sharing and Carve–Out Agreement Between the Trustee and Hawk Investment Holdings, Ltd. as Collateral Agent of the Secured Noteholders of SeeCubic, Inc., and for Related) Filed by WILLIAM A. HOMONY. Hearing scheduled 12/18/2024 at 11:00 AM at Courtroom #4. (VAGNONI, MICHAEL) (Entered: 11/12/2024) |
| 11/12/2024 | | 801 | Reply to Motion to Approve filed by Trustee WILLIAM A. HOMONY, Objection filed by Creditor Visual Semiconductor, Inc., Objection filed by |

| | | | |
|---|---|---|---|
| | | | Creditor Rembrandt 3D Holding Ltd., Motion to Continue/Reschedule Hearing filed by Creditor Rembrandt 3D Holding Ltd. *Hawk Investment Holdings Ltd.'s (1) Reply in Support of Motion of William A. Homony in His Capacity as Chapter 11 Trustee for (I) an Order (A) Approving the Bidding Procedures and Form of Asset Purchase Agreement for the Sale of Substantially All of the Debtors Assets Including Approval of Provisions for Designation of a Stalking Horse, (B) Establishing the Notice Procedures and Approving the Form and Manner of Notice Thereof and Scheduling an Auction, (C) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (D) Scheduling a Sale Hearing, (E) Granting Expedited Consideration Pursuant to Local Rule of Bankruptcy Procedure 5070−1(g), and (F) Granting Related Relief; and (II) an Order (A) Approving the Sale of the Debtors Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (C) Granting Related Relief and (2) Responding to Related Pleadings* Filed by Hawk Investment Holdings Ltd. (related document(s)797, 750, 789, 788). (Caponi, Steven) (Entered: 11/12/2024) |
| 11/12/2024 | | 802 | Document in re: *Witness and Exhibit List for November 13 Hearing* Filed by RANDALL ADAM SWICK on behalf of Visual Semiconductor, Inc. (related document(s)750, 790 ). (SWICK, RANDALL) (Entered: 11/12/2024) |
| 11/13/2024 | | 803 | Praecipe to Amend *and Substitute* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)750). (Attachments: # 1 Proposed Order Bid Procedures Order # 2 Exhibit Redline of Bid Procedures Order) (VAGNONI, MICHAEL) (Entered: 11/13/2024) |
| 11/13/2024 | | 804 | Hearing Held on 750 Motion to Approve Filed by WILLIAM A. HOMONY. Revised bid procedures order to be submitted. (B., Pamela) (Entered: 11/14/2024) |
| 11/14/2024 | | 805 | Order Re: The Reconsideration Motion is DENIED.The Motion to Quash is GRANTED with respect to the Remaining VSI Discovery Requests. The Motion to Compel is DENIED with respect to the Remaining Discovery Requests 797, 686, 735728 777). (R., Donna) (Entered: 11/14/2024) |
| 11/16/2024 | | 806 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 805)). No. of Notices: 1. Notice Date 11/16/2024. (Admin.) (Entered: 11/17/2024) |
| 11/18/2024 | | 807 | Transcript regarding Hearing Held on 11/13/24 Re: Motion to Approve Filed by WILLIAM A. HOMONY. Revised bid procedures. Transcribed by T R Xchange 84 pages. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For information about how to contact the transcriber, call the Clerk's Office] (related document(s) 804 ). Notice of Intent to Request Redaction Deadline Due By 11/25/2024. Redaction Request Due By 12/9/2024. Redacted Transcript Submission Due By 12/19/2024. Transcript access will be restricted through 2/18/2025. (D., Tasha) (Entered: 11/18/2024) |
| 11/18/2024 | | 808 | Objection to Application for Compensation *of Lewis Brisbois Bisgaard & Smith LLP* Filed by WILLIAM A. HOMONY (related document(s)723). (Attachments: # 1 Proposed Order # 2 Exhibit Exhibit A # 3 Exhibit Exhibit B # 4 Exhibit Exhibit C # 5 Exhibit Exhibit D # 6 Exhibit Exhibit |

| | | | |
|---|---|---|---|
| | | | E # 7 Exhibit Exhibit F # 8 Exhibit Exhibit G # 9 Exhibit Exhibit H # 10 Exhibit Exhibit I # 11 Exhibit Exhibit J) (COREN, STEVEN) (Entered: 11/18/2024) |
| 11/19/2024 | | 809 | Proposed Order Re: *Bidding Procedures Order* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)750, 803). (Attachments: # 1 Bid Procedures Order Redline) (VAGNONI, MICHAEL) (Entered: 11/19/2024) |
| 11/19/2024 | | 810 | Support Document *Asset List of Stream and Technovative re 363 Sale* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY (related document(s)750). (Attachments: # 1 Schedules to Asset Purchase Agreement # 2 Exhibit # 3 Exhibit # 4 Exhibit # 5 Exhibit # 6 Exhibit # 7 Exhibit # 8 Exhibit # 9 Exhibit # 10 Exhibit # 11 Exhibit # 12 Exhibit # 13 Exhibit # 14 Exhibit # 15 Exhibit # 16 Exhibit) (VAGNONI, MICHAEL) (Entered: 11/19/2024) |
| 11/20/2024 | | 811 | Ordered (A) Approving Bidding Procedures And Form of Asset Purchase Agreement In Connection With The Sale Of Substantially All of The Debtors Assets, (B) Approving Procedures For The Assumption and Assignment of Executory Contracts And Unexpired Leases, (C) Approving Procedures For Selection Of A Stalking Horse Bidder And Bid Protections, And (D) Granting Related Relief Scheduling Hearing re:750 . The Motion is Granted as set forth herein. A Sale Hearing will commence on 12/4/2024 at 01:00 PM at Courtroom #4 before the Honorable Ashely M. Chan. Response deadline. Responses or replies, if any, to timely filed objections to the entry of the Sale Order approving a Sale to the Successful Bidder must be filed on or before November 29, 2024 at 4 P.M. (prevailing Eastern Standard Time) (K., Marie) (Entered: 11/20/2024) |
| 11/21/2024 | | 812 | Application to Employ Panitch Schwarze Belisario & Nadel LLP as Special Counsel Filed by WILLIAM A. HOMONY Represented by MICHAEL D. VAGNONI (Counsel). (Attachments: # 1 Exhibit A, Declaration of M. Belisario # 2 Exhibit B, Fee Agreement # 3 Proposed Order # 4 Certificate of Service) (VAGNONI, MICHAEL) (Entered: 11/21/2024) |
| 11/21/2024 | | 813 | Notice of *Application to Employ Panitch Schwarze Belisario & Nadel LLP as Special Counsel to the Chapter 11 Trustee* Filed by WILLIAM A. HOMONY. (VAGNONI, MICHAEL) (Entered: 11/21/2024) |
| 11/21/2024 | | 814 | Document in re: *Notice of No Assumption or Assignment of Executory Contracts and Unexpired Leases* Filed by MICHAEL D. VAGNONI on behalf of WILLIAM A. HOMONY. (VAGNONI, MICHAEL) (Entered: 11/21/2024) |
| 11/22/2024 | | 815 | Objection to Motion to Approve filed by Trustee WILLIAM A. HOMONY Filed by Visual Semiconductor, Inc. (related document(s)750). (Attachments: # 1 Declaration of Charles M Robertson # 2 Exhibit A # 3 Exhibit B # 4 Exhibit C # 5 Exhibit D # 6 Exhibit E # 7 Exhibit F # 8 Exhibit G # 9 Exhibit H # 10 Exhibit I # 11 Exhibit J # 12 Exhibit K # 13 Exhibit L # 14 Exhibit M # 15 Exhibit N # 16 Exhibit O) (SWICK, RANDALL) (Entered: 11/22/2024) |
| 11/22/2024 | | 816 | Objection to Scheduling Hearing Filed by Rembrandt 3D Holding Ltd. (related document(s)811). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C) (DEMARCO, ANDREW) (Entered: 11/22/2024) |

| | | | |
|---|---|---|---|
| 11/22/2024 | | 817 | Certificate of Service *re: Order (A) Approving Bidding Procedures And Form of Asset Purchase Agreement In Connection With The Sale Of Substantially All of The Debtors Assets, (B) Approving Procedures For The Assumption And Assignment of Executory Contracts And Unexpired Leases, (C) Approving Procedures For Selection Of A Stalking Horse Bidder And Bid Protections, And (D) Granting Related Relief, And Exhibits 1 And 2 Thereto* Filed by BMC Group Inc. (related document(s)811). (Ordaz, Steven) (Entered: 11/22/2024) |
| 11/22/2024 | | 818 | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 811)). No. of Notices: 1. Notice Date 11/22/2024. (Admin.) (Entered: 11/23/2024) |
| 11/27/2024 | | 819 | Monthly Operating Report for Filing Period Ending 10/31/2024 Filed by MICHAEL D. VAGNONI on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Attachments) (VAGNONI, MICHAEL) (Entered: 11/27/2024) |
| 11/27/2024 | | 820 | Chapter 11 Monthly Operating Report for Case Number 23–10764 for the Month Ending: 10/31/2024 Filed by MICHAEL D. VAGNONI on behalf of Technovative Media, Inc.. (Attachments: # 1 Attachments) (VAGNONI, MICHAEL) (Entered: 11/27/2024) |
| 11/27/2024 | | 821 | Notice of Appeal to District Court Court. . Fee Amount $298.00 Filed by Visual Semiconductor, Inc. (related document(s)805). Appellant Designation due by 12/11/2024. Transmission of record on appeal to District Court Due Date:12/26/2024. (Attachments: # 1 Exhibit Order Approving Settlement between Trustee, Hawk Investment Holdings, Ltd., and SeeCubic Inc.)(SWICK, RANDALL) (Entered: 11/27/2024) |
| 11/27/2024 | | | Receipt of Notice of Appeal( 23–10763–amc) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number A26158674. Fee Amount $ 298.00. (re: Doc# 821) (U.S. Treasury) (Entered: 11/27/2024) |
| 11/27/2024 | | 822 | Chapter 11 Monthly Operating Report for the Month Ending: 10/31/2024 Filed by MICHAEL D. VAGNONI on behalf of Stream TV Networks, Inc.. (Attachments: # 1 Attachements) (VAGNONI, MICHAEL) (Entered: 11/27/2024) |
| 11/27/2024 | | 823 | Chapter 11 Monthly Operating Report for Case Number 23–10764 for the Month Ending: 10/31/2024 Filed by MICHAEL D. VAGNONI on behalf of Technovative Media, Inc.. (Attachments: # 1 Attachments) (VAGNONI, MICHAEL) (Entered: 11/27/2024) |
| 11/27/2024 | | 824 | Motion For Sanctions *Against Parties who Violated the Temporary Restraining Order, Enforcement of the Temporary Restraining Order, and Injunctive Relief* Filed by Rembrandt 3D Holding Ltd. Represented by ANDREW PETER DEMARCO (Counsel). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4) (DEMARCO, ANDREW) (Entered: 11/27/2024) |
| 11/27/2024 | | 825 | Motion to Expedite Hearing (related documents Motion for Sanctions) Filed by Rembrandt 3D Holding Ltd. Represented by ANDREW PETER DEMARCO (Counsel) (related document(s)824). (DEMARCO, ANDREW) (Entered: 11/27/2024) |
| 11/27/2024 | | 826 | Motion to Reconsider (related documents Order (Generic)) *Motion to Reconsider November 14, 2024 Order Quashing the Remaining VSI Discovery (ECF No. 805) and Grant Appropriate Relief* Filed by Visual |

| | | | |
|---|---|---|---|
| | | | Semiconductor, Inc. Represented by RANDALL ADAM SWICK (Counsel) (related document(s)805). (Attachments: # 1 Exhibit 10–30–24 Hearing Transcripts # 2 Exhibit 11–7–24 Hearing Transcripts # 3 Exhibit 11–13–24 Hearing Transcripts) (SWICK, RANDALL) (Entered: 11/27/2024) |
| 11/27/2024 | | 827 | Motion to Expedite Hearing (related documents Motion to Reconsider) Filed by Visual Semiconductor, Inc. Represented by RANDALL ADAM SWICK (Counsel) (related document(s)826). (Attachments: # 1 Exhibit A – Proposed Order) (SWICK, RANDALL) (Entered: 11/27/2024) |
| 11/27/2024 | | 828 | Joinder to Filed by RANDALL ADAM SWICK on behalf of Visual Semiconductor, Inc. (related document(s)824). (Attachments: # 1 Exhibit 1 Declaration of Charles Robertson # 2 Exhibit 4–14–23 Hearing Transcript # 3 Exhibit 10–16–23 Hearing Transcript # 4 Exhibit 10–30–23 Hearing Transcript # 5 Exhibit 11–15–23 Hearing Transcript # 6 Exhibit 12–14–23 Hearing Transcript) (SWICK, RANDALL) (Entered: 11/27/2024) |
| 11/29/2024 | | 829 | Courts Certificate of Service Re: Notice of Appeal filed by Creditor Visual Semiconductor, Inc.. The following Party(s) have been notified: Case Judge – via email Case Trustee – via CM/ECF Debtor – via Regular mail through the BNC Joint Debtor – via Regular mail through the BNC Debtors Counsel – via CM/ECF Joint Debtors Counsel – via CM/ECF Office of the U.S. Trustee – via CM/ECF U.S. District Court – via email Steven L. Caponi Esq; Margaret R. Westbrook Esq; Aaron S. Rothman Esq; Jonathan N. Edel Esq; Thomas A. Warns Attorney's for Hawk Investment Holdings Ltd; Andrew J. Belli Esq; Steven M. Coren Esq Attorney 's for William A. Homony , Trustee; Donald N. David Esq; Mark Lichtenstein Esq; R. Adam Swick Esq; John H. Thompson Esq;Leif M. Clark Esq Attorneys for Visual Semiconductor Inc. – via Regular mail through the BNC (related document(s)821). (R., Donna) (Entered: 11/29/2024) |
| 11/29/2024 | | 830 | Amended Courts Certificate of Service Re: Notice of Appeal filed by Creditor Visual Semiconductor, Inc.. The following Party(s) have been notified: Case Judge – via email Case Trustee – via CM/ECF Debtor – via Regular mail through the BNC Joint Debtor – via Regular mail through the BNC Debtors Counsel – via CM/ECF Joint Debtors Counsel – via CM/ECF Office of the U.S. Trustee – via CM/ECF U.S. District Court – via email Steven L.Caponi Esq Attorney for Hawk Investment Holdings Ltd; Andrew Belli Esq for Attorney William A. Homony, Trustee; R. Adam Swick Esq Attorney for Visual Semiconductor Inc; – via Regular mail through the BNC (related document(s)821). (R., Donna) Modified on 11/29/2024 (R., Donna). (Entered: 11/29/2024) |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

In re:

Stream TV Networks, Inc., *et al.*

Debtors.[1]

Chapter 11

Bky. No. 23-10763 (AMC)

## <u>ORDER</u>

**AND NOW**, on May 6, 2024, William Homony (the "Trustee"), in his capacity as chapter 11 trustee of the bankruptcy estates of Stream TV Networks, Inc. and Technovative Media Inc. (together, the "Debtors"), filed a motion (the "Settlement Motion")[2] seeking approval of a settlement agreement and mutual release (the "Settlement") with Hawk Investment Holdings, Ltd. ("Hawk"), as collateral agent, and Seecubic, Inc. ("SCI" and together with Hawk and the Trustee, the "Parties").

**AND,** pursuant to the Settlement, the Parties agreed to resolve pending litigation in the Delaware District Court (the "Section 225 Action") and this Court (the "Adversary Action"), by, among other things, (a) granting Hawk an allowed secured claim in the amount of $180 million, subject to dollar-for-dollar increase for any amounts funded to Debtor-affiliate SeeCubic, B.V. ("SCBV") between appointment of the Trustee and closing on a sale of the Debtors' assets (the "Sale"), (b) allowing SCI to credit bid $150 million of Hawk's allowed secured claim in connection with the Sale, (c) providing for the withdrawal of the asserted secured claims of SLS Holdings and SCI upon the entry of an order approving the Settlement Motion, and (d) providing for certain bid procedures in connection with the Sale (the "Bid Procedures").

**AND**, on May 20, 2024, Visual Semiconductor, Inc. ("VSI") and Rembrandt 3D Holding

---

[1] This case is being jointly administered with the case of *In re Technovative Media, Inc.* (Case No. 23-10764) (AMC).

[2] Bankr. Docket No. 630.

Ltd. ("Rembrandt") each filed objections to the Settlement Motion (respectively, the "VSI Settlement Objection" and the "Rembrandt Settlement Objection," and together, the "Settlement Objections").[3]

**AND**, on June 5, 2024, the Court held an evidentiary hearing (the "Settlement Hearing") on the Settlement Motion and the Settlement Objections, after which it entered an order (the "Settlement Order") granting the Settlement Motion and approving the Settlement.[4]

**AND**, on June 20, 2024, Rembrandt filed a notice of appeal of the Settlement Order to the Eastern District of Pennsylvania District Court (the "Appeal").[5]

**AND**, also on June 20, 2024, VSI filed a motion to reconsider the Settlement Order (the "Reconsideration Motion").[6]

**AND**, on July 5, 2024, the Trustee filed an objection to the Reconsideration Motion (the "Reconsideration Objection").[7]

**AND**, on July 26, 2024, VSI filed a notice[8] of its intention to take the Trustee's deposition and requested the Trustee's production of documents in advance thereof, which notice was amended on August 24, 2024[9] and again on October 25, 2024[10] (collectively, the "VSI Discovery Requests").

**AND**, on August 29, 2024, the Trustee filed an expedited motion to quash the VSI Discovery Requests and for a protective order (the "Motion to Quash").[11]

**AND,** on September 4, 2024, VSI filed an objection to the Motion to Quash (the "VSI Quash

---

[3] Bankr. Docket Nos. 642, 643.

[4] Bankr. Docket No. 653.

[5] Bankr. Docket No. 685.

[6] Bankr. Docket No. 686.

[7] Bankr. Docket No. 700.

[8] Bankr. Docket No. 712.

[9] Bankr. Docket No. 718.

[10] Bankr. Docket No. 771.

[11] Bankr. Docket No. 724.

Objection") combined with a motion to compel the Trustee to respond to the VSI Discovery

Requests (the "Motion to Compel").[12]

AND, on October 30, 2024, the Court held a hearing on the Motion to Quash, the VSI Quash

Objection, and the Motion to Compel, following which it entered an order (the "First Quash Order")

(a) quashing the VSI Discovery Requests with respect to Deposition Topics 1 through 6 and

Document Requests 1 through 18 (the "Quashed Discovery Requests"), (b) suspending a ruling on

the Additional Deposition Topics and Additional Document Requests (the "Remaining VSI

Discovery Requests") pending resolution of the Reconsideration Motion, and (c) denying the

Motion to Compel with respect to the Quashed Discovery Requests.[13]

AND, on November 7, 2024, the Court held a hearing on the Reconsideration Motion, the

Reconsideration Objection, and the Remaining VSI Discovery Requests (the "Reconsideration

Hearing").

AND, upon consideration of the arguments and positions of the parties as set forth in their

pleadings and at the Reconsideration Hearing.

**IT IS HEREBY ORDERED** that:

1.      The Reconsideration Motion is **DENIED**.

2.      The Motion to Quash is **GRANTED** with respect to the Remaining VSI Discovery

Requests

3.      The Motion to Compel is **DENIED** with respect to the Remaining Discovery

Requests.

4.      By the Reconsideration Motion, VSI has sought clarification and reconsideration of

the Settlement Order on several grounds (the "Reconsideration Grounds"): (a) to provide for a

---

[12] Bankr. Docket No. 728.

[13] Bankr. Docket No. 777.  The terms "Deposition Topics", "Document Requests", "Additional Deposition Topics", and "Additional Discovery Requests" have the meaning given to them in the First Quash Order.

"fiduciary out" permitting the Trustee to rescind the Settlement if it should later be determined that entry into it or execution of its terms would result in a breach of the Trustee's fiduciary duties, (b) requesting clarification that entry of the Settlement Order is without prejudice to parties' ability to object to the Sale process or bidding procedures or to their ability to seek reconsideration of the allowance of Hawk's claim pursuant to Bankruptcy Rule 3008 and §502(j), and (c) based on alleged misstatements by the Trustee and its counsel at the Settlement Hearing regarding the alleged purchase orders VSI procured for the Debtors' product (the "Alleged VSI Purchase Orders") and SCBV's ability to use a license from Koninklijke Philips Electronics ("Philips") in light of the temporary restraining order[14] this Court issued in January 2024.

5.     The Court denies VSI's request for revision or supplementation of the Settlement Order to include a "fiduciary out" provision.  Such a provision was neither requested nor considered in connection with the Court's resolution of the Settlement Motion, and in light of the Court having already determined that the Settlement represents a proper exercise of the Trustee's business judgment,[15] it will not insert one *ex post facto* at the request of an objecting party.

6.     The Court denies VSI's request for clarification that the Settlement Order is without prejudice to parties' ability to object to the Sale process or bidding procedures or to their ability to seek reconsideration of the allowance of Hawk's claim pursuant to Bankruptcy Rule 3008 and §502(j).  The provisions of the approved Settlement and the Settlement Order say what they say and may be relied upon by the parties.  VSI, Rembrandt, or any other party in interest may object to the Sale on whatever grounds they deem appropriate, and the Trustee and other parties may respond as they see fit.  The Court will rule on those objections.  It will not, however, provide specific clarifications to the Settlement Order regarding actions that may or may not be taken by parties with

---

[14] Adv. Pro. No. 23-00057, Docket No. 119.

[15] Bankr. Docket No. 670 (Settlement Hearing Trans. at 85:15 to 85:20).

respect to the Sale or otherwise.

7.     Finally, the Court rejects VSI's argument that approval of the Settlement should be reconsidered based on alleged misstatements by the Trustee and its counsel at the Settlement Hearing regarding the Alleged VSI Purchase Orders and SCBV's ability to use a license from Philips.  The Court determined that the Settlement was reasonable, fair, and in the best interests of the Debtors' estate based on the totality of the evidence presented at the Settlement Hearing, including the Trustee's analysis of potential success on the merits in the Section 225 Action and the Adversary Proceeding.  Any misstatements regarding the Alleged VSI Purchase Orders and the Philips license, to the extent they were even made, were immaterial to the Court's determination that the Settlement was an appropriate exercise of the Trustee's business judgment in light of the totality of the circumstances.

8.     Having found that none of the Reconsideration Grounds are meritorious, and therefore denying the Reconsideration Motion, the Court finds it is appropriate to quash the Remaining VSI Discovery Requests.  The Court finds that each of the Additional Deposition Topics and Additional Document Requests relate to the grounds for VSI's Settlement Objection and Reconsideration Motion.  In approving the Settlement, the Court overruled VSI's Settlement Objection, and has now denied its request to reconsider that approval.  The Remaining VSI Discovery Requests therefore seek testimony and documents on matters already determined by the Court, and the Trustee's request to quash them is granted.  VSI's motion to compel responses is consequently denied.  This Order granting the Motion to Quash and denying the Motion to Compel shall also serve as a protective order barring VSI from seeking responses with respect to the Remaining VSI Discovery Requests.

**Dated: November 14, 2024**

Honorable Ashely M. Chan
Chief United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 11 |
| Stream TV Networks, Inc., *et al*.[1] | Bky Case No. 23-10763 (AMC) |
| The Debtors. | (Jointly Administered) |

## MOTION TO RECONSIDER NOVEMBER 14, 2024 ORDER QUASHING THE REMAINING VSI DISCOVERY (ECF No. 805) AND GRANT APPROPRIATE RELIEF

Visual Semiconductor, Inc. ("VSI") hereby files its Motion to Reconsider the Court's November 14, 2024 Order quashing the remaining of VSI's discovery requests (ECF No. 805) (the "November 14 Order") and grant appropriate relief pursuant to Bankruptcy Rules 9023, and 9024 of the Federal Rules of Bankruptcy Procedure, and Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure as made applicable to this proceeding.

## PRELIMINARY STATEMENT

As the Court is aware, in its Amended Subpoena Duces Tecum (defined below), VSI requested discovery in connection with the Trustee's proposed sale of substantially all of the Debtors' assets to determine, among other things, the bona fides of the Trustee's sale, the good faith of the stalking horse and its bid, and exactly what is being sold, which to date remains a mystery (collectively, the "Sale Discovery"). VSI believes that ample evidence exists to demonstrate, dispositively, that the Trustee's proposed sale process, stalking horse, and asset listing are so deficient as to render the 363 sale practically impossible and legally impermissible for the Court to approve. Indeed, evidence adduced in connection with the Sale Discovery will show that

---

[1] The Debtors, together with the last four digits of the Debtors' federal tax identification numbers, are Stream TV Networks, Inc. (4092) and Technovative Media, Inc. (5015). The location of the Debtors' service address is: 2009 Chestnut Street, 3rd Floor, Philadelphia, PA 19103.

no party, other than the Trustee's stalking horse bidder, would meaningfully participate in an auction for the estates' assets, because no bidders, aside from Hawk, could know what assets are being sold by the Trustee. Unfortunately, the Trustee's refusal to engage in Sale Discovery impedes VSI's rights (and the rights of all parties in interest) to demonstrate the deficiencies in the Trustee's sale, stalking horse bid, and sale process, and thus undermines confidence in the fairness of these proceedings and any future order approving the Trustee's proposed sale.

Based upon its review of the November 14 Order and the record, VSI believes the Court inadvertently denied VSI's ability to conduct crucial discovery regarding the still pending sale. VSI has a right to conduct discovery with respect to Trustee's proposed sale pursuant to Bankruptcy Rule 9014. The Court cannot deny relief sought by VSI under the premise that VSI has failed to corroborate a fact, when it sought discovery before the Court ruled on the requested relief, and which discovery is later denied because the Court rules first on the dispute without allowing discovery in the first place and uses that as the basis for denying the relief.

## **BACKGROUND**

1.      VSI first issued a notice of deposition duces tecum on July 26, 2024 to take the oral deposition of William Homony in his capacity as Chapter 11 Trustee for the Debtors (ECF No. 712) and for the production of documents (the "Subpoena Duces Tecum") setting a deposition date of August 9, 2024 and the production of documents by August 7, 2024.

2.      On August 24, 2024 VSI filed a notice of an amended Subpoena Duces Tecum (ECF No. 718) (the "Amended Subpoena Duces Tecum") setting a deposition date of September 3, 2024 and the production of documents by August 30, 2024 upon the request of the Trustee. The Amended Subpoena Duces Tecum dealt with the following topics:

- Topic 1— The Trustee's efforts to evaluate the claims of Hawk Investment Holdings, Ltd., SLS Holdings VI, LLC, and SeeCubic, Inc.;

- Topic 2 — The Trustee's Motion for Turnover and Sanctions (ECF No. 646) filed against VSI;
- Topic 3 — The Trustee's settlement efforts and settlement with Hawk;
- Topic 4 — VSI's Motion for Reconsideration of the Order Granting the Trustee's Settlement Agreement with Hawk (ECF No. 686) (the "Motion to Reconsider") and any and all responses thereto;
- Topic 5 — Temporary Restraining Order entered on January 4, 2024 in Adversary Proceeding No. 23-0057, styled Stream TV Networks Inc, et al vs. Shadron L. Stastney, et al (ECF No. 119); and
- Topic 6 — Application of the Chapter 11 Trustee to Employ SSG Advisors, LLC as Investor Banker (ECF. No. 715).

3.      On August 29, 2024 the Trustee filed an expedited motion to quash the Amended Subpoena Duces Tecum (ECF No. 724) (the "Motion to Quash") and a motion requesting permission to withdraw the Trustee's retaliatory and baseless Motion for Entry of an Order Enforcing the Automatic Stay and Compelling Turnover of Estate Property without Prejudice (ECF No. 725), which was filed against VSI and Mathu Rajan, and which relief the Court granted on October 30, 2024 (ECF No. 776) without VSI having the opportunity to showcase the Trustee's biased, vindictive, and retaliatory conduct in this case in filing the motion in the first place through the evidence and testimony it sought but was later denied.

4.      On August 30, 2024 the Court scheduled a hearing on the Motion to Quash for September 18, 2024 and quashed the Amended Subpoena Duces Tecum until the hearing (ECF No. 726), which hearing was continued by agreement of the parties, first to October 2, 2024 then to November 7, 2024.

5.      On September 4, 2024 VSI filed an objection to the Motion to Quash together with its motion to compel the Trustee to respond to VSI's discovery (the "VSI's Motion to Compel").[2] On October 11, 2024, VSI filed a second Subpoena Duces Tecum directed at the Trustee (the

---

[2] VSI also wants to note that the Trustee sought sanctions against VSI based on documents clearly fabricated by the Trustee. This Court denied VSI's ability to seek discovery on these documents.

"Second Subpoena Duces Tecum") (ECF No. 761) setting a deposition date of October 29, 2024 and requiring document production by October 24, 2024. The Second Subpoena Duces Tecum dealt with the following additional  deposition topics and certain additional document requests (respectively, the "Additional Deposition Topics" and "Additional Document Requests")[3]:

- Additional Topic 1— The Trustee's communications and business dealings with VSI and its principals.
- Additional Topic 2 - The Trustee's evaluation of Debtors' business operations, prospects, and options.
- Additional Topic 3 — The Trustee's investigation and evaluation of Debtors' intellectual property assets and rights, including but not limited to the Debtors' license agreements with Rembrandt (as defined in Schedule A) and Philips (as defined in Schedule A)."
- Additional Topic 4 —Motion of William A. Homony in his Capacity as Chapter 11 Trustee for (I) an Order (A) Approving the Bidding Procedures and Form of Asset Purchase Agreement for the Sale of Substantially all of the Debtors' Assets Including Approval of Provisions for Designation of a Stalking Horse, (B) Establishing the Notice Procedures and Approving the Form and Manner of Notice Thereof and Scheduling an Auction, (C) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (D) Scheduling a Sale Hearing, (E) Granting Expedited Consideration Pursuant to Local Rule of Bankruptcy Procedure 5070-1(g); and (F) Granting Related relief and (II) An Order (A) Approving the Sale of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (C) Granting Related Relief [ECF No. 750] (the "Bid Procedures & Sale Motion").

6.    The Court, on October 30, 2024 denied VSI's Motion to Compel and granted the Motion to Quash  as to the Amended Subpoena Duces Tecum (the "October 30, 2024 Order"), and denied most of the topic requests and document requests in the Amended Subpoena Duces Tecum, on the basis that the Court had already ruled on the motions underlying VSI's discovery requests, notwithstanding the fact that VSI sought this discovery before the Court ruled on several of the

---

[3] The terms "Additional Deposition Topics" and "Additional Document Requests" are defined in the same manner as those set forth in the October 30, 2024 Order (defined below) [Bankr. Docket No. 777].

relevant motions and before VSI could obtain the additional corroborative evidence and testimony
to prosecute those contested matters under the Federal Rules.

7.    In its October 30, 2024 Order, the Court declined to rule on the Additional
Document Requests and Additional Document Requests in Second Subpoena Duces Tecum until
"after resolving VSI's [Motion to Reconsider]"[4] and VSI's Motion to Compel, which was set for
hearing on November 7, 2024.

8.    On November 7, 2024, the Court held a videoconference hearing to consider VSI's
Motion to Reconsider the Order Granting the Trustee's Settlement Agreement with Hawk.  During
the hearing, the Court heard brief argument and no evidence with respect to VSI's Motion to
Reconsider and took the matter under advisement.  Before the close of the November 7th hearing,
counsel for VSI asked that the Court render its rulings with respect to VSI's outstanding discovery
requests regarding the Trustee's proposed sale and bid procedures, as promised during the October
30 hearing[5] and as set forth in the Court's October 30, 2024 Order.[6]  In substantive part, the
colloquy between VSI's counsel and the Court on the topic of sale and bid procedures discovery
was as follows:

> **Mr. Thompson**:  Your Honor, before – I think you indicated at the last hearing last
> week that you would rule with respect to the motion to quash…with a specific
> request, with a specific regard to the sale and [bid] procedures order.
>
> **The Court**:  Yes. And so, that will be part of my opinion and order, my ruling on
> the discovery.

---

[4] See October 30, 2024 Order, para. 4.
[5] October 30, 2024 Hearing Transcript, 5:8-23.
[6] "Having (a) … and (b) suspended ruling with respect to the Additional Deposition Topics
and Additional Document Requests in the Second Subpoena Duces Tecum pending resolution of the
Reconsideration Motion..."  See October 30, 2024 Order, para. 11.

78852447;3

**Mr. Thompson**:    Will be part of your consideration to – of the reconsideration motion?

**The Court**: So I'm going to rule on the motion for reconsideration.  And I'm also going to rule on the discovery in connection with the reconsideration.  But there is also outstanding discovery regarding the bid procedures and things like that.  So I'm going to just rule on the discovery with regard to the motion for reconsideration topic.

**Mr. Thompson**:    Okay.  But the sale topic is different from the reconsideration topic, Your Honor, with respect to discovery.

**The Court**:   Yes, absolutely.

Mr. Thompson:   Right.

**The Court**:   So there's, you know, there were three topics for discovery.  One I've already ruled on, right?

**Mr. Thompson**:   Correct.

**The Court**:    And now there's the discovery in connection with today's hearing.  And then there's also discovery in connection with the bid procedures motion.

**Mr. Thompson**:  Yes, Your Honor.  The bid procedure motion, of course, is going forward on the 13th.  And the question is whether we will get an opportunity to have the discovery, in particular deposition discovery, that we asked for and need in advance of that hearing.  For the reasons we set forth in our objection filed last night, it's pretty critical.  And I would hope that he Court would see the need to have that discovery done in advance of the hearing as it's only really helpful I would think to Your Honor before the hearing.

78852447;3

100

[…]

**Mr. Thompson**:  The bid procedure and sale motion, right, Your Honor?  I mean, so the sale – there's no discovery in connect[ion] [sic] with the sale?

**The Court**:  At this point, I mean, you know, I'll put together an order.  But as this point, I just – I've never seen – I've never even seen a request.

**Mr. Thompson**:   Your Honor, I would just direct your attention to the cases that were cited in our objection, which are manifold.  And all of them involve –

[…]

**Mr. Thompson**:   Your Honor, I must respond to what Mr. Vagnoni just said.  In that, first of all, we're actually talking about what this Court asked to be placed at the end of this hearing.  So I don't think it's about the 9019 reconsideration.  But rather with respect to discovery related to the sale and bid procedures motion filed by this Trustee.

**The Court**:   I agree. Mr. Vagnoni, they're talking about, you know, he – Mr. Thompson had invited me to comment on the discovery related to the [bid] procedures motion -- that's coming up.  So I think that they're kind of highlighting issues and obstacles that they believe that the Trustee faces in connection with that, and why they think it's, you know, I should grant some discovery.  So I think that's really what the focus was of Mr. Michaels.

[…]

**Mr. Thompson**:  Well, that's why we need discovery is what I would argue, Your Honor.  Because it says very clearly in the SSG teaser that what the Trustee is purporting to sell are the capabilities to license the so-called Ultra-D technology,

78852447;3

which incorporates other people's IP, including, but not limited to Rembrandts [sic].
And that's why we think it destroys value.  And that's why we think the Trustee
doesn't understand what its selling.  And that's why we think we need discovery.

[…]

**The Court**:  Mr. Michaels, thank you for that.  So Mr. Vagnoni, I guess what I'm
hearing Mr. Thompson and Mr. Michael's saying is they want to drill down into the
weeds, understand exactly what is being sold so that they understand what's
happening and if there's going to be future litigation.  And so, they seem confused
about that. I think it's certainly fair for them to understand exactly what is being
sold.  I myself haven't got into the weeds about the schedules in terms of exactly
what's being sold.  But I think that that's certainly something they need to know.
And I'm not going to put you on the spot here today, but certainly I'd like them to
understand exactly what's being sold so that they can take whatever litigation
positions that are necessary and then they can make arguments to me.  But it sounds
like they don't know that.  And it sounds like you might not want to be in the
position to answer that, but I think it's a fair request to understand what's being sold
as part of this sale.  So I'm going to rule on the motion for reconsideration ***and the
discovery related to that* (emphasis added)**.  I'm going to urge Mr. Vagnoni to get
back to Mr. Thompson and Mr. Michaels about exactly what's, you know, what's
being sold.  And then my hope is that when we meet again that Mr. Thompson and
Mr. Michaels will report to me that they know what's being sold, and that they can
raise whatever issues come up as a results [sic] of that.  And then the Court will
address it then, okay?

9.      As is evident from the November 7th hearing transcript and the protracted exchange set forth above, the record is clear and there can be no dispute that (i) VSI served discovery related specifically to the Trustee's Bid Procedures & Sale Motion, (ii) VSI renewed its request for discovery regarding the Bid Procedures & Sale Motion, (iii) VSI's counsel distinguished the discovery being sought with respect to its Motion to Reconsider from the discovery related to the Trustee's Bid Procedures & Sale Motion, and (iv) the Court would be ruling on VSI's Motion to Reconsider "and the discovery related to that [motion]" – and ***not ruling*** on discovery related to the Trustee's Bid Procedures & Sale Motion.  See November 7, 2024 Hearing Trans., 22: 7-8.

10.      On November 13, 2024, the Court held a hearing to primarily to consider the Trustee's request to approve the Bid Procedures & Sale Motion.  Notwithstanding VSI's requests and argument at the November 7th hearing, the Trustee did not provide and the Court did not compel discovery related to the Bid Procedures & Sale Motion in advance of the November 13 hearing.  Additionally, the Trustee did not submit any evidence in support of his Bid Procedures & Sale Motion, and the Court did not hold an evidentiary hearing with respect to the Trustee's requested relief.

11.      On November 14, 2024, the Court entered an Order denying the Motion to Reconsider and granting Trustee's Motion to Quash with respect to all the "Additional Topics" and all the "Additional Document Requests" (the "November 14 Order"), notwithstanding the fact that multiple of those requests(specifically, Additional Topic 3, Additional Topic 4, and Additional Document Request Nos. 13 – 16, 19 - 24) are clearly related to the Trustee's proposed sale and sale process, which matter is still outstanding and the subject of pending objections by VSI and Rembrandt.  Indeed, as the Court acknowledged  in its November 14 Order, "VSI, Rembrandt, or

any other party in interest may object to the Sale on whatever grounds they deem appropriate, and

the Trustee and other parties may respond as they see fit."  See November 14 Order at

12.     While VSI and others can and have objected to the sale, the Court has foreclosed

any discovery with respect to the sale under a premise that appears to be in clear error, as the Court

itself states in the November 14 Order, in paragraph 8, that "[t]he Remaining VSI Discovery

Requests therefore **seek testimony and documents on matters already determined by the Court**,

and the Trustee's request to quash them is granted." (emphasis added). Because this statement, on

its face, is inaccurate given that Additional Topic 3 deals with what assets are to be sold as part of

the sale, and Additional Topic 4 is explicitly about the sale, VSI believes the Court inadvertently

overlooked those topics resulting in VSI's denial of its due process in this case which deprivation

will severely impact its appellate rights.

## LEGAL STANDARD

13.     The standard for a motion to reconsider, amend or clarify is well-established. As

the Third Circuit Court of Appeals opined in *North River Ins, Co v Cigna Reinsurance Co.,* a

proper motion to amend or clarify a judgment may be based on either: (i) an intervening change in

controlling law; (ii) the availability of new evidence; or (iii) the need to correct a clear error of law

or to prevent manifest injustice. *See North River Ins, Co v. Cigna Reinsurance Co.,* 52 F 3d 1194,

1218 (3d Cir. 1995), quoting *Natural Resources Defense Council v. United States Environmental*

*Protection Agency,* 705 F. Supp. 698, 702 1989); *see also Harsco Corp. v Zlotnicki,* 779 F.2d 906,

908 (3d Cir. 1985) ("The purpose of a motion for reconsideration is to correct manifest errors of

law or fact or to present newly discovered evidence").

## <u>ANALYSIS</u>

14.     As noted at the November 7, 2024  hearing and set forth in greater detail in VSI's objection to the Bid Procedures & Sale Motion (ECF No. 788) ("VSI's Objection"), the Trustee is legally prohibited from selling assets that do not constitute estate property.  *See, In re Whitehall Jewelers Holdings, Inc.*, Case No. 08-11261 (KG), 2008 WL 2951974, at *9 (Bankr. D. Del. July 28, 2008). Moreover, the Third Circuit was unequivocal in its SLW Capital decision; if there is a dispute about whether any particular asset is property of the estate, that dispute must be resolved through an adversary proceeding – not a contested matter – in order to afford the non-debtor asset claimant the fully panoply of substantive and procedural due process afforded under the federal rules.  *See SLW Capital, LLC v. Mansaray-Ruffin (In re Mansaray-Ruffin)*, 2008 WL 2498048 (3d Cir. June 24, 2008).

15.     Rembrandt's objections to the Bid Procedures & Sale Motion at the November 7, 2024 hearing and filed on the docket make clear that its intellectual property (in the form of patents and trade secrets) is implicated by the Trustee's proposed Bid Procedures & Sale Motion, regardless of whether the Rembrandt license is ultimately assumed or rejected.   Indeed, as Rembrandt has argued, its trade secrets are so imbedded and prolific throughout StreamTV's Ultra-D technology that it would be practically impossible to extract their code from the Debtor's Ultra-D technology asset without rendering it dysfunctional and useless.

16.     Moreover, the Federal Rules of Bankruptcy Procedure require that discovery be completed in advance of the hearing. A motion under section 363 to approve the sale of property is a contested matter. *See Fed.R.Bankr.P*. 6004(b); *In re J.B. Winchells Inc.*, 106 B.R. 384, 393–94 (Bankr. E.D. Pa. 1989). The Bid Procedures & Sale Motion is also the subject of at least two

78852447;3

filed objections making it a contested matter by definition and subjecting it to Rule 9014 and all of the due process it implies.

17.     Rule 9014 governs contested matters and it plainly incorporates (i) Rule 7030 – Deposition Upon Oral Examination, (ii) Rule 7033 – Interrogatories to Parties, (iii) Rule 7034 – Production of Documents and Things and Entry Upon Land for Inspection and Other Purposes, and (iv) Rule 7036 – Requests for Admission.  *See* Fed. R Bankr. P.  VSI sought discovery in connection with the Trustee's Bid Procedures & Sale Motion nearly eight (8) weeks ago, only to be delayed and obstructed by specious arguments about "VSI's delay" and motions to quash.

18.     There are material issues of fact in contention that VSI is entitled to discover under the Federal Rules, and the Court should afford the parties reasonable time and appropriate direction to complete that discovery in advance of any evidentiary hearing on the Trustee's proposed bid procedures. These circumstances are only compounded by (i) the Trustee's failure to submit any evidence in support of his Bid Procedures & Sale Motion and (ii) the absence of an evidentiary hearing on November 13, 2024.

19.     Finally, the circumstances and fundamental fairness demand that the Court reconsider its November 14 Order and that any sale hearing be held in abeyance unless and until VSI is able to complete its reasonable discovery.  While VSI disagrees with certain of the Court's characterizations as to some of the discovery sought on matters already ruled on (including the timing), the propriety of the sale and sale process have not been determined, these disputes are contested matters, VSI is entitled to discovery, and the Court denied VSI relief to which it is entitled to.  The Court's failure to provide VSI with even minimal due process safeguards under Rule 9014 regarding the Trustee's proposed sale was therefore clear error, resulting in manifest injustice and  requiring reconsideration.

WHEREFORE, VSI respectfully requests that the Court enter an order reconsidering/clarifying the November 14 Order  as requested herein and allowing VSI to seek discovery from the Trustee related to his proposed sale.

*[Remainder of page intentionally left blank]*

78852447;3

Dated: November 27, 2024

Respectfully submitted,

**AKERMAN LLP**

 */s/ R. Adam Swick*
Donald N. David (SBN # 304846)
1251 Avenue of the Americas
37th Floor
New York, NY 10020
Telephone: (212) 880-3856
Facsimile: (212) 880-8965
Email: donald.david@akerman.com

-and-

R. Adam Swick (*Admitted Pro Hac Vice*)
500 W. 5th Street, Suite 1210
Austin, TX 78701
Telephone:  (737) 999-7100
Facsimile:   (512) 623-6701
Email: adam.swick@akerman.com

-and-

John H. Thompson (*Admitted Pro Hac Vice*)
750 Ninth Street, N.W., Suite 750
Washington, D.C. 20001
Telephone: (202) 393-6222
Facsimile: (202) 393-5959
Email: john.thompson@akerman.com

*Attorneys for Visual Semiconductor Inc.*

## CERTIFICATE OF SERVICE

I certify that on  November 27, 2024, I caused the attached **MOTION TO RECONSIDER NOVEMBER 14, 2024 ORDER QUASHING THE REMAINING VSI DISCOVERY (ECF No. 805) AND GRANT APPROPRIATE RELIEF** to be electronically filed with the Clerk, United States Bankruptcy Court, Eastern District of Pennsylvania, and to be served electronically the Court's CM/ECF and/or by First Class Mail, upon all parties that have requested service.

*/s/ R. Adam Swick*
R. Adam Swick

Case 23-10763-amc Doc 1626-1 Filed 11/27/24 Entered 11/27/24 19:42:08 Desc
Exhibit 10-30-24 Hearing Transcripts    Page 1 of 11

1

```
                    UNITED STATES BANKRUPTCY COURT

                 FOR THE DISTRICT OF PENNSYLVANIA

                                          :
IN RE:                                    : Case No.  23-10763-amc
                                          :
STREAM TV NETWORKS, INC.  CH: 11 :
AND NETWORKS, INC. AND                    : Philadelphia, Pennsylvania
TECHNOVATIVE MEDIA, INC.                  : October 30, 2024
                                          : 11:07 a.m.
. . . . . . . . . . . . . . . . . . :


                 BEFORE THE HONORABLE ASHELY M. CHAN
                  UNITED STATES BANKRUPTCY JUDGE


APPEARANCES:

 For SeeCubic, Inc.:            Marley Brumme, Esq.
                                Skadden Arps Slate Meagher &
                                Flom, LLP
                                500 Boylston Street, 23rd Floor
                                Boston, MA 021116
                                617-573-4800


 For the Chapter 11 Trustee:    Michael D. Vagnoni, Esq.
                                Obermayer Rebmann Maxwell &
                                Hippel LLP
                                Centre Square West
                                1500 Market Street, Suite 3400
                                Philadelphia, PA 19102
                                215-665-3066

                                Steven M. Coren, Esq.
                                Kaufman Coren & Ress, P.C.
                                Two Commerce Square
                                Suite 3900
                                2001 Market Street
                                Philadelphia, PA 19103-2713
                                215-735-8700


 For Rembrandt:                 Andrew Peter Demarco
                                Devlin Law Firm, LLC
                                1526 Gilpin Avenue
                                Wilmington, DE 19806
                                302-449-9010
```

Case 23-20753-amc 639 Doc 626-1 Doc Filed 11/27/24 Filed 11/20/24 Entered 11/27/24 19:14:08 21:08 23 Desc
Exhibit 10-30-24 Hearing Transcripts   Page 2 of 11

2

```
For Hawk Investment Holdings     Steven Caponi, Esq.
Ltd.:                            K&L Gates
                                 600 N King Street
                                 Suite 901
                                 Wilmington, DE 19801
                                 302-416-7080

                                 Jonathan N. Edel, Esq.
                                 300 South Tryon St., Suite 1000
                                 Charlotte, NC 28202

For VSI:                         John H. Thompson. Esq.
                                 Akerman
                                 750 Ninth Street, N.W.
                                 Washington, D.C. 20001
                                 202-824-1760

                                 R. Adam Swick, Esq.
                                 Akerman
                                 500 West 5th Street, Suite 1210
                                 Austin, TX 8701
                                 737-999-7103
```

Proceedings recorded by electronic sound recording;
transcript produced by TheRecordXchange.

```
 1   OCTOBER 30, 2024                               11:07 A.M.

 2            THE COURT:  Numbers 28 and 29 are motions involving

 3   Stream TV Networks, an expedited motion to withdraw motion, and

 4   a motion to quash and for a protective order.

 5            THE CLERK:  Okay.

 6            THE COURT:  Appearances, please.  Let's take -- we're

 7   going to take the parties in the courtroom first and then

 8   anyone who's on the line that wants to be.

 9            MR. COREN:  Good morning.  Steven Coren for the

10   Trustee.

11            THE COURT:  Okay.

12            MR. VAGNONI:  Good morning.  Michael Vagnoni on

13   behalf of the Chapter 11 Trustee.

14            THE COURT:  Okay.

15            MR. THOMPSON:  Good morning, Your Honor.  John

16   Thompson of Akerman on behalf of VSI and I'm here with my

17   colleague, Adam Swick.

18            THE COURT:  Okay.  Welcome.  I don't know if there's

19   anyone.  Is there anyone on the phone who would like to enter

20   their appearance?

21            MR. CAPONI:  Hi.  Good morning.  This is Steven

22   Caponi from K&L Gates on behalf of Hawk.

23            THE COURT:  Okay.

24            MS. BRUMME:  And Marley Brumme from Skadden on behalf

25   of SeeCubic, Inc.
```

Case 23-10763-amc Doc 1626-1 Filed 11/27/24 Entered 11/27/24 19:14:08 Desc
Exhibit 10-30-24 Hearing Transcripts    Page 4 of 11

4

```
1              THE COURT:  Okay.  All right.

2              MR. DEMARCO:  This is Andrew Demarco from Devlin Law

3    Firm on behalf of Rembrandt just listening in today.

4              MR. EDEL:  And this is Jonathan Edel from K&L Gates

5    on behalf of Hawk Investment Holdings.

6              THE COURT:  All right.  Well, I guess I just wanted

7    to say at the outset I saw the papers filed by the parties and

8    that with this second round of discovery it appears that there

9    are issues related to the upcoming bid procedures hearing that

10   we're going to have that have now been added to the discovery.

11   And I understand you both -- both parties consent to that.

12              I guess I choose to handle this by sort of

13   bifurcating it.  With regard to the discovery related to

14   anything not related to the bid procedures, I am going to quash

15   all of that discovery.  I just -- you'll see in my opinion that

16   I don't believe that there's any basis for that.  And I am

17   going to enter an order granting the motion to withdraw the

18   motion for entry of automatic stay.

19              So, at this point, the discovery with regard to the

20   non-bid procedures will -- all of those discoveries will not --

21   you know, I'm not -- I don't see any point.  I think that

22   they're just not relevant and I think our next step then is to

23   -- I guess we have a hearing, Pam, on the reconsideration

24   motion coming up.

25              THE CLERK:  Yes.  Yes.  On the 7$^{th}$.
```

1          THE COURT:  Okay.  So I'll hear from you guys on the

2    7th.  But I appreciate all your briefing on this and you'll see

3    the orders that I enter shortly.

4          MR. THOMPSON:  Well, Your Honor.

5          THE COURT:  Yeah.

6          MR. THOMPSON:  May I make a record?

7          THE COURT:  Yeah.  Go ahead.

8          MR. THOMPSON:  Okay.  Your Honor, I think that the

9    difficult -- and I understand your ruling, but it also includes

10   -- our contention is and I think it's one that would be born

11   out through discovery -- is that everything that we've asked

12   for ultimately gets to the issues involved with the Trustee's

13   motion for sale and bidding procedures.

14          Now if Your Honor's order quashing that discovery is

15   not limiting our capability to go into those topics, then I

16   think I understand it, but --

17          THE COURT:  Well, I guess I want it -- yeah.  I want

18   it with regard to your discovery related to the bid procedures.

19   I hadn't yet seen your objection to -- which I'm sure is -- I

20   don't know if you've already filed it, but I'm sure it's

21   forthcoming.  But I wanted to look at that first and then I

22   will enter my ruling in connection with your discovery request

23   with regard to that matter.

24          MR. THOMPSON:  Yes, Your Honor.  But there are other

25   topics including TRO violations, alleged TRO violations,

Case 23-20764-CMB Doc 626-1 Filed 11/27/24 Entered 11/27/24 19:14:08 Desc
Exhibit 10-30-24 Hearing Transcripts    Page 6 of 11

6

```
 1   failure to remedy or cure those violations, actions of other

 2   parties in the case that we assert are related to the sale and

 3   the bid procedures.

 4            THE COURT:  Okay.  I think that a lot of the

 5   discovery that you have asked for also just relates to your

 6   reconsideration motion, which I'll be ruling on shortly.  So,

 7   you know, so I'm trying to just keep things on their own

 8   separate track because I think it's easier for me to handle all

 9   of your discovery requests if I view it in that light.

10            MR. THOMPSON:  Yes, Your Honor.  And you -- I'm sure

11   Your Honor took notice of the fact that we have a plan that we

12   are intending to file --

13            THE COURT:  Yeah.

14            MR. THOMPSON:  -- in very short order.  Some of these

15   same issues have come up --

16            THE COURT:  Is this a plan that is consensual with

17   the Trustee or it's just --

18            MR. THOMPSON:  It will not be.

19            THE COURT:  Okay.

20            MR. THOMPSON:  Notwithstanding our best efforts, Your

21   Honor.

22            THE COURT:  Okay.  Okay.

23            MR. THOMPSON:  And that's actually part and parcel of

24   what we're talking about here.

25            THE COURT:  Okay.
```

 1          MR. THOMPSON:  So it also involves the motion for

 2   reconsideration.  So I would think that our motion for

 3   reconsideration also -- are you suggesting that we not have --

 4   that we not get any discovery from this Trustee with respect to

 5   that?

 6          THE COURT:  At this point, I would tell you my

 7   inclinations with regard to your motion for reconsideration,

 8   I'm not inclined to grant your motion for reconsideration.  And

 9   if I do end up concluding in that manner, then I'm not going to

10   be permitting discovery to go forth with regard to that issue

11   as well.

12          MR. THOMPSON:  Well, wouldn't it be important for the

13   Court to understand that what we deem to be new information for

14   the Court to make a determination?

15          THE COURT:  Well, I'm assuming you've included

16   everything in your papers that you would like me to consider.

17          MR. THOMPSON:  Well, I think we have allegations that

18   need to be --

19          THE COURT:  So I think that what you're saying is

20   that you think that this discovery will, you know, uncover a

21   smoking gun, something like that, right?  That whatever -- I'm

22   just interested in whatever evidence you have right now to

23   justify those discovery requests.  And right now, I'm not

24   feeling that convinced.

25          MR. THOMPSON:  Your Honor, I -- what we would suggest

Case 23-20753-ABA Doc 1626-1 Filed 11/27/24 Entered 11/27/24 14:42:08 Desc
Exhibit 10-30-24 Hearing Transcripts    Page 8 of 11

8

1  is that the 9019 settlement agreement together.  And this is

2  not something that we had concluded prior to the Trustee's

3  rejection of what we think is a very reasonably plan, joint

4  plan proposal, to pay virtually 100 cents to all creditors and

5  certainly a much better outcome for unsecured creditors.  We

6  weren't of this opinion until after that rejection, but it

7  strikes us at this point that it is very possible that what the

8  9019 settlement agreement and the proposed sale and bid

9  procedures actually constitute is a sub rosa plan.

10         THE COURT:  Okay.

11         MR. THOMPSON:  So, okay.

12         THE COURT:  I understand --

13         MR. THOMPSON:  Okay.

14         THE COURT:  -- that that's your position and I'll

15  take that into consideration when I enter my ruling, okay?

16         MR. THOMPSON:  Okay, Your Honor.  Thank you.

17         THE COURT:  All right.  Thank you very much.

18         Okay.  Anything else, Mr. Coren?  Yes?

19         MR. COREN:  No, Your Honor.  It's unusual where I

20  come down here and say nothing, but I'm happy to say nothing.

21         THE COURT:  All right.  Well, I appreciate everyone's

22  thorough briefing.  Yes.

23         MR. SWICK:  Can I please say one thing just for the

24  record?

25         THE COURT:  Yeah.  Go ahead.

Case 23-20763 anc63e39 Doc 1626-1 Doc iled 11/27/24 Filed 11/20/24 Page 94 of 23 Desc
Exhibit 10-30-24 Hearing Transcripts    Page 9 of 11

9

1          MR. SWICK:  Okay.  So on the motion to withdraw, like

2    the motion for turnover was also for sanctions and included in

3    that were documents that we're extremely convinced were

4    falsified.  And they were accusing our client of doing things

5    they did not do and asking for sanctions.  So I really think,

6    and I would implore this Court to let us -- and look, most of

7    this stuff could have been done by a phone call,

8    communications, emails.  Communications are not going great

9    with opposing counsel.

10          So like if somebody filed something and they said,

11   "Hey, man, this is a mistake.  Here's what happened."  Fine.

12   But we didn't have that conversation.  We just had we're going

13   to withdraw this on the day before discovery is due when we've

14   been conferring about doing discovery and you're not going to

15   get any information about what we've -- like I don't make these

16   accusations lightly -- were clearly either falsified documents

17   or they were insinuating that our client used them in violation

18   of this Court's order, which they were not.  And there is no

19   evidence that they were.

20          So I -- on this motion to withdraw the motion for

21   turnover and sanctions, Your Honor, I really believe we should

22   be able to get down to why those documents, that motion for

23   turnover was filed and have some explanation for that because

24   that goes into our bidding procedure.  Should we, you know, go

25   with this sale?  Should we do a plan?  Like are we behind the

```
 1   eight ball here because they're not going to do anything with

 2   us.  And I also want to make it clear.  We took this case to

 3   not waste anybody's time.  Like I'm not going to come in and do

 4   a plan objection when we can't do a substitution or anything

 5   like that.  But to me, and I'm not from this Court, but I feel

 6   like the really injustice that's going on, that someone is

 7   trying to get my client for sanctions on falsified documents

 8   and I can't get any explanation or discovery on those

 9   documents.

10           THE COURT:  You know, I've read all of the

11   allegations that you guys have made, and unfortunately, I'm

12   just not convinced by those allegations.  And I appreciate that

13   you're zealously advocating on behalf of your client.  I'm just

14   not convinced on the evidence and the arguments that you've

15   presented to me today.  Okay.

16           Okay.  So I guess we'll see you again with regard to

17   the next hearing, which I guess is next week then, Pam?

18           THE CLERK:  Yes.

19           THE COURT:  Okay.  All right.  Thank you, both.

20           MR. THOMPSON:  Very good.  Thank you, Your Honor.

21           MR. COREN:  Thank you, Your Honor.

22           THE COURT:  Yes.  Thank you.

23           MR. THOMPSON:  Have a nice day.

24           THE COURT:  You too.

25       (Proceedings adjourned at 11:17 a.m.)
```

Case 23-20764-amc 639 Doc 826-1 Doc Filed 11/27/24 Filed 11/20/24 27/24 19:42:08 23 Desc
Exhibit 10-30-24 Hearing Transcripts    Page 11 of 11

11

C E R T I F I C A T E


        I hereby certify that the foregoing is a true and

correct transcript from the electronic sound recording of the

proceedings in the above-entitled matter.




_John Buckley_____
John Buckley, CET-623
Digital Court Proofreader

Case 23-10763-amc Doc 1626-2 Filed 11/27/24 Entered 11/27/24 19:42:08 Desc
Exhibit 11-7-24 Hearing Transcripts    Page 1 of 23

1

```
              UNITED STATES BANKRUPTCY COURT

            FOR THE DISTRICT OF PENNSYLVANIA

                                    :
IN RE:                              : Case No.  23-10763
                                    :
STREAM TV NETWORKS, INC.   CH: 11 : ADV. No.  23-00057
AND TECHNOVATIVE MEDIA,             :
INC.                                : Philadelphia, Pennsylvania
                                    : November 7, 2024
Motion to Reconsider (related       : 11:14 a.m.
Documents Order on Motion to        :
Approve Compromise under Rule       :
9019) Filed by Visual               :
Semiconductor, Inc. Represented     :
by Donald N. David (Counsel)        :
                                    :
. . . . . . . . . . . . . . . . . :


         BEFORE THE HONORABLE ASHELY M. CHAN
            UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

 For the Trustee:            Michael D. Vagnoni, Esq.
                             Obermayer Rebmann Maxwell &
                             Hippel LLP
                             Centre Square West
                             1500 Market Street, Suite 3400
                             Philadelphia, PA 19102
                             215-665-3066

                             Steven M. Coren, Esq.
                             Kaufman Coren & Ress, P.C.
                             Two Commerce Square
                             Suite 3900
                             2001 Market Street
                             Philadelphia, PA 19103-2713

 For Rembrandt:              Andrew Peter Demarco
                             Devlin Law Firm, LLC
                             1526 Gilpin Avenue
                             Wilmington, DE 19806
                             302-449-9010

                             Chris Michaels
```

Case 23-20743-amc397 Doc 626-2 Document 11/27/24 Filed 11/27/24 Entered 11/27/24 19:42:08 Page 2 of 23 Desc
Exhibit 11-7-24 Hearing Transcripts    Page 2 of 23

2

APPEARANCES (Continued):

For VSI:                              John H. Thompson
                                     Akerman
                                     750 Ninth Street, N.W.
                                     Suite 750
                                     Washington, D.C. 20001
                                     202-393-6222

Proceedings recorded by electronic sound recording;
transcript produced by TheRecordXchange.

```
 1  NOVEMBER 7, 2024                              10:00 A.M.

 2           THE COURT:  Perfect timing, gentlemen.  Morning,

 3  Steve.

 4           MR. COREN:  Good morning.  How are you, Judge?

 5           THE COURT:  I'm doing okay.  Hanging in.  Vagnoni?

 6           MR. VAGNONI:  Good morning, Your Honor.

 7           THE COURT:  Good morning.  All right.  Well Pam, it's

 8  10:00.

 9           THE CLERK:  Okay.  All right.  Today's Thursday,

10  November 7th, the 10:00 list.  The only matter on the list is

11  Stream TV Network's motion to reconsider the motion to approve

12  compromise filed by VSI.  Appearances please.

13           MR. VAGNONI:  Morning, Your Honor.  Michael Vagnoni

14  and Ed George on behalf of William Homony, the Chapter 11

15  Trustee.  Also with us today is Steve Coren, special counsel

16  for the Trustee.

17           MR. COREN:  Right.

18           THE COURT:  Okay.

19           MR. THOMPSON:  Good morning, Your Honor.  John

20  Thompson of Akerman LLP on behalf of VSI.  Morning.

21           THE COURT:  All right.  Well maybe no one else wants

22  to make their appearance known.

23           MR. DEMARCO:  Good morning, Your Honor.  This is

24  Andrew DeMarco with Devlin Law Firm here for Rembrandt.

25           THE COURT:  Okay.  All right.  Drive safely.
```

Case 23-20463-can39 Doc 1626-2 Doc Filed 11/27/24 Entered 11/27/24 14:08:23 Desc
Exhibit 11-7-24 Hearing Transcripts    Page 4 of 23

4

1            MR. DEMARCO:  Oh, I'm parked, Your Honor.

2            THE COURT:  Okay.  All right.  Okay.  All right.

3    Well, if no one else wants to enter their appearance.  I have

4    read all of the briefs, and I guess I just wanted to see if

5    there were any additional arguments that were different than

6    the arguments already set forth in the briefs.  So if you do,

7    I'd like to hear them.

8            MR. THOMPSON:  Your Honor, I would like to make a

9    presentation if I may, right?  We've asked for a consideration

10   for some important and very fundamental reasons.  In short, we

11   believe that the Court should reconsider the 9019 settlement

12   agreement because it is fatally flawed.  There are a number of

13   points of new information that the Court was not privy to in

14   making its decision to enter the order approving the 9019

15   settlement agreement.  And therefore, we think that it, again,

16   is flawed for a number of reasons.

17           The first is that the Trustee didn't complete his

18   assignment as issued to him through the Court's appointment

19   order.  And as a result, the Hawk party's claims and the

20   conversion of their notes were never truly investigated or

21   vetted by the Trustee despite protestations to the contrary.

22           Accordingly, the allowance of the secured claim in

23   the amount of $180 million, $150 million of that being

24   permitted to a credit bid is patently unreasonable in our view.

25           As set forth in greater detail in our objection, the

```
 1    Trustee's settlement to the sale motion, the Trustee's

 2    settlement agreement sets up a framework for sale process

 3    that's both unworkable from a legal and practical perspective

 4    and unfair to all stakeholders, including potential competing

 5    bidders and unsecured creditors because it establishes an

 6    unlevel playing field that advantages the Hawk parties, the

 7    stalking horse, to the detriment of all others.

 8             Finally, the 9019 settlement agreement failed to

 9    negotiate and provide a fiduciary out to permit the

10    consideration of any debtor deal that might arise after the

11    entry of disagreement with the Hawk parties. Specifically,

12    better deals that would ensure administrative solvency for the

13    estates, achieve meaningfully better recoveries for all

14    creditors, including unsecured creditors.  And we've seen the

15    negative fallout from the failure to secure such a fiduciary

16    out time and time again in this case, even if the Court has

17    not. As Trustees similarly rejected reasonable and considerably

18    better offers after offers in favor of some blind lot loyalty

19    to Hawk's outcome and the 9019 settlement.

20             Those aren't just VSI offers to be clear, Your Honor.

21    Those are offers coming from multiple parties and interests in

22    the case.  The bottom line is the Trustee is unwilling or

23    unable to take yes for an answer and achieve a better result

24    for the Debtor's estates and a better recovery for creditors of

25    those estates based upon the unreasonable and unwavering
```

Case 23-20764-anbb9 Doc 626-2 Doc 626-2 Filed 11/27/24 Entered 11/27/24 Entered 11/27/24 19:14:25 08:21 Desc
Exhibit 11-7-24 Hearing Transcripts    Page 6 of 23

6

```
 1   allegiance to this 9019 settlement agreement.

 2            That's never made any -- and that settlement

 3   agreement has never made any sense, but it's definitely one

 4   that does not make sense now in wake of the multiple offers and

 5   compromise that would improve outcomes for all parties and do

 6   so in a fair way.

 7            Accordingly, we believe that the Court should grant

 8   our motion to reconsider, vacate its prior order approving the

 9   9019 settlement.  Your Honor, I'll take your questions if you

10   have any.

11            THE CLERK:  Judge, you're on mute.

12            THE COURT:  I'm sorry about that.  I don't have any

13   questions, but thank you, Mr. Thompson.

14            MR. THOMPSON:  Thank you.

15            THE COURT:  Mr. Vagnoni, Mr. Coren, you're welcome to

16   respond but you don't have it.  It's totally up to you.

17            MR. VAGNONI:  Your Honor, Michael Vagnoni on behalf

18   of the Trustee.  I'll keep it simple.  This is a situation

19   where the Trustee was given a mandate by the bankruptcy court.

20   I know counsel with VSI just indicated without any evidence

21   that the Trustee didn't fulfill his function.  We disagree

22   wholeheartedly.  We -- since the beginning of this case, I

23   think Your Honor is well aware that not only did the Court

24   appoint a Trustee, but the Court also granted relief from the

25   automatic stay to Hawk to go forward with the 225 action, which
```

Case 23-20463-abl Doc 826-2 Filed 11/27/24 Entered 11/27/24 19:42:03 Desc
Exhibit 11-7-24 Hearing Transcripts    Page 7 of 23

7

1    they attempted to do.

2          He gave the Court -- the Trustee, a very short

3    timeframe.  During which time the Trustee met with all of the

4    parties who were at play here, met with VSI, or the Debtor.  We

5    couldn't really tell which.  But with Mr. Rajan's group on

6    multiple occasions.  Met with Hawk.  Met with SeeCubic, Inc.

7    And met with Rembrandt.  And the result of those meetings and

8    the shortened timeframe that we had to operate in and extensive

9    -- and this speaks a little bit to the conversion issue that

10   Mr. Thompson alluded to.  Met with the Debtor's chancery court

11   attorney, Andy Dupre, at McCarty & English who now is at

12   Akerman.

13          And we're left with the very clear impression and

14   opinion that the 225 action was careless at best, and could

15   result in and would likely result in the estate having no

16   assets for unsecured creditors.

17          Because of that, Your Honor, the Trustee entered into

18   a settlement agreement with Hawk that would guarantee money

19   into the estate, and would get, our hope is, money to unsecured

20   creditors.  The multiple offers that Mr. Thompson alluded to --

21   again, I'm not sure what offers he's talking about, but we have

22   spent time with VSI to vet the proposals that they would like

23   to make and have found them to be lacking in evidentiary

24   support.  And the Trustee has chosen to move forward with the

25   Hawk settlement.

Case 23-20763-amc639Doc 1626-2 Doc FileDenter11/27/24 File11/20/21/27/24 ge 142:708 23 Desc
Exhibit 11-7-24 Hearing Transcripts    Page 8 of 23

8

1          The Court evaluated that settlement at the 9019

2    hearing.  Found that the Trustee met all the Martin factors,

3    and approved the settlement.  We don't believe that VSI has

4    established grounds for this Court to reconsider to the extent

5    that 8008 would permit that.  And we believe that the motion

6    should be denied in its entirety.

7          THE COURT:  Okay.  Thank you, Mr. Vagnoni.

8          MR. VAGNONI:  Mr. George, I think that you're not on

9    mute, so when you're not on mute, we hear all of your email

10   rings, your phone calls.

11         THE COURT:  Okay, good.  All right.  Thanks, Mr.

12   George.  All right.  Mr. Coren, did you want to add anything to

13   that?

14         MR. COREN:  Yes.  I would just briefly, Your Honor.

15   Because the notion that we didn't do our due diligence or

16   investigation is preposterous.  I was hired to do just that.

17   And in fact, I participated in some of those meetings, reviewed

18   lots of the documents, interviewed the Debtor's counsel in the

19   225 action at length.  Looked at the materials from that case.

20   And I rendered a judgment and an opinion and gave advice, which

21   I will only talk of at the highest level to the Trustee.

22         And I wholeheartedly, given that analysis and my

23   experience and my review, concluded that this settlement was in

24   the best interest of the estate.  Wholeheartedly support that

25   there were serious risks as Mr. Vagnoni points out, which if

```
1    they didn't go well for the estate, would have resulted in the

2    estate having nothing.  I viewed those risks as real, and we

3    did an analysis of them, and I cancelled the trustee

4    accordingly.  And I did weigh in and participate in looking at

5    what are referred to as subsequent offers that -- in the

6    judgment of Mr. Thompson or his client he thinks are better to

7    the estate.  And I counseled along with bankruptcy counsel, the

8    Trustee.  And in my view to the extent that I looked at the

9    support for them, much of them was a illusory much like that,

10   which was present to Judge Coleman and she wholeheartedly

11   rejected it.

12          So I support the settlement.  I counseled the Trustee

13   accordingly as bankruptcy counsel.  And reject wholeheartedly

14   the notion that he did not perform his functions under the

15   bankruptcy code and the mandate.  He did precisely that as did

16   his professionals.  Thank you.

17          THE COURT:  Thanks, Mr. Coren.  Okay.  Well, I'm

18   going to take the matter under advisement.  I hope to have out

19   an opinion and order on this I hope in the next week or so.  So

20   you'll see that soon, all right.  Thank you all for your

21   presentation today and I'll talk to you guys soon.

22          MR. THOMPSON:  Your Honor, before -- I think you

23   indicated at the last hearing last week that you would rule

24   with respect to the motion to quash.

25          THE COURT:  Yeah.
```

```
 1              MR. THOMPSON:  With a specific request, with a

 2    specific regard to the sale and the procedures order.

 3              THE COURT:  Yes.  And so, that will be part of the

 4    opinion and order, my ruling on the discovery.

 5              MR. THOMPSON:  Will be part of your consideration to

 6    -- of the reconsideration motion?

 7              THE COURT:  So I'm going to rule on the motion for

 8    reconsideration.  And I'm also going to rule on the discovery

 9    in connection with the reconsideration. But there is also

10    outstanding discovery regarding the bid procedures and things

11    like that.  So I'm going to just rule on the discovery with

12    regard to the motion for reconsideration topic.

13              MR. THOMPSON:  Okay.  But the sale topic is different

14    from the reconsideration topic, Your Honor, with respect to

15    discovery.

16              THE COURT:  Yes, absolutely.

17              MR. THOMPSON:  Right.

18              THE COURT:  So there's, you know, there were three

19    topics for discovery.  One I've already ruled on, right?

20              MR. THOMPSON:  Correct.

21              THE COURT:  And now there's the discovery in

22    connection with today's hearing.  And then there's also

23    discovery in connection with the bid procedure motion.

24              MR. THOMPSON:  Yes, Your Honor.  The bid procedure

25    motion, of course, is going forward on the 13th.  And the
```

Case 23-20763-CMB Doc 626-2 Filed 11/27/24 Entered 11/27/24 19:42:08 Desc
Exhibit 11-7-24 Hearing Transcripts    Page 11 of 23

11

 1   question is whether we will get an opportunity to have the

 2   discovery, in particular the deposition discovery, that we

 3   asked for and need in advance of that hearing.  For the reasons

 4   we set forth in our objection filed last night, it's pretty

 5   critical.  And I would hope that the Court would see the need

 6   to have that discovery done in advance of the hearing as it's

 7   only really helpful I would think to Your Honor before the

 8   hearing.

 9        (Telephone ringing)

10             THE COURT:  Mr. Thompson, are you having technical

11   difficulties there?

12             MR. THOMPSON:  I'm trying to decline the call, Your

13   Honor.

14             THE COURT:  That's okay.

15             MR. VAGNONI:  Your Honor, it remains the Trustee's

16   position that that discovery on a procedures motion is not

17   appropriate under the circumstances and is once again designed

18   to delay these proceedings, which the Trustee hopes to wrap up

19   as soon as possible.

20             MR. THOMPSON:  Your Honor, I reject that contention

21   in the main, right?  We're not doing anything to delay this

22   process.  It's actually quite to the contrary.  We've asked

23   that the Trustee for some time now respect to discovery on

24   these topics, all of which we think go to the Trustee's

25   inability to sell these assets as set forth in our sale

 1   objection.

 2          And we frankly think that the issues raised are of

 3   pretty monumental importance to the case at large.  And the

 4   idea that nobody would be able to cross-examine this Trustee

 5   about his judgment and his understanding of the assets that he

 6   purports to want to sell through a 363 sale.  It's just so

 7   quite exceptional.  I don't see that as merely a process issue,

 8   and I would hope that the Court does not have.

 9          MR. DEMARCO:  Your Honor, if I may very briefly?

10          THE COURT:  Yeah, Mr. DeMarco?

11          MR. DEMARCO:  Yes.  Hi.  I just wanted to note that

12   we agree, that Rembrandt agrees and joins with the request for

13   that discovery as we filed in our objection and as Mr. Thompson

14   noted.  And if Your Honor wishes to hear more about our

15   position, we are happy to discuss as well.  But I wanted to

16   note that we join for the same reasons.

17          THE COURT:  Okay.  Thank you, Mr. DeMarco.  I mean,

18   I'll be candid with both you and Mr. Thompson.  I'm not

19   persuaded by your motion for reconsideration.  And in all of my

20   years of practice, I have never once seen discovery requested

21   in connection with a motion for bid procedure.  I've just never

22   seen it.  Given the fact that this Trustee was appointed by

23   Judge Coleman and was clearly, in my opinion, the most

24   objective party here, they've got no skin in the game.  They

25   just want to make the right calls.  It's just a really high

Case 23-20743-amc Doc 626-2 Filed 11/27/24 Entered 11/27/24 19:42:08 Desc
Exhibit 11-7-24 Hearing Transcripts    Page 13 of 23

13

```
1    burden for VSI and Rembrandt to overcome. While I appreciate
2    your zealous advocacy, you know, I am inclined to deny the
3    motion for reconsideration and deny the discovery in connection
4    with that and the bid procedure motion.
5              MR. THOMPSON:  The bid procedure and sale motion,
6    right, Your Honor? I mean, so the sale -- there's no discovery
7    in connect with the sale.
8              THE COURT:  At this point, I mean, you know, I'll put
9    together an order.  But at this point, I just -- I've never
10   seen -- I've never even seen a request.
11             MR. THOMPSON:  Your Honor, I would just direct your
12   attention to the cases that were cited in our objection, which
13   are manifold.  And all of them involve --
14             THE COURT:  I'm not saying it's never done.  But Mr.
15   Thompson, you have to understand that you've come into this
16   case relatively recently, and the parties have been around.
17   And I've seen some of the actions that they've taken.  Not on
18   your watch.  And that has affected my view of your client.
19             And like I said, you know, all of those cases that
20   you may have cited, I think that their facts are probably quite
21   different than the facts that I have before me, which is that
22   I've got a Trustee, right?  I mean, the appointment of a
23   Chapter 11 Trustee.  It's a very extraordinary event.  I've
24   only done it once in my career.  And when you do it, you do it
25   because you absolutely have to do it.  Because you're balancing
```

Case 23-20463-abl Doc 1639 Doc 626-2 Filed 11/27/24 Filed 11/20/24 Entered 11/27/24 19:42:08 Page 14 of 23 Desc
Exhibit 11-7-24 Hearing Transcripts    Page 14 of 23

14

```
 1   the interests of having a completely independent person, you
 2   know, making these calls.
 3            So given that extraordinary event, you know, I'm
 4   going to give the Trustee a great deal of deference.  I just
 5   am, okay?
 6            MR. MICHAELS:  Your Honor, this is Chris Michaels for
 7   Rembrandt.
 8            THE COURT:  Yes.
 9            MR. MICHAELS:  This -- I appreciate your comments
10   about this being an extraordinary case.
11            THE COURT:  Yeah.
12            MR. MICHAELS:  I have been involved from the very
13   beginning.  Rembrandt has been litigating its intellectual
14   property disputes.  Thought it had settled those.  All parties
15   in this matter, Chadron Stastney, Matthew Rajan, all signed off
16   on a settlement agreement saying, yes.  Our trade secrets have
17   been included in Ultra-D.  Our patents cover the products are
18   being sold.  And the Trustee is moving forward planning to sell
19   our technology, right?  I mean, we -- our question is very
20   simple, right?  Have you removed Rembrandt's technology from
21   the very assets that are trying to be sold?  If the answer is
22   yes, let's figure that out.  We've offered numerous times to do
23   that in an expedited and effectual way, to no avail.  And we
24   have asked if they're not in there, what are you doing with
25   respect to assumption or rejection of our license, to no
```

Case 23-20764-acb Doc 626-2 Filed 11/27/24 Entered 11/27/24 19:42:08 Desc
Exhibit 11-7-24 Hearing Transcripts    Page 15 of 23

15

1   definitive answer.

2           And we are now saying, we now see from the Trustee's

3   papers that SSG is offering assets for sale.  That is patent

4   infringement under section 271.  If, and only if, they are not

5   covered by the license we issued Stream.  And this is -- this

6   should be basic question.  Are you assuming our license?  Are

7   they covered or are they committing patent infringement?

8   Absent any discovery, absent any assumption or rejection of our

9   license, we are left to go litigate a patent infringement case

10  against SSG because they're the ones that are actively

11  offering. All of the employees at SSG that are doing that are

12  likewise guilty of patent infringement.

13          And unless, of course, the Trustee has assumed

14  Rembrandt's license, then they're covered by the license.

15  These are basic questions that should be answers.  And I don't

16  under -- I've never been involved in a case where a trustee or

17  debtor in possession didn't answer them.  So I appreciate that

18  this is a very unique situation, but it's also simply resolved,

19  right?  From our perspective, the Trustee could provide basic

20  information that would move this case forward and tell us

21  whether or not we need to file additional litigation or not.

22          But, you know, we're not new to raising these

23  concerns, right?  I mean, there is a settlement agreement.

24  We've been -- we are part of the TRO mentioned directly.  And

25  so, I think that our request for these basic things are things

1   that can certainly be resolved in a week or two.  I mean, they

2   can decide.  I mean, are you assuming it or are you rejecting

3   the license?  That's a one sentence answer.  You know, is that

4   -- so we think the request for discovery is reasonable in this

5   context, especially how many issues that it can resolve.  I

6   can't image there's going to be any bidders, save the stalking

7   horse bidder, they're going to come in and walk themselves into

8   all these IP disputes.

9             And, you know, Rembrandts here.  But, I mean, forget

10  Rembrandt.  I mean, Phillips has 1,500 plus patents at issue,

11  most of which they've sold off to Leia that is actively trying

12  to license those out. I mean, companies don't walk into almost

13  certain patent infringement cases with companies like Phillips

14  to enforce, right?  This is, this is absolutely guaranteed to

15  this ambiguity in what the assets are and whether or not they

16  need licenses or have licenses from Phillips and Rembrandt is a

17  virtual certainty that anybody is going to either not bid or

18  just walk away from this.  This is designed for failure.

19            And quite frankly, we talked about the concern about

20  an action in chancery court to determine whether or not some

21  debt was owed.  And that's a trivial expense for litigation.

22  Patent infringement costs the average for a case of this size

23  is somewhere between 7 and $15 million dollars.  Where is the

24  estate going to get the money to defend, right?  I mean, it's

25  going to render this estate with almost absolute certainty

1   administratively insolvent as soon as Rembrandt acts.  And

2   we're all on -- all of Rembrandt's attorneys by the way are on

3   contingency fee, and originally signed on for a patent

4   infringement action.  So it's not like Rembrandt doesn't have

5   counsel that's going to enforce.  But I don't see that the

6   estate has prepared itself for litigation in multiple

7   jurisdictions, right?

8           So I -- with respect, I think this is a unique

9   situation that has potentially unique issues that would warrant

10  this basic discovery.

11          THE COURT:  Okay.

12          MR. VAGNONI:  Your Honor, I'm not sure what role Mr.

13  Michaels or Mr. DeMarco play in VSI's motion for

14  reconsideration.  They -- there were a number of misstates made

15  by Mr. Michaels just now that I can address.  The -- you know,

16  the issue of the settlement agreement, I don't -- I don't think

17  I know which one he's talking about because the one I know Chad

18  Stasney did not sign and was not a party to.

19          The issue of all the patent infringement claims he

20  allegedly has would only be an issue if the Debtor had sold

21  TVs, which it clearly hasn't.  There are no operations in the

22  Debtor.  What the Debtor is selling is its assets, including

23  interests in foreign subsidiaries that have technology.  And

24  there -- we don't know of any technology that Rembrandt has

25  sold or that Rembrandt has in that technology nor are we

 1   selling that technology.  We're selling the subsidiary.

 2          That being said, there is little or no evidence, I

 3   would say no evidence for the vast majority of what Mr.

 4   Michaels just said. We're here on a 9019 hearing, and I don't

 5   know what his comments lend to that.

 6          MR. THOMPSON:  Your Honor, I must respond to what Mr.

 7   Vagnoni just said.  In that, first of all, we're actually

 8   talking about what this Court asked to be placed at the end of

 9   this hearing.  So I don't think it's about the 9019

10   reconsideration.  But rather with the respect to discovery

11   related to the sale and bid procedures motion filed by this

12   Trustee.

13          THE COURT:  I agree.  Mr. Vagnoni, they're talking

14   about, you know, he -- Mr. Thompson had invited me to comment

15   on the discovery related to the procedures motion --

16          MR. VAGNONI:  Understood.

17          THE COURT:  -- that's coming up.  So I think that

18   they're kind of highlighting issues and obstacles that they

19   believe that the Trustee faces in connection with that, and why

20   they think it's, you know, I should grant some discovery.  So I

21   think that's really what the focus was of Mr. Michaels.

22          MR. THOMPSON:  That's right, Your Honor.  And I think

23   it's important to note based upon what Mr. Vagnoni just said.

24   We have no contentions about what the Trustee is selling or is

25   not selling.  I wish the Trustee knew what he is selling.  I

```
 1   wish his advisors knew what they were selling.  I don't believe
 2   they do.  And as set forth in our objection pretty clearly, and
 3   as had been made clear on the record on June 5th, the Trustee
 4   does not understand these assets.  He does not understand the
 5   implications, let alone the encumbrances upon some of these
 6   assets, including the rights that Rembrandt has just raised.
 7            And so, if they -- if the Trustee did, we would be
 8   having a different discussion right now.  But he doesn't, and
 9   his advisors don't.  And that's important.
10            MR. VAGNONI:  Pretty clearly as to what the Trustee
11   is selling.
12            THE COURT:  All right.  Well, I mean, I think what
13   I'm hearing them say, Mr. Vagnoni, is that they don't think you
14   know what you're selling.  But do you know what you're selling
15   as part of this motion?
16            MR. VAGNONI:  As part of the --
17            THE COURT:  The motion for the bid procedures.
18            MR. VAGNONI:  Absolutely.  The Trustee is selling all
19   of the assets of the Debtors, including their equitable rights
20   in the foreign subsidiaries that they -- that they have.  That
21   is what they're selling.
22            MR. THOMPSON:  Are they selling the right to license?
23            MR. VAGNONI:  I'm not -- I don't think I'm on the
24   stand here.  And I don't think that -- no.  The Trustee is not
25   selling a license.
```

```
 1             MR. THOMPSON:  Okay.  Well, that's what it says in
 2   SSTs teaser.
 3             MR. VAGNONI:  I don't believe so.  And again, we're
 4   not here on that today.
 5             MR. THOMPSON:  Well, that's why we need discovery is
 6   what I would argue, Your Honor.  Because it says very clearly
 7   in the SSG teaser that what the Trustee is purporting to sell
 8   are the capabilities to license the so-called Ultra-D
 9   technology, which incorporates other people's IP, including,
10   but not limited to Rembrandts.  And that's why we think it
11   destroys value. And that's why we think the Trustee doesn't
12   understand what its selling.  And that's why we think we need
13   discovery.
14             MR. MICHAELS:  Your Honor, with respect to the teaser
15   that it was put out, it references the very Phillips license
16   that specifically prohibits a transfer under a change of
17   control provision, right?  There's huge numbers of patents that
18   we have sent the Trustee as part of our discussions and we
19   filed it with our papers a list of assets that we needed to
20   understand the status of that had been licensed from Phillips.
21   A blue box software for example.  I mean, there's a huge
22   laundry list of assets that were provided by Phillips that were
23   used to create and are used to implement the Ultra-D
24   technology.  Are those included or not?  Are those -- those are
25   -- if they're not included by the way, you can't be using
```

```
 1    Rembrandt's technology because ours is reliant on that -- those

 2    software and that no how and that technology.

 3              So if we answered that question, right, that they

 4    have put front and center in their marketing piece, we would

 5    know whether or not Rembrandt's technology is included.

 6    Because if it's not, if they're not using the Phillips

 7    technology, they're not, we're not involved, right?  We back

 8    right off.  They get rid of us.  We are not making any motions.

 9    So these are basic, basic, factual pieces of information that

10    are -- they have made front and center.  I mean, we certainly

11    have been raising them for years.  But they've said right in

12    their paper, in their marketing materials, that this is subject

13    to a Phillips license.

14              THE COURT:  Mr. Michaels, thank you for that.  So Mr.

15    Vagnoni, I guess what I'm hearing Mr. Thompson and Mr. Michaels

16    saying is they want to drill down into the weeds, understand

17    exactly what is being sold so that they understand what's

18    happening and if there's going to be future litigation.  And

19    so, they seem confused about that.  I think it's certainly fair

20    for them to understand exactly what is being sold.  I myself

21    haven't got into the weeds about the schedules in terms of

22    exactly what's being sold.  But I think that that's certainly

23    something that they need to know.

24              And I'm not going to put you on the spot here today,

25    but certainly I'd like them to understand exactly what's being
```

Case 23-20763-as06397 Doc 626-2 Filed 11/27/24 Entered 11/20/24 19:42:08 Desc
Exhibit 11-7-24 Hearing Transcripts    Page 22 of 23

22

 1  sold so that they can take whatever litigation positions that

 2  are necessary and then they can make arguments to me.  But it

 3  sounds like they don't know that.  And it sounds like you might

 4  not want to be in the position to answer that, but I think it's

 5  a fair request to understand what's being sold as part of this

 6  sale.

 7           So I'm going to rule on the motion for

 8  reconsideration and the discovery related to that.  I'm going

 9  to urge Mr. Vagnoni to get back to Mr. Thompson and Mr.

10  Michaels about exactly what's, you know, what's being sold.

11  And then my hope is that when we meet again that Mr. Thompson

12  and Mr. Michaels will report to me that they know what's being

13  sold, and that they can raise whatever issues come up as a

14  results of that.  And then the Court will address it then,

15  okay?

16       (Proceedings adjourned at 10:30 p.m.)

17

18

19

20

21

22

23

24

25

Case 23-20763-acb Doc 639 Doc 626-2 Filed 11/27/24 Filed 11/20/24 Entered 11/27/24 19:42:08 Page 23 of 23 Desc
Exhibit 11-7-24 Hearing Transcripts    Page 23 of 23

23

C E R T I F I C A T E


       I hereby certify that the foregoing is a true and

correct transcript from the electronic sound recording of the

proceedings in the above-entitled matter.




*John Buckley*
_____
John Buckley, CET-623
Digital Court Proofreader

Case 23-10763-amc Doc 1626-3 Filed 11/27/24 Entered 11/27/24 19:42:08 Desc
Exhibit 11-13-24 Hearing Transcripts    Page 1 of 84

1

```
              UNITED STATES BANKRUPTCY COURT

            FOR THE DISTRICT OF PENNSYLVANIA

                                  :
IN RE:                            : Case No.  23-10763
                                  :
STREAM TV NETWORKS, INC.   CH: 11 :
AND TECHNOVATIVE MEDIA,           :
INC.                              : Philadelphia, Pennsylvania
                                  : November 13, 2024
                                  : 11:00 a.m.
. . . . . . . . . . . . . . . . . :


              BEFORE THE HONORABLE ASHELY M. CHAN
                 UNITED STATES BANKRUPTCY JUDGE


APPEARANCES:

For SeeCubic, Inc.:          Marley Brumme, Esq.
                             Skadden Arps Slate Meagher &
                             Flom, LLP
                             500 Boylston Street, 23rd Floor
                             Boston, MA 021116
                             617-573-4800


For Rembrandt:               Andrew Peter Demarco
                             Devlin Law Firm, LLC
                             1526 Gilpin Avenue
                             Wilmington, DE 19806
                             302-449-9010


                             Christopher Michaels

For SSG Capital Advisors:    Samuel Charlton

For VSI:                     John H. Thompson
                             Akerman
                             750 Ninth Street, N.W.
                             Suite 750
                             Washington, D.C. 20001
                             202-393-6222


For Hawk Investment Holdings Steven Caponi, Esq.
Ltd.:                        Margaret Westbrook, Esq.
                             K&L Gates
                             600 N. King Street, Suite 901
                             Wilmington, DE 19801
                             302-416-7080
```

                                        Jonathan N. Edel, Esq.
                                        300 South Tryon St., Suite 1000
                                        Charlotte, NC 28202

For the Trustee:                        Michael D. Vagnoni, Esq.
                                        Obermayer Rebmann Maxwell &
                                        Hippel LLP
                                        Centre Square West
                                        1500 Market Street, Suite 3400
                                        Philadelphia, PA 19102
                                        215-665-3066

                                        Steven M. Coren, Esq.
                                        Kaufman Coren & Ress, P.C.
                                        Two Commerce Square
                                        Suite 3900
                                        2001 Market Street
                                        Philadelphia, PA 19103-2713

Proceedings recorded by electronic sound recording;
transcript produced by TheRecordXchange.

```
 1  NOVEMBER 13, 2024                              11:00 A.M.

 2           THE COURT:  Okay.  Is there anyone else on the phone

 3  who is here for a case other than Stream TV?  Okay.  Thank you.

 4           Party who just joined the call, the last four digits

 5  6443.  Could you identify -- I'm sorry, 6643, could you

 6  identify yourself, please?

 7           MR. CHARLTON:  Yes.  Samuel Charlton with SSG Capital

 8  Advisers.

 9           THE CLERK:  Yes, with the last four digits 4063.  Can

10  I have your last name, please?

11           All rise.

12           THE COURT:  Morning.  Please be seated.  Court is now

13  in session.  All right.  This is the call on the 11:00 list.

14  The only matter remaining on the list is number 23, Stream TV

15  Networks and we have several parties on the phone and in the

16  courtroom.

17           Do you want to start with the people in the

18  courtroom, first?

19           UNIDENTIFIED SPEAKER:  Uh-huh.  Yeah, let's start

20  with the people in the courtroom.

21           THE COURT:  Okay.  We're going to start with the

22  people in the courtroom and get everyone's appearances.

23           Appearances, please, on Stream TV.

24           UNIDENTIFIED SPEAKER:  Come sit at the table.

25  Welcome.
```

```
 1              MR. THOMPSON:  Morning, Your Honor.  John Thompson of

 2   Akerman on behalf of VSI and with me today is my colleague Adam

 3   Swick and retired Judge Nick Clark from the Western District of

 4   Texas.

 5              THE COURT:  Welcome.

 6              MR. CLARK:  Morning, Your Honor.

 7              THE COURT:  It's good to see you.

 8              MR. CLARK:  Thank you.

 9              MR. DEMARCO:  Good morning, Your Honor.  This is

10   Andrew DeMarco from Devlin Law Firm here representing

11   Rembrandt.  Also here with me is Christopher Michaels from

12   Brown and Michaels who will be handling any argument today.

13              THE COURT:  Welcome.

14              MR. CAPONI:  Good morning, Your Honor.  Steven Caponi

15   from K&L Gates on behalf of Hawk.

16              THE COURT:  Okay.

17              MS. BRUMME:  Good morning, Your Honor.  Marley Ann

18   Brumme of Skadden Arps on behalf of SeeCubic.

19              THE COURT:  Okay.  Great.  I thought you guys were

20   going on the phone.  You're going to be outnumbered.

21              MR. CAPONI:  Yeah.

22              THE COURT:  No, you're here.  Okay.  All right.

23   We're just entering appearance, so come on up and say hello.

24              MR. VAGNONI:  Good morning, Your Honor.  Michael

25   Vagnoni on behalf of Bill Homony, Chapter 11 Trustee.  I have
```

```
 1   with me Ed George and Steve Coran from Coran and Ress.
 2           THE COURT:  Okay.
 3           MR. CORAN:  Morning.
 4           THE COURT:  Good morning.  All right.  How about the
 5   people on the phone?  Did you want to note your appearance if
 6   there's anywhere there?
 7           Do we have anyone?
 8           UNIDENTIFIED SPEAKER:  Yeah.  Yeah.
 9           THE COURT:  We do?  The parties on the line, if every
10   -- if you could each speak one at a time and tell us who you're
11   here for on Stream TV and enter your appearances, please.
12           MR. EDEL:  This is Jonathan Edel from K&L Gates on
13   behalf of Hawk Investment Holdings.
14           THE COURT:  Okay.  Anyone else or you think that's
15   it?
16           UNIDENTIFIED SPEAKER:  They might just be observing.
17           THE COURT:  Okay.  Fine.
18           All right.  Well, welcome back, everybody.  I know
19   we're here on the reconsideration, which I will -- I guess I
20   just wanted to address the discovery issue.  So the last time
21   we were talking on the phone, you guys had raised an issue
22   about the assets that were being sold and you had concerns
23   about whether there were licenses and I think Mr. Vagnoni, I
24   was giving you a week to try to clarify for them what assets
25   were going to be sold.
```

Case 23-20731-bam Doc 626-3 Filed 11/27/24 Entered 11/27/24 19:42:06 Desc
Exhibit 11-13-24 Hearing Transcripts    Page 6 of 84

6

1          So have you had any productive conversations

2   hopefully with them?

3          MR. VAGNONI:  Your Honor, we took your direction from

4   the last hearing, and we provided both VSI, accounts for VSI

5   and accounts with Rembrandt.  A fairly exhausted list of what

6   the assets are.  Not just the assets that we are -- that the

7   Trustee is selling, but the assets that are embedded in the

8   downstream subsidiaries whose equity we are selling as well.

9          That, I think, would have satisfied the Court's

10  concern in that regard.  I have a copy of what we sent.  I

11  didn't bring multiple copies.  It's very thick.  But we did

12  provide that.  We did also receive a email on Friday of last

13  week asking for a meet and confer to discuss what discovery

14  would be taking place.

15         We did not engage in that meet and confer.  We didn't

16  take your comments last week as we thought everything was

17  quashed to that point based on your ruling.  So we did not meet

18  and confer.  We were preparing for the hearing.  But we -- and

19  we did not engage in any discovery again, because we thought

20  the discovery request had been quashed by Your Honor.

21         But again, we did provide them with a listing --

22         THE COURT:  Okay.  Well, let me --

23         MR. VAGNONI:  -- on the --

24         THE COURT:  -- see if they feel like they have a

25  better understanding.

Case 22-20763-ac639 Doc 626-3 Filed 11/27/24 Entered 11/27/24 09:42:08 Desc
Exhibit 11-13-24 Hearing Transcripts   Page 7 of 84

7

1          So do you gentlemen have a better understanding of

2   exactly what's being sold?

3          MR. MICHAELS:  We have no better understanding.  Most

4   simply, are they accepting -- assuming, rejecting saying that

5   the Rembrandt contract is invalid, valid?  What is their

6   position?  Where is our IP?  Have they removed it?

7          They're disclosure, this voluminous thing they

8   described has a single sentence that says, "software," right?

9   There's no discussion of -- we have asked over and over again,

10  are you in control of the software professional development

11  system?  I.E., do you have the username and password?  No

12  response.

13         THE COURT:  Uh-huh.

14         MR. MICHAELS:  We have no idea what they have.  More

15  so, we're the ones that have provided a far more extensive list

16  of what assets we believe could be in that estate and we've

17  told them what documents we're relying upon and asked them,

18  what is the status of each of these individuals assets?  No

19  response.

20         THE COURT:  Okay.  So --

21         MR. MICHAELS:  We are no more clear than we have --

22         THE COURT:  -- I've been with you guys up until this

23  point.  But now, you know, they've got some serious concerns.

24  You know, their belief is that the sale of the asset is going

25  to violate all of these rights.  It's going to spawn all of

Case 23-20464-amc Doc 639 Doc 1626-3 Filed 11/27/24 Filed 11/20/24 Page 149 of 237 Desc
Exhibit 11-13-24 Hearing Transcripts    Page 8 of 84

8

1    this litigation about the licenses, right?  That's their

2    concern.

3              And I'm willing to consider a sale of this, but at

4    the very basic level, we need to understand exactly what is

5    being sold, right?  And it sounds like today they don't know.

6              So he just said that you said it's software.  Do you

7    have something more specific than just the word software in

8    terms of this being sold?

9              MR. VAGNONI:  There was -- Your Honor, first of all,

10   let me just address a couple of things that Mr. Michaels said.

11   I think he indicated once again to the Court that he hasn't

12   been made aware of whether or not the sale will include an

13   assumption and assignment of the Rembrandt license.

14             Paragraph 27 of our motion clearly indicates that

15   that license is not part of the sale transaction.  It is not

16   going to be acquired by the stock and horse purchaser.

17   However, if there is a competitive bid, a bid that is a

18   superior bid to the stock and horse bid that wants the

19   Rembrandt license, absolutely we would entertain an assumption.

20   There would have to be discussion about what --

21             THE COURT:  Okay.  So let's -- what we're going to do

22   today, just so I have an idea, we're just going to take this

23   issue by issue.  So you're saying that the license is not part

24   of the sale --

25             MR. VAGNONI:  That's correct.

```
 1              THE COURT:  -- but you would contemplate bids on it.

 2   I'm not sure how you'd write that into the bid procedure, but

 3   we can talk about that in a minute.

 4              So what's your response to that?

 5              MR. MICHAELS:  It's not an assignable license.  It's

 6   not their option to decide to sell it or not.  That's -- and

 7   neither is the Phillips license.  It is -- we have -- we did

 8   not need Mr. Vagnoni to explain to us whether or not our

 9   license was assignable.  It is absolutely note and all the case

10   law is --

11              THE COURT:  Okay.  Well --

12              MR. MICHAELS:  -- if I don't mind?

13              THE COURT:  Yeah.

14              MR. MICHAELS:  Our issue isn't that the contract is

15   -- that they're attempting to assign it.  They are clear

16   they're not attempting to assign the contract.  It's the

17   intellectual property that is the basis of that.  I mean,

18   saying I'm not handing you a piece of the car, the car title

19   is, you know, that -- but I'm going to hand them the keys to

20   the Lamborghini.  I mean, we're concerned about the keys and

21   the Lamborghini, not the piece of paper that says we own it.

22   We already have that.  I don't need them to tell me we have

23   that.

24              THE COURT:  Yeah.  Yeah, yeah.

25              MR. THOMPSON:  Your Honor, if I might add?
```

```
 1              THE COURT:  Yeah.

 2              MR. THOMPSON:  There's a real problem with the bid

 3  procedures in addition to those that Mr. Michaels rose --

 4  raised.  In this circumstance, Mr. Vagnoni has just told the

 5  Court as his email to us told us that they are, I guess,

 6  excluding the asset that is the Rembrandt license.  The reasons

 7  you just heard.  It doesn't matter whether they wanted to

 8  assume it and assign it, they could not.

 9              But in this circumstance, right, they're suggesting

10  that some other party out there might come in and bid for it.

11  Well, how do we have a bid process where --

12              THE COURT:  Yeah, yeah.  Okay.

13              MR. THOMPSON:  -- some other parties actually

14  consider --

15              THE COURT:  Well, tell me this.  If he -- if we have

16  -- let's say we have the bid, we had the auction, right, and

17  Hawk's the only one that shows up and under their purchase

18  agreement, they're not going to get it.  Then does that take

19  care of your issue entirely because --

20              MR. MICHAELS:  Not in any way, Your Honor.  I mean,

21  we have listed out a huge number of trade secrets.  We have a

22  bunch of patents.  The very assets that they have listed where

23  they've talked about TV's, prototypes, demos, those are all --

24  were all alleged back in 2017 to have been covered by

25  Rembrandt --
```

Case 23-20764-...  Doc 626-3  Filed 11/27/24  Entered 11/27/24 19:43:08  Desc
Exhibit 11-13-24 Hearing Transcripts    Page 11 of 84

11

```
1              THE COURT:  All right.  So let me just, like -- I'm
2    sorry.  Let me just be more specific.  So I want to take it
3    issue by issue.
4              MR. MICHAELS:  Uh-huh.
5              THE COURT:  So at least I understand.  So he had
6    thrown out this comment that he's not attending to sell certain
7    licenses unless someone else bids for it.  So with regard to
8    those licenses, if there's no other bidder and the stocking
9    horse gets it, Hawk gets it, then with regard to that license,
10   then I think we're all in agreement that the license isn't
11   being sold at all, right?
12             So I think you wouldn't have an issue if there's no
13   stocking horse -- if it's just a stocking horse bidder and
14   there's no other bidders with regard to the license.
15             MR. MICHAELS:  With respect, we would.  The issue
16   with the license -- it's not a question of will they assume or
17   reject it in the future.  It's SSG offering for sale
18   Rembrandt's patented technology.  That's a violation of Section
19   271.  That's present today patent infringement -- you -- they
20   do not have a license to the Rembrandt technology.
21             THE COURT:  Hold on a second.  Who is that person?
22             All right.  So I would ask everyone on the phone line
23   to try to mute your phone because we're -- someone's not muted,
24   so we're hearing everything in the courtroom that's going on
25   there.  So could everyone just take a moment?  How do they mute
```

Case 23-20753-amc Doc 1626-3 Filed 11/27/24 Entered 11/27/24 19:45:08 Desc
Exhibit 11-13-24 Hearing Transcripts    Page 12 of 84

12

```
 1    their line?

 2              UNIDENTIFIED SPEAKER:  Star six.

 3              THE COURT:  So if you could just hit star six,

 4    everyone on the line, I'd appreciate that.

 5              MR. VAGNONI:  Your Honor, if I may -- raise that

 6    issue for a very specific reason.  SSG is not offering that

 7    license for sale.  That is not part of the AP --

 8              THE COURT:  So when we say license, let's just drill

 9    down a little bit.  License of what?

10              MR. VAGNONI:  Absolutely.  Very vague.

11              THE COURT:  License of what?

12              MR. VAGNONI:  There is a 2021 settlement agreement

13    that a single line in it that is a -- called a grant of rights.

14    In that grant of rights, Rembrandt reports to give the rights

15    -- the nonexclusive rights to use their intellectual property.

16              By the way, that settlement agreement was entered

17    into the day or the day before Rembrandt -- they became a

18    creditor by virtue of that and then were a petitioning creditor

19    in Stream's failed involuntary bankruptcy in Delaware.  We take

20    significant issue with that agreement as a whole.  But let's

21    just take it as it is.  That license agreement comes out of a

22    settlement agreement.  And like I said, the -- SSG is not

23    offering that for sale.  However, in the -- which you'll hear

24    about when we get to testimony.

25              In negotiations with VSI and with Rembrandt, it's
```

```
 1   been made clear to us that if a transaction was to occur with
 2   VSI, that the Rembrandt license would have no problem being
 3   assumed.
 4         And in fact, there are -- there is a post-petition
 5   agreement that was entered into by Rembrandt Stream and VSI
 6   that was not court approved that purported to do just that.
 7   Give VSI rights in that license.  And exclude Streams
 8   subsidiaries from the use of that technology pursuant to that
 9   license.
10         So that is why I indicated to the Court that if there
11   was a transaction that was a higher and better bid, which VSI
12   and Rembrandt are free to bid in this process.  They've been
13   free all along.  They've had access to the data room if they
14   wanted it.
15         The VSI is the only person who's taken up that offer.
16   That is what I was referring to.  Not that it was generally
17   assignable.  We don't think anybody has interest in it and we
18   also don't think we are selling any assets that have that --
19   Rembrandt intellectual property in that -- in the asset.
20         MR. MICHAELS:  Your Honor, I'd like -- I apologize.
21   I'd really like a chance to finish answering your question that
22   you had asked previously.
23         THE COURT:  Yes, that's fine.
24         MR. MICHAELS:  So the -- you asked whether the issue
25   would be resolved if the Hawk party's just didn't take -- it
```

```
 1   isn't a question of SSG selling our license.  It isn't an

 2   active patent infringement.  The active patent infringement is

 3   offering for sale in a patented invention on why Rembrandt,

 4   right?

 5           And the TVs, all of the assets that Mr. Vagnoni

 6   clearly lists are being offered for sale.  That is the active

 7   patient infringement.  SSG has committed patent infringement.

 8   All five of those individuals have committed patent

 9   infringement.  The Trustee has committed patent infringement

10   unless they can show that they have a license.

11           So when Rembrandt is asking about the status of its

12   license, it is, are we suing those individuals and those

13   entities tomorrow?  They -- it is -- if they have a license, we

14   can't.  That is a full and absolute complete defense.

15           The agreement that Mr. Vagnoni's referring to is

16   Streams former counsel, almost immediately after filing the

17   petition contacted Rembrandt and said, we know we need a

18   license to your technology as an administrative claim.  We need

19   to resolve this.  And we signed a settlement amendment that

20   extended the time that prevented the estate from becoming

21   administratively insolvent due to the fees that were going to

22   be due to Rembrandt.

23           They have said they're not honoring that settlement

24   amendment.  The arrears are $3 million.  Does the estate have

25   $3 million to have that license?
```

1          THE COURT:  So I'm trying to -- I feel like there's

2   litigation that's going to be spawned, right, by -- under the

3   licenses and I'm just trying to have a very basic understanding

4   of what is purportedly being sold by the Debtor.

5          MR. THOMPSON:  They don't know, Your Honor.

6          THE COURT:  I --

7          MR. THOMPSON:  And that's --

8          THE COURT:  -- and I get that.  And I -- so I'm -- I

9   think that we have, like first thing -- what happened?  Okay.

10  Good.  Thank you for muting everybody.

11         So the first step to me seems that we should at least

12  come to an agreement, or at least I need to understand what is

13  being sold.  So can we just focus on that for instance.

14         All right.  So I think one of the comments -- and so,

15  you said before, like, they had described software or something

16  that was, like, their general description.  So did you, Mr.

17  Vagnoni, describe on some schedule that software is going to be

18  sold as part of this?

19         MR. VAGNONI:  Your Honor, I will -- if I may, to

20  preface what -- the answer to that question.  What the Trustee

21  is selling is all of the assets of Stream, which are clearly

22  listed in schedules, which are a public document they have

23  access to.

24         Mr. Rajan, who is the head of VSI, signed those

25  scheduled, I believe, and he certainly took part in preparing

1    them.  So he should know exactly what is in those schedules.

2    The other assets that are being sold in the APA are the equity

3    interest and all the subsidiaries of Technovative.

4          The software, the intellectual property, the license

5    to Phillips, all of that is contained in downstream

6    subsidiaries.  We are not selling those assets per say.  We're

7    selling the equity in those assets.

8          And this is typical of a case where a Chapter 11 or

9    Chapter 7 Trustee walks into a mess and sees that it's

10   spiraling out of control and tries to bring some control to the

11   situation and get the estate some money before there is no

12   money.

13         THE COURT:  Okay.  So again, my focus for right now

14   is, I'm just trying to understand what the assets are.  So he's

15   telling me that he's purporting to sell the equity and the

16   entities that presumably are in possession perhaps of your

17   property, is that your understanding there?

18         MR. MICHAELS:  Mr. Vagnoni just described the process

19   as typical, right?  An IP -- a technology case of this sort,

20   purporting to sell intellectual property rights is anything but

21   typical.  And I think --

22         THE COURT:  Okay.  So let's just focus on -- I just

23   want to drill down on what assets are being sold.  So he's told

24   me that he's selling equity in entities that presumably possess

25   your intellectual property.  Can we agree on that?

```
 1              MR. MICHAELS:  Yes.

 2              THE COURT:  Okay.  Good.  All right.  That's

 3   progress.

 4              MR. MICHAELS:  That's one -- I mean, that's one

 5   aspect of what he said.

 6              THE COURT:  Okay.  Fine.  That's one aspect.  Okay.

 7   So tell me -- so your concern, though, is that when he purports

 8   to sell the equity in these companies, then the buyer who takes

 9   possession of the -- like, they buy the equity, right?  Now,

10   they're going to own, you know, via that equity, everything,

11   you know, tangible and intangible that those entities own.  And

12   your -- and so your position is that some of the assets that

13   they own are your property?

14              MR. MICHAELS:  Yes.

15              THE COURT:  Okay.

16              MR. EDEL:  Your Honor, if I may --

17              THE COURT:  Yeah.

18              MR. EDEL:  -- since I'm representing Hawk.  The --

19   Mr. Vagnoni is correct.  We're -- the stalking horse is

20   acquiring the equity.  Stream is a holding company.  All the

21   operating entities, the main operating entities in the

22   Netherlands and requiring the stock that owns the stock that

23   owns the stock that owns that entity.  The fundamental dispute

24   here is that Rembrandt believes that its trade secrets, its

25   knowledge, its know-how is embedded in everything that Stream
```

```
 1   does.

 2              So every TV that it has, every computer that it

 3   touches, somehow can -- you know, involves their intellectual

 4   property.  Now, there's intellectual property such as patents.

 5   Rembrandt brought patent litigation many years ago, but it was

 6   dismissed, and they have not asserted a patent case.

 7              They're really talking about the intellectual

 8   property.  We disagree.  We believe that the technology that

 9   Stream developed through its operating subsidiaries overseas is

10   -- belongs to Stream.  If my client acquires the stock, it's

11   acquiring that entity, the good, the bad, and the ugly.

12              And if that means that entity, if Rembrandt believes

13   that entity has put intellectual property into a TV or trade

14   secrets, we'll duke it out after the fact.  But what this is

15   all about, this is Rembrandt and attached to the hip of Mr.

16   Rajan trying to stop at every opportunity this case moving

17   forward.

18              THE COURT:  Okay.  I know.

19              MR. EDEL:  Rembrandt --

20              THE COURT:  You believe there's spoilers and I --

21              MR. EDEL:  Well, Your Honor, I think it's -- it's not

22   just, I think.  As Mr. Vagnoni indicated, they entered into a

23   settlement.  They're standing before Your Honor before today

24   trying to hold up this sale.  Rembrandt entered into an

25   agreement during the pendency of the bankruptcy and amended it
```

Case 23-20764-JJT Doc 1626-3 Filed 11/27/24 Entered 11/27/24 14:21:08 Desc
Exhibit 11-13-24 Hearing Transcripts    Page 19 of 84

19

1   with Mr. Rajan where they identified all of their technology,

2   all of their knowhow, how they believed it was being used in

3   everything and said, if Mr. Rajan gets the company, all is good

4   in the world.  No one else is allowed to have it.

5          And then come before the Court today and say, we have

6   no idea how he's using our stuff.  Well, they had a pretty good

7   idea when they were executing documents, you know, in the

8   shadows during the pendency of a bankruptcy.  But now they want

9   to come, Mr. Rajan, who founded the company, ran the company

10  until he was -- you know, the Court determined he was

11  uncredible and removed him.  And throughout the entire pendency

12  of the second bankruptcy which dismisses fraudulent at the aide

13  of Rembrandt to today, they're attached at the hip.

14         This is, with all due respect to the Court, my client

15  has been through this process for many, many years.  It's a

16  very simple sale.  Nobody else, and I think this cannot be

17  lost, nobody else is interested in these assets.  No one has

18  come forward to the pendency of the bankruptcy.

19         THE COURT:  All right.  But we aren't going to get

20  into this.  But from what I understood, the data room is not

21  complete.  I mean, there's --

22         MR. MICHAELS:  That's right, Your Honor.

23         MR. EDEL:  The --

24         MR. MICHAELS:  That's by design.

25         MR. EDEL:  -- data room is not complete because the

```
 1    data room does not include the fraudulent documents Mr. Rajan

 2    created during the bankruptcy, for example --

 3              THE COURT:  Okay.  Well --

 4              MR. EDEL:  -- these purchase orders that don't exist.

 5              THE COURT:  I would like to just -- I would like to

 6    be able to have civil conversations here today.  And I

 7    understand you guys don't like each other.  I know that.  So to

 8    the extent that we could -- I understand.  Like, I call it

 9    spoilers.  You think that they're spoilers.  You guys think

10    that they're selling your assets, and everyone is really

11    annoyed with each other.  I get the sentiment.  I understand

12    that.

13              Okay.  But it doesn't help me get to the point.  So

14    let me tell you what I think is one possibility here, right?

15    So Mr. Vagnoni wants to sell the equity in these companies, if

16    there's -- if we get to the point of a sale and there's no

17    other bidders and Hawk picks up these assets, then under 363

18    when he gets all this stuff, to the extent that you think that

19    he's misusing it, then you're going to sue Hawk, right?  Aren't

20    you going to sue Hawk?

21              MR. MICHAELS:  We already have.  They're in --

22              THE COURT:  Yeah.  Yeah.

23              MR. MICHAELS:  -- we're in litigation in Delaware.

24    But I think what I'm trying to be clear here is that Mr.

25    Vagnoni has -- they're talking about a bunch of equity, and
```

```
 1    he's also put on their asset list that they are selling devices
 2    that are accused of being -- infringing over on Rembrandt's
 3    patterns and Stream, under the guidance of DLA Piper, took a
 4    license.
 5            Stream again renewed that -- negotiated again are
 6    Armstrong T -- they advised them to do that.  Lewis Brisbois,
 7    same thing.  We have numerous law firms evaluating these claims
 8    and saying this was a good idea.  We have Mr. Homony testify.
 9    He's done no investigation as to whether this is a good idea or
10    not.  And they ignored the issue.
11            They have not -- if the Rembrandt is not valid, we're
12    hearing, you know, testimony that may or may not -- this
13    Rembrandt license may or may not be valid.  It was, you know,
14    executed in 2021 right before a bankruptcy.
15            So if it's not valid, that means all the activity
16    that the estate to date are infringing a patent.  I just want
17    to be clear that that's the argument, is that this estate goes
18    almost instantaneously administratively insolvent.  And we are
19    looking for and we will ask the Courts -- the District Courts
20    to enjoin any transfer of our intellectual property.
21            Now we have licensed Stream.  We have -- we are
22    arguing that the license is valid but cannot be transferred.
23    You may not transfer our intellectual property.  You take a
24    ring, and you put it in a box and say, well, I'm just selling
25    this box, whatever may be in it.
```

Case 23-20731-CMB Doc 639 Filed 11/27/24 Entered 11/27/24 19:14:08 Desc
Exhibit 11-13-24 Hearing Transcripts    Page 22 of 84

22

```
 1              You know, we've evaluated what's inside the box.
 2  What's inside of SeeCubic B.V. is Rembrandt technology.  We've
 3  gone through that multiple law firms representing Stream.  And
 4  we have determined that a license was necessary.  And SSG does
 5  not get covered by ignorance.  There's no, I didn't know, Your
 6  Honor.  It defends patent infringement.
 7              They are actively offering for sale assets that
 8  include that were directly laid out in the complaints back in
 9  2017.  And while Mr. Caponi said it was dismissed, it was a
10  jurisdictional.  Every patent case under TC Heartland, the
11  Supreme Court case was dismissed and had to be brought in the
12  home state of the corporation.
13              And we immediately entered mediation, and they
14  insisted the DLA Piper's counsel and Streams officers, most
15  notably, Shadron Stastney, insisted that the patents be
16  included in the license agreement.
17              So this idea that they weren't important to Stream is
18  not supported by the facts in any way, shape, or form.  And we
19  are asking for clarity, is the Trustee operating and is SSG
20  operating under the license?  I.E. they therefore can't be sued
21  for trying to sell a TV covered by one of our patterns.
22              THE COURT:  Okay.  It sounds like they want to sell
23  equity and entities who have hard assets that contain your
24  intellectual property.  So the owner of the equity will
25  presumably then own these hard assets that have your
```

```
 1   intellectual property embedded in them.  That's what I
 2   understand?
 3            MR. EDEL:  That's Your Honor, that's if it indeed a
 4   -- a bidder is capable of determining what they're buying or
 5   what the assets underneath that equity.
 6            UNIDENTIFIED SPEAKER:  Your Honor?
 7            MR. EDEL:  We have a whole list -- excuse me.  We
 8   have a whole list of items that purport to the assets of the
 9   Debtors.  I'm telling you today that that is an incomplete list
10   that was filed on this docket reported to this set of assets
11   that are being sold, that's substantially all of the assets of
12   the Debtors and we can show that.
13            More than that, the data room is breath of lots of
14   information.  And the process -- and I know Your Honor wants to
15   focus on the assets, I will focus on the assets, but as Mr.
16   Caponi tried to raise the broader issues.  The broader issue
17   here is that this trustee has agreed to transfer this set of
18   assets to one party and one party only and that is the Hawk
19   parties, right?
20            And they've done pursuant to 9019 settlement
21   agreement that purports just to be a settlement agreement, but
22   it's a sub rosa plan, because there's no other entity out
23   there, whether they be a strategic buyer or another competitor
24   of a Stream TV that would be interested in these assets under
25   these conditions based upon these encumbrances.  And it's not
```

```
 1    just --

 2              THE COURT:  Okay.  So gentlemen --

 3              MR. EDEL:  -- not --

 4              THE COURT:  -- let's just take a moment here.  So in

 5    terms of the bid procedures, I have concerns I think that you

 6    guys raised.  Some legitimate concerns, which we'll get to,

 7    right?

 8              So I see, like, several different areas that need to

 9    be addressed over time.  The first is, you need to know what is

10    being sold.  They're selling the equities that contain the

11    equity of entities that own the tangible property that has your

12    intellectual property.  So now you know.  They're -- that's

13    what they're trying to sell.

14              So the first step is, I'd just like to get some

15    clarity and make sure that we're all on the same page as to

16    exactly what's being sold.  Then we'll go through the bid

17    procedures and all of the many objections, some of which I

18    thought were meritorious.  But some of the issues that you're

19    raising are really important issues.

20              But to me, they appear closer to sale issues, right?

21    It's going to be a huge issue when you object to the sale,

22    right?  I'm going to -- it looks like I'm going to need some

23    briefs on all of the very important issues that you have to

24    raise.  But those are issues that, you know, that I think are

25    more appropriately dealt with then, right?
```

1          So in terms of, you want discovery.  So the discovery

2     that you want, I think it's important for you to get discovery

3     if it's necessary on what assets are being sold.  But we have

4     that -- we now have that nailed down.

5          So let's focus first on what exactly is being sold.

6     So you're selling the equity that has hard assets, that has

7     their intellectual property embedded in it.  So let's --

8          MR. VAGNONI:  Allegedly, Your Honor.  There's been

9     no --

10          THE COURT:  Oh, okay.

11          MR. VAGNONI:  -- there's been --

12          THE COURT:  That's fine.  I understand you're not

13     conceding anything.  But I just want, for clarity sake, to

14     understand what it -- you know, what's being sold.

15          MR. MICHAELS:  Your Honor, their agent, SSG, as

16     investment banker, sent out a teaser that purported to sell the

17     capability of making licenses of the Ultra-D technology.

18     Rembrandt's technology or IP is in it and so is Phillips.

19          THE COURT:  Okay.  So what we're -- so that's not --

20     what I'm talking about, like, a hard asset.  Now you're talking

21     about some technology, is that --

22          MR. MICHAELS:  In some cases, it is a hard asset.

23     There are -- this lens technology they patented.

24          MR. SWICK:  Your Honor, Adam Swick, Akerman on behalf

25     of Visual Semi, VSI.  The issue is they have a stalking horse

Case 23-10763-amc Doc 626-3 Filed 11/27/24 Entered 11/27/24 14:18:08 Desc
Exhibit 11-13-24 Hearing Transcripts    Page 26 of 84

26

```
 1    bidder that has been at odds with the former debtor --
 2              THE COURT:  Clearly.  Yeah.
 3              MR. SWICK:  Yeah, yeah.  And so, they took control of
 4    the Debtors' assets, they broke into the Debtors' offices,
 5    stole TVs, they stole intellectual property.  They've been
 6    using them.  They've been showing.  There's emails and letters
 7    and we'd love to get discovery from the Trustees, because we
 8    believe the Trustee knows all of this.
 9              And so, they have TVs in different locations.  They
10    have different hard assets.  All this is purporting to be sold
11    by the Trustee who hasn't gotten it back, because that's the
12    stalking horse and they need the stalking horse to be able to
13    go out and raise money to fulfil their obligations.  And as of
14    the filings last night, the stalking horse doesn't have the
15    money to pay for the 363 as it is right now.
16              So yeah, what we need is discovery on where are all
17    these TVs?  They're all over the world.  They're in the
18    different offices of SeeCubic and the Hawk parties.  I mean,
19    Mr. Caponi up here, he represents the Hawk party's and Robert
20    Morten (phonetic), who's subject to a cold shoulder, which is
21    the worst crime of moral turpitude in the U.K.  It's supposed
22    to end your career and that's who these guys have hitched their
23    wagon to.  So we just need discovery to find the assets so we
24    -- if they want us to participate in a 363 sales process, how
25    are we going to do that if we don't know where the TVs are?
```

```
 1    Who's --

 2              THE COURT:  Okay.

 3              MR. SWICK:  -- using them?

 4              THE COURT:  So again, let's just focus back on what I

 5    care about.  What I care about is, I want to know what they're

 6    purportedly selling.

 7              MR. SWICK:  They don't know.

 8              THE COURT:  Okay.  And I know you say that.  But why

 9    don't we just go through all of the concerns you have about the

10    identity of the assets?

11              Yes?

12              UNIDENTIFIED SPEAKER:  Your Honor, going -- sort of

13    taking a broad step back, how we ended up here.  My client has

14    a security interest.  Again, Stream's the holding company.  Has

15    no assets, other than stock and subsidiaries.

16              My client's security interest was primarily in the

17    stock and subsidiaries, not in the assets of the subsidiaries.

18    The 225 action, which we settled through the 9019, we were a

19    day away from taking control of that stock.

20              This settlement and this sale is effectively the same

21    thing.  It's selling the stock.  The companies that -- whatever

22    assets are in those companies that my client shows up and there

23    was TVs -- before my client and everybody else shows up,

24    there's TVs there, they own them.  If they're not, they don't.

25              It's the stock.  They want to drill down into -- and
```

```
 1    if we get into this level, what TV is sitting in Copenhagen and
 2    what software is on that TV, we're going to be here for six
 3    years.  One, we're never going to know because it's in
 4    Copenhagen.  But, we're going to be here for six years.  This
 5    is a sale of stock, the security interest was in the stock.
 6    And absent the settlement, my client would have already had
 7    it's one day hearing in a court of chancery and owned the
 8    stock, this would all be muted.  This is a path of least
 9    resistance to an estate that never had any money and doesn't
10    have any money. This deal is --
11            THE COURT:  Okay. I understand that you're buying the
12    stock.  But in order for any potential bidder to understand
13    what they're buying, right, they know that they're getting the
14    stock.  But presumably, they'd like to get a better idea of
15    what the hard assets or the intangibles are of the entities
16    whose stock you're purchasing, right?
17            So I think it's reasonable that there should at least
18    be some general description of -- you know, it doesn't have to
19    be, like, I don't need, like, a audit, right, of every single
20    TV or every single hard asset.
21            But isn't there some kind of --
22            UNIDENTIFIED SPEAKER:  Your Honor --
23            THE COURT:  -- schedule that we could put together
24    that would say, you know, all the -- I mean, I don't know.  Are
25    you just purporting to say that all of the equipment and all of
```

```
 1   the -- you know, every personal property owned by these

 2   entities. But do we have, like, a vague description of, like --

 3           UNIDENTIFIED SPEAKER:  Well, there's --

 4           THE COURT:  -- you know, approximately this many TVs

 5   or approximately this many --

 6           MR. VAGNONI:  Yes, Your Honor.

 7           THE COURT:  -- other things.

 8           MR. VAGNONI:  The --

 9           THE COURT:  Okay.

10           MR. VAGNONI:  -- answer is yes.  We have a list that

11   we're happy to share with you.

12           The -- one thing I want to point out to Your Honor is

13   the process that we -- that was started over a month ago that

14   was teasers were sent out to over 500 different entities, both

15   strategic and financial, by SSG.  Mr. Victor is going to

16   testify about that for you as part of the sale procedure.

17           We got exactly zero interest from those teasers.

18   Nobody asked the question of who -- what is in there.  The only

19   parties that expressed an interest were VSI and not Rembrandt

20   and a purported investor in VSI.

21           And we have worked with VSI, who by the way Your

22   Honor, I think you're getting the picture that they are in the

23   unique position to know exactly what those assets are that are

24   being sold.  Exactly what they are.

25           VSI has expressed no interest in bidding on these.
```

Case 23-20763-amc Doc 639 Doc 626-3 Filed 11/27/24 Filed 11/20/24 Entered 11/27/24 19:47:08 Page 30 of 23 Desc
Exhibit 11-13-24 Hearing Transcripts    Page 30 of 84

30

 1   They wanted to go down a sale process, which we will describe

 2   to you why that is not a possibility.  But not even speaking to

 3   Mr. Michaels comments about the lawsuits and the estate being

 4   administratively insolvent.

 5        The purchaser is assuming all liability.  Not just

 6   from Rembrandt under an IP claim, but they're assuming any

 7   liability from any alleged IP infringement.  And they're fully

 8   indemnifying the bankruptcy estates, the Trustee, and the

 9   Trustees professionals.

10        MR. MICHAELS:  Exactly, Your Honor.

11        MR. VAGNONI:  We think that we are insulated -- and

12   that was based on what we think are hollow threats, but that

13   doesn't mean there won't be a lawsuit and that the Defense

14   won't impair the unsecured creditor's ability to get a

15   distribution.  That's what we're trying to protect here.

16   That's what we're trying to specify.

17        THE COURT:  Okay.  So Mr. Vagnoni, let me tell you

18   what I'm interested in.  You know, in a 363 sale, you know,

19   you're -- my concern is, I just want to make this a transparent

20   process so that any potential bidder could understand what is

21   being sold, right?

22        So it sounds like you -- you know, you have this

23   teaser.  I haven't seen what the teaser says, but this list of

24   all of the -- you were saying that there was a schedule that

25   the owner of VSI -- what was his name again?

 1              MR. VAGNONI:  Mr. Rajan.

 2              THE COURT:  Mr. Rajan?  Okay.  So Mr. Rajan, at some

 3    point, put together some kind of a schedule of what each of

 4    these entities owned.

 5              MR. VAGNONI:  Schedule A.  Oh, I'm sorry.  Yes, the

 6    Schedules A and B to the -- the official schedules of the

 7    Debtors.

 8              THE COURT:  Okay.

 9              MR. MICHAELS:  Excuse me, Your Honor.  I have to --

10    correct.  Is that your -- is this the Trustees schedule or are

11    you suggesting --

12              THE COURT:  I think --

13              MR. MICHAELS:  -- that this is Mr. Rajans schedule.

14              THE COURT:  No, I thought you were saying Stream's

15    schedule?

16              MR. VAGNONI:  The Debtors.

17              THE COURT:  Yeah.

18              MR. MICHAELS:  Okay.  So it wasn't Mr. Rajan's

19    schedule, just -- correct?

20              THE COURT:  Yeah.  No, no, no.

21              MR. MICHAELS:  Correct.

22              THE COURT:  I'm trying to understand.  So when Stream

23    filed for bankruptcy, they had a file scheduled in the

24    statement of financial affairs and as part of that you have to

25    schedule Schedule A, which is the real property and Schedule B,

Case 23-20763-amc Doc 626-3 Filed 11/27/24 Entered 11/27/24 19:42:08 Desc
Exhibit 11-13-24 Hearing Transcripts    Page 32 of 84

32

 1    which is the personal property.

 2            So when he put those schedules together, did he --

 3    and he was putting together the personal property owned by the

 4    entities whose equity you're selling in the sale, Mr. Vagnoni?

 5            MR. VAGNONI:  That's correct.  And Your Honor, there

 6    is zero intellectual property in that Schedule B.

 7            THE COURT:  Okay.  But -- so I think that one issue

 8    that I'm identifying is that the personal property that was

 9    scheduled in Schedule B of Stream contained hard pieces of

10    equipment or something that they are now claiming has their

11    intellectual property embedded in.

12            I'm just trying to understand everyone's position.

13    You're saying that in Schedule B is a list of a bunch of hard

14    assets, right?  And they're saying that in those pieces of hard

15    assets are some of their IP embedded in it?

16            MR. VAGNONI:  Stream -- Your Honor, Steam is a

17    holding company.

18            THE COURT:  Yes.

19            MR. VAGNONI:  They're --

20            THE COURT:  No, I understand.

21            MR. VAGNONI:  I --

22            THE COURT:  I understand they're a holding company,

23    but they put together Schedule B and Schedule B included hard

24    assets owned by their subsidiaries and affiliates, correct?

25            MR. VAGNONI:  No, Your Honor.

Case 23-20463-ama 0639 Doc 626-3 Doc Filed 11/27/24 Filed 11/20/24 Page 14 of 23 Desc
Exhibit 11-13-24 Hearing Transcripts   Page 33 of 84

33

```
 1                   THE COURT:  Okay.

 2                   MR. VAGNONI:  It was a list of assets that, again, we

 3      -- the Trustee had no part in drafting.

 4                   THE COURT:  Right, because this is before your time.

 5                   MR. VAGNONI:  It was well before our time.  And we --

 6                   THE COURT:  So what -- let's describe.  What's on

 7      Schedule B?

 8                   MR. VAGNONI:  It is a various list of equipment.  On

 9      Schedule B there is some office furniture.  There's nothing

10      that we see that could contain Rembrandt's --

11                   THE COURT:  Well, I don't -- okay.  At this point --

12                   MR. VAGNONI:  -- intellectual property.

13                   THE COURT:  -- let's -- okay.  We're not going to be

14      able to resolve today whether -- you're not going to come to an

15      agreement with them as to whether or not their technology is

16      embedded in it.  I just need --

17                   MR. VAGNONI:  Right.

18                   THE COURT:  -- to understand the argument, just so I

19      can try and move the case forward, okay?

20                   MR. VAGNONI:  Absolutely.

21                   THE COURT:  So what is on Schedule B?  So it's the

22      furniture --

23                   MR. VAGNONI:  I don't have it with me and I can't

24      speak to what exactly is on it.

25                   THE COURT:  So does anyone have Schedule B of the --
```

 1              MR. MICHAELS:  Your Honor, I would just note that

 2    there is an extensive list, over 800 pages long, attached to

 3    Mr. Rajan's declaration in support of the filing --

 4              THE COURT:  Okay.

 5              MR. MICHAELS:  -- right?  So --

 6              MR. VAGNONI:  That's not what we're talking about.

 7              MR. MICHAELS:  I'm sure it's not.  I would just to

 8    Your Honor that that's --

 9              THE COURT:  Okay.

10              MR. MICHAELS:  -- on the record.

11              THE COURT:  Okay.  So -- but you're saying Schedule

12    B.  So we're talking about the sale of equity of these

13    entities.  Let's just call these entities, you know, the

14    subsidiaries, or I guess we just call them the entities.

15              So the entity stock is purported -- that's what

16    you're trying to sell.  But these entities own certain hard

17    assets, correct?  Aside from office equipment --

18              MR. VAGNONI:  Correct.

19              THE COURT:  -- and furniture, right?

20              MR. VAGNONI:  Correct.

21              THE COURT:  There's some -- there's other things.

22    TVs, right?

23              MR. VAGNONI:  Potentially.  We -- and Your Honor,

24    again, we --

25              THE COURT:  When you say potentially, see that just -

Case 23-20763-amc Doc 626-3 Filed 11/27/24 Entered 11/27/24 19:47:08 Desc
Exhibit 11-13-24 Hearing Transcripts    Page 35 of 84

35

```
 1   - I just want to understand, you know, what is being sold.

 2            MR. VAGNONI:  There -- when I say potentially, there

 3   are prototypes that are created by the Debtors downstream --

 4            THE COURT:  Entities.

 5            MR. VAGNONI:  -- subsidiaries.

 6            THE COURT:  Let's just focus on the entities.  What

 7   do the entities own?  That's what I really want to focus on.

 8            MR. VAGNONI:  And again, I can give you the list we

 9   sent them.  The entities own intellectual property, they own

10   equipment that allows them to make protypes of -- they're not

11   TVs.  They are screens --

12            THE COURT:  Uh-huh.

13            MR. VAGNONI:  -- that show the technology to

14   potential investors or purchasers.

15            THE COURT:  Yeah.

16            MR. VAGNONI:  They own licenses, the Phillips

17   license.  And really that's about it.  The downstream entities

18   are meant to house intellectual property, they're meant to

19   house licenses, and they're meant to do research and

20   development.

21            THE COURT:  Okay.  So hold on one second.

22            MR. VAGNONI:  And the Trustees can testify to that.

23            THE COURT:  So I presume, though, that your client,

24   Mr. Rajan, that he was the owner of Stream, right?  He knew

25   what all of these subsidiaries owned.  Didn't he know that?
```

1              UNIDENTIFIED SPEAKER:  Yes, and he knows what was

2     taken by the stalking horse bidder and never returned after --

3              THE COURT:  Okay.

4              UNIDENTIFIED SPEAKER:  -- contempt of court --

5              THE COURT:  Yes.

6              UNIDENTIFIED SPEAKER:  -- in various litigations.

7              THE COURT:  Okay.  So --

8              UNIDENTIFIED SPEAKER:  And there's bonding --

9              THE COURT:  Again --

10             UNIDENTIFIED SPEAKER:  -- machines that are tens of

11    millions of dollars.

12             THE COURT:  -- this is what I care about.  I just

13    want to identify the assets that are being sold.  So doesn't it

14    seem that Mr. Rajan knows exactly what assets are owned by the

15    entities?

16             MR. MICHAELS:  I would say, Your Honor, he does have

17    an understanding in -- probably in fairly good detail, and

18    that's the point that he has been making to the Trustee at

19    nauseum.

20             THE COURT:  Okay.  So -- but --

21             MR. MICHAELS:  Right.

22             THE COURT:  -- so you --

23             MR. MICHAELS:  Your Honor, I just -- if I may, just

24    to complete the thought.  It's that they don't understand that

25    there are other encumbrances including Rembrandt's license,

1  including the Phillips license on that property.  And I would

2  say importantly that there is material amounts of assets that

3  have been in violation of the TRO, absconded with by Mr.

4  Stastney --

5          THE COURT:  So if you --

6          MR. MICHAELS:  -- and that has --

7          THE COURT:  -- you think that -- that's a complete

8  separate issue.

9          MR. MICHAELS:  Well, it's not, Your Honor --

10         THE COURT:  That you think that.

11         MR. MICHAELS:  -- because that intellectual property

12 that is in those prototypes, samples that are taken to market

13 to try to get investors and customers to buy or purchase the

14 ultimately asset that is Stream TVs product, those things have

15 the intellectual property not only of Stream TV, but also

16 Rembrandt and also Phillips embedded in it.

17         There's -- I mean, it was no accident that Mr.

18 Stastney on behalf of SeeCubic, Inc. and the Hawk party's

19 absconded with monitors that this trustee actually witnessed

20 with Mr. Stastney giving him a demonstration.

21         THE COURT:  Okay.  So who --

22         MR. MICHAELS:  That happened.

23         THE COURT:  So you're saying that Hawk has monitors

24 and Stream has monitors of the entities?

25         MR. MICHAELS:  I'm saying that the Hawk parties,

1   specifically Mr. Stastney, SeeCubic, Inc. definitely had took

2   both monitors that are samples.  They were displayed to be able

3   to sell the product.  It obviously has embedded technology in

4   it.  He took servers.  He took computers.  All of that would

5   have had his code in it, including Rembrandt's code.

6           THE COURT:  Okay.  So -- but are you saying that

7   that's not part of the sale or it is part of the sale?

8           MR. MICHAELS:  I'm just suggesting to you that those

9   particular assets are not on the list.  It was just filed by

10  the Trustee in support of the asset listing.

11          THE COURT:  All right.  All right.  So hold on one

12  second.

13          UNIDENTIFIED SPEAKER:  Your Honor?

14          THE COURT:  No, hold on.  Hold on one second.

15          You guys can all have a seat.  We're going to be here

16  for a little bit.

17          So he's saying that some of the assets are not in the

18  possession of Stream.  That they're in the possession of Hawk.

19  What's your response to that Mr. Vagnoni?

20          MR. VAGNONI:  Your Honor, there -- it's clear to the

21  Trustee that there are assets that are not in his possession.

22          THE COURT:  And are they in the possession of Hawk?

23          MR. VAGNONI:  We are not aware of that, Your Honor.

24  We -- what we are --

25          THE COURT:  So -- okay.  Let me just ask you one

1    question.  Do you think that there are assets owned by Stream

2    that are not in Streams possession?

3            MR. VAGNONI:  Yes, there is -- there's a bonding

4    machine in China --

5            THE COURT:  Okay.

6            MR. VAGNONI:  -- that the Trustee has neither the

7    money or nor the wherewithal to get.  We've gotten various

8    reports -- that was the subject of mediation which --

9            THE COURT:  So does Hawk own any -- does Hawk -- is

10   Hawk in possession of any assets by Stream?

11           MR. VAGNONI:  Not that I'm aware of, Your Honor.

12   SCBV, SeeCubic B.V. has prototypes.  There is -- Mr. Stastney

13   is the director of SCBV.  There is -- we have no indication

14   that Hawk is in possession of anything.  If they are, that --

15   we've heard of tail of it, but we've never been given any

16   evidence that they have -- that Hawk has anything that is --

17           THE COURT:  Why do you guys think that Hawk has the

18   Stream properties?

19           UNIDENTIFIED SPEAKER:  Well, Hawk and its

20   subsidiaries broke into Streams offices and took them.

21           THE COURT:  Okay.  So let's stop right there.

22           UNIDENTIFIED SPEAKER:  Yeah.

23           THE COURT:  Okay.  So let's go the Hawk person.

24           So they're accusing you guys of having broken into

25   Streams building and stolen things.  So what's your response to

```
 1    that?
 2             MR. CAPONI:  My response, Your Honor, it's part of
 3    the same delusion arguments we've been dealing with for six
 4    years.  The -- as a result of the original settlement
 5    agreement, the -- give you a brief history.  Mr. Rajan borrowed
 6    a bunch of money, never repaid it, the secured lenders reached
 7    an accommodation with all the other directors and shareholders
 8    to restructure, that led to an omnibus settlement agreement.
 9             Following the omnibus settlement agreement, Mr.
10    Stastney took control and operated the entities for quite a
11    period of time before that was reversed.  And when that was
12    reversed by the Delaware Supreme Court, they went back to the
13    Court of Chancery, and they were orders entered that required
14    everything to be turned back over.
15             Vice Chancelor Laster supervised that turning back
16    over and Mr. Rajan took back control of the company.  Ever
17    since then, like a child afraid of the dark, they're constantly
18    saying there's this here, there's this under that bed, but
19    there's no evidence, no Judge, no ruling, no nothing.  I can't
20    disprove the negative.
21             My client lent money; my client is not here.  My
22    client here is a collateral agent for SeeCubic, Inc., which
23    owns the debt and we're just exercising our debt rights.  They
24    want to --
25             THE COURT:  Okay.
```

```
1              MR. CAPONI:  -- full stop --

2              THE COURT:  It's helpful --

3              MR. CAPONI:  -- we have nothing.

4              THE COURT:  -- for me if I just get answers to my

5   questions.  So I just want you on the record, do you believe

6   that Hawk is in possession of any property owned by Stream?

7              MR. CAPONI:  Hawk?  No.

8              THE COURT:  Okay.

9              MR. MICHAELS:  Excuse me, Your Honor.  I'm sorry.

10             THE COURT:  Yes.

11             MR. MICHAELS:  We each refer to the Hawk party's that

12  includes SeeCubic, Inc. Delaware and Mr. Stastney in his

13  individual capacity.

14             THE COURT:  Okay.  So with that --

15             MR. MICHAELS:  We have evidence of that.

16             THE COURT:  -- those --

17             MR. MICHAELS:  Now, Mister -- I'm sorry.

18             THE COURT:  Okay.  So do any of those entities, do

19  you know?  And if you don't know, that's fine.

20             MR. CAPONI:  Well, I am not -- what I -- no, I am not

21  aware of them in possession of anything.  I am --

22             THE COURT:  That's owned by Stream?

23             MR. CAPONI:  -- Jon may be able to address this, but

24  when Skadden was representing SeeCubic, Inc. in the Court of

25  Chancery, Schedules were put together, everything was turned
```

Case 23-20763-a00639 Doc 626-3 Doc Filed 11/27/24 Filed 11/20/24 Page 142 of 23 Entered 11/27/24 19:42:08 Desc
Exhibit 11-13-24 Hearing Transcripts   Page 42 of 84

42

1   back over, it was done in detail.  My client was not involved

2   in that.  What I can say, Your Honor, and this gets to, again,

3   the whole -- of today.

4          There is this concept on the part of the other side

5   that once SeeCubic, Inc. took over through the omnibus

6   agreement, every piece of paper, every pen, every everything is

7   in -- somehow contains something that belongs to them.  So if

8   there's a laptop, there's a TV.  If there was a pitcher for

9   water that was in a conference room, they're claiming it's got

10  Rembrandt's technology.  We don't agree with any of that.

11         We think we own the pitcher.  We can -- we've gone

12  around and around in multiple courts with them about who owns

13  this, who owns that.  As we stand here today, they don't have

14  any shred of evidence.  They don't have a court order.  They

15  don't have a document.  They don't have a bill of sale.  They

16  don't have a photograph.  They don't have anything to

17  substantiate what they're saying.

18         My client has nothing that belongs to Rembrandt.  My

19  client has nothing that belongs to this debtor.  It is my

20  understanding as I stand here today and neither does Mr.

21  Stastney or does SeeCubic, Inc.  We're never going to reach

22  agreement of this.

23         You could have discovery until the cow comes home,

24  they're going to say, well, no, no, we think it's in there

25  somewhere.  Now, if it's not in the trunk, slash the tires and

Case 23-20743-amc  Doc 626-3  Filed 11/27/24  Entered 11/27/24 19:42:08  Desc
Exhibit 11-13-24 Hearing Transcripts    Page 43 of 84

43

```
 1    see if he, like, you know, hid it in the tires.
 2              THE COURT:  So I understand your position, okay?  But
 3    I don't want to keep going around and around with the
 4    arguments, okay?
 5              MR. CAPONI:  The answer is no, we don't have it.
 6              THE COURT:  That's great.  That's all I need to hear.
 7              MR. CAPONI:  Absolutely.
 8              MR. MICHAELS:  Your Honor, I think it's important
 9    that Mr. Caponi just told you that his client does not have it,
10    but he also told you that the Delaware Court supervised the
11    return of assets that was under court order to return after the
12    Delaware Supreme Court's decision.
13              He's not telling you that his client doesn't have it
14    and he doesn't know about anybody else.  I will tell you that
15    we have evidence that Mr. Stastney and SeeCubic, Inc. of
16    Delaware did take assets, does possess assets now.  Has used
17    those assets.
18              THE COURT:  Well, okay.  So just describe for me what
19    the basis of that evidence is.
20              MR. MICHAELS:  The basis of that evidence is, I'll
21    start with just the Trustee.  The Trustee saw those assets
22    during a meeting that he had with Mr. Stastney, in which --
23              THE COURT:  When you say trustee, you're saying?
24              MR. MICHAELS:  I'm saying Mr. Homony.
25              THE COURT:  Okay.
```

Case 23-10763-amc 39 Doc 1626-3 Doc Filed 11/27/24 Entered 11/29/21/27/24 19:42:08 of 23 Desc
Exhibit 11-13-24 Hearing Transcripts    Page 44 of 84

44

```
 1              MR. MICHAELS:  Right?

 2              THE COURT:  Hello?

 3              MR. MICHAELS:  Who admitted to our client that it was

 4   -- that he had actually observed it.  That's one.

 5              THE COURT:  He had observed what?

 6              MR. MICHAELS:  He had observed a monitor built by

 7   Stream TV in --

 8              THE COURT:  Uh-huh.

 9              MR. MICHAELS:  - the possession of Shad Stastney

10   during the pendency of this bankruptcy.

11              THE COURT:  Okay.  So --

12              MR. CAPONI:  Your Honor, if I --

13              THE COURT:  Yeah.

14              MR. CAPONI:  -- this goes to when SeeCubic, Inc.

15   verses SeeCubic, B.V.  SeeCubic, Inc. after everything was

16   turned around, continued to develop its own technology in this

17   space.  That's -- they believe that everything in SeeCubic,

18   that's it's been developing, again, incorporates Streams

19   technology, which therefore incorporates Rembrandt's

20   technology.

21              So are there TVs?  Yes.  Are there laptops?  Yes.  Do

22   they belong to them?  No.  Have they -- and I would just put it

23   to the Court this way, if they believe this information or

24   these assets were retained, why did they not go to the Court of

25   Chancery, get an order to establish that?
```

1          Why during the year plus that I've been coming to

2   this court and the bankruptcy have they not, when Mr. Rajan

3   controls everything, get relief from the Court?

4          THE COURT:  Okay.  So let's everyone just return to

5   my focus, which is what is being sold?

6          Did you want to say something, ma'am?

7          MS. BRUMME:  Yes, briefly, Your Honor.

8          THE COURT:  Who do you represent?

9          MS. BRUMME:  Marley Ann Brumme from Skadden on behalf

10  of SeeCubic, Inc., the Delaware entity.  And contrary to what

11  our friends over here have to say, the supervision process of

12  the return of the assets from SeeCubic, Inc. back to Stream was

13  supervised by Vice Chancelor Laster and we've been hearing for

14  a year at least that SeeCubic, Inc. has not returned things.

15         That Mr. Stastney has things and until this bit of

16  evidence that he's presented here today about the Trustee

17  apparently seeing a demo unit, we've never seen any evidence to

18  substantiate that SeeCubic, Inc., the US entity and Mr.

19  Stastney, retained any assets.

20         What I think is getting lost here is that Stream TV,

21  as I think Your Honor understands, is a holding company.  The

22  demo units were developed and built by SeeCubic B.V. in the

23  Netherlands, which is five entities down in the corporate

24  structure.  Any demo unit that has been produced and especially

25  one that Mr. Homony has seen would be from SeeCubic B.V., which

```
1    is not a debtor here.

2              Further, Mr. Stastney, which they love to impugn

3    here.

4              THE COURT:  The entity that you just said, though,

5    are they trying to sell the equity in that entity?  The one

6    that's not the Debtor?

7              MS. BRUMME:  It's five levels down.  So Stream --

8              THE COURT:  But they are trying?  That is being sold

9    as part of the --

10             MS. BRUMME:  The equity would be sold in the first

11   level subsidiaries.

12             THE COURT:  And so they would own that equity?

13             MS. BRUMME:  And then it would waterfall down.

14             THE COURT:  Okay.

15             MS. BRUMME:  Mr. Stastney notably is the director of

16   SeeCubic B.V. the Netherlands entity that develops all the

17   tech, and Mr. Stastney was installed as director by a

18   Netherlands Court when moving Mr. Rajan.

19             So any sort of implication that Mr. Stastney and

20   SeeCubic, Inc. are unlawfully retaining anything, there's no

21   evidence of that, one.  And two, they can't conflate SeeCubic,

22   Inc. and what's going on at SeeCubic B.V.

23             THE COURT:  Okay.  Thank you.  Okay.  Let's stop one

24   second.

25             So I think what would be helpful for me is if we
```

```
 1    could focus on all the potential bidders that are out there

 2    that are not in this courtroom.  And my job is to make sure

 3    that they understand exactly what is being sold.  So just

 4    describing the equity, obviously, is not sufficient, because,

 5    you know, the -- each of the entities whose equity is being

 6    sold has some kind of personal property and that, I think, is

 7    the schedule that I'd like to focus on.

 8              So what is -- so is there, like, a schedule as part

 9    of your, you know, proposed asset purchase agreement that

10    lists, you know, what is owned by the entities whose stock is

11    being sold?

12              MR. VAGNONI:  We -- Your Honor, we do not have the

13    schedule together yet.  But we do have the list of assets that

14    were turned over to --

15              THE COURT:  Okay.

16              MR. VAGNONI:  -- VSI.

17              THE COURT:  So let's be clear.  I don't want to set

18    up any procedures until we're clear on exactly what assets are

19    being sold, so that other potential bidders can have some idea.

20              So this is what I would envision if I was a potential

21    bidder.  I see that the stock is being sold.  I'd want to see

22    some general description of the assets that are owned by those

23    entities, so I know what it is that I'm buying.  Now, obviously

24    you can't give me, like, pictures, so that's what we engage in

25    the due diligence process, right?  A potential bidder --
```

Case 23-20763-acs Doc 639 Doc 626-3 Filed 11/27/24 Filed 11/20/24 Entered 11/27/24 19:42:08 Page 14 of 23 Desc
Exhibit 11-13-24 Hearing Transcripts    Page 48 of 84

48

```
 1                 MR. VAGNONI:  Correct.  And --

 2                 THE COURT:  -- would see, like, a schedule that says,

 3    you know, ten TVs and -- or whatever TVs.

 4                 MR. VAGNONI:  Correct, Your Honor.

 5                 THE COURT:  And then if their interest has peaked,

 6    they would do their due diligence.  And if they wanted to, they

 7    could go out and go look at all this stuff or go look in the

 8    room or do whatever.

 9                 MR. VAGNONI:  So Your Honor --

10                 THE COURT:  Yeah.

11                 MR. VAGNONI:  -- that -- I -- you're correct in what

12    you're saying.  And the process that was setup by SSG was that

13    a teaser would go out to drum up interest in potential bidders.

14                 THE COURT:  So what does the teaser say, just so I

15    understand?  Do you have it?

16                 MR. VAGNONI:  Yeah, I absolutely do.

17                 THE COURT:  All right.  Show me a teaser.

18                 MR. VAGNONI:  I have a book of art --

19                 MR. MICHAELS:  Your Honor, if I may?  As you're

20    looking through the teaser, you will note that is specifically

21    mentions the Phillips license.  Attached to that Phillips

22    license is a laundry list of software assets --

23                 THE COURT:  Uh-huh.

24                 MR. MICHAELS:  -- by title, function, what they do.

25                 THE COURT:  Uh-huh.
```

```
 1              MR. MICHAELS:  And we have asked since March whether

 2   or not those are being included in the assets with zero

 3   response.

 4              You had said -- you had made an offhand comment

 5   earlier about, well, you're not asking for an audit for

 6   anything.  However, the Phillips license requires an audit.

 7   That that technology has been removed at termination of that

 8   license, which would be caused by a change of control, I.E.,

 9   sale of the entity.

10              THE COURT:  That's a sale issue to me.  You object to

11   the sale, because that's not permitted.  As for the bid

12   procedure stage, I just need to identify what assets are being

13   sold.

14              MR. MICHAELS:  My point to you, Your Honor, is there

15   is already a long list of software assets provided in the

16   Phillips license, along with a bunch of know-how and that -- a

17   simple question.  Is this being included in the sale or not?

18   Is what we have asked.  And I think is a touchstone for the

19   kind of list we are looking for here.

20              In addition, it seems that the retention of an expert

21   to walk through the Rembrandt list, we've provided a detailed

22   list of those trade secrets in the Delaware case and can --

23   that can ascertain whether or not those assets are or are not

24   included.

25              THE COURT:  Okay.
```

```
1              Mr. Vagnoni, did you have the teaser?

2              MR. VAGNONI:  I do, by a book.

3              THE COURT:  Okay.  How -- the teaser is the binder?

4              MR. VAGNONI:  No, it's in the binder.

5              THE COURT:  Oh, okay.  All right.  So go ahead.

6    Which -- what's the tab of this?

7              MR. VAGNONI:  Tab four.

8              THE COURT:  Okay.  And you guys -- I'm presuming

9    you've seen the teaser?

10             MR. CAPONI:  I have in front of me, Your Honor.

11             THE COURT:  Oh, good.

12             MR. MICHAELS:  We saw it.  It's filed in the papers.

13   But we --

14             MR. VAGNONI:  And Your Honor, if I may?

15             MR. MICHAELS:  -- did not get it.

16             MR. VAGNONI:  That teaser was -- as I'm sure you're

17   aware, the initial document that was sent out, again, to over

18   500 different entities, that then invited them to contact SSG

19   so they could go into --

20             THE COURT:  Okay.

21             MR. VAGNONI:  -- a more complete data room.

22             THE COURT:  I see that this is a one-piece teaser,

23   right?

24             MR. VAGNONI:  Correct.

25             THE COURT:  But as part of any potential sale, we
```

Case 23-20763-a0639 Doc 626-3 Doc Filed 11/27/24 Entered 11/20/24 27 Page 914 of 23 Desc
Exhibit 11-13-24 Hearing Transcripts    Page 51 of 84

51

```
 1    need to have schedules of -- you know, schedules of, you know,

 2    what's being sold.  Like, what's owned by those entities,

 3    something, a description.  Like, TVs or, you know,

 4    approximately --

 5              MR. VAGNONI:  So --

 6              THE COURT:  -- 100 TVs or something.

 7              MR. VAGNONI:  Correct.  And the irony of that

 8    comment, Your Honor, is that yes, there would be a schedule

 9    available to any potential bidder --

10              THE COURT:  Uh-huh.

11              MR. VAGNONI:  -- who wanted to come in and do due

12    diligence.  There has been zero bidders that have even

13    scratched the surface of learning about this technology.  The

14    only entity that desired to look in the data room was VSI,

15    who's made is abundantly clear to the Trustee that they have no

16    interest in bidding on the purchase of these assets.

17              THE COURT:  So is your position, Mr. Vagnoni, that

18    this teaser provides sufficient information to potential

19    bidders that would allow them to show interest in this?

20              MR. VAGNONI:  Yes.

21              THE COURT:  So this one page, if someone likes what

22    they see, then they'll proceed with you?  And if they don't,

23    like, this is sufficient information to kind of vet whether --

24              MR. VAGNONI:  So --

25              THE COURT:  -- there's interest out there?
```

 1          MR. VAGNONI:  Correct.  And the Trustee hired SSG as

 2   his investment banker and SSG as we've seen them do in numerous

 3   occasions, initiates contact by first identifying potential

 4   parties.  They identified 500 plus different entities that they

 5   sent that out to.  Again, both financial and people in the

 6   industry.  And they sent that teaser out to those entities.

 7          THE COURT:  Okay.  Fine.  And they didn't get a

 8   response.  Okay.

 9          MR. VAGNONI:  They got it with -- let me be clear.

10   They got one response from someone other than Rembrandt and

11   Rembrandt -- VSI and VSIs purported investor.  That party

12   declined to sign an NDA once they spoke to SSG.  And we'll --

13   Mr. Victor will describe why.

14          THE COURT:  Okay.  All right.  Well, I'll --

15          MR. SWICK:  Your Honor, I would --

16          THE COURT:  -- this teaser.

17          MR. SWICK:  Excuse me.  I would just add that I think

18   Mr. Vagnoni -- I think Mr. Vagnoni has just given us an

19   admission against interest.

20          THE COURT:  A what?

21          MR. SWICK:  And a --

22          THE COURT:  A what?

23          MR. SWICK:  An admission against interest, right?

24   That this teaser yielded no bidders, other than the people who

25   already know about these assets.  And why would there be no

```
 1   bidders?  Well, probably because they read things in a teaser
 2   like this and they're sophisticated actors and they understand
 3   the --
 4              THE COURT:  Okay.  So --
 5              MR. SWICK:  -- effort to license things --
 6              THE COURT:  Okay.
 7              MR. SWICK:  -- that they cannot --
 8              THE COURT:  All right.
 9              MR. SWICK:  -- license.
10              THE COURT:  I understand.
11              MR. SWICK:  Is not appropriate.
12              THE COURT:  Okay.
13              MR. SWICK:  Okay.
14              THE COURT:  Fine.
15              MR. VAGNONI:  That --
16              THE COURT:  All right.  So --
17              MR. VAGNONI:  -- is quite a leap, Your Honor.
18              THE COURT:  Okay.  So as part of the sale process,
19   though, will there be a more robust description then?  Like
20   schedules of the assets owned by these entities?  Something?
21   Some description?
22              MR. VAGNONI:  Your Honor, and again, Mr. Victor is
23   prepared to testify today.  But at this point after a month out
24   in the market and there having been no interest in --
25              THE COURT:  Are you suggesting that because there's
```

```
1    no interest in the market that there's no need to prepare

2    schedules?

3               MR. VAGNONI:  No, no, no.  There are -- schedules are

4    being prepared.

5               THE COURT:  Okay.

6               MR. VAGNONI:  That will be attached to the APA to

7    make it clear what is being -- but I think they're going to be

8    more simplistic than what you are considering.

9               THE COURT:  Okay.  So what --

10              MR. VAGNONI:  Any potential --

11              THE COURT:  -- so just generally describe what it is.

12   It's going to be, like, equipment or software or --

13              MR. VAGNONI:  Lists all of the assets of Stream and

14   the equity interest in Technovative subsidiaries.  Now, Your

15   Honor, that doesn't mean that if someone who had interest in

16   getting due diligence on these assets --

17              THE COURT:  Couldn't come in and --

18              MR. VAGNONI:  -- wanted to get more information.

19              THE COURT:  Yeah.

20              MR. VAGNONI:  That SSG wouldn't give them whatever

21   they wanted.  If they said, we want to know exactly what

22   SeeCubic, Inc. holds, they would have it.  And a lot of that is

23   already in the data room.  That's part of the process that SSG

24   runs.

25              THE COURT:  Okay.  I understand --
```

Case 23-10763-amc Doc 1626-3 Filed 11/27/24 Entered 11/27/24 19:42:08 Desc
Exhibit 11-13-24 Hearing Transcripts    Page 55 of 84

55

```
 1              MR. VAGNONI:  You don't send out a teaser that has --

 2              THE COURT:  Okay.  I understand.

 3              MR. VAGNONI:  -- hundreds of pages.

 4              THE COURT:  Yes?

 5              UNIDENTIFIED SPEAKER:  Well, the data room, which was

 6   prepared, then Your Honor asks for a list of assets, they

 7   provide a list of assets.

 8              THE COURT:  In the data room?

 9              UNIDENTIFIED SPEAKER:  A lot of these assets weren't

10   in the data room before.

11              THE COURT:  Okay.

12              UNIDENTIFIED SPEAKER:  The Phillips IP wasn't there.

13   And I also want to say, this investor, he provided 170-million-

14   dollar proof funds.  When they asked for it -- so liquid funds

15   in an account.  They said, we just want to do some due

16   diligence, all right?  They sat on that for three months.  That

17   took $1.8 million from our investor.

18              So this investment you're talking about, these are

19   the entities who want to buy these assets, bind this company to

20   a plan.  It's getting sorted at every turn, because they're

21   married to this 9019 with the Hawk parties.  But we have real

22   money.  We want to pay unsecured creditors.  We have to have

23   due diligence.  We've got to get forward on this. And I mean --

24              THE COURT:  Weren't you guys going to put together a

25   plan or something?
```

1              UNIDENTIFIED SPEAKER:  Yeah, but we have --

2              THE COURT:  So did you file the plan?

3              UNIDENTIFIED SPEAKER:  No, we're going -- we have to

4    get diligence to know where the assets are so we can have it --

5    they want an unconditional offer for almost $200 million for

6    these assets.  We want to give it to them.  But we also need to

7    know, where's the bonding machine?  Is it still functional?

8    They said we could access to it.  Then they said, oh, here's

9    some photos.  We're not going to give you access to it and the

10   photos are two and a half years old, because they don't know --

11   like, the bonding machine is tens of millions of dollars.

12             THE COURT:  Okay.  All right.  Okay.

13             All right.  So --

14             MR. CLARK:  Can I make a brief intervention?

15             THE COURT:  Yes.

16             MR. CLARK:  I apologize.  And I won't make very many

17   interventions in this matter because there are people here who

18   know a lot more about this case than I do.  I'm a recent entry.

19             But I appreciate the Court's concern about making

20   sure that you have an open and fair bid procedure so that you

21   can have a true 363 sale.  The problem that we have here is

22   this case reminds me a lot of *Fiskarata* (phonetic) we have a

23   secured claim from a secured creditor that I understand lent in

24   terms of hard money about $39 million.  Maybe 45, depending on

25   whether you count some additional advances by Mr. Stastney.

Case 23-10763-amc Doc 626-3 Filed 11/27/24 Entered 11/27/24 19:42:08 Desc
Exhibit 11-13-24 Hearing Transcripts    Page 57 of 84

57

1    But now we have a 9019 that says their actual claim is $180

2    million.  And that they can credit the -- their 150 million of

3    it.

4                As in *Fiskarata* with a credit bid of $150 million,

5    that means that the stalking horse bidder doesn't actually have

6    to put up anymore in terms of cash than the seven and a half

7    million dollars that they said they were going to credit.

8                THE COURT:  They're going to credit it.  Right.

9                MR. CLARK:  So for seven and a half million dollars,

10   they get in the door.  Anybody else who wants to play this game

11   has to come up with cash, cash in the amount of $157.5 million.

12               MR. VAGNONI:  That's not accurate.

13               MR. CLARK:  Excuse me.  I'm sorry, maybe it's less.

14   But it's a lot more than $39 million, that's for sure.

15               And that's -- and to me, that's the real story here.

16   That we have a bid process where the amount of money that

17   anybody else who wants to play this game has to come up with,

18   certainly north of $100 million in order to be able to play

19   this game and be prepared to close in December.

20               If we were talking about a plan process so I could

21   understand how we could come up with a structure where $170

22   million or such might end up being -- be folded into a plan.

23   But on a expedited sale process, where the proposed bidders

24   don't know for sure what's going to be sold until --

25               THE COURT:  Why do you say it's a expedited sale

```
 1   process?

 2           MR. CLARK:  -- we get to today.

 3           THE COURT:  Why do you say it's an expedited sale

 4   process?

 5           MR. CLARK:  Well, it's expedited in the sense that

 6   the bid procedures motion contemplates that the bids will be

 7   received -- binding bids will be received by Friday of this

 8   week.  So that gives whoever's going to buy this, other than

 9   Hawk, two days to do the due diligence that we're talking

10   about.  Two days.  And that the Trustee will then make a

11   decision on Monday.  And then the sale will close in December.

12           Now, as a practical matter, that's not what I would

13   call an open and transparent process.  So if you want to know

14   why there aren't other bidders here, it seems to me it's

15   straight forward.  With a 180 -- 157.5-million-dollar credit

16   bid in place, nobody's going to come to the table.

17           THE COURT:  So I think, though, what I'm hearing is

18   that the credit bid is a hurdle to other potential bidders from

19   entering the situation?  Unfortunately, I've already approved

20   the settlement, the 9019 agreement that they have.  So that's

21   what Hawk is.  I mean, and they --

22           MR. CLARK:  I understand that, Your Honor.  And --

23           THE COURT:  -- and because I've approved that, they

24   have -- they're allowed a credit bid.  That's just part of the

25   system.
```

 1          MR. CLARK:  And candidly, Your Honor, as I look

 2 through this, looking at it from the standpoint, you know,

 3 obviously I've sat in your position.  So I asked the same kinds

 4 of questions I would like to think that you would ask.  And

 5 what occurred to me in this particular case is there is a

 6 motion to reconsider and I'm glad that it hasn't been ruled on

 7 yet because it strikes me that this process is fundamentally

 8 flawed because of the provisions that were put in that 9019,

 9 that they were all but certain to assure that there would be no

10 other bidders.

11          THE COURT:  Okay.  Thank you, sir.

12          MR. CLARK:  Thank you, Your Honor.

13          THE COURT:  You're welcome.

14          MR. VAGNONI:  And Your Honor, just so we're clear on

15 the -- there are very limited issues that's why in the motion

16 to reconsider one of which isn't --

17          THE COURT:  Let's focus on the bid procedure, shall

18 we?  I think I'd like to just hone in on some of those things.

19 I don't want to hear re-argument on something I already heard

20 on.  Okay.  So I want to talk about some of the substantive

21 concerns that Rembrandt and VSI has raised in their objections,

22 if we could turn to that for a minute.  Let me just get this.

23 Okay.  So I wanted to take, for instance, the bonding

24 equipment.  So is the bonding equipment being sold as part of

25 the sale?

1          MR. VAGNONI:  Yes, Your Honor.  It is.  The problem

2   we have with the bonding equipment is there are disputes as to

3   who owns the bonding equipment.

4          THE COURT:  Okay.

5          MR. VAGNONI:  But what we believe is that either the

6   Debtor owns it and the Debtor did list the bonding equipment in

7   its Schedule B.

8          THE COURT:  Uh-huh.

9          MR. VAGNONI:  And the rest of the things in Schedule

10  B are office equipment and FF&E.  But the Debtor alleges that

11  it owns it.  There has been -- there has been allegations that

12  that bonding equipment was transferred to SeeCubic B.V.  The

13  Debtor downstream, the Stream downstream subsidiary.

14         THE COURT:  Transferred by whom?  Who transferred it?

15         MR. VAGNONI:  So and I can't speak to this directly

16  because I was not involved at the time, but it was my

17  understanding that at the time of the omnibus agreement that --

18  and correct me if I'm wrong, but that their allegation that

19  that -- that the bonding equipment was transferred by the

20  controlling entity -- by the Debtor to SeeCubic B.V.  Whether

21  or not it's the Debtor's property or SeeCubic B.V.'s property,

22  that bonding equipment is being transferred.

23         THE COURT:  Okay.  All right.  Just give me a minute

24  to go through all of this for one moment.  Okay.  So this is

25  how I would like to proceed.  Before I sign off on any bid

```
 1  procedure order, I'd like to see what the schedules are to the

 2  purchase agreement.  I just -- I think that we should put

 3  together the schedule, but I don't think that you have the

 4  schedule here today, right?

 5          But what I envision is, since it does seem to be an

 6  issue, what is being sold, I'd like someone to put together the

 7  schedules and then I'd like you to -- and you could break it

 8  out any way you want.  Perhaps you could say that this entity,

 9  you know, has these assets and that's what could be part of the

10  sale when you buy the equity of that entity.

11          And then what I'd like to do is I'd like to invite

12  VSI and Rembrandt to look at those schedules and to point out

13  the very many issues that I think that they're going to have

14  with those schedules as to potentially flag the issues that you

15  have with regard to each of those entities.

16          And then what I think we should do for any potential

17  bidder is they should see a list of the scheduled assets that

18  actually do have some asterisks to them, which might note there

19  were objections or concerns that you guys have to those assets,

20  right?  So that whoever is, you know, potentially interested in

21  buying the assets will see your asterisk, right?  And then

22  either we'll get them in as bidders or not.  So I think the

23  first thing I'd like to do is I'd like to get that schedule

24  together --

25          MR. THOMPSON:  Your Honor, if I may be heard just on
```

```
 1   one of those asterisks because we just heard about the bonding

 2   machine.

 3           THE COURT:  Uh-huh.

 4           MR. THOMPSON:  If you look at what the Trustee just

 5   filed with respect to the bonding machine, it's got conditions

 6   all over the place, right?  And it is not guaranteeing --

 7           THE COURT:  Could you -- which one?  Could you --

 8           MR. THOMPSON:  -- not guaranteeing the transfer right

 9   to any buyer, right?

10           THE COURT:  Okay.

11           MR. THOMPSON:  So --

12           MR. GEORGE:  But the buyer will know that.

13           MR. THOMPSON:  Well, it would not have known that --

14           THE COURT:  Okay.  Could we just stop and just take a

15   moment that you're selling something that you may or may not

16   have.  That just does seem a little curious.

17           MR. THOMPSON:  Thank you, Your Honor.

18           THE COURT:  Doesn't it seem a little curious?

19           MR. THOMPSON:  That's precisely our --

20           MR. VAGNONI:  Your Honor.

21           MR. THOMPSON:  We may or may not be in possession of

22   it.

23           THE COURT:  Okay.  All right.  Argument for the

24   Trustee.  I just have to get an answer to the question why is

25   it not weird to say that you're going to sell something but
```

```
 1   then not be sure if you're actually going to get it.

 2             MR. THOMPSON:  Your Honor --

 3             THE COURT:  I'd like to hear from the Trustee.  I'm

 4   sorry, I didn't mean you, I met the guy standing behind the

 5   asterisk --

 6             MR. HOMONY:  Prior to my appointment, as you can tell

 7   -- was a complete and utter disaster.

 8             THE COURT:  It still kind of seems like a disaster

 9   which I'm trying to clean up.  Yes.

10             MR. HOMONY:  I want you to appreciate Stream used to

11   own the bond equipment --

12             THE COURT:  Uh-huh.

13             MR. HOMONY:  -- before the omnibus agreement which

14   set all this off.

15             THE COURT:  Okay.

16             MR. HOMONY:  At some point, we were informed that a

17   receiver -- again prior to my getting on the scene -- a

18   receiver was appointed to oversee Technovative in Delaware

19   District Court.  I believe that receiver retitled the bonding

20   equipment into the Netherlands subsidiary --

21             THE COURT:  Okay.

22             MR. HOMONY:  -- the equity of which I'm selling --

23             THE COURT:  Okay.  Yeah.

24             MR. HOMONY:  -- because it's in China, there's issues

25   with warehouse liens, past due rent.
```

```
 1              THE COURT:  But presumably that's something that's

 2    being sold --

 3              MR. HOMONY:  It is being sold, Your Honor.

 4              THE COURT:  -- if you can get through -- if you can

 5    jump through all those hurdles.

 6              MR. HOMONY:  It is being sold.  But as I'm sure you

 7    can appreciate in other cases, somebody's holding that asset

 8    that might demand --

 9              THE COURT:  Okay.  But that's okay.

10              MR. HOMONY:  -- $500,000.

11              THE COURT:  That's okay.  I mean --

12              MR. HOMONY:  Before it gets --

13              THE COURT:  So perhaps with regard to the bonding

14    equipment, there'll be a very long asterisk which will describe

15    exactly where it is and all the claims subject to it.  And you

16    guys would be able to add something to that as well.

17              MR. THOMPSON:  Your Honor, there's an omnibus order

18    -- an omnibus agreement that was overturned by the Delaware

19    Supreme Court.  And thereafter there was a chancery court

20    opinion directing the return of all the equipment including

21    that.

22              THE COURT:  Let me just tell you where I'm focused

23    at.

24              MR. THOMPSON:  Okay.

25              THE COURT:  Where I'm focused at is, I just want to
```

1   know what's being sold even if it's subject to a million

2   caveats, right?  So we're going to work together and we're

3   going to come up with a schedule so at least a normal person

4   will at least know this is what's being sold.

5           Now, just based on my preliminary observation, I

6   don't believe anybody will be bidding for these asset because

7   you guys are hopping up and down.  You really think that -- you

8   know, that it's your stuff that's going to fall on this

9   litigation.  I just want to tell you what I think that the

10  logical conclusion of all of this is going to be.  That if we

11  ever get to a sale, there will be no other bidders because

12  you'd have to be crazy to enter this like firestorm of like,

13  you know, litigation, right?

14          So what it's going to be is we're going to have Hawk,

15  who wants to be the buyer.  They're the stalking horse bidder.

16  No one else is going to bid.  And you guys are going to raise a

17  slew of objections to the sale, right?  And if I have -- I have

18  Hawk, right, who's going to then say, you know, Your Honor, I'm

19  going to -- this is what I want to buy and I know that they're

20  hopping mad and they're going to sue me and that they're going

21  to -- they have all these, you know, issues or whatever.

22          And then at that point, if I approve the sale to them

23  that I'm delivering that to them, Hawk is going to pay them

24  whatever they're going to pay and then you guys, Hawk and you

25  guys are going to fight it out, right?  And then I don't have

```
 1   to resolve, right, exactly who owns what or whatever, because

 2   they're going to be doing all of that, right?  And then you can

 3   engage in that fight.  But all of your jumping up and down, it

 4   does have a chilling effect on the bidding as well, right.  It

 5   will make it -- it will basically guarantee that Hawk will be

 6   the buyer of these assets at the end of the day.

 7            MR. THOMPSON:  That's already been guaranteed, Your

 8   Honor.

 9            THE COURT:  Okay.

10            MR. GEORGE:  Your Honor, if I may.  This is --

11            THE COURT:  Yes.

12            MR. HOMONY:  Your Honor, I can address --

13            MR. GEORGE:  I would just like to --

14            THE COURT:  Okay.

15            MR. HOMONY:  This case has been drawn out for a long

16   time.  And as I'm sure you can appreciate, Stream is a pre-

17   revenue company.  It has no revenues, it has no ability to

18   generate loans.  Part of the Hawk settlement provided that Hawk

19   through SeeCubic would continue to fund the Netherlands,

20   SeeCubic BV, which is an operating entity with real people

21   there who really care about this technology, have lived with it

22   for 20 years and want to see it commercialized.

23            The longer this goes, their livelihoods are put in

24   jeopardy.  The value of these assets is put in jeopardy because

25   if I have an outside -- a date where they have agreed to fund,
```

```
 1  which is December 10th.  If the sale isn't closed by December
 2  10th, there's no funding secured for those people in SeeCubic
 3  BV, and not only their lives, but the value of these assets
 4  will disappear.
 5          Right now, through the carveout I think my and my
 6  team have managed to secure between 9- and $10 million in cash
 7  for the benefit of unsecured creditors, which would otherwise
 8  vanish.  And so I just -- I want everybody in this room to
 9  appreciate --
10          THE COURT:  Yes.  I get it.
11          MR. HOMONY:  Okay.
12          THE COURT:  I understand.
13          MR. HOMONY:  Thank you, Your Honor.
14          THE COURT:  Thank you.  Okay.  Hold on one second.  I
15  don't want to hear from anyone right now.  Okay.
16          So Mr. Vagnoni, when -- and you can talk to your
17  colleagues here, but when do you think you could put together a
18  schedule of what be -- I mean, if this is going to be going out
19  for bidders, we need to have like a schedule.  So when would
20  you be able to put together some schedules?
21          MR. VAGNONI:  We'd have to do it -- I do have to
22  speak with -- but we have to do it immediately.
23          THE COURT:  Why don't you talk to your people and
24  tell me how soon you could get those schedules together?  Go
25  talk to them.
```

1              MR. VAGNONI:  Thank you, Your Honor.

2              THE COURT:  You're welcome.  So while they're doing

3     that, I didn't realize the whole room was empty.  Perhaps what

4     we'll do is while they're doing that can I just run through the

5     rest of my list because I have a 12:30 list as well.  So I'm

6     just going to -- you can keep all your stuff here.  Keep all

7     your stuff here.  I'm just going to run through my 11:00 list.

8     Oh, with the other parties.  Yeah.  Yeah.  But so just sit

9     tight.

10             Pam, what else do we have going on at 11:00?

11             THE CLERK:  11 should be all --

12             THE COURT:  Oh, good.  Excellent.  Okay.  Good.  So

13    hold tight right there.  So I just want to take a short break

14    and I'll be right back.

15             THE CLERK:  Okay.

16         (Recess)

17             THE CLERK:  Court is back in session.

18             THE COURT:  All right.  Mr. Vagnoni, when do you

19    think you'll have those schedules for me?

20             MR. VAGNONI:  We can have them filed by tomorrow.

21             THE COURT:  Okay.  Great.  So what I would like is --

22    what I envision is that there will be schedules identifying

23    what the assets are.  And I think that for instance, with the

24    bonding equipment, you should drop an asterisk that says, you

25    know, we are actually not in possession of the bonding

```
 1   equipment and whatever caveats you think there may be to

 2   actually a buyer taking possession of them.  I think you should

 3   add that to that.

 4           MR. VAGNONI:  Absolutely.  And Your Honor, just to be

 5   clear, you know, with the foreign subsidiaries, the Trustee

 6   isn't in possession of those assets either, but they are in the

 7   possession of subsidiaries of --

 8           THE COURT:  Okay.  So you should just -- I just want

 9   this to be clearly laid out where everything is.  So if someone

10   were to look at this, they understand these are the issues that

11   I face if I put in a bid.

12           MR. VAGNONI:  Understood.

13           THE COURT:  Okay.  Then I'd like you guys to take a

14   look at the schedules because before it goes out to other

15   potential bidders, I'd like to get your input.  And I think

16   that you have lots of different issues like, you know, you

17   could say that, you know, these assets are subject to our

18   claims and put whatever, you know, statements in there that you

19   think would be appropriate.

20           And I think just to be clear that, you know, if you

21   have an asterisk, you know, you might have an asterisk saying

22   these are the Debtors comments about, you know, like maybe just

23   say a footnote, why don't you have a footnote, right?  You put

24   a footnote and you say this is debtor's position that these

25   assets are not in our possession or whatever.  Put whatever
```

```
 1   caveat.

 2           And then we're also going to have footnotes with you

 3   guys and you're going to -- so the potential bidder will know

 4   that the statements that are being made with regard to your

 5   footnotes are your comments and are not the Debtor's comments,

 6   right?  And you -- I'm willing to include that just because I

 7   think that you have some serious concerns and people should

 8   know them.  So it would say something like Rembrandt believes

 9   that with regard to these assets, that there are these issues

10   implicated on intellectual properties embedded in them and, you

11   know, this is going to spawn litigation or whatever.  Yes?

12           MR. MICHAELS:  I think the main issue here, I think

13   it's been handled by Whitehall and it was a jeweler who had

14   taken in property on -- jewels on consignment, embedded them in

15   rings and wanted to go to a bankruptcy sale where they just

16   sold it all off subject to the rights of the vendors who had

17   given them tools on consignment.  And I think it was somewhere

18   in the neighborhood of 193 adversary proceedings would have

19   been necessary.

20           And the court said tough.  You need to figure out

21   what the assets of the estate are and you need to have those

22   adversary proceedings by trying to go forward.  And it is -- I

23   understand the Court's desire to move through a process, but

24   saying with an asterisk Rembrandt may or may not sue you for IP

25   infringement is the courts have determined that's not an
```

```
 1   acceptable process.  It is in and of itself subjecting the

 2   estate to additional liability for making that transfer in the

 3   first place which was not authorized --

 4              THE COURT:  Okay.  Would you not want me to add your

 5   comments to the schedule?

 6              MR. MICHAELS:  We would like -- we would certainly

 7   like the ability to enter the comments, but we -- what we

 8   believe is necessary in this situation is to ascertain what are

 9   actually the assets of the estate, and what else is on the

10   record.

11              THE COURT:  Okay.  So let me tell you my skepticism

12   with that comment.  With respect to the client, the guy that he

13   used to be.  This -- the guy who was replaced by the Trustee.

14   He had a pretty good idea of what's in all of these entities,

15   because up until, you know, earlier this year, wasn't he in

16   control of all those assets?  Okay.  Well, regardless, this is

17   we're going to do.

18              You've got litigation issues with regard to the

19   license, and I'm going to look at that because you're going to

20   file a sale objection and it's going to lay out every single

21   objection you have to the sale and they are going to respond to

22   that and I am going to address all of those arguments, okay?

23   So this is what we're going to do.  You guys, you can add

24   footnotes and all I care about your footnotes is that you put

25   in the preamble of whatever footnotes you want to add to the
```

```
 1   schedule that these are comments made on your behalf, not on

 2   the Debtor's behalf so that people who read it understand it.

 3              MR. MICHAELS:  We do have one request --

 4              THE COURT:  Yeah.

 5              MR. MICHAELS:  -- that we've been making for a while

 6   now.

 7              THE COURT:  Yeah.

 8              MR. MICHAELS:  And that is that the Trustee specify

 9   with particularity, whether he is relying on the Rembrandt

10   license or not.

11              THE COURT:  What do you mean you're relying upon the

12   Rembrandt license?

13              MR. MICHAELS:  If they are offering for sale assets

14   Rembrandt has alleged have -- are covered by patent inventions,

15   we have the right to bring suit against anybody who is offering

16   those for sale.

17              THE COURT:  I don't think that Mr. Vagnoni thinks

18   that you have the right to sue them.  Do you -- Mr. Vagnoni, do

19   you think that they have the right to sue you arising out of

20   the sale of the assets that --

21              MR. VAGNONI:  Absolutely not.

22              THE COURT:  See so they just disagree.  That's just a

23   sale -- that's a sale argument that you can make in front of me

24   that I'll consider.

25              MR. MICHAELS:  With respect, we provided the case law
```

 1    that says we do not need leave of this Court.  We can file in

 2    any jurisdiction and SSG is not a part of this bankruptcy.  I

 3    mean, I appreciate they're professional, but they're actively

 4    offering our patented technology for sale.  That's an

 5    infringement under 35 USC.  And it's the only --

 6              THE COURT:  I disagree.

 7              MR. MICHAELS:  -- defense to that because --

 8              THE COURT:  So you're sitting here and you're making

 9    an argument and they just disagree with the argument.  And I'm

10    going to consider it.  Don't include it in your brief because

11    it's a sale objection, right?  You're going to say, Judge, you

12    don't have the authority to do this.  No one should be selling

13    this, right.  You're going to tell me that and I'm going to

14    look at your case law and your legal argument and I'm going to

15    look at theirs and then I will give you a decision on that.

16              MR. MICHAELS:  I respect what you're saying about

17    with regard to the sale process.

18              THE COURT:  Uh-huh.

19              MR. MICHAELS:  My question is different than that, is

20    we -- Rembrandt has the ability to go after SSG today in a

21    different court for patent infringement unless the Trustee is

22    claiming that they are covered by a valid, current, paid up

23    license with Rembrandt.  And I'm asking the Trustee to clarify.

24    Are they saying that they have -- that Stream has a valid paid

25    up license with Rembrandt?

 1              THE COURT:  Your response, Mr. Vagnoni?

 2              MR. VAGNONI:  It sounds like he's asking me to

 3    testify under threat of suit of the Trustee's professionals.

 4              THE COURT:  Okay.  Well, in any case, I would like to

 5    have any footnotes that you want to add to the schedules by,

 6    let's say Wednesday.  So on Friday, if you could just put

 7    together whatever footnotes that you want, just tell them,

 8    like, do a black line, right?  And then send them a black line

 9    of the schedules.

10              But let's talk about the scheduling here, right?  So

11    I know you're telling me, Hawk, that you have to have this, you

12    know, this all is done by the 10th.  But I need to have, you

13    know, the schedules nailed down so that a potential bidder

14    would know exactly what they're buying.  So we need to get that

15    done first.  I can't -- we can't send this out for bidding

16    until that's done.

17              So once the schedules are done on Friday because

18    they're going to give you their comments by just say Friday

19    morning at 9 a.m., right?  So you -- did you say tomorrow

20    you're going to get them?  So what time tomorrow do we have the

21    schedule?

22              MR. VAGNONI:  Yeah, by afternoon.

23              THE COURT:  In the afternoon?

24              MR. VAGNONI:  And look, if we can get them in today,

25    we're going to get them in today.

```
1                   THE COURT:  Okay.

2                   MR. VAGNONI:  But we would like to have a week until

3      tomorrow and we're going to do it as soon as we possibly can.

4                   THE COURT:  Okay.  So then Friday by 5 p.m.  I'd like

5      you to hand your black line of what the schedule looks like

6      back to them, okay.  So that they can attach that to the

7      purchase agreement.  Yes?

8                   MR. SWICK:  Well, we have 48 -- like Monday by 5:00?

9      Like I have to fly home tonight, so I don't know whether it

10     will be tomorrow, that's Thursday.  So --

11                  MR. VAGNONI:  We're not going to be here until

12     tomorrow.

13                  MR. SWICK:  It might be quite voluminous.  Like I'm

14     not sure what they're going to --

15                  THE COURT:  Okay.  That's fine.  You can have until

16     Monday, just to send out -- to add the footnote.  So let's say

17     by Monday 9:00 a.m. you're going to get them your footnotes to

18     the schedules.  Now, so on Monday, you guys are going to have

19     the schedules, right?  And you already presumably have your

20     asset purchase agreement.

21                  So let's just talk about the bidding procedure.  Oh,

22     also the data room.  They've got some serious concerns about

23     what's in the data room.  So by the time that this goes live

24     and we send this out for people to bid on or show interest,

25     what's going on with the data room?  And can you make sure you
```

1  populate it with actual, like, information?  Who's -- when do

2  you -- okay.  So when do you think -- come on up, Mr. Victor.

3  When will the data room actually be sold with things that are

4  clear about what's being sold?

5          MR. VICTOR:  Good afternoon, Your Honor.  Scott

6  Victor for SSG.  The data room is full.  The data room has been

7  accessed by one party; VSI, who is made up of all the insiders

8  of the Debtor.

9          THE COURT:  Okay.  Let's just focus on what's in the

10  data room.  So is there--

11          MR. VICTOR:  The data room is fully set up.  And has

12  been for over a month.

13          THE COURT:  Okay.  Because they said there was

14  missing information in the data room.  Is it possible that they

15  looked at the data room before it was 100 percent complete?

16          MR. VICTOR:  They looked at it after it was 100

17  percent.

18          THE COURT:  Okay.

19          MR. VICTOR:  And they will complain about anything at

20  any time to stall the process.  There's nothing wrong with the

21  data room.

22          THE COURT:  Okay.  So you think that there's -- so

23  everything in the data room is there that would be.  So --

24          MR. VICTOR:  Yes.

25          THE COURT:  -- yeah.

1           MR. VICTOR:  But, Your Honor.

2           THE COURT:  Yeah.

3           MR. VICTOR:  Not one single party has signed an NDA

4   other than an insider of the Debtors and has requested access

5   to the data room.

6           THE COURT:  I understand.  This is going to be a very

7   short period.  I understand.  Yeah.  I'm aware of that.  Okay.

8   It's your position is that the data room has everything --

9           MR. VICTOR:  The data room is fully complete --

10          THE COURT:  Okay.

11          MR. VICTOR:  -- and needs nothing further.  We

12  understand that it is appropriate to file schedules to the APA

13  like in every other case.  That will be done tomorrow.  We'll

14  have until Monday to black line it and add their asterisks.

15  But I have to put on the record that in my 41 years of

16  experience, I've never been threatened by counsel as many times

17  that we've been threatened by Rembrandt.

18          Who are they to sue SSG?  My employees who are

19  working on this, we're not selling their intellectual property.

20  We're not infringing on their patent rights.  We're selling the

21  equity of subsidiaries that may or may not have any

22  intellectual property that may or may not belong or rightfully

23  be licensed by Rembrandt. So I take complete offense to that.

24          THE COURT:  Understood.

25          MR. THOMPSON:  Your Honor, I just might say though

```
 1    that the Trustee of course, has a responsibility to make sure

 2    that everything that he is attempting to sell below the --

 3              MR. VICTOR:  Your Honor, the people --

 4              MR. THOMPSON:  Excuse me.

 5              MR. VICTOR:  -- and its subsidiaries --

 6              THE COURT:  Let him finish his statement, Mr. Victor.

 7    Go ahead.

 8              MR. THOMPSON:  All of the assets that the Trustee is

 9    purporting to sell, have full disclosure with regards to those

10    assets. And I think the point that Rembrandt has been making is

11    that disclosure has been incomplete to date.  I understand that

12    Mr. Victor suggests that everything is in the data room and

13    therefore any reasonable bidder could make a determination as

14    to what exposure they may or may not have.  We would argue that

15    is incorrect.

16              THE COURT:  Okay.  Thank you.

17              I understand, Mr. Victor.

18              MR. VICTOR:  Thank you, Your Honor.

19              THE COURT:  You're welcome.  Okay.

20              So Mr. Vagnoni, let's just talk about some deadlines,

21    okay?  So we have to pick a date for a sale hearing.  We have

22    to pick a date for a sale objection deadline.  And I'd also

23    like to get any replies by the Debtor to any objections.

24              MR. VAGNONI:  Well --

25              THE COURT:  All right.  So we should also start with
```

 1  like the bid deadline, okay.  So you're saying that -- so the

 2  big deadline right now you're suggesting is the 18th, but

 3  that's in like five days and we don't even have the schedules.

 4  We don't have them.  So I don't think we need a long time

 5  because I think that we could all agree that given everything

 6  I've heard today, I highly doubt anyone is going to be placing

 7  a bid, but you know, we should still put it out there for at

 8  least a couple weeks to see if you're going to generate any

 9  bids, okay.

10        So let's look at the calendar here.  All right.  So

11  presumably you'll have the final form of the schedule on the

12  18th.  So I think that we could get -- we can have a bid

13  deadline be December 2nd.  December 2nd.  And then that means

14  -- well, I'm sorry.  Yeah.  December 2nd and then we could have

15  an auction on the 3rd.  You guys are going to do that in your

16  offices, right?

17        MR. GEORGE:  If one is required.

18        THE COURT:  If one is required.  All right.  And so

19  then after that, we just need to -- we need to decide when

20  we're going to have the sale hearing.

21        MR. VAGNONI:  Your Honor.

22        THE COURT:  Yes?

23        MR. VAGNONI:  We have a sale closing deadline of

24  December 10th.  We're going to -- this is extremely tight with

25  those --

Case 23-10763-amc Doc 1626-3 Filed 11/27/24 Entered 11/27/24 19:42:08 Desc
Exhibit 11-13-24 Hearing Transcripts    Page 80 of 84

80

```
 1                THE COURT:  I'm going to give you -- I mean, let me
 2   just look at the schedule here.  Okay.  So the 10th is a
 3   Tuesday.  All right.  Okay.  So I think what we should do is we
 4   should have the sale hearing on -- I think we should have it on
 5   the 10th of December.  Okay.  And I'll give you a ruling on the
 6   10th because we're going to back into that all the objections
 7   for when people are going to file objections to the sale.
 8                MR. VAGNONI:  Okay.  Your Honor, that's going to put
 9   us out of the agreement we have with Hawk.
10                THE COURT:  Okay.  So Hawk, I'm looking at my
11   schedule and I'm trying to give you a hearing as soon as I can,
12   and I'm -- you know, they're the ones who gave you the deadline
13   of December 10th, is that right?
14                MR. VAGNONI:  It was -- yeah, Hawk and SeeCubic.
15   Yeah.
16                THE COURT:  Yeah.  Okay.  So I'm trying to work with
17   you guys here, but I'm not going to be able to have a hearing
18   in the first week of December because I think we have a lot
19   going on then.  I mean, I guess we could try to have it on the
20   4th.
21        (Court and clerk confer)
22                THE COURT:  So I think what we should do then let's
23   have a sale hearing on the 4th of December at 1:00 p.m.  And
24   we'll make a sale objection deadline next Friday the 22nd, and
25   any responses to the objection should be filed by the 29th.
```

```
 1   The deadline again is the 2nd, the auction is the 3rd.  We'll

 2   have the hearing on the 4th.

 3            MR. THOMPSON:  Well, Your Honor.

 4            THE COURT:  Yeah.

 5            MR. THOMPSON:  Your Honor, I would only make two

 6   observations, right?  One, first that it's pretty clear that

 7   Rome is not burning.  Notwithstanding protestations to the

 8   contrary.  And we once again see the accommodation of the Hawk

 9   parties even with regards to scheduling on something that was

10   completely within their control in terms of providing -- the

11   Trustee providing this list of assets well before now.

12            And frankly having other potential bidders have

13   access to this information in the data room.  It is

14   regrettable, although not too terribly unforeseeable that

15   nobody else was interested, given the information that they

16   would have and the concerns that any probable bidder would have

17   given what they know and what the risks probably are.

18            But beyond that, I just want the record to reflect

19   that there seems to be some suggestion that all VSI has done

20   throughout this process has been an obstructor.  We have tried

21   multiple times to provide alternative financing, in the way of

22   DIP financing to proposals.  And I am aware of Rembrandt having

23   made a proposal before that.

24            Mr. Vagnoni, during our hearing suggested that none

25   of those things were acceptable.  All of them -- I will
```

```
 1    contend, Your Honor, all of them, each and every one was better

 2    than the outcome that this trustee has decided is the only

 3    track he can go down.

 4              THE COURT:  I have one question.  Where is Phillips

 5    in all this litigation?

 6              MR. GEORGE:  Ready to cancel the --

 7              THE COURT:  Excuse me?

 8              MR. GEORGE:  Probably about ready to cancel the

 9    license.

10              MR. VAGNONI:  Probably.  Your Honor --

11              THE COURT:  Where are they?  Like I haven't seen

12    them.  Like you're jumping up and down, but where's Phillips?

13              MR. GEORGE:  I spoken to Alex Damvelt if you'd like

14    to hear about that.  And I've spoken to Phillips as well.

15              MR. VAGNONI:  Your Honor, he's testified -- he's

16    testified enough.  Your Honor, the proposals that we received

17    -- and I don't want to prolong this anymore.  I know Your Honor

18    has made a ruling on dates.  The proposals that the Trustee has

19    received so far are from the same individual who found it has

20    grossly mismanaged the Debtor's --

21              THE COURT:  Mr. Vagnoni, I'm giving you everything

22    you want.

23              MR. VAGNONI:  I agree.

24              THE COURT:  I'm moving forward with the bid

25    procedure, and --
```

Case 22-20763 Doc 626-3 Filed 11/27/24 Entered 11/27/24 19:42:08 Desc
Exhibit 11-13-24 Hearing Transcripts    Page 83 of 84

83

```
 1              MR. VAGNONI:  And I acknowledge that.

 2              THE COURT:  Okay.

 3              MR. VAGNONI:  And I thank you.  But to sit here and

 4   listen to --

 5              THE COURT:  There's zealous advocates --

 6              MR. THOMPSON:  I'm going to object to this line --

 7              THE COURT:  -- being paid to be --

 8              MR. THOMPSON:  -- to this line of -- I'm going to

 9   object.

10              THE COURT:  Everybody.  So Mr. Vagnoni, I don't need

11   to hear anything more from anybody.

12              MR. VAGNONI:  Thank you, Your Honor.

13              THE COURT:  Okay.  So I'll hear from all of you.

14   Just make sure you put in those briefs.  My law clerk is

15   waiting with baited breath to see all of your sale objections

16   because he's got to do a lot of research.  So next Friday,

17   okay.  We'll be taking a close look at all of that.  So please

18   include all of your arguments then.  Okay, everybody. I will --

19              MR. THOMPSON:  Thank you, Your Honor.

20              MR. VAGNONI:  Thank you, Your Honor.

21              THE COURT:  All right.  Thank you.  I have a 12:30

22   hearing.  Don't need to stand for me.  Okay.

23         (Proceedings adjourned at 12:47 p.m.)

24

25
```

C E R T I F I C A T E


      I hereby certify that the foregoing is a true and

correct transcript from the electronic sound recording of the

proceedings in the above-entitled matter.




_John Buckley_____
John Buckley, CET-623
Digital Court Proofreader

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In re:

Stream TV Networks, Inc., *et al.*[1]

      The Debtors.

Chapter 11

Bankr. Case No. 23-10763 (AMC)
(Jointly Administered)

## <u>NOTICE OF APPEAL AND STATEMENT OF ELECTION</u>

**Part 1  Identi    the appe  ant(s)**

1. Name(s) of appellant(s): **Visua  Semi ondu tor, In .**

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

    For appeals in an adversary proceeding.
        Plaintiff
        Defendant
        Other (describe)

    For appeals in a bankruptcy case and not in an adversary proceeding.
        Debtor
        Creditor
        Trustee
        Other (describe)

**Part 2  Identi    the su    e t o  this appea**

1. Describe the judgment—or the appealable order or decree—from which the appeal is taken:

    *rder* approving settlement between Trustee, Hawk Investment Holdings, Ltd., SeeCubic, Inc.

2. State the date on which the judgment—or the appealable order or decree—was entered:

    ECF 805 – November 14, 2024

---

[1] The Debtors, together with the last four digits of the Debtors' federal tax identification numbers, are Stream TV Networks, Inc. (4092) and Technovative Media, Inc. (5015). The location of  the Debtors' service address is: 2009 Chestnut Street, 3rd Floor, Philadelphia, PA 19103.

**Part** **Identi** **the other parties to the appea**

List the names of all parties to the judgment—or the appealable order or decree—from which the appeal is taken and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1.  Party:  Visual Semiconductor, Inc.

    Attorney:
    AKERMAN LLP
    Donald N. David, SBN: 304846
    Mark Lichtenstein *(Admitted pro hac vice)*
    1251 Avenue of the Americas
    37th Floor
    New York, NY 10020
    Telephone: (212) 880-3800
    Email: donald.david@akerman.com
    　　　 mark.lichtenstein@akerman.com

    R. Adam Swick (Admitted *pro hac vice*)
    AKERMAN LLP
    500 West 5th Street, Suite 1210
    Austin, TX 78701
    Telephone: (737) 999-7103
    Facsimile:   (512) 623-6701
    Email: adam.swick@akerman.com

    John H. Thompson (Admitted *pro hac vice*)
    AKERMAN LLP
    750 Ninth Street, N.W. 750
    Washington, D.C. 20001
    Telephone: (202) 824-1760
    Facsimile:   (202) 393-5959
    Email: john.thompson@akerman.com

    Leif M. Clark
    Leif M Clark Consulting PLLC
    1105 Bonner
    Houston, TX 77007
    Telephone: (210) 663-5183
    Email: lmclark@leifmclark.com

2.  Party:  William A. Homony, Trustee

    Attorney:
    ANDREW J. BELLI
    Coren & Ress, PC
    2001 Market Street, Suite 3900
    Philadelphia, PA 19103
    Tel. No.: (215) 735-8700
    Email: abelli@kcr-law.com

2

STEVEN M. COREN
Kaufman, Coren & Ress, P.C.
Two Commerce Square, Ste. 3900
2001 Market Street
Philadelphia, PA 19103-2713
Telephone: (215) 735-8700
Email: scoren@kcr-law.com

MICHAEL D. VAGNONI
Obermayer Rebmann Maxwell & Hippel
LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
(215) 665-3066
Fax : (215) 665-3165
Email: michael.vagnoni@obermayer.com

2.  Party:  Hawk Investment Holdings, Ltd.

Attorney:
K&L GATES LLP
Steven L. Caponi
600 King Street, Suite 901
Wilmington, DE 19801
Telephone: (302) 416-7000
Email: steven.caponi@klgates.com

Margaret R. Westbrook, Esq.
Aaron S. Rothman, Esq.
Jonathan N. Edel, Esq.
K&L GATES LLP
300 South Tryon Street, Suite 1000
Charlotte, NC 28202
Telephone: (704) 331-7400
Email: margaret.westbrook@klgates.com
aaron.rothman@klgates.com
jon.edel@klgates.com

Thomas A. Warns, Esq.
K&L GATES LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 536-3900
Email: tom.warns@klgates.com

3

**Part 4 Optiona e e tion to ha e appea heard Distri t Court (app i a e on in ertain distri ts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

  Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

Dated: New York, New York
   November 27, 2024

**AKERMAN LLP**

By: _/s/ R. Adam Swick_____
   R. Adam Swick
   (Admitted *pro hac vice*)
   AKERMAN LLP
   500 West 5th Street, Suite 1210
   Austin, TX 78701
   Telephone: (737) 999-7103
   Facsimile: (512) 623-6701
   Email: adam.swick@akerman.com

   AKERMAN LLP
   Donald N. David, SBN: 304846
   Mark Lichtenstein *(Admitted pro hac vice)*
   1251 Avenue of the Americas
   37th Floor
   New York, NY 10020
   Telephone: (212) 880-3800
   Email: donald.david@akerman.com
     mark.lichtenstein@akerman.com

   John H. Thompson (Admitted *pro hac vice*)
   AKERMAN LLP
   750 Ninth Street, N.W. 750
   Washington, D.C. 20001
   Telephone: (202) 824-1760
   Facsimile: (202) 393-5959
   Email: john.thompson@akerman.com

   Leif M. Clark

78928507;1

Leif M Clark Consulting PLLC
1105 Bonner
Houston, TX 77007
Telephone: (210) 663-5183
Email: lmclark@leifmclark.com

*Counsel for Visual Semiconductor, Inc.*

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

In re:

Stream TV Networks, Inc., *et al.*

Debtors.[1]

Chapter 11

Bky. No. 23-10763 (AMC)

## ORDER

**AND NOW**, on May 6, 2024, William Homony (the "Trustee"), in his capacity as chapter 11 trustee of the bankruptcy estates of Stream TV Networks, Inc. and Technovative Media Inc. (together, the "Debtors"), filed a motion (the "Settlement Motion")[2] seeking approval of a settlement agreement and mutual release (the "Settlement") with Hawk Investment Holdings, Ltd. ("Hawk"), as collateral agent, and Seecubic, Inc. ("SCI" and together with Hawk and the Trustee, the "Parties").

**AND,** pursuant to the Settlement, the Parties agreed to resolve pending litigation in the Delaware District Court (the "Section 225 Action") and this Court (the "Adversary Action"), by, among other things, (a) granting Hawk an allowed secured claim in the amount of $180 million, subject to dollar-for-dollar increase for any amounts funded to Debtor-affiliate SeeCubic, B.V. ("SCBV") between appointment of the Trustee and closing on a sale of the Debtors' assets (the "Sale"), (b) allowing SCI to credit bid $150 million of Hawk's allowed secured claim in connection with the Sale, (c) providing for the withdrawal of the asserted secured claims of SLS Holdings and SCI upon the entry of an order approving the Settlement Motion, and (d) providing for certain bid procedures in connection with the Sale (the "Bid Procedures").

**AND**, on May 20, 2024, Visual Semiconductor, Inc. ("VSI") and Rembrandt 3D Holding

---

[1] This case is being jointly administered with the case of *In re Technovative Media, Inc.* (Case No. 23-10764) (AMC).

[2] Bankr. Docket No. 630.

Ltd. ("Rembrandt") each filed objections to the Settlement Motion (respectively, the "VSI Settlement Objection" and the "Rembrandt Settlement Objection," and together, the "Settlement Objections").[3]

**AND**, on June 5, 2024, the Court held an evidentiary hearing (the "Settlement Hearing") on the Settlement Motion and the Settlement Objections, after which it entered an order (the "Settlement Order") granting the Settlement Motion and approving the Settlement.[4]

**AND**, on June 20, 2024, Rembrandt filed a notice of appeal of the Settlement Order to the Eastern District of Pennsylvania District Court (the "Appeal").[5]

**AND**, also on June 20, 2024, VSI filed a motion to reconsider the Settlement Order (the "Reconsideration Motion").[6]

**AND**, on July 5, 2024, the Trustee filed an objection to the Reconsideration Motion (the "Reconsideration Objection").[7]

**AND**, on July 26, 2024, VSI filed a notice[8] of its intention to take the Trustee's deposition and requested the Trustee's production of documents in advance thereof, which notice was amended on August 24, 2024[9] and again on October 25, 2024[10] (collectively, the "VSI Discovery Requests").

**AND**, on August 29, 2024, the Trustee filed an expedited motion to quash the VSI Discovery Requests and for a protective order (the "Motion to Quash").[11]

**AND,** on September 4, 2024, VSI filed an objection to the Motion to Quash (the "VSI Quash

---

[3] Bankr. Docket Nos. 642, 643.

[4] Bankr. Docket No. 653.

[5] Bankr. Docket No. 685.

[6] Bankr. Docket No. 686.

[7] Bankr. Docket No. 700.

[8] Bankr. Docket No. 712.

[9] Bankr. Docket No. 718.

[10] Bankr. Docket No. 771.

[11] Bankr. Docket No. 724.

Objection") combined with a motion to compel the Trustee to respond to the VSI Discovery

Requests (the "Motion to Compel").[12]

      **AND**, on October 30, 2024, the Court held a hearing on the Motion to Quash, the VSI Quash

Objection, and the Motion to Compel, following which it entered an order (the "First Quash Order")

(a) quashing the VSI Discovery Requests with respect to Deposition Topics 1 through 6 and

Document Requests 1 through 18 (the "Quashed Discovery Requests"), (b) suspending a ruling on

the Additional Deposition Topics and Additional Document Requests (the "Remaining VSI

Discovery Requests") pending resolution of the Reconsideration Motion, and (c) denying the

Motion to Compel with respect to the Quashed Discovery Requests.[13]

      **AND**, on November 7, 2024, the Court held a hearing on the Reconsideration Motion, the

Reconsideration Objection, and the Remaining VSI Discovery Requests (the "Reconsideration

Hearing").

      **AND**, upon consideration of the arguments and positions of the parties as set forth in their

pleadings and at the Reconsideration Hearing.

      **IT IS HEREBY ORDERED** that:

1.      The Reconsideration Motion is **DENIED**.

2.      The Motion to Quash is **GRANTED** with respect to the Remaining VSI Discovery

Requests

3.      The Motion to Compel is **DENIED** with respect to the Remaining Discovery

Requests.

4.      By the Reconsideration Motion, VSI has sought clarification and reconsideration of

the Settlement Order on several grounds (the "Reconsideration Grounds"): (a) to provide for a

---

[12] Bankr. Docket No. 728.

[13] Bankr. Docket No. 777.  The terms "Deposition Topics", "Document Requests", "Additional Deposition Topics", and "Additional Discovery Requests" have the meaning given to them in the First Quash Order.

"fiduciary out" permitting the Trustee to rescind the Settlement if it should later be determined that entry into it or execution of its terms would result in a breach of the Trustee's fiduciary duties, (b) requesting clarification that entry of the Settlement Order is without prejudice to parties' ability to object to the Sale process or bidding procedures or to their ability to seek reconsideration of the allowance of Hawk's claim pursuant to Bankruptcy Rule 3008 and §502(j), and (c) based on alleged misstatements by the Trustee and its counsel at the Settlement Hearing regarding the alleged purchase orders VSI procured for the Debtors' product (the "Alleged VSI Purchase Orders") and SCBV's ability to use a license from Koninklijke Philips Electronics ("Philips") in light of the temporary restraining order[14] this Court issued in January 2024.

5.      The Court denies VSI's request for revision or supplementation of the Settlement Order to include a "fiduciary out" provision. Such a provision was neither requested nor considered in connection with the Court's resolution of the Settlement Motion, and in light of the Court having already determined that the Settlement represents a proper exercise of the Trustee's business judgment,[15] it will not insert one *ex post facto* at the request of an objecting party.

6.      The Court denies VSI's request for clarification that the Settlement Order is without prejudice to parties' ability to object to the Sale process or bidding procedures or to their ability to seek reconsideration of the allowance of Hawk's claim pursuant to Bankruptcy Rule 3008 and §502(j). The provisions of the approved Settlement and the Settlement Order say what they say and may be relied upon by the parties. VSI, Rembrandt, or any other party in interest may object to the Sale on whatever grounds they deem appropriate, and the Trustee and other parties may respond as they see fit. The Court will rule on those objections. It will not, however, provide specific clarifications to the Settlement Order regarding actions that may or may not be taken by parties with

---

[14] Adv. Pro. No. 23-00057, Docket No. 119.

[15] Bankr. Docket No. 670 (Settlement Hearing Trans. at 85:15 to 85:20).

respect to the Sale or otherwise.

7.      Finally, the Court rejects VSI's argument that approval of the Settlement should be reconsidered based on alleged misstatements by the Trustee and its counsel at the Settlement Hearing regarding the Alleged VSI Purchase Orders and SCBV's ability to use a license from Philips. The Court determined that the Settlement was reasonable, fair, and in the best interests of the Debtors' estate based on the totality of the evidence presented at the Settlement Hearing, including the Trustee's analysis of potential success on the merits in the Section 225 Action and the Adversary Proceeding. Any misstatements regarding the Alleged VSI Purchase Orders and the Philips license, to the extent they were even made, were immaterial to the Court's determination that the Settlement was an appropriate exercise of the Trustee's business judgment in light of the totality of the circumstances.

8.      Having found that none of the Reconsideration Grounds are meritorious, and therefore denying the Reconsideration Motion, the Court finds it is appropriate to quash the Remaining VSI Discovery Requests. The Court finds that each of the Additional Deposition Topics and Additional Document Requests relate to the grounds for VSI's Settlement Objection and Reconsideration Motion. In approving the Settlement, the Court overruled VSI's Settlement Objection, and has now denied its request to reconsider that approval. The Remaining VSI Discovery Requests therefore seek testimony and documents on matters already determined by the Court, and the Trustee's request to quash them is granted. VSI's motion to compel responses is consequently denied. This Order granting the Motion to Quash and denying the Motion to Compel shall also serve as a protective order barring VSI from seeking responses with respect to the Remaining VSI Discovery Requests.

**Dated: November 14, 2024**

Honorable Ashely M. Chan
Chief United States Bankruptcy Judge

*Form 256* (3/23)–doc 830 – 821

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
|    Stream TV Networks, Inc. | ) | Case No. 23–10763–amc |
| | ) | |
| | ) | |
|    Technovative Media, Inc. | ) | Chapter: 11 |
| | ) | |
|    Debtor(s). | ) | |

## Amended Certificate of Service

The Clerk hereby certifies that a true and correct copy of the attached document Doc.# [821] Notice of Appeal as served on November 29, 2024 to the below parties by the method indicated:

| Party | Method of Service |
|---|---|
| Chief Judge Ashely M. Chan | Email |
| Office of the United States Trustee | CM/ECF |
| Case Trustee: WILLIAM A. HOMONY | CM/ECF |
| U.S. District Court | Email |
| Debtor: Stream TV Networks, Inc. Joint Debtor: Technovative Media, Inc. | Regular mail through the BNC |
| Debtor's Attorney: RAFAEL X. ZAHRALDDIN | CM/ECF |
| Joint Debtor's Attorney: RAFAEL X. ZAHRALDDIN | CM/ECF |
| Steven L.Caponi Esq Attorney for Hawk Investment Holdings Ltd Andrew Belli Esq for Attorney William A. Homony, Trustee R. Adam Swick Esq Attorney for Visual Semiconductor Inc | Regular mail or Bankruptcy Servicing Center (BNC) |

Date: November 29, 2024

For The Court

Timothy B. McGrath
Clerk of Court